PETER SZANTO 503-610-0865
P.O. Box 4614
Portland OR 97208

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

APR -3 2017

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

| | |
|---|---|
| **In Re Peter Szanto, Debtor** | **# 16 –bk-33185 pcm11**<br><br>**DEBTOR'S Response to**<br><br>**PLAN Disclosure Objections**<br><br>**Hearing of April 6, 2017 1:30PM**<br><br>**Hon. Judge Peter C. McKittrick, presiding** |

May it please this Honorable Court.

Comes now debtor responding to the IRS and Bank of America's objections to their separate disclosure filed 1-31-17 (DE 66)

### 1. Response to IRS' Objection 1

Efforts to deal with the IRS and the Department of Justice are particularly frustrating, because 1) there seems to be no requirement that either of these agencies work with one another regarding taxpayers and

16-bk-33185　　　Response – pg. 1

2) there appears to be no exchange of documents between the agencies as to matters which both agencies are working on simultaneously.

Debtor entered into an agreement with the IRS [EXHIBIT A]. This is the definitive agreement as to debtor's acquiescence to the IRS' demands. The $468 monthly payments will continue until debtor satisfies all the IRS' demands. To guarantee debtor's performance, debtor obtained this Court's permission [EXHIBIT B, DE 37] to continue these payments during pendancy of Bankruptcy.

In sum, debtor is performing as agreed with the IRS to resolve their demands. However, at that same time, debtor is disputing the amount due.

## 2. Response to IRS' Objection 2

Schedules I and J from August 2016, reflect diminished income during the period when the creditor's were hounding debtor day and night in defiance of all fair collection laws. Debtor's income was thereby diminished.

**The AMENDED Schedules I and J reflect a monthly positive cash excess of $8,357 AFTER ALL PAYMENTS HAVE BEEN MADE**.

### 3. Response to IRS' Objection 3

Provision for taxes is reflected at AMENDED Schedule J, line 16, whereat $200 monthly is allocated for tax reserve.

Debtor's spouse is working diligently to increase her housing payments to debtor.

That is, debtor cannot disavow his support obligations to his spouse. However, upon finalization of dissolution, the rental income from the property will increase.

### 4. Response to IRS' Objection 4

AMENDED Schedule J, page 3 explains that debtor's income from work in the profession of equine health is increasing. This portends additional income into the future.

### 5. Response to IRS' Objection 5

Debtor anticipates no tax consequences form the PLAN, because all demands from the IRS have been resolved by the payment plan [EXHIBIT A] and by monthly reserves for taxes.

////

/////

## 6. Response to Bank of America (BAC) Objection 1

Debtor is unaware of $95 being in default. Likewise current indebtedness is $894,012.

## 7. Response to Bank of America (BAC) Objection 2

BAC makes conclusory connection between the fact that debtor is paying as agreed, but is pursuing claims against BAC.

BAC's incorrect inference is the notion that success of the adversarial claim is necessary to the success of the PLAN.

**Such a potential correlation has never been made by debtor.**

## 8. Response to Bank of America (BAC) Objection 3

There are no budget deficits, please see AMENDED Schedule J.

## 9. Response to Bank of America (BAC) Objection 4

BAC has been paid monthly since 2006. These payments have continued during Bankruptcy. Debtor intends to continue payments.

16-bk-33185          Response – pg. 4

## 10. Response to Bank of America (BAC) Objection 5

BAC requests valuation of the property. Debtor has been a licensed California Real Estate professional for more than 50 years. The truthful statements made regarding valuation were made based on debtor's ability, knowledge and experience.

## 11. Response to Bank of America (BAC) Objection 6

Debtor's PLAN is confirmable, because the current budget reflects from **the AMENDED Schedules I and J a monthly positive cash excess of $8,357 AFTER ALL PAYMENTS HAVE BEEN MADE**.

Dated April 1 /17 _____ Peter Szanto

# PROOF OF SERVICE

My name is Susan Bier, I am over 21 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208.

On the date indicated below, I personally served the within:

**RESPONSE** on:

a. Internal Revenue Service, Boris.Kukso@usdoj.gov
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
                Cara Richter c/o Shapiro & Sutherland
  1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus
    920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. US Trustee (Portland Office) *via* electronic mail to:
      ustpregion18.pl.ecf@usdoj.gov

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Portland OR.

DATED 4-1-17 /s/ Susan Bier _____ Susan Bier

16-bk-33185        Response – pg. 6



**IRS** Department of the Treasury
Internal Revenue Service
PO Box 9941 Stop 5500
Ogden UT 84409

In reply refer to: 0475178591
Apr. 15, 2016  LTR 2273C    0
                200712 30
                    00023151
                BODC: SB



PETER & SUSAN SZANTO
11 SHORE PINE
NEWPORT COAST  CA  92657-1544

027401

         Social security number:  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
                         Forms:   1040
                  Tax periods:    Dec. 31, 2007   Dec. 31, 2009

Dear Taxpayer:

This letter responds to our conversation on Apr. 06, 2016, when you asked about ways to resolve your account balance.

Based on your proposal, we established your installment agreement for $468.00. Your payment is due on the 1st of each month, beginning on May 01, 2016.

    WHAT YOU NEED TO KNOW ABOUT YOUR INSTALLMENT AGREEMENT

We charge a $120.00 user fee to cover the cost of providing installment agreements. We'll deduct the fee from your first payment.

Even though your approved installment agreement payment may be less, your first payment must be at least $120.00 to cover the fee.

We can reduce the installment agreement user fee for individuals whose income falls at or below levels in the IRS Installment Agreement Low Income Guidelines. You may qualify for this one-time reduction to your fee.

If your income is at or below the established levels (based on the Department of Health and Human Services poverty guidelines), you can apply for the reduced user fee of $43 for new agreements. This reduction also applies to agreements that have payments deducted directly from a bank account.

You can find the income levels and instructions on how to apply for the reduced user fee on Form 13844, Application For Reduced User Fee For Installment Agreements.

*EXHIBIT A*

Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON – Portland Division

| | |
|---|---|
| In re | Case No. 3:16-bk-33185-pcm11 |
| Peter Szanto, | ORDER AFTER HEARING on DEBTOR'S APPLICATION to USE CASH COLLATERAL |
| Debtor. | |

Debtor's Cash Collateral Utilization Motion came regularly on this Court's calendar on September 21, 2016 at 1:30 PM. Peter Szanto, personally appeared. The Office of the United States Trustee was present, appearing in the person of Carla Gowen McClurg.

After hearing the facts and evidence and reviewing the filed papers, the Court, ruled:

IT IS HEREBY ORDERED that:

1. Motion to Use Cash Collateral is **DENIED**; but Debtor is **GRANTED** authority to pay ongoing post-petition HOA dues.

2. Monthly IRS payments of $468.00[1] are authorized, subject to reconsideration on request of any party or the court's *sua sponte* action.

*1. The amount stated on the Court's hearing memo (ECF 31) is $453. However, the amount requested in Debtor's motion (ECF 28), and the amount due to the IRS, is $468.*

EXHIBIT B

Page 1 - ORDER REGARDING CASH COLLATERAL UTILIZATION

I hereby certify that I have complied with the requirements of LBR 9021-1(a)(2)(B).

Presented by:

*/signed electronically/*
Peter Szanto, debtor

503-610-0865

**Approved** / ~~Disapproved~~ **as to form and content:**

CARLA BOWEN McCLURG for the U.S. Trustee

Served *via* e-mail to the U.S. Trustee

EXHIBIT B2
p 2

Page 2 - ORDER REGARDING CASH COLLATERAL UTILIZATION

Case 16-33385-pcm11  Doc 389  Filed 04/03/17