DAVID A. HUBBERT
Acting Assistant Attorney General

BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
US Attorney

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE  DISTRICT OF OREGON

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 16-33185 |
|  | ) | Chapter 11 |
| PETER SZANTO, | ) |  |
|  | ) | **UNITED STATES' OPPOSITION TO** |
|  | ) | **CONFIRMATION OF CHAPTER 11 PLAN** |
| Debtor. | ) |  |
|  | ) |  |

The United States of America, on behalf of the IRS, hereby files this opposition to confirmation of Debtor's proposed Chapter 11 plan dated May 8, 2017 and filed as ECF No. 102 (the Plan). This opposition is supported by the declaration of Bankruptcy Specialist Philip Kushner, the declaration of the Trial Attorney Boris Kukso and exhibits thereto.

### BACKGROUND

This case was filed on August 16, 2016. On his schedules, Debtor represented that he and his spouse, pursuant to a pre-marital agreement, have "neither produced nor accumulated joint/community/shared or combined property of any type." ECF No. 20 at

UNITED STATES' OPPOSITION TO CONFIRMATION OF
CHAPTER 11 PLAN

(Case No. 16-33185)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 239    Filed 11/15/17

24. Debtor also stated that his monthly income is $12,097, consisting of rents received from his wife, stock trading, social security and jewelry/farrier activities. *Id.*, at 26. Initially, Debtor stated that his monthly expenses exceeded his monthly income by $8,995. *Id.*, at 29. On April 1, 2017, Debtor amended his Schedules I and J, this time stating that his monthly income is $10,047 and his expenses $1,690, leaving a monthly surplus of $8,357. ECF No. 88.

The IRS timely filed a proof of claim, which has been amended from time to time to reflect court-approved monthly payments. Currently, the total amount of the IRS claim is $68,549.14, of which $32,877.59 is entitled to priority. Claim No. 3, as amended. The Plan classifies the entire IRS claim into its own class (Class 3) and proposes to pay it in full by making monthly payments of $468.

## OBJECTIONS TO PLAN
**Debtor Is Not In Compliance With His Duties As Debtor-In-Possession, and the Plan Has Not Been Proposed In Good Faith**

The United States has moved to convert this case or to appoint a trustee because Debtor, among other things, failed to disclose prepetition assets, maintained and used undisclosed bank accounts postpetition, and misrepresented the estate's financial affairs in the Monthly Operating Reports. ECF No. 185. The final evidentiary hearing on this motion is scheduled for the same time as the confirmation, November 29, 2017. ECF No. 213. The United States incorporates the allegations made in the motion to convert as objections to Debtor's Plan.

Debtor has taken additional recent steps indicating that the Plan has not been proposed in good faith. Specifically, last month Debtor has filed four proceedings to quash subpoenas issued pursuant to this Court's Rule 2004 order (ECF No. 189) (Cases No. 2:17-mp-113 and 17-mp-114 in the Bankruptcy Court for the Central District of California, Case No. 2:17-mp-109 in Bankruptcy Court for the District of New Jersey, and

UNITED STATES' OPPOSITION TO CONFIRMATION OF
CHAPTER 11 PLAN

(Case No. 16-33185)

2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case No. 3:17-mp-301 in the Bankruptcy Court for the Southern District of Ohio). The subpoenas seek bank statements from ETrade, Cathay Bank, Western Pacific Bank, and Synchrony Bank for accounts in which Debtor may have an interest. The information sought is directly related to Debtor's estate and the Plan. At the same time, Debtor has not responded to US Trustee's requests for his bank statements. *See* Debtor's motion to stay all proceedings, ECF No. 233.

Also, in August 2017, Debtor created a new Florida entity Portland Trust Corp. Kukso Decl. ¶ 2, Ex. 1. At the same time, Debtor created an Oregon entity Peter Szanto LLC. *See* ECF No. 185 at 9, Ex. 10. Debtor has disclosed neither entity to this Court.

These activities, taken together with the facts alleged in the motion to convert, indicate that the Plan is not proposed in good faith.

**The Plan Is Misleading**

The United States objects to confirmation because the Plan language is misleading in a number of places.

The Plan states that it "is intend[sic] as the contract between the parties which will address **all** of debtor's indebtedness." ECF No. 102 at 2 (emphasis in the original). This is misleading because the Plan does not and cannot address all of debtor's liabilities. Specifically, the Plan does not address Debtor's postpetition liabilities, including any postpetition tax liabilities. Neither does it address any prepetition tax liabilities that have not been assessed, but may be assessed (*see* 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(iii), providing for priority and exception to discharge for tax liabilities not assessed before, but assessable after the commencement of the case). Additionally, the statement that the Plan will address all of debtor's indebtedness mischaracterizes the effect of confirmation as specified in 11 U.S.C. § 1141.

The Plan is also misleading in its discussion of the IRS Claim, where the Plan states:

UNITED STATES' OPPOSITION TO CONFIRMATION OF CHAPTER 11 PLAN

(Case No. 16-33185)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Debtor and the IRS have entered into an agreement wherein debtor, pre-petition and post-petition, has continued and will continue making monthly payments in full payment of the IRS' claimed demands. Debtor has been advised by the IRS that the $468.00 / month that he is paying is the highest monthly payment which a taxpayer can make. Debtor has been informed that the IRS has no plans to increase this amount.

ECF No. 102 at 8.

Debtor and the IRS have not entered into any agreement as described, and $468 is not the highest monthly payment which a taxpayer can make. In this case, all assessed liabilities asserted on the IRS proof of claim are due and payable immediately.

Finally, the Plan is misleading in its discussion of IRS' remedies on default, where it states:

Creditor Internal Revenue Service has complete seizure and foreclosure powers as to all of debtor's assets. Debtor has sufficient cash and personal assets, unrelated to real property, immediately to pay any IRS demand. Additionally, if this Court or the Tax Court determines that debtor has exhausted all of his legal remedies, debtor will immediately the IRS in full. [sic]

ECF No. 102 at 13.

It is unclear what this provision means, but it does not provide a clear description of IRS's remedies in case Debtor defaults under the plan.

**The Plan Incorrectly States That The Tax Claim Is Unimpaired**

The Plan incorrectly states that "No impairment of any valid debt is proposed nor requested." ECF No. 102 at 5. This is not the case in respect to the class containing the IRS claim. Section 1124 defines "impairment" broadly and provides that a class of claims is impaired unless "the plan leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." 11 U.S.C. § 1124(1). The Seventh Circuit has stated that the "standard for impairment is very lenient and 'any alteration of the rights constitutes impairment even

UNITED STATES' OPPOSITION TO CONFIRMATION OF CHAPTER 11 PLAN

(Case No. 16-33185)

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 239    Filed 11/15/17

if the value of the rights is enhanced.' " *In re Wabash Valley Power Assoc., Inc.*, 72 F.3d 1305, 1321 (7th Cir.1995) (quoting 5 COLLIER ON BANKRUPTCY ¶ 1124.03[1] (15th ed. 1994)).

Here, the Plan classifies both the priority and the general unsecured IRS claim into one class, but does not leave the United States' legal rights on account of its general unsecured tax claim unaltered. The currently assessed liabilities asserted on the IRS proof of claim are due and owing, and the United States' legal rights in respect to those taxes is to receive immediate payment. Instead, the Plan proposes payment of the IRS claim over 12 years and makes no provisions for payment of interest. Consequently, the class containing the IRS claim is impaired under the Plan.

**The Plan Does Not Comply with 11 U.S.C. § 1129(a)(9)(C)**

The Plan cannot be confirmed because it incorrectly treats the priority IRS claim. A plan of reorganization cannot be confirmed unless the plan provides that priority tax claims are to receive payment in full or regular cash payments, over a period not exceeding five years from the date of the order of relief, with a value as of the effective date of the plan equal to the allowed amount of such claim (or the claimant agrees to a different treatment). 11 U.S.C. § 1129(a)(9)(C). This requirement is not met in this case.

First, the United States has not agreed to any different treatment for its priority tax claims.

Second, the $468.00 per month proposed under the Plan does not pay the tax priority claim (currently $32,877.59) over a period not exceeding five years from the date of the order for relief in this case.

Third, the Plan does not provide for postconfirmation interest on the tax priority claim.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

**The Plan Does Not Meet the Best Interest Of Creditors Test**

For the reasons stated above, the class containing the IRS claim is impaired. Section 1129(a)(7) provides that each holder of an impaired claim who has not accepted a plan must "receive or retain under the plan on account of such claim … property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive … if the debtor were liquidated under chapter 7 … on such date." 11 U.S.C. § 1129(a)(7)(A)(ii). This requirement is commonly known as the best interest of creditors test. *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 441 (1999).

Here, the United States has not accepted the Plan, and the Plan does not provide for payment of any interest on the IRS claim. If this case were converted to Chapter 7, because Debtor appears to be solvent, the IRS claim would be paid in full, including postpetition interest. See 11 U.S.C. § 726(a)(5). Because the Plan does not provide for payment of interest on the IRS Claim, the United States would receive under the Plan less than it would in a hypothetical Chapter 7 liquidation, and therefore the Plan does not meet the best interest of creditors test.

**The Plan Is Not Feasible**

The Plan should not be confirmed because it is not feasible. Section 1129(a)(11) requires that the court find that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). "Factors that the court should consider in evaluating evidence as to feasibility include (1) the adequacy of the financial structure; (2) the earning power of the business; (3) economic conditions; and (4) the ability of management." *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002) (quotation marks and citations omitted).

UNITED STATES' OPPOSITION TO CONFIRMATION OF
CHAPTER 11 PLAN

(Case No. 16-33185)

6

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

In this case, all indications are that Debtor will not be able to fund the Plan. First, on his 2016 tax return, which he filed jointly with with his spouse, Debtor's reports income that is significantly less than what would be sufficient to fund the Plan. Kushner Decl. ¶¶ 3-4. Specifically, Debtor reports less than $43,000 in income (consisting primarily of $23,830 in wages earned by his wife, $11,227 in social security payments for both him and his wife, and about $7,000 in interest and dividends) and about $5,500 in business losses. *Id*. These figures are substantially lower than $16,000 per month required to fund the Plan.

Second, the Plan is not feasible because Debtor's current and future tax liabilities are undetermined. Although this case has been pending since August 2016, Debtor has filed no tax returns for the estate and has requested a 6 month extension for the first return. Kushner Decl. ¶ 5.

Third, the Plan is not feasible because Debtor is likely to lose income after his divorce. Debtor has indicated that he is separating from his wife. Consequently, Debtor's income is likely to decrease, because he will not have access to his wife's salary and social security payments, and may have additional expenses related to the divorce proceedings and any support payments.

Fourth, the Plan is not feasible because there is no evidence when Debtor will be able to rent his California residence or how much income the rental will bring.

Fifth, the Plan is not feasible because there is no evidence that Debtor's new career in equine health care or his planned book regarding pioneer sites and historical campgrounds along the Oregon trail will be profitable. In fact there are indications to the contrary, as Debtor recently had cancer surgery so that "travel anywhere is extremely arduous for him." Kukso Decl. ¶ 3, Ex. 2 at 3. Debtor is also undergoing debilitating chemo therapy.

UNITED STATES' OPPOSITION TO CONFIRMATION OF
CHAPTER 11 PLAN

(Case No. 16-33185)

7

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 239    Filed 11/15/17

WHEREFORE, the United States requests that the Court deny confirmation of Debtor's Plan dated May 8, 2017 (ECF No. 102).


November 15, 2017.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Boris Kukso*
BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov


Of Counsel:
BILLY J. WILLIAMS
US Attorney

UNITED STATES' OPPOSITION TO CONFIRMATION OF
CHAPTER 11 PLAN

(Case No. 16-33185)

8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 239    Filed 11/15/17

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2017, I electronically filed the foregoing UNITED STATES' OPPOSITION TO CONFIRMATION OF CHAPTER 11 PLAN with the Clerk of Court using the CM/ECF system and caused the same document to be mailed by United States Postal Service to the following:

  Peter Szanto
  P.O. Box 4614
  Portland OR 97208


        */s/ Boris Kukso*
        BORIS KUKSO
        Trial Attorney
        United States Department of Justice, Tax
        Division

**UNITED STATES' OPPOSITION TO CONFIRMATION OF CHAPTER 11 PLAN**

(Case No. 16-33185)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case 16-33185-pcm7   Doc 239   Filed 11/15/17

DAVID A. HUBBERT
Acting Assistant Attorney General

BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
US Attorney

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | ) Case No. 16-33185 |
| | ) Chapter 11 |
| PETER SZANTO, | ) |
| | ) |
| _____Debtor._____ | ) |
| | ) Adv. Proc. No. 16-3141 |
| PETER SZANTO, | ) |
| | ) |
| Plaintiff, | ) **DECLARATION OF BANKRUPTCY** |
| | ) **SPECIALIST PHILIP KUSHNER** |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| _____Defendant._____ | ) |

I, PHILIP KUSHNER, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am presently employed as a Bankruptcy Specialist at the Internal Revenue Service.

   My post of duty is in Portland OR.

DECLARATION OF BANKRUPTCY SPECIALIST PHILIP          1
KUSHNER

(Case No. 16-33185; Adv. No. 16-3141)

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

2. In my capacity as a Bankruptcy Specialist, I have access to and am familiar with IRS records and have reviewed Mr. Peter Szanto's transcripts for the tax year 2016 and 2017.

3. Mr. Szanto filed a joint US Individual Income Tax Return (Form 1040) for 2016 jointly with Susan Szanto.

4. On his Form 1040, Mr. Szanto reported the following income:

| Item No. | Description | Amount |
|---|---|---|
| 7 | Wages, Salaries, etc. | $23,830 |
| 8 | Taxable Interest | $4,766 |
| 9 | Ordinary Dividends | $2,627 |
| 10 | Refunds of state and local taxes | $212 |
| 12 | Business income or (loss) | ($2,516) |
| 13 | Capital gain or (loss) | ($3,000) |
| 17 | Rental real estate, royalties, partnerships, S Corp, trusts, etc. income or (loss) | ($317) |
| 20a | Social security benefits | $11,227 |

5. Mr. Szanto filed an Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns (Form 7004) for his Chapter 11 bankruptcy estate, seeking an extension of 6 months to file the estate's initial tax return. The application was received on November 8, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _November 15_ , 2017.

Philip A. Kushner
cn=Philip A. Kushner, o=United States Treasury, Internal Revenue Service, ou=IRS Insolvency, email=Philip.A.Kushner@irs.gov, c=US
2017.11.15 07:36:52 -08'00'

PHILIP KUSHNER
Bankruptcy Specialist

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

DAVID A. HUBBERT
Acting Assistant Attorney General

BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
US Attorney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE  DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No. 16-33185 |
| | ) | Chapter 11 |
| | ) | |
| PETER SZANTO, | ) | **DECLARATION OF TRIAL ATTORNEY** |
| | ) | **BORIS KUKSO** |
| Debtor. | ) | |
| | ) | |

I, BORIS KUKSO, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am presently employed as a Trial Attorney at the Department of Justice, Tax Division. My post of duty is in Washington DC.

2.  Attached as Exhibit 1 are true and correct copy of documents I obtained from the State of Florida Division of Corporations web page.

//

//

DECLARATION OF TRIAL ATTORNEY BORIS KUKSO

(Case No. 16-33185)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

3. Attached as Exhibit 2 is a true and correct copy of ECF No. 6 filed in Case No. 8:17-cv-920-JSM in the US District Court in the Middle District of Florida.

Dated: November 15, 2017.

*/s/ Boris Kukso*
BORIS KUKSO
Trial Attorney
Dept. of Justice, Tax Division

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

# EXHIBIT 1



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation

PORTLAND TRUST CORP.

**Filing Information**

| | |
|---|---|
| **Document Number** | P17000069888 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 08/21/2017 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

1490 - 31ST ST
POMPANO BEACH, FL 33069

**Mailing Address**

PO BOX 14894
IRVINE, CA 92623

**Registered Agent Name & Address**

SZANTO, P
1490 31ST ST
POMPANO BEACH, FL 33069

**Officer/Director Detail**

**Name & Address**

Title TRES

SZANTO, P
PO BOX 14894
IRVINE, CA 92623

Title P

SZANTO, J
11 SHORE PINE
NEWPORT COAST, CA 92657

NEWPORT COAST, CA 92657

Title VP

SZANTO, S
11 SHORE PINE
NEWPORT COAST, CA 92657 UN

**Annual Reports**

**No Annual Reports Filed**

**Document Images**

08/21/2017 -- Domestic Profit | View image in PDF format

Case 16-33185-pcm7    Doc 239    Filed 11/15/17

# Electronic Articles of Incorporation
## For

P17000069888
FILED
**August 21, 2017**
**Sec. Of State**
cmwood

PORTLAND TRUST CORP.

The undersigned incorporator, for the purpose of forming a Florida profit corporation, hereby adopts the following Articles of Incorporation:

## Article I

The name of the corporation is:

PORTLAND TRUST CORP.

## Article II

The principal place of business address:

1490 - 31ST ST
POMPANO BEACH, FL. 33069

The mailing address of the corporation is:

PO BOX 14894
IRVINE, CA. 92623

## Article III

The purpose for which this corporation is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The number of shares the corporation is authorized to issue is:

100

## Article V

The name and Florida street address of the registered agent is:

P SZANTO
1490 31ST ST
POMPANO BEACH, FL. 33069

I certify that I am familiar with and accept the responsibilities of registered agent.

Registered Agent Signature: P SZANTO

# Article VI

The name and address of the incorporator is:

J SZANTO
11 SHORE PINE

NEWPORT COAST CA 92657

Electronic Signature of Incorporator:   J SZANTO

I am the incorporator submitting these Articles of Incorporation and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.  I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of this corporation and every year thereafter to maintain "active" status.

# Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  TRES
P  SZANTO
PO BOX 14894
IRVINE, CA.  92623

Title:  P
J  SZANTO
11 SHORE PINE
NEWPORT COAST, CA.  92657

Title:  VP
S  SZANTO
11 SHORE PINE
NEWPORT COAST, CA.  92657  UN

# EXHIBIT 2

1

2   PETER SZANTO 949-887-2369
    P. O. Box 14894
3   Irvine CA 92623

4
                    United States District Court
5        in and for the Middle District of Florida
                    801 N. Florida Av., Tampa FL 33602
6

7

8                                              # 8:17-cv-920-T-30

9   Peter SZANTO
                                          **Appeal from US Bankruptcy Court –**
10   **APPELLANT, PLAINTIFF**                **Middle Dist FL 8:15-bk-1263**

11   **VS.**
                                               **Appellant's Motion**
12
                                              **for Permission to**
13   Alyce Jurgens-Schenk
                                               **File Electronically**
14

15   **APPELLEE, DEFENDANT**
                                               **Hon Judge Moody**
16

17   **May it please this Honorable Court** - comes now appellant seeking

18   approval of Electronic Filing privileges and privilege to receive filings by

19   e-mail.

20

21

22   **1. Appellant's Petition for Permission to File Electronically**

23

24   Appellant, Peter Szanto, proceeding *in pro se* hereby prays this

25   Court's permission to allow him to file papers electronically via the court's

26   ECF system.

27   17-cv-920          Appellant's Motion to File Electronically   – pg. 1

28

There are three motivations here for electronic filing. 1) urgency - so that this case move forward more quickly by prompt filings which avoid mail and transit delays; 2) efficiency – by electronic filing, contra party receives immediate notice and can begin immediately to respond; 3) conservation – by electronic filing mailing costs are saved and paper product resources need not be expended unnecessarily.

Appellant resides 3000 miles away from the U.S. District Courthouse in Tampa. Any deadline imposed by this Court becomes more onerous because it requires any document that is due to be placed in the mail three or 4 days in advance so as to meet deadline demands imposed by the physical transit of mail. Thus, appellant's time to prepare and perfect every paper is effectively unnecessarily reduced, because of the transit time of physical mail.

Any lateness (not caused by appellant) would necessitate additional work from appellant (to make relief from lateness application), the clerks (to process said application plus its copies) and the Court (to adjudicate said lateness). That is, if through no fault of appellant an item arrived late – additional work would be necessitated by appellant, the clerks and the Court. All this potential unnecessary waste of everyone's time resources can be avoided by grant of ECF permission.

Additionally, appellant is recuperating from recent cancer surgery. Travel **anywhere** is extremely arduous for him. Therefore, any unnecessary trip which can be avoided (such as to the post office) is a benefit. Such a benefit will arise from the grant of the electronic filing privilege to appellant.

Appellant has electronic filing privileges in Florida's courts where the parties dispute originated prior to appellee seeking Bankruptcy protection. Appellant has used that privilege without any reprimand or error or difficulties.

Appellant reviewed the policies and procedures with this Court's e-filing clerks and is confident he knows and understands all the rules.

Appellant has reviewed the computer hardware and software requirements and protocols for electronic filing in this Court. Appellant believes his good electronic filing performance with Florida's Courts, demonstrates that he comprehends and abides the rules. Appellant is versant in all the computer skills necessary successfully to file papers electronically. Appellant regularly attends computer training and skills improvement workshops and seminars – online and in person – to hone and further improve his computer expertise.

Appellant is a candidate for the California State Bar (who has previously passed all potions of the examination except the essay portion). Appellant has previously been a clerk at the United States District Court in Atlanta, the California Superior Court and also a research assistant at the California Court of Appeal. Appellant has familiarity with many Courts' procedures and is aware of the protocols for proper filing, correct form of papers and the necessity to maintain the integrity of court files.

Appellant has used PACER for approximately 25 years to assist him with his real estate business [Appellant has been, and currently is, a California Real Estate Broker.] (ie: Pacer assists appellant in ascertaining bankruptcy and litigation profiles of clients). Appellant has knowledge of the manner in which electronic files are maintained by the district and bankruptcy courts. Appellant knows the proper manner in which to access dockets, case histories and documents. Appellant has always promptly paid his PACER bill!!

By this application, appellant assures the Court that he will not abuse the ECF privilege. Appellant also guarantees to the Court that he will use the ECF system only for the purposes necessary effectively to pursue this appeal and successfully to prevail therein.

Respectfully,

Dated May 15, 2017 _____ Peter Szanto

# **Proof of Service by Mail**

My name is Maquisha Reynolds, I am over 18 years of age and not a party to the within action. My business address is P.O. Box 10451, Newport Beach CA 92658. On the date indicated below, I personally served copies of the within:

**MOTION**

I inserted copies of the within documents in envelopes, sealed said envelopes, affixed thereto sufficient postage to insure delivery by 1st class mail. I addressed those envelopes as:

1) Richard Ellis
   3202 N. Tamiami Trail
   Sarasota FLA 34234

2) Alyce Jurgens-Schenk
   68 St. Lucie Ave.
   Sarasota FL 34232

I then deposited the envelope containing the within documents into the United States mail at Newport Beach CA.

I declare under penalty of perjury under the laws of the state of the United States that the foregoing is true and correct, signed at Irvine CA.

DATED 5-15/ 2017   *Maquisha Reynolds*