Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorneys for Gail Brehm Geiger,
Acting United States Trustee for Region 18

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peter Szanto,<br><br>Debtor. | Case No.  16-33185-pcm11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN**<br><br>Hearing Date:  November 29, 2017<br>Hearing Time: 10:00 a.m.<br>Location:       Courtroom 1 |

The Acting United States Trustee for Region 18, Gail Brehm Geiger (the "UST"), by and through Trial Attorney Carla Gowen McClurg, objects to confirmation of the debtor's First Modified Chapter 11 Plan of Reorganization filed on May 8, 2017, ECF No. 102, (the "Plan"). A hearing regarding confirmation of the Plan is scheduled for November 29, 107 at 10:00 a.m. The UST respectfully requests that confirmation of the Plan be denied because it does not comply with the requirements of 11 U.S.C. §§ 1129(a)(2) and (a)(3).

### Summary of Relevant Facts

The debtor filed a voluntary chapter 11 petition on August 16, 2017, ECF No. 1.  On August 30, 2016, the debtor filed his schedules, statements, and related documents, ECF No. 20

(the "Bankruptcy Documents"). The debtor signed the Bankruptcy Documents under penalty of perjury.

In response to items 17 and 18 on Schedule A/B filed on August 30, 2016, the debtor disclosed the following checking, savings, and financial accounts: "Union Bank debtor in possession accounts" with a balance of $103,000 and "E*Trade Financial, variable amount based on trading and performance" with a value of $1,432,607. No other bank or financial accounts were disclosed on Schedule A/B. The box marked "No" was checked in response to question 20 on the Statement of Financial Affairs filed on August 30, 2016 in response to the question: "Within 1 year before you filed for bankruptcy were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?"

The debtor testified under oath at his meeting of creditors held pursuant to 11 U.S.C. § 341(a) on September 20, 2016 (the "First Meeting"). The debtor testified during the First Meeting that he prepared the Bankruptcy Documents and that they are true, complete, and accurate. The debtor further testified during the First Meeting that there were no changes, corrections, or clarifications that he would like to make to the Bankruptcy Documents other than a correction to his Schedule I regarding the length of his employment and adding a response to a question on Schedule E/F regarding the Internal Revenue Service's claim. The debtor also testified during the First Meeting that he listed all of his assets and all of his creditors.

The debtor testified during the First Meeting that he did not have funds in any other accounts other than Union Bank and E*Trade. The debtor also testified during the First Meeting that he had closed all other bank and financial accounts that existed before his bankruptcy filing.

The debtor thereafter filed various versions of a plan and disclosure statement. As relevant to this objection, the debtor filed Peter Szanto's Chapter 11 1st Amended Plan of

Reorganization on May 8, 2017, ECF No. 102 (the "Plan"). The debtor filed the Debtor's Third Amended Disclosure Statement Accompanying 1st Amended Plan of Reorganization on August 17, 2017, ECF No. 164 (the "Disclosure Statement") after the Court did not approve prior filed versions. In the Disclosure Statement, the debtor included, on pages 11-12, a section titled "Contingency Planning" in which he represented that "reserves are available in any scenario which may require a resolution of a deficiency due to decreased income," including a "Current Bank Balance for any possible deficiency = $201,000" and "Current Brokerage Assets Available for possible deficiency = $1,380,000." On page 14 of the Disclosure Statement, in the section titled "Debtor's Assets and Liabilities," the debtor listed "Cash on Hand/Bank Accounts" of $193,983 and "Brokerage/Retirement Accounts" of $1,380,000.

It is not clear whether the accounts summarized by the debtor in the Disclosure Statement included all of his bank and investment accounts. The debtor did not disclose the location of accounts in the Disclosure Statement. The Court approved the Disclosure Statement pursuant to an order entered on September 5, 2017.

The debtor filed monthly operating reports after the petition date. The debtor signed the monthly operating reports under penalty of perjury. The monthly operating reports reported ending bank balances on form UST-38, Personal Comparative Balance Sheet.

The debtor separately provided to the UST printouts from the internet for Union bank account numbers ending 2572 and 2850 that he represented were his debtor-in-possession bank account statements. The debtor provided the UST with printouts for only Union bank account numbers ending 2572 and 2850 for the period of September 2016 through July 2017. The bank balances reported by the debtor on his monthly operating reports on form UST-38 generally matched the bank balances on the printouts for Union bank account numbers ending 2572 and

2850 provided by the debtor to the UST.

On September 6, 2017, the debtor emailed to counsel for the UST various documents, including an amended Schedule A/B, attached hereto as Exhibit 1, which was not accepted by the Court for filing. The unfiled amended Schedule A/B emailed by the debtor to counsel for the UST on September 6, 2017 listed for the first time, in response to item 17, a savings account located at HSBC bank with a balance of $249,000.

On September 12, 2017, the UST filed a Notice of Special Meeting of Creditors, ECF No. 180, calling a special meeting of creditors pursuant to Federal Rule of Bankruptcy Procedure 2003(f) on October 17, 2017 at 10:00 a.m. Counsel for the UST emailed the Notice of Special Meeting of Creditors to the debtor on September 12, 2017, which is attached hereto as Exhibit 2. In the September 12, 2017 email, counsel for the UST requested that the debtor promptly file with the Court all appropriate amendments to accurately reflect his assets, liabilities, and financial transactions and provide documents in advance of his special meeting of creditors by October 10, 2017. The documents requested by the UST included: (1) statements for all stock and investment accounts since August 1, 2016; (2) statements for all bank accounts whether held in the name of the debtor, jointly with another, or in the name of another for his benefit since August 1, 2016; (3) check ledgers for all accounts for activity since August 1, 2016; and (4) proof of the opening of an HSBC account referenced in a motion filed by the debtor on July 25, 2017, ECF No. 137.

The Internal Revenue Service through its attorneys at the United States Department of Justice, Tax Division, issued subpoenas to obtain bank statements and items from various financial institutions. The bank statements produced to the Internal Revenue Service, as included in support of the Internal Revenue Service's Motion to Convert or Appoint a Trustee

filed on September 20, 2017, ECF No. 185 (the "Motion to Convert"), revealed various accounts held in the debtor's name post-petition not disclosed on the Bankruptcy Documents or the monthly operating reports, including at least accounts located at Union Bank (account number ending 8286), Bank of America (account numbers ending 8699 and 2779), and HSBC (account numbers ending 9269, 7256, and 0793[1]).

The bank statements for the Union bank account numbers ending 2572 and 2850 included with the Motion to Convert do not match the bank statements produced by the debtor to the UST with his monthly operating reports for the period of approximately September 2016 through April 2017.

For example, the printout provided by the debtor to the UST for Union Bank account number ending 2572 showed a balance as of October 31, 2016 of $15,417.19, but the bank statement marked Bates No. UnionB-000040 attached to the Motion to Convert for the same account shows a balance as of October 31, 2016 of $1,604.85. Similarly, the printout provided by the debtor to the UST for Union Bank account number ending 2580 showed a balance as of October 31, 2016 of $112,125.83, but the statement marked Bates No. UnionB-000121 showed a balance as of October 31, 2016 of $.02 for the same account and an undisclosed account number ending 8286 with a balance of $45,624.97. Additionally, a statement for HSBC account number ending 7256 attached to the Motion to Convert marked Bates No. HSBC-000137 reflects an account held in the name of the debtor with a balance of $327,322.52 on October 31, 2016. The debtor did not provide the UST with statements for HSBC account number ending 7256 for October 2016. Exhibit 3 attached hereto includes the Union bank printouts provided by the debtor to the UST for October 2016. Exhibit 4 attached hereto includes bank statements for

---

[1] The debtor provided a printout for HSBC account number ending 0793 starting with the August 2017 monthly operating report. It appears the HSBC account number ending 0793 was opened before August 2017 by the debtor.

October 2016 filed in support of the Motion to Convert.

The debtor did not produce documents in advance of the special meeting of creditors on October 17, 2017 other than the documents attached hereto as Exhibit 5. The debtor appeared for the special meeting of creditors on October 17, 2017 but refused to answer questions by the UST. Pursuant to the Court's ruling at a hearing on October 18, 2017 denying the debtor's Notice of Motion and Motion for Protective Order as to Creditors Meeting Pending 11 U.S.C. § 341(e) Motion for Court to Order Trustee Not to Convene Meeting of Creditors filed on October 17, 2017 at 9:31 a.m., the debtor appeared for the special meeting of creditors on October 18, 2017 (the "Special Meeting").

The debtor testified under oath at the Special Meeting. The debtor testified during the Special Meeting that, among other things, since August 1, 2016, there were accounts held in his name, the name of another for his benefit, or jointly with another located at Union Bank, CIT Bank, Pacific Western Bank, Capital One Bank, Bank of America, and HSBC.

The UST was unable to conclude the Special Meeting due to the debtor's failure to provide requested documents and file amended bankruptcy documents. The UST continued the Special Meeting to November 21, 2017 and filed a Notice of Continued Special Meeting of Creditors on October 19, 2017, ECF No. 209, indicating that the debtor must appear on November 21, 2017 unless the UST informed him in writing that his appearance was not necessary based on the UST's review of amended documents to be filed with the Court and documents to be provided to the UST. Counsel for the UST emailed the Notice of Continued Special Meeting of Creditors to the debtor on October 19, 2017.

The Notice of Special Meeting of Creditors required that the debtor provide to the UST a copy of all filed federal and state tax returns for tax year 2016 by October 25, 2017; file amended

bankruptcy documents and monthly operating reports, if appropriate, by November 8, 2017; and

provide to the UST various documents by November 8, 2017.

As of the date of this motion, the debtor has provided to the UST state and federal tax

returns for tax year 2016 that he represents were filed. The debtor has not filed amended his

bankruptcy documents or monthly operating reports and has not provided the documents to the

UST outlined in the Notice of Continued Special Meeting of Creditors.

<u>Discussion</u>

**1. The Plan does not comply with 11 U.S.C. § 1129(a)(2).**

Section 1129(a)(2) of the Bankruptcy Code quires the proponent of a plan to comply

"with all applicable provisions of this title." 11 U.S.C. § 1129(a)(2). Section 1129(a)(2) is

concerned with the applicable activities of a plan proponent under the Bankruptcy Code. *In re*

*Downtown Inv. Clue, LLP*, 89 B.R. 59, 65 (9th Cir. BAP 1988). In determining whether a plan

proponent has complied with this section, courts focus on whether the plan proponent has ahered

to the disclosure and solicitation requirements of sections 1125 and 1126 of the Code. *In re*

*Brotby*, 303 B.R. 177, 192-93 (9th Cir. BAP 2003).

The principal purpose of section 1129(a)(2) is to require, as a condition of confirmation,

that the court ascertain whether the proponent of the plan under consideration has complied with

the requirements of section 1125 in the solicitation of acceptances of the plan. *See e.g. Tenn-Fla*

*Partners v. First Union National Bank of Florida*, 229 B.R. 720, 732 (Bankr. W.D. Tenn. 1999);

*In re Trans World Airlines, Inc.*, 185 B.R. 302, 313 (Bankr. E.D. Mo. 1995). Disclosure

statements must contain "adequate information" consistent with section 1125 of the Bankruptcy

Code in order to be approved by the Court. 11 U.S.C. § 1125(a), (b); *In re Kelley*, 199 B.R. 698,

703 (9th Cir. BAP 1996).

The debtor in this case has failed to comply with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(2). The debtor has failed to fully and completely disclose all of his assets, including bank and financial accounts. The debtor has not filed amended bankruptcy documents to disclose all of his assets and did not disclose assets not included in the Bankruptcy Documents in the Disclosure Statement. It is also unclear, due to the debtor's failure to produce documents to the UST, if the debtor has accurately and completely disclose his post-petition transactions and financial accounts on his monthly operating reports.

**2. The Plan does not comply with 11 U.S.C. § 1129(a)(3).**

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). The Ninth Circuit has held that, although the Bankruptcy Code does not define "good faith," "[a] plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002) (citing *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989)).

The requirement of good faith must be viewed in light of the totality of the circumstances surrounding the establishment of a chapter 11 plan. *Id*. at 1074. As noted by the court in *In re Stolrow's, Inc.*, 84 B.R. 167 (9th Cir. BAP 1988),

> Good faith in proposing a plan of reorganization is assessed by the Bankruptcy Judge and viewed under the totality of the circumstances. (*Jorgensen v. Federal Land Bank of Spokane* (*In re Jorgensen*, 66 B.R. 104, 108-09 (9th Cir. BAP 1986). Good faith requires . . . a fundamental fairness in dealing with one's creditors. *Id*. at 109. The Bankruptcy Judge is in the best position to assess the good faith of the parties. *Id*. at 172.

In this case, the Plan has not been proposed in good faith. The debtor has failed to disclose all of his assets, may have filed incomplete or inaccurate monthly operating reports, and

has failed to produce documents requested by the United States Trustee pertaining to his post-petition finances.  The totality of the circumstances of this case demonstrate that the debtor has not proposed the Plan in good faith and that the Plan fails to comply with section 1129(a)(3).

<u>**Conclusion**</u>

Confirmation of the Plan should be denied because it does not comply with sections 1129(a)(2) and (a)(3).

DATED this 15th day of November, 2017.

Respectfully submitted,
GAIL BREHM GEIGER
Acting United States Trustee for Region 18


/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2017, I served a copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Peter Szanto
POB 4614
Portland, OR 97208

I further certified that I emailed a copy of the foregoing document to the debtor on November 15, 2017 at the following email address: szanto.pete@gmail.com.

GAIL BREHM GEIGER
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

# Exhibit 1

**From:** Peter S anto
**To:** McClurg, Carla (USTP)
**Subject:** s anto 16 33185
**Date:** Wednesday, September 06, 2017 10:00:20 PM
**Attachments:** cv Reply JPM.pdf
E_A Chase debt 1_5_2017.pdf
E_B Prete 1.pdf
E_C Prete.pdf
cv 9_1_17 Protection.pdf
cv ATTACHME_T.pdf
cv Form b 106 ab.pdf
cv POS.pdf

Dear Ms Mc Clurg

please find attached:

- request for immunity from service
- response to JPM
- asset update that was rejected (I will revise ASAP)

--
_____ 

1

2  PETER SZANTO *503-610-0865*
   P.O. Box 4614
3  Portland OR 97208

4

5              # United States Bankruptcy Court

6              ## in and for the District of OREGON

7                 <u>1001 SW 5th Av., Portland OR 97204</u>

8

9                                    | **# <u>16 –bk-33185 pcm11</u>**

10 **<u>In Re Peter Szanto</u>, Debtor**

11                                   | **<u>Debtor / Plaintiff's Notice of Motion and</u>**

12                                   | **<u>Motion for Immunity from</u>**

13                                   | **<u>Service of Process While On the</u>**

14                                   | **<u>Way to, OR From, OR While</u>**

15                                   | **<u>Attending any Hearing in this</u>**

16                                   | **<u>Bankruptcy and its Associated</u>**

17                                   | **<u>Adversarial Proceedings at</u>**

18                                   | **<u>1001 SW 5th Av., Portland OR</u>**

19                                   | **<u>Courthouse</u>**

20

21                                   | **<u>(Expedited Consideration is Prayed)</u>**

22

23                                   | <u>Hon. Judge Peter C. McKittrick, presiding</u>

24     Please take notice, comes now debtor making Expedited Motion for

25 consideration of the following emergency application:

26 16-bk-33185          Immunity Against Service of Process  ó pg. 1

27

28

as predicted by debtor, Victor Szanto and Evye Szanto were able to prevail upon their close personal friend, the judge assigned to the hearing of Victor and Evye Szanto's Violence Protection Application in Nevada, to continue that order of protection.

However, continuation of the order of protection is predicated on personal service of that order on Peter Szanto.

Thereon, debtor, asks pursuant to long and well established precedent, that his attendance at this Court's Bankruptcy Courthouse be immunized against the possibility of personal service on the way to, or from, and while at the Courthouse.

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1(a))

In regard of conferral as to the motion herein, plaintiff contacted defendants' counsel Mr. Henderson by e-mail [EXHIBIT A] .

After 11 days, plaintiff has received no response of any type.

Therefore, per LBR 7007-1(a)(1)(B), I have made reasonable efforts to confer, but the opposing party refused to confer in good faith or did not respond to movant's requests.

16-bk-33185          Immunity Against Service of Process  – pg. 2

I certify under penalty of perjury. under the laws of the United States, that foregoing is true and correct. Signed at Portland OR.

DATED 9-5-2017     __/s/_____ Peter Szanto

## 2. Essential Facts

Debtor approaches the Court regarding the on-going issue of cross-complainants in adversarial proceeding 16-ap-3114 pursuing the identical relief in Nevada as they seek in this Court (enjoining of debtor's efforts to recover debtor's money and property which is in the possession and under the control of the cross-complainants).

On 8-15-2017, cross-complainants' obtained continuation of an order of protection against debtor. However, the condition precedent for that order to become effective is personal service of that order upon debtor.

Without addressing any other issue in the dispute between the parties, debtor prays to be immunized from service of process from the Nevada action during those times when he is: **on the way to** OR **on his way from** OR **in attendance at the Portland, Oregon Bankruptcy Courthouse.**

16-bk-33185          Immunity Against Service of Process   6 pg. 3

## 3. Memorandum

### *a. Request for Expedited Hearing*

Local Rule 7007-1(c) allows expedited hearings.

The reason expedited hearing is necessary here is because debtor will soon be at Portland Bankruptcy Courthouse and desires to be able to attend official hearings with the security that he will not be served with process in the action identified above.

### *b. Service of Process Should Not Impede this Court's Work*

The fundamental issue here is whether debtor will be able to come to the Bankruptcy Courthouse with confidence that he will not be served with process from another action in another court in another state.

The United States Supreme Court has settled this exact issue more than 100 years ago:

16-bk-33185          Immunity Against Service of Process   ó pg. 4

"Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice would in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the citizen, to prevent the institution and prosecution of a suit in any court, at a distance from his home and his means of defense; and the fear that a suit may be commenced there by summons, will as effectually prevent his approach as if a *capias* might be served upon him."

*Stewart v. Ramsay*, (1916) 242 U.S. 128, 129

Further to explain the reasoning for its decision, the United States Supreme Court elaborated its decision:

"Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a law suit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense, if they were liable to be visited on the instant with writs from the defeated party.

16-bk-33185          Immunity Against Service of Process   6 pg. 5

Since this decision, the federal Circuit and District Courts have consistently sustained the privilege. *Juneau Bank* v. *McSpedan*, 5 Bissell, 64; Fed. Cas. 7,582; *Brooks* v. *Farwell*, 4 Fed. Rep. 166; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Nichols* v. *Horton*, 14 Fed. Rep. 327; *Wilson Sewing Mch. Co.* v. *Wilson*, 22 Fed. Rep. 803; *Small* v. *Montgomery*, 23 Fed. Rep. 707; *Kinne* v. *Lant*, 68 Fed. Rep. 436; *Hale* v. *Wharton*, 73 Fed. Rep. 739; *Morrow* v. *U.H. Dudley & Co.*, 144 Fed. Rep. 441; *Skinner & Mounce Co.* v. *Waite*, 155 Fed. Rep. 828; *Peet* v. *Fowler*, 170 Fed. Rep. 618; *Roschynialski* v. *Hale*, 201 Fed. Rep. 1017."

*Stewart v. Ramsay* (*ibid*, 130-131)

A Wisconsin Federal District Court also interpreted the issue and provides this analysis:

Immunity from service of process "is founded on the necessities of the judicial administration, which would often be embarrassed -- probably sometimes interrupted -- if the suitor, while attending court for the protection of his rights, or a witness while attending, either with or without the service of a subpoena, should be troubled with process. If such were allowed, suitors and witnesses might be deterred from attending court, whereby injustice may be done."

*Juneau Bank v. McSpedan*, (1860) 14 F. Cas. 51

In this case, debtor has several actions before this Court, interruptions and meddling by parties to those actions cannot serve any

16-bk-33185          Immunity Against Service of Process   ó pg. 6

legitimate purpose over which this Court has jurisdiction. As a matter of fact, defendants in action 16-ap-3114 sole purpose in undertaking the Nevada action was solely to interfere with the procedures in this Court.

This Court should grant debtor immunity from service so that the actions herein may proceed without unnecessary inter-meddling which can do nothing but waste time and this Court's judicial resources.

### c. Conclusion

This application is made in the core case, because debtor seeks immunity when attending this court in any part of his Bankruptcy.

The fundamental purpose here is to protect, as the Supreme Court has articulated:

> **"The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance."**

*Stewart* (*ibid*) 129

Debtor asks only that he be allowed to pursue this Bankruptcy

16-bk-33185          Immunity Against Service of Process – pg. 7

and its related adversarial actions in confidence that he will not be

accosted by service of process from other actions in other jurisdictions,

the only purpose of which is to thwart debtors ability effectively to pursue

this Bankruptcy.


    Respectfully,


    Dated 9/5/17   _____  Peter Szanto


# **PROOF OF SERVICE**

    **My name is Jakkob Szanto, I am over 20 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:**

  **Application for Immunity from Service**

  **on Department of Justice by expedited e-mail:**

      BORIS KUKSO, counsel for Internal Revenue Service,

        electronically to Boris.Kukso@usdoj.gov

  **and** on, in the manner indicated:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
                    Cara Richter  c/o Shapiro & Sutherland
   1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus
        920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. US Trustee (Portland Office) *via* electronic mail to:
        ustpregion18.pl.ecf@usdoj.gov

**by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.**

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Madras OR.**

**Dated 9-5-17 _____ Susan Bier**

16-bk-33185          Immunity Against Service of Process  ó pg. 9

**ATTACHMENT**

A. Assets at Wells-Fargo were gifted to Jakkob Szanto and Randee Szanto

in 2014.  Since that time Debtor did not participate in any way in those

assets. IRS subpoena revealed that giftees had been remiss in transfer and

those assets still belonged to debtor.

Debtor 1    Peter                              Szanto
            First Name         Middle Name     Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  District of Oregon

Case number   3:16-bk-33185 pcm11

☑ Check if this is an
   amended filing

## Official Form 106A/B

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**What is the property?** Check all that apply.

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

1.1.  11 Shore Pine Drive
      Street address, if available, or other description

☐ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 2,000,000.00 | $ 2,000,000.00 |

Newport Beach     CA     92657
City              State  ZIP Code

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

fee simple absolute

Orange County
County

☐ Check if this is community property
   (see instructions)

Other information you wish to add about this item, such as local property identification number:  Assessors # 935-90-058

If you own or have more than one, list here:

**What is the property?** Check all that apply.

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

1.2.  416 NW 13th Avenue
      Street address, if available, or other description

☐ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 650,000.00 | $ 650,000.00 |

Portland          OR     97209
City              State  ZIP Code

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

equitable owner

Multnomah County
County

☐ Check if this is community property
   (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

**1.3.** _____

Street address, if available, or other description

_____

_____

City      State    ZIP Code

_____

County

**What is the property?** Check all that apply.

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ....................................➔ $ **2,650,000.00**

---

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

- ☐ No
- ☒ Yes

| | | **Who has an interest in the property?** Check one. | | |
|---|---|---|---|---|

**3.1.** Make:   Chrysler

Model:   PT Cruiser

Year:   2001

Approximate mileage:   73000

Other information:

currently non-operational

**Who has an interest in the property?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 1,500.00 | $ 1,500.00 |

If you own or have more than one, describe here:

**3.2.** Make:   Mercedes

Model:   450 GL

Year:   2007

Approximate mileage:   120000

Other information:

currently non-operational

**Who has an interest in the property?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 5,000.00 | $ 5,000.00 |

3.3.   Make: **VW**

Model: **Tiguan**

Year: **2012**

Approximate mileage: **33000**

Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 20,000.00 | $ 20,000.00 |

3.4.   Make: **Isuzu**

Model: **Trooper**

Year: **1997**

Approximate mileage: **135000**

Other information:

Used by debtor's son.

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 2,000.00 | $ 2,000.00 |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1.   Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

If you own or have more than one, list here:

4.2.   Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** .................................................➔

$ 28,500.00

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples*: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe.........　| Appliances, furniture, misc. decorations, soft goods, asst. kitchen para., etc |　$ 45,000.00

**7. Electronics**

*Examples*: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe..........　| televisions, computers, printers, fax, scanner, ipod, cell phones, camera, etc |　$ 10,000.00

**8. Collectibles of value**

*Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
☑ Yes. Describe..........　| Various sculptures, paintings, mobiles etc |　$ 60,000.00

**9. Equipment for sports and hobbies**

*Examples*: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
☑ Yes. Describe..........　| kayak, bicycle, golf clubs, baseball+football equipment, carpentry tools |　$ 1,500.00

**10. Firearms**

*Examples*: Pistols, rifles, shotguns, ammunition, and related equipment

☐ No
☑ Yes. Describe..........　| Ruger, double action, 45 automatic pistol + ammunition |　$ 1,500.00

**11. Clothes**

*Examples*: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe..........　| Misc. man's clothing, winterwear, hats, shoes |　$ 2,500.00

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe..........　| rings, watches, bracelets |　$ 12,000.00

**13. Non-farm animals**

*Examples*: Dogs, cats, birds, horses

☑ No
☐ Yes. Describe..........　| |　$

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information..........　| |　$

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................➔　$ 132,500.00

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

☑ Yes ..................................................................................................................... Cash: .................... $ _____7,500.00

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes ....................

Institution name:

| 17.1. | Checking account: | Union Bank debtor in possession accounts | $ | 13,000.00 |
|---|---|---|---|---|
| 17.2. | Checking account: | HSBC BANK | $ | 1.00 |
| 17.3. | Savings account: | | $ | |
| 17.4. | Savings account: | HSBC BANK | $ | 249,000.00 |
| 17.5. | Certificates of deposit: | | $ | |
| 17.6. | Other financial account: | E*Tarde Finan'l- included in stock positions see #18 | $ | |
| 17.7. | Other financial account: | because variable amount depending on trading and | $ | |
| 17.8. | Other financial account: | stock settlement activity. Includes foreign currency | $ | |
| 17.9. | Other financial account: | trading account at HSBC. | $ | |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☐ No

☑ Yes ...............

Institution or issuer name:

| E*Trade Financial, variable amount based on trading and performance | $ | 1,380,005.00 |
|---|---|---|
| HSBC BANK - the savings account described above | $ | |
| Wells Fargo Shareholder Services (see attachment Note A) | $ | 2,000.00 |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them........................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| Peter Szanto Co., aka Szanto Co. | 100% | % | $ | 0.00 |
| reputation / goodwill / office supplies may be makerketable | 0% | % | $ | |
| | 0% | % | $ | |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiersчcchecks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific    Issuer name:
    information about
    them.....................    _____    $ _____

        _____    $ _____

        _____    $ _____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

☑ Yes. List each
    account separately.    Type of account:    Institution name:

        401(k) or similar plan:    E*Trade Financial _____    $ _____48,000.00

        Pension plan:    _____    $ _____

        IRA:    E*Trade Finacial _____    $ _____21,000.00

        Retirement account:    _____    $ _____

        Keogh:    _____    $ _____

        Additional account:    _____    $ _____

        Additional account:    _____    $ _____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No

☐ Yes .........................    Institution name or individual:

        Electric:    _____    $ _____

        Gas:    _____    $ _____

        Heating oil:    _____    $ _____

        Security deposit on rental unit: _____    $ _____

        Prepaid rent:    _____    $ _____

        Telephone:    _____    $ _____

        Water:    _____    $ _____

        Rented furniture:    _____    $ _____

        Other:    _____    $ _____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes .........................    Issuer name and description:

        _____    $ _____

        _____    $ _____

        _____    $ _____

**UST Exhibit 1 - Page 17 of 39**    PET 0353

Case 16-33185-pcm7    Doc 241    Filed 11/15/17

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ..................................   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____   $_____
_____   $_____
_____   $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific information about them....

| Airline miles / Hotel miles / Goodwill promised from Bellagio Casino | $ 20,000.00 |
|---|---|

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No
☑ Yes. Give specific information about them....

| Preparation of drawings for patent for "E-Z-ON" equine shoes. 1st Draft of book: "Benedictions From Our Oregon Trail" - text and photos by debtor. | $ 10,000.00 |
|---|---|

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No
☑ Yes. Give specific information about them....

| CA Real Estate Broker's License (Equivalent to OR Managing Broker Lic.) | $ 20,000.00 |
|---|---|

**Money or property owed to you?**      **Current value of the portion you own?** Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☐ No
☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................

| Tax Years 2007, 2008, 2009, 2010 are currently disputed with the Internal Revenue Service. No refunds currently due. | Federal: | $_____ |
|---|---|---|
| | State: | $_____ |
| | Local: | $_____ |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information.............

| | Alimony: | $_____ |
|---|---|---|
| | Maintenance: | $_____ |
| | Support: | $_____ |
| | Divorce settlement: | $_____ |
| | Property settlement: | $_____ |

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workersq compensation, Social Security benefits; unpaid loans you made to someone else

☐ No
☑ Yes. Give specific information.............

| Judgment $6,000 Jurgens, Sarasota FL | $ 6,000.00 |
|---|---|

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowners, or renters insurance

☐ No

☑ Yes. Name the insurance company
of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Term Life Insurance - Susan Szanto | Peter Szanto | $ 0.00 |
| at Protective Life face value $1million | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive
property because someone has died.

Unliquidated.

☐ No

☑ Yes. Give specific information..............

| Szanto family trusts - currently being withheld from debtor | $ 3,700,000.00 |

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ...................

| | $ |

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights**
**to set off claims** Autocraft automotive aprx. $15,000, O'Connell L+M aprx $30000

☐ No

☑ Yes. Describe each claim.

| Miles (aprx. $20000), Briones (aprx $20000), HOA (aprx $25000) | $ 110,000.00 |

**35. Any financial assets you did not already list**

☐ No

☑ Yes. Give specific information............

| Susan Szanto accounts where debtor may be named beneficiary | $ 10,000.00 |

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
**for Part 4. Write that number here** .................................................................................. ➔    $ 5,861,506.00

---

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe......

| | $ |

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe.......

| jeweler's bench / chair, various polishing machines, struts, filters | $ 2,750.00 |

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No

☑ Yes. Describe...... | jeweler/watchmaker/equine-health tools / various supplies | $ 7,700.00

**41. Inventory**

☐ No

☑ Yes. Describe...... | jewelry, watches, loose precious stones | $ 59,920.00

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe.......

Name of entity:                                    % of ownership:

_____   _____%   $ _____

_____   _____%   $ _____

_____   _____%   $ _____

**43. Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

   ☐ No

   ☐ Yes. Describe....... | | $ _____

**44. Any business-related property you did not already list**

☐ No

☑ Yes. Give specific information ......... | 1) various books, manuals, catalogs, circulars, display items all relating | $ _____

| to watches, jewelry and precious stones | $ 20,000.00

| 2) Educational materials as to fabrication of equine footware and | $ _____

| manuals and books related to equine health and development | $ 1,200.00

| 3) Real Estate books, manuals, course materials in prep. for licensure | $ _____

| as OR managing broker | $ 1,650.00

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** ........................................................................➜ | $ 93,220.00

---

**If you own or have an interest in farmland, list it in Part 1.**

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes ......................... | | $ _____

48. **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific information............ _____ $_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No

☑ Yes ....................... Farrier tools, files, clippers, aprons, britches, kneel stand　　$_____1,500.00

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes ....................... _____ $_____

51. **Any farm- and commercial fishing-related property you did not already list**

☐ No

☑ Yes. Give specific information............ Farrier supplies, horseshoe blanks, horseshoe molds, nails, pins, clips, etc　$_____850.00

52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ....................................................➔ $_____2,350.00

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☐ No

☑ Yes. Give specific information............ Research data, drawings and study materials in support of potential patent for proprietary equine footwear. Manuscript and photos for book being written by debtor.　$_____0.00
　$_____
　$_____

54. Add the dollar value of all of your entries from Part 7. Write that number here ....................................➔ $_____0.00

55. **Part 1: Total real estate, line 2** ...........................................................................➔ $___2,650,000.00

56. **Part 2: Total vehicles, line 5** 　　　　　　　$___28,500.00

57. **Part 3: Total personal and household items, line 15** 　$___132,500.00

58. **Part 4: Total financial assets, line 36** 　$___5,861,506.00

59. **Part 5: Total business-related property, line 45** 　$___93,220.00

60. **Part 6: Total farm- and fishing-related property, line 52** 　$___2,350.00

61. **Part 7: Total other property not listed, line 54** 　+ $___0.00

62. **Total personal property.** Add lines 56 through 61. ....................　$___6,118,076.00　Copy personal property total ➔ + $___6,118,076.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ............................................ $___8,768,076.00

**ATTACHMENT**

A. Assets at Wells-Fargo were gifted to Jakkob Szanto and Randee Szanto
   in 2014.  Since that time Debtor did not participate in any way in those
   assets. IRS subpoena revealed that giftees had been remiss in transfer and
   those assets still belonged to debtor.

# PROOF OF SERVICE

My name is Jakkob Szanto, I am over 20 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:

Application for Immunity from Service on Department of Justice by expedited e-mail:

electronically to Boris.Kukso@usdoj.gov

**and** on these others, in the manner indicated:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
Cara Richter  c/o Shapiro & Sutherland
1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus
920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. US Trustee (Portland Office) *via* electronic mail to:
ustpregion18.pl.ecf@usdoj.gov

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Madras OR.

Dated 9-5-17 _____ Jakkob Szanto

16-bk-33185          Immunity Against Service of Process  ó pg. 1

# PROOF OF SERVICE

      **My name is Jakkob Szanto, I am over 20 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:**

      **Application for Immunity from Service on Department of Justice by expedited e-mail:**

               electronically to Boris.Kukso@usdoj.gov

      **and** on these others, in the manner indicated:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
                Cara Richter  c/o Shapiro & Sutherland
  1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus
     920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. US Trustee (Portland Office) *via* electronic mail to:
     ustpregion18.pl.ecf@usdoj.gov

      **by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.**

      **I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Madras OR.**

      **Dated 9-5-17 _____ Jakkob Szanto**

16-bk-33185        Immunity Against Service of Process  ó pg. 1

# United States Bankruptcy Court

## in and for the District of OREGON

1001 SW 5th Av., Portland OR 97204

|  |  |
|---|---|
| **In Re Peter Szanto, Debtor** | # **16 –bk-33185 pcm11**<br><br>**Reply to JPMorgan Chase Bank's Response**<br><br>**Hearing Sep. 14 - 2107**<br><br>Hon. Judge Peter C. McKittrick, presiding |

Pursuant to LR 9013-1(c)(2) debtor now timely replies to JPMorgan Chase's (JPM) response (DE 154).

## 1. No Excusable Neglect / No Relation Back

Counsel for JPM commence their most recent diatribe against debtor by plugging-in, yet again, to their entitlement to interpret the law however they please.

16-bk-33185          Reply   ó pg. 1

For reasons unknown, JPM claims excusable neglect for failure to file a timely claim.

However, JPM has failed to articulate what was excusable as to their neglect. It is as though, JPM believes that mere utterance of magic words provides absolution.

There are various standards for neglect and they need be articulated so as to obtain relief. *Pioneer Inv. Services v. Brunswick Assoc.* (1993) 507 US 380.

By failing to substantiate any basis for relief, JPM is not entitled to relief for their purposeful neglect.

### *a. No Relation Back*

The relation back principle in Bankruptcy requires an original timely claim to which amendment by relation back is allowed. *In re Smith* (2015) 524 BR 125. JPM filed no timely claim herein to which anything can relate back.

Debtor received no documents from JPM as alleged in (Doc154 last sentence, p.1) that is irrelevant in any event, because relation back

16-bk-33185          Reply – pg. 2

back requires actual filing of the documents to which appending is sought.

## 2. The Litany of Debtor's Misdeeds

Rather than address any positive resolution to what has been a long and bitter battle between debtor and JPM, JPM would rather invent a make-believe past wherein halos and gold surround all of JPM's counsel but pariah debtor is covered in stinking filth.

### a.  *Most Recent Statement of Indebtedness with Which Debtor Agrees*

[EXHIBIT A] is the statement of indebtedness debtor first received from JPM during the course of this Bankruptcy in 2016. Debtor is prepared to pay upon that debt immediately at the rate of $5,667.42 per month, as JPM has demanded.

The [EXHIBIT A] statement is not a modification, but rather an arms-length agreement arrived at between the parties after many many long years of negotiation.

16-bk-33185                 Reply  6 pg. 3

The principle, terms and repayment amount were all arrived at by JPM and debtor's negotiations. Debtor is ready, willing and able to pay the amount on the terms agreed and set down in writing by the parties.

### 3. Debtor Has Always Been Ready Willing and Able to Pay, But His Payments Have Been Rejected by JPM

Throughout his dispute with JPM, debtor has consistently offered tender of payments, but many of those payments have been rejected by JPM's counsel. [EXHIBITS B, C]. These are merely two examples of many JPM rejections to create even further rancor.

Regardless, of interpretation, it is not debtor who has failed to mitigate the dispute. At every step, debtor has sought to pay, but has been thwarted in his many efforts by JPM.

Debtor's position has always been that of the very pragmatic mortgagor: all problems and disputes are capable of resolution. To that end, debtor has achieved compromise after compromise with JPM, but has seen those many compromises dashed-to-dust by counsel seeking to perpetuate what is a minor dispute, but a treasure trove of legal fees!!

16-bk-33185          Reply – pg. 4

## 4. Prejudice to Debtor

Chase's response at page 7, last sentence prior to the header "III ARGUMENT", contends that JPM's lateness is of no prejudice to debtor.

This conclusory statement provides no reasoning as to why JPM should not be held accountable for its "delay in filing." Nor is there any explanation why deadlines applicable in other Bankruptcies should not apply to JPM.

As a matter of fact, what is prejudicial to debtor as to JPM's late filing is the very high possibility that JPM will again be exonerated from following and complying with deadlines without any good cause.

More importantly, in this Bankruptcy JPM is represented by two law firms, Mr. Kono and Ms Richter, neither of whom can be bothered with responding to debtor's efforts to achieve a compromise which will preserve judicial resources.

The prejudice, if JPM is exonerated from its lateness, is demonstration that JPM can thwart the rules with impunity . and essentially . thumb-its-nose at all efforts finally to resolve this dispute.

16-bk-33185            Reply – pg. 5

Further demonstration of prejudice is the possibility that having proffered the compromise which is [EXHIBIT A] which debtor accepts, JPM will now remove that compromise and attempt to raise the amount it is willing to accept.

### 5. Declaration to Support JPM is Defective

During the course of litigation with JPM, debtor has received many declarations from JPM. The instant declaration of Theresa Rundquist is as defective as all of the past other declarations received by debtor.

First, there is no averment of any truthful competency to testify. Rundquist's statement of "competent to testify to the factual matters set forth in this Declaration" is wholly conclusory.

That is, Rundquist avers no employment at JPM. Rundquist does not explain whether her ability to access debtor's records is lawful or done merely to obtain a fee for signing a document.

Thereafter, Rundquist makes averments of which she could not have knowledge at ¶ 3, 2nd sentence: that Chase's records are made at or the near the time of the events and are recorded by individuals with

16-bk-33185          Reply – pg. 6

personal knowledge of the events and acts, were created or collected as part of Chase's regular practices, and were kept by Chase in the course of its regularly conducted business activities."No averment is made as to why an "authorized signer" would know the matters asserted.

In short, the representation is merely that somebody other than the declarant kept records.

Thereafter, Rundquist improperly avers regarding a claim signed by someone other than her.

Again, the representation is merely that somebody other than the declarant did something.

Rundquist's proffered declaration is merely evidence that JPM is not shy about submitting incompetent declarations to support facts which it cannot truthfully prove.

## **6. Additional Testimony of Counsel Reviving Matters Which Have Passed**

Unsatisfied with the incompetent testimony of its "Authorized Signer," JPM submits further incompetent testimony through its Portland counsel Mr. Cunningham.

16-bk-33185          Reply – pg. 7

Mr. Cunningham, for reasons unknown seeks to revisit debtor's 2013 Nevada Bankruptcy.

Whereby Mr. Cunningham attempts to mislead this Honorable Court by intentionally failing to submit all the documents which encompass that past Bankruptcy.

What is left un-submitted is the entire record of the hearing and all of Peter Szanto's opposition papers. Factually, Mr. Cunningham merely seeks to paint a picture which reflects neither the facts nor the truth. Significantly, Mr. Cunningham never explains any relevance to the previous Bankruptcy's introduction for any purpose in the present case.

To repeat what debtor has stated every time previously when Mr. Cunningham was motivated to testify about facts he wished to message to conform to his arguments: **The arguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid application.** *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.,* (2002 - 9th Cir.) 289 F.3d 589, 593 *accord Smith v. Mack Trucks*, (9th Cir. 1974) 505 F.2d 1248, 1249.

### 7. Declaration of Peter Szanto

1. My name is Peter Szanto, I am the debtor.

2. This is my truthful declaration to which I will testify in Court.

3. I have received no statements from JPM in regard of my loan.

16-bk-33185          Reply – pg. 8

4. I have, however, received yearly summaries of the status of my loan.

5. I have never met nor spoken with Theresa Rundquist and I do not know who she is.

6. I have never authorized Theresa Rundquist to access my loan records at JPM

7. Mr. Cunningham's representations fail, because he has not proffered all of the documents related to my Nevada Bankruptcy.

8. Mr. Cunningham thereby attempts to paint a distorted view of the events from four years ago, which are not relevant to the present dispute, wherein I am ready willing and able to pay JPM upon the terms which they have demanded in [EXHIBIT A].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Portland Oregon.

Dated 9-6-17 _____/s/__ Peter Szanto

## 8. Conclusion

There seems to be very little logic to JPM's opposition! There is no valid explanation for lateness. There are then two incompetent declarations . one from a person who represents no legal ability to access debtor's loan records . and . second from counsel who seeks to testify

16-bk-33185          Reply ó pg. 9

1

2  to facts from a long ago proceeding, wherein he has purposefully deprived

3  this Court of relevant documents.

4

5          None of these things sustain JPMs positions in any manner.

6

7      Respectfully,

8

9      DATED Sept 6, 2017 _____ Peter Szanto

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  16-bk-33185            Reply – pg. 10

27

28

# PROOF OF SERVICE

**My name is Jakkob Szanto, I am over 20 years of age and not a party to the with action. My business address is PO Box 4614, Portland OR 97208. On the date indicated below, I personally served the within:**

Reply

on these others, in the manner indicated:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
                               Cara Richter  c/o Shapiro & Sutherland
 1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus
       920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. US Trustee (Portland Office) *via* electronic mail to:
          ustpregion18.pl.ecf@usdoj.gov

**by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.**

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Madras OR.**

**Dated 9-6-17 _____ Jakkob Szanto**

16-bk-33185          Reply  6 pg. 11



CHASE ◆

PO Box 183232
Columbus, OH 43218-3232

Chase
1-800-848-9136
1-800-582-0542 TTY

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**



ll¹ll¹ll¹l¹ll¹¹¹¹ll¹lll¹ll¹ll¹ll¹ll¹ll¹ll¹ll¹l¹l¹ll
01009 ARM Z 29216 C
PETER SZANTO
11 SHORE PINE
NEWPORT COAST CA 92657-1544

10/17/16

Dear PETER SZANTO                                    Loan Number XXXXXX6332

**Changes to Your Mortgage Payment on 12/01/16.**

**Under the terms of your Adjustable-Rate Mortgage, you had a period during which your interest rate stayed the same. That period ended and your interest rate may change every 1 month(s) for the rest of your loan term.**

|  | Current Rate and Monthly Payment | New Payment Rate and Monthly Payment |
|---|---|---|
| Interest Rate | 3.07300% | 3.07300% |
| Principal | $1,615.36 | $1,767.38 |
| Interest | $2,284.44 | $2,280.30 |
| Escrow (Taxes and Insurance) | $1,619.74 | $1,619.74 *(Estimate)* |
| Other Amount(s) | $0.00 | $0.00 |
| Subsidy | $0.00 | $0.00 |
| **Total Monthly Payment** | $5,519.54 | $5,667.42 **(due 12/01/16)** |

**Interest Rate:** We calculate your interest rate by taking a published index rate and adding a certain number of percentage points, called the margin. Under your loan agreement, your index rate is the MONTHLY AVERAGE OF 1 YEAR US TREASURY SECURITIES and your margin is 2.55000%. The MONTHLY AVERAGE OF 1 YEAR US TREASURY SECURITIES is published every 1 month(s) in the following source: WWW.FEDERALRESERVE.GOV.

The interest rate that your payment is based on used the index value of 0.52300% published on 09/06/16.

The index rate is determined by taking the average of the last 12 index values.

**Interest Rate and New Monthly Payment:** The table above shows the amounts of your interest rate, new monthly payment, and loan balance based on the assumption that all loan payments are current at the time of adjustment. Your new payment is based on the MONTHLY AVERAGE OF 1 YEAR US TREASURY SECURITIES index, your margin, your loan balance of $890,454.24, and your remaining loan term of 324 months.

**Next Scheduled Loan Changes:** Your next scheduled payment review date is 10/17/17. Any new payment amount will

06/0200/PI

0000001 GN01DT 161018 Page 1 of 1   01009

be due for the first time on 12/01/17. The interest rate on your mortgage loan is scheduled for adjustment monthly.

Since your last adjustment notice, the interest rate on your mortgage loan has been adjusted on the following dates:

| REFLECTED IN PAYMENT DUE ON | INTEREST RATE | INDEX RATE USED |
|---|---|---|
| 11/01/16 | 3.07300% | 0.52300% |
| 10/01/16 | 3.05700% | 0.50700% |
| 09/01/16 | 3.03900% | 0.48900% |
| 08/01/16 | 3.01700% | 0.46700% |
| 07/01/16 | 2.98800% | 0.43800% |
| 06/01/16 | 2.96000% | 0.41000% |
| 05/01/16 | 2.92600% | 0.37600% |
| 04/01/16 | 2.90000% | 0.35000% |
| 03/01/16 | 2.87200% | 0.32200% |
| 02/01/16 | 2.83500% | 0.28500% |
| 01/01/16 | 2.80600% | 0.25600% |
| 12/01/15 | 2.79300% | 0.24300% |

We appreciate your business. If you have any questions, please contact one of our Customer Service Professionals at one of the telephone numbers listed below.

Sincerely,

Chase
1-800-848-9136
1-800-582-0542 TTY
www.chase.com

*Exclusive and separate address for Qualified Written Requests, Notices of Error, and Information Requests:*
Chase
P.O. Box 183166
Columbus, OH 43218-3166

# SMITH LARSEN & WIXOM

### A T T O R N E Y S

JAY EARL SMITH (1953-2012)
KENT F. LARSEN
MICHAEL B. WIXOM
STEWART C. FITTS

SUZANNE R. FITTS
JOSEPH T. PRETE
KATIE M. WEBER
JORDAN J. BUTLER
CHET A. GLOVER

PAUL M. HAIRE
OF COUNSEL

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134

TEL (702) 252-5002
FAX (702) 252-5006

www.slwlawfirm.com

February 24, 2014

**VIA FEDERAL EXPRESS TRACKING NO. 802905377022**

Peter Szanto
3870 S. Carson Street
Carson City, NV 89701

Re:     xxxx6332

Dear Mr. Szanto:

As you know, from our phone conversation on Thursday, February 20, 2014, JPMorgan Chase Bank, N.A. has retained this law office to represent it in certain matters related to the bankruptcy action styled as *In re Peter Szanto*, Case No. 13-bk-51261-btb, United States Bankruptcy Court, District of Nevada.

Chase is in receipt of the enclosed check (Check number 119) in the amount of Five Thousand Three Hundred Seventy-Six Dollars and 68/100 Cents ($5,376.68) which appears to relate to your loan with Chase, account no. xxxx6332.

It appears that the check was submitted in furtherance of an order (document number 149) -- which purports to change the terms of the subject loan -- that was entered in the above-referenced bankruptcy action on January 8, 2014. (A copy of the January 8, 2014 order is enclosed.)

It is Chase's position that Chase never agreed to modify the subject loan, the loan remains in default status, and that the Order was wrongfully entered. Indeed Chase is in the process of filing a motion with the Bankruptcy Court seeking to set aside the Order.

In light of the foregoing, and at the request of Chase, I am returning the check to you.

Sincerely,

Joseph T. Prete

JTP/dph
Encls.

*107*

# SMITH LARSEN & WIXOM

### A T T O R N E Y S

JAY EARL SMITH (1953-2012)
KENT F. LARSEN
MICHAEL B. WIXOM

SUZANNE R. FITTS
JOSEPH T. PRETE
KATIE M. WEBER
JORDAN J. BUTLER
CHET A. GLOVER

PAUL M. HAIRE
OF COUNSEL

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134

TEL (702) 252-5002
FAX (702) 252-5006

www.slwlawfirm.com

April 9, 2014

**VIA USPS EXPRESS MAIL TRACKING NO. EQ228618655**

Peter Szanto
11 Shore Pine Drive
Newport Beach, CA 92657

Re:     xxxx6332

Dear Mr. Szanto:

As you know, JPMorgan Chase Bank, N.A. has retained this law office to represent it in certain matters related to the bankruptcy action styled as *In re Peter Szanto*, Case No. 13-bk-51261-btb, United States Bankruptcy Court, District of Nevada.

Chase is in receipt of the enclosed check (Check number 120) in the amount of Five Thousand Three Hundred Seventy-Six Dollars and 68/100 Cents ($5,376.68) which appears to relate to your loan with Chase, account no. xxxx6332.

It appears that the check was submitted in furtherance of an order (document number 149) -- which purports to change the terms of the subject loan -- that was entered in the above-referenced bankruptcy action on January 8, 2014.

As set forth in its motion to set aside the January 8 order, which was filed and served on you on March 14, 2014, it is Chase's position that Chase never agreed to modify the subject loan, the loan remains in default status, and that the Order was wrongfully entered.

In light of the foregoing, and at the request of Chase, I am returning the check to you.

Sincerely,

Joseph T. Prete

JTP/dph
Encls.

# Exhibit 2

| | |
|---|---|
| **From:** | McClurg, Carla (USTP) |
| **To:** | s anto.pete@gmail.com |
| **Subject:** | otice of Special Meeting of Creditors   10/17/17 at 10:00a.m. |
| **Date:** | Tuesday, September 12, 2017 10:54:00 AM |
| **Attachments:** | S anto   otice of Special Meeting of Creditors.pdf |
| **Importance:** | High |

Dear Mr. Szanto,

Attached is a Notice of Special Meeting of Creditors that I just filed with the court.  The United States Trustee is calling a special meeting of creditors pursuant to Bankruptcy Rule 2003(f) on **October 17, 2017 at 10:00 a.m**.  You must appear and be examined under oath.

The United States Trustee is scheduling the special meeting of creditors in order to examine you regarding your assets and liabilities as of the petition date and your post-petition financial activity.  From the amended Schedule A/B that you unsuccessfully attempted to file with the court and emailed to me, it appears that you failed to disclose significant assets, including bank accounts.  We also have concerns from reviewing your post-petition monthly operating reports that you may have activity in E-trade accounts that is not being appropriately reported.

Please promptly file with the court all appropriate amendments to accurately reflect your assets, liabilities, and financial transactions.  In addition, we request that you provide the following documents in advance of the special meeting of creditors by **no later than October 10, 2017**:

1. Statements for all stock and investment accounts, including without limitation E-trade, for the period of August 1, 2016 through the date of the most recent statement.

2. Statements for all bank accounts whether held in your name, jointly with another, or in the name of another for your benefit, for the period of August 1, 2016 through the date of the most recent statement.  Please note that we want the formal statements issued by your banks.  The electronic printouts you provided with your monthly operating reports are not adequate.

3. Check ledgers for all accounts described in paragraph 2 above, if maintained.

4. Proof of opening the HSBC account referenced in your motion filed on July 25, 2017, Docket No. 137, and all statements issued after that date.

Thank you for your anticipated cooperation.


**Carla Gowen McClurg**
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
(503) 326-7659

This message and any attachments are intended only for addressee and may contain information that

is privileged, "Limited Official Use," or "Sensitive But Unclassified." If the reader of the message is not the intended recipient, then any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this e-mail message or by telephone at the number above, and delete the message and any attachments from your system. Thank you.

Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-33185-pcm11 |
| Peter Szanto, | **NOTICE OF SPECIAL MEETING OF CREDITORS** |
| Debtor. | |

**YOU ARE NOTIFIED THAT,** pursuant to Federal Rule of Bankruptcy Procedure 2003(f), the Acting United States Trustee for Region 18 Gail Brehm Geiger, is calling a special meeting of creditors in the above-referenced case at the following date, time, and location:

| | |
|---|---|
| **DATE:** | **October 17, 2017** |
| **TIME:** | **10:00 a.m.** |
| **PLACE:** | **Office of the United States Trustee**<br>**620 SW Main Street, Room 223**<br>**Portland, OR 97205** |

The debtor must appear at the special meeting of creditors and submit to an examination under oath.

DATED this 12th day of September, 2017.

GAIL BREHM GEIGER
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2017, I served a copy of the foregoing **NOTICE**

**OF SPECIAL MEETING OF CREDITORS** by mailing a copy of this document, by United

States first class mail, postage prepaid, addressed to the following:


Bank of America
POB 650225
Dallas TX 75265-0225
Bank of America, N.A.
P.O. Box 31785
Tampa, FL 33631-3785

TIMOTHY CUNNINGHAM
Davis Wright Tremaine LLP
1300 SW 5th Ave #2400
Portland, OR 97201-5682

First Service Residential
15241 Laguna Canyon Rd
Irvine, CA 92618-3146

IRS
PO Box 7346
Philadelphia PA 19101-7346

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA , PA 19101-7346

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

JPMorgan Chase Bank
3415 Vision Drive
Columbus OH 43219-6009

JPMorgan Chase Bank, NA
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

KEVIN H KONO
1300 SW 5th Ave #2300
Portland, OR 97201-5630

BORIS KUKSO
DOJ-Tax
PO Box 683
Ben Franklin Station
Washington, DC 20044-0683

Newport Coast Community Assn
c/o First Service Residential Inc
15241 Laguna Canyon Rd
Irvine CA 92618-3146

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

CASEY C PENCE
9545 N Kellogg St
First Floor
Portland, OR 97203

CARA J RICHTER
1499 SE Tech Center Place
Suite 255
Vancouver, WA 98683-5550


Page 1 - CERTIFICATE OF SERVICE

MIKE SCOTT
McCarthy & Holthus LLP
920 SW 3rd Ave, 1st Floor
Portland, OR 97204-2419

Santa Lucia Community Assn
c/o FirstService Residential Inc
15241 Laguna Canyon Rd
Irvine CA 92618-3146

Peter Szanto
POB 4614
Portland, OR 97208-4614

I further certify that on September 12, 2017, I emailed a copy of the foregoing document

to the debtor at the following email address: szanto.pete@gmail.com.

GAIL BREHM GEIGER
Acting United States Trustee for Region 18

/s/ Carla Gowen McClurg
CARLA GOWEN McCLURG, OSB #165144
Trial Attorney

Page 2 - CERTIFICATE OF SERVICE

# Exhibit 3

https://bankingsso.unionbank.com/overview/35w4a305564a65464cs6c

<u>Close Window</u>


**Online Banking**

Statement for PETER SZANTO CHAPTER 11 DEBTOR IN POSSESSION        Print 🖨    ☒ <u>Important</u>
                                                                          <u>Statement</u>
                                                                          <u>Information</u>

Date range: 10/01/16 - 10/31/16

↓ <u>Ready to Go Summary</u>
↓ <u>Deposits</u>
↓ <u>Electronic credits</u>
↓ <u>Checks Paid</u>
↓ <u>Electronic debits</u>
↓ <u>Other debits, fees and adjustments</u>
↓ <u>Daily Ledger Balance</u>

PETER SZANTO
POB 4614
Portland OR 97208

| Ready to Go Summary | | | Account Number: ███2572 |
|---|---|---|---|
| Days in statement period: 31 | | | |
| Balance on 10/1 | $ | | 16,499.05 |
| Total Credits | | | 9,716.47 |
| Deposits (1) | | 8,408.87 | |
| Electronic credits (3) | | 1,307.60 | |
| Total Debits | | | -10,798.33 |
| Checks paid (2) | | -8,890.91 | |
| Electronic debits (9) | | -1,907.42 | |
| Balance on 10/31 | $ | | 15,417.19 |

<u>back to top</u>

| Deposits | | Date | Description | Reference | Amount |
|---|---|---|---|---|---|
| including check and cash credits | | 10/12 | OFFICE DEPOSIT # ███7610 | 2171215797 | $ 8,408.87 |

back to top

### Electronic credits

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| 10/7 | KRAFT HEINZ COMPANY (THE) COMMON STOCK CASH DIV | 57841587 | $ 480.60 |
| 10/12 | SSA TREAS 310 XXSOC SEC PPD ***********ASSA | 59309817 | 597.00 |
| 10/31 | SABINE ROYALTY T DIVIDEND PPD ***********2179 | 566R4502 | 230.00 |
| . | | | |
| | 3 Electronic credits | Total | $ 1,307.60 |

back to top

### Checks Paid

| Number | Date | Amount | Number | Date | Amount |
|--------|------|--------|--------|------|--------|
| 0218 | 10/11 | $ 7,790.91 | 0219 | 10/27 | $ 1,100.00 |

back to top

### Electronic debits

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| 10/1 | HOME DEPOT Warrenton, OR #4023 | 5323707 | $ 452.30 |
| 10/1 | SOUTHERN CAL GAS E-PAYMENT | 58623252 | 18.25 |
| 10/3 | PROTECTIVE LIFE INS. PREM. PPD *********9236 | 55809017 | 174.00 |
| 10/10 | S CA EDISON ONLINE PMT WEB UN19124032POS | 53124242 | 24.00 |
| 10/12 | PROTECTIVE LIFE INS. PREM. PPD ***********2126 | 54891561 | 81.78 |
| 10/13 | US COURTS PORTLAN PAYMENT BOC 0314 | 52789190 | 643.00 |
| 10/19 | IRVINE RANCH WTR ONLINE PMT WEB UN1916102032POS | 57223723 | 46.09 |
| 10/31 | IRS USA TAX PAYMENT WEB 22266252410 | 57865843 | 468.00 |
| | 8 Electronic debits | Total | $ 1,907.42 |

back to top

### Other debits, fees and adjustments

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| - - - | - - - | - - - | $ 0.00 |

## Checking Daily Ledger Balance

| Date | Ledger Balance | Date | Ledger Balance |
|------|---------------|------|---------------|
| 10/1 | $  16,028.50 | 10/14-10/19 | $  16,755.19 |
| 10/2-10/3 | 15,854.50 | 10/20-10/27 | 15,655.19 |
| 10/4-10/7 | 16,335.10 | 10/28-10/31 | 15,417.19 |
| 10/8-10/10 | 16,311.10 | | |
| 10/11 | 8,520.19 | | |
| 10/12 | 17,444.28 | | |
| 10/13 | 16,801.28 | | |

Account Number: ███2580

## Money Market Summary

Days in statement period: 30

| | | |
|---|---|---|
| Balance on 10/1 | $ | 108,535.39 |
| Total Credits | | 4,090.44 |
| Interest Deposits (1) | 90.44 | |
| Credits (1) | 4,000.00 | |
| Total Debits | | 500.00 |
| Debits(1) | 500.00 | |
| Balance on 10/31 | $ | 112,125.83 |

## Money Market Deposits

| | Date | Description | Reference | Amount |
|---|------|-------------|-----------|--------|
| including check and cash credits | 10/20 | OFFICE DEPOSIT # ███909Q | 77107699 | $  4,000.00 |

## Money Market Withdrawals

| | Date | Description | Reference | Amount |
|---|------|-------------|-----------|--------|
| counter withdrawal | 10/20 | OFFICE w/d #██████2211 | 77105459 | $  500.00 |

## Money Market Daily Ledger Balance

| Date | Ledger Balance | Date | Ledger Balance |
|------|---------------|------|---------------|
| 10/1 | $  108,535.39 | 10/31 | $  112,125.83 |
| 10/20 | 112,035.39 | | |

# Exhibit 4

**S t a t e m e n t**
**of A c c o u n t s**

*UNION BANK*
SPECIALIZED DEPOSITS 0218
POST OFFICE BOX 513840
LOS ANGELES CA 90051-3840

Page 1 of 2
PETER SZANTO
Statement Number: ▮572
10/1/16 - 10/31/16

Customer Inquiries
800-669-8661

Thank you for banking with us
since 2005

CY30   0 B 0000

PETER SZANTO
POB 14894
IRVINE CA 92623

| Ready to Go Summary | | | Account Number: ▮2572 |
|---|---|---|---|
| Days in statement period: 31 | | | |
| Beginning balance on 10/1 | $ | | 283.76 |
| Total Credits | | | 10,887.23 |
| Electronic credits ( 6 ) | | 10,887.23 | |
| Total Debits | | | -9,566.14 |
| Checks paid ( 2 ) | | -8,115.91 | |
| Electronic debits ( 8 ) | | -1,450.23 | |
| Ending Balance on 10/31 | $ | | 1,604.85 |

**C r e d i t s**

**Electronic credits**

| Date | Description | | Reference | | Amount |
|---|---|---|---|---|---|
| 10/7 | UB MONEYMARKET TRANSFER 161007 | 8286 0134 | 62813477 | $ | 7,990.00 |
| 10/11 | UB MONEYMARKET TRANSFER 161011 | 8286 0134 | 62851834 | | 700.00 |
| 10/12 | SSA TREAS 310 XXSOC SEC PPD **********ASSA | | 57175770 | | 597.00 |
| 10/28 | UB MONEYMARKET TRANSFER 161028 | 8286 0134 | 63020980 | | 500.00 |
| 10/31 | UB MONEYMARKET TRANSFER 161031 | 8286 0134 | 63053849 | | 1,100.00 |
| 10/31 | SABINE ROYALTY T DIVIDEND PPD **********2479 | | 56160359 | | 0.23 |
| | **6 Electronic credits** | | Total amount | $ | 10,887.23 |

**D e b i t s**

**Checks paid**

| Number | Date | | Amount | Number | Date | | Amount | Number | Date | | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0218 | 10/11 | $ | 7,790.91 | 0220* | 10/27 | $ | 325.00 | | | | |
| | | | | **2 Checks paid** | | | | **Total amount** | | $ | 8,115.91 |

* Checks missing in sequence. Out of sequence check numbers may also be located in the Electronic debits section of your statement.

**Electronic debits**

| Date | Description | | Reference | | Amount |
|---|---|---|---|---|---|
| 10/3 | TARGET DEBIT CRD 011001TARG ET -IR | | 51304868 | $ | 20.36 |
| 10/3 | SO CAL GAS PAID SCGC WEB 0312438231 | | 51140729 | | 2.00 |
| 10/5 | PROTECTIVE LIFE INS. PREM. PPD **********6946 | | 53933098 | | 174.00 |
| 10/7 | S CA EDISON ONLINE PMT WEB UN1916102032POS | | 57639128 | | 15.00 |
| 10/12 | PROTECTIVE LIFE INS. PREM. PPD **********6946 | | 50306547 | | 81.78 |
| 10/13 | US COURTS PORTLA PAYMENT BOC 0314 | | 52789190 | | 643.00 |
| 10/28 | IRVINE RANCH WTR ONLINE PMT WEB UN1916102032POS | | 57223723 | | 46.09 |
| 10/31 | IRS USATAXPYMT WEB 222670573392524 | | 57865843 | | 468.00 |
| | **8 Electronic debits** | | Total amount | $ | 1,450.23 |

**PETER SZANTO**
3870 S CARSON ST.
CARSON CITY, NV 89701

218

1220

DATE Oct 1 - 2016

PAY TO THE
ORDER OF Bank of America 133135539 | $ 7790 91/xx

Seven thousand + seven hundred + ninety + 9x/xx DOLLARS

**UnionBank**
Payable at any Union Bank branch
(800) 418-6466
unionbank.com

*** DEBTOR IN POSSESSION ***

FOR _____

⑈122000496⑈ ▓▓▓▓▓▓ 2572⑈ 0218

PostngDate: 20161011
AccountNum: ▓▓▓2572
Serial: 218
Amount: 7,790.91
DIN (Posting Reference # or Seq #): 7505640

UnionB-000041

PETER SZANTO
3870 S CARSON ST.
CARSON CITY, NV 897

16-49  70218
1220

220

3185   10-1-2016

PAY TO THE
ORDER OF   U.S. TRUSTEE                              $ 325.00/xx

Three hundred + twenty-five   DOLLARS

*** DEBTOR IN POSSESSION ***

**UnionBank**
Payable at any Union Bank branch
(800) 418-0466

FOR                3185                                    MP

⑆122000496⑆   2572⑈   0220

PostngDate: 20161027
AccountNum: ▮▮▮2572
Serial: 220
Amount: 325.00
DIN (Posting Reference # or Seq #): 6035312

UnionB-000042

Add Notes

## Daily Ledger Balance

| Date | | Ledger Balance | Date | | Ledger Balance | Date | | Ledger Balance |
|------|---|---------------|------|---|---------------|------|---|---------------|
| 10/1-10/2 | $ | 283.76 | 10/11 | $ | 971.49 | 10/28-10/30 | $ | 972.62 |
| 10/3-10/4 | | 261.40 | 10/12 | | 1,486.71 | 10/31 | | 1,604.85 |
| 10/5-10/6 | | 87.40 | 10/13-10/26 | | 843.71 | | | |
| 10/7-10/10 | | 8,062.40 | 10/27 | | 518.71 | | | |

 **Union**Bank®

**STATEMENT OF ACCOUNTS**

UNION BANK
SPECIALIZED DEPOSITS 0218
POST OFFICE BOX 513840
LOS ANGELES    CA   90051-3840

**Telephone Banking**
For 24-hour Automated Direct Service
800-238-4486
800-826-7345(TDD)
*Representatives are available
Monday through Saturday*

*To open additional accounts,
or apply for loans, call your
banking office at 800-669-8661*

CY30    0 B 0000

PETER  SZANTO
11 SHORE PINE DR
NEWPORT BEACH CA 92657-2005

*You may also access your account online
at unionbank.com*

Thank you for banking with us
since 2005

---

## SUMMARY OF ACCOUNTS

🕿 Below are the accounts designated to qualify towards the waiver of your primary checking account monthly service charge.

| Deposit Accounts | Qualifying balance | Beginning balance | Additions | Subtractions | Ending balance |
|---|---|---|---|---|---|
| Ready to Go Checking 2580 | $      0.02 | $       0.02 | $  0.00 | $       0.00 | $       0.02 |
| Money Market Account 8286 | 45,624.97 | | | | |
| Total | $  45,624.99 | $       0.02 | $  0.00 | $       0.00 | 0.02 |

### READY TO GO℠ CHECKING SUMMARY                                          Account Number ███ 2580
Days in statement period: 31

| | | |
|---|---|---|
| Balance on 10/1 | $ | 0.02 |
| Additions | | 0.00 |
| Subtractions | | 0.00 |
| Balance on 10/31 | $ | 0.02 |
| | | |
| Statement Average Ledger Balance | $ | 0.02 |

We waived your service charge this statement period.

---

### Your Monthly Account Cost

We have waived your Ready to Go℠ Checking account Monthly Service Charge of $10.00 since you had an average balance of $1500 or more in the checking account, or maintained at least a $5000 average monthly combined balance in linked deposit accounts.

**The following features are available with your Ready to Go Checking:**

- Unlimited Check Writing
- Online Banking
- Mobile Banking
- Text Alerts
- Online Bill Pay
- Unlimited Check Supply

- Debit Card or ATM Card
- Online Statements
- Email Alerts
- Union Bank ATMs
- Paper Statements
- Personal Savings or Money Market Account

FORM 03400 (Rev 01/2017)


| Your Account's Cost This Month | | |
|---|---|---|
| Monthly Service Charge: | $ | 10.00 |
| Cost Before Savings: | $ | 10.00 |
| COMBINED BALANCE DISCOUNT | $ | - 10.00 |
| Your Cost Savings This Month: | $ | 10.00 |
| Your Total Monthly Cost: | $ | 0.00 |

*If you would like the details of the cost for the Ready to Go Checking feature(s) you have selected, please refer to the All About
Personal Accounts and Services, Simply Stated Product Guide and Personal Accounts Fee Schedule. For additional details, please
visit your local branch or call us at 800-238-4486.

FORM C3400 (Rev 01/2017)



**Union**Bank·

STATEMENT
OF ACCOUNTS
UNION BANK
DIRECT BANKING CENTER 0245
PO BOX 513840
LOS ANGELES          CA  90051-3840

Telephone Banking
For 24-hour Automated Direct Service
800-238-4486
800-826-7345(TDD)
*Representatives are available
Monday through Saturday*

*To open additional accounts,
or apply for loans, call your
banking office at 714-985-2105*

CY16 Z  O A 1030
PETER SZANTO
POB 14894
IRVINE CA 92623

*You may also access your account online
at unionbank.com*

Thank you for banking with us
since 2005

■ *Use Online Banking Bill Pay system to help you save time and get more control.
Easy setup: it only takes minutes to add payees and start paying your bills securely online.
To learn more, please visit: www.unionbank.com/billpay*

## MONEYMARKET ACCOUNT SUMMARY                                                    Account Number: ████ 8286

Days in statement period: 31

| | | | | Interest | | |
|---|---|---|---|---|---|---|
| Balance on 9/24 | $ | | 52,083.61 | Accrued this period | $ | 3.08 |
| Additions | | | 3.08 | Paid this period | $ | 3.08 |
| Subtractions | | | -10,390.86 | Paid year-to-date | $ | 134.90 |
| Payments | | -10,390.00 | | **Interest Rates** | | |
| Other Withdrawals | | -0.86 | | 9/24/16-10/24/16 | | 0.08 % |
| Balance on 10/24 | $ | | 41,695.83 | Annual Percentage Yield Earned | | 0.08 % |
| Statement Average Ledger Balance | $ | 45,624.97 | | | | |

We waived your service charge this statement period.

| Additions | Date | Description | | Reference | | Amount |
|---|---|---|---|---|---|---|
| | 10/24 | INTEREST PAYMENT | | $ | | 3.08 |

| Payments | Date | Description | Account code | Reference | | Amount |
|---|---|---|---|---|---|---|
| online and electronic banking | 9/27 | UB CHECKING    TRANSFER   160927 XXXXXX2580 0131 | | 62717281 | $ | 1,200.00 |
| | 9/29 | CHECKING    TRANSFER   160929 XXXXXX2572 0000 | | 62737420 | | 500.00 |
| | 10/7 | CHECKING    TRANSFER   161007 XXXXXX2572 0000 | | 62813477 | | 7,990.00 |
| | 10/11 | CHECKING    TRANSFER   161011 XXXXXX2572 0000 | | 62851834 | | 700.00 |
| | Total | | | | $ | 10,390.00 |

| Other Withdrawals | Date | Description | | Reference | | Amount |
|---|---|---|---|---|---|---|
| including fees and adjustments | 10/24 | INTEREST WITHHOLDING | | $ | | 0.86 |

FORM 03400 (Rev 01/2017)



HSBC

*92657154415*

PETER SZANTO                    32-00278
11 SHORE PINE DRIVE 11
NEWPORT BEACH CA 92657-1544

**Questions?**
Call 800-711-8001 or write:
HSBC
P.O. Box 9
Buffalo, New York 14240

---

SUMMARY OF ACTIVITY FOR THE PERIOD 10/01/16 TO 12/30/16

| | |
|---|---|
| YOUR BALANCE ON 09/30/16 WAS | 327,041.98 |
| THERE WERE WITHDRAWALS AND SUBTRACTIONS | .00 |
| THERE WERE DEPOSITS AND OTHER ADDITIONS | .00 |
| INTEREST POSTED THIS PERIOD | 833.27 |
| YOUR BALANCE ON 12/30/16 | 327,875.25 |

DATE OF LAST STATEMENT WAS 09/30/16

INTEREST PAID THIS YEAR                1,950.16

**TRANSACTION DETAIL**

| DATE POSTED | DESCRIPTION OF TRANSACTIONS | WITHDRAWALS AND OTHER SUBTRACTIONS | DEPOSITS AND OTHER ADDITIONS | BALANCE |
|---|---|---|---|---|
| 10/31/16 | INTEREST PAID FROM 10/01/16 THROUGH 10/31/16 INCLUSIVE | | 280.54 | 327,322.52 |
| | AVERAGE DAILY LEDGER BALANCE       $327,041.98 | | | |
| 11/30/16 | INTEREST PAID FROM 11/01/16 THROUGH 11/30/16 INCLUSIVE | | 271.72 | 327,594.24 |
| | AVERAGE DAILY LEDGER BALANCE       $327,322.52 | | | |
| 12/30/16 | INTEREST PAID FROM 12/01/16 THROUGH 12/31/16 INCLUSIVE | | 281.01 | |
| | AVERAGE DAILY LEDGER BALANCE       $327,594.24 | | | |
| 12/30/16 | $833.27 INTEREST EARNED FROM 10/01/16 | | | 327,875.25 |
| | THROUGH 12/31/16 INCLUSIVE | | | |
| | INTEREST IS NOT AVAILABLE UNTIL CREDITED TO ACCOUNT | | | |
| | AVERAGE DAILY LEDGER BALANCE       $327,325.55 | | | |
| | ANNUAL PERCENTAGE YIELD EARNED 01.01 % | | | |

*Please examine your statement at once. For your convenience, instructions for balancing your account are included.*

*If you change your address, please notify your branch office of your new address. All deposited items are credited subject to final payment.new address.*

HSBC-00137

**UST Exhibit 4 - Page 8 of 8**

Case 16-13809-mkn   Doc 295-1   Filed 09/05/17

HSBC-000137

# Exhibit 5

| From: | Peter Szanto <szanto.pete@gmail.com> |
|---|---|
| Sent: | Tuesday, October 10, 2017 8:30 PM |
| To: | McClurg, Carla (USTP) |
| Subject: | szanto 16-33185 |
| Attachments: | cv et 10-9-17.pdf; cv fidelity.pdf; cv McClurg 10-10-17.pdf; cv wells.pdf |

## please see attached

--

 

| Symbol | Description | Quantity | Last Trade | Change | Bid | Ask |
|---|---|---|---|---|---|---|
| | | | | | | |
| AAL | AMERICAN AIRLS | 1 | 51.3 | 0.74 | 51.21 | 51.3 |
| AAPL | APPLE INC COM | 601 | 155.3 | -0.1 | 155.3 | 155.4 |
| AAPL Nov 17 '17 $165 Call | AAPL Nov 17 '17 $165 Call | 5 | 1.59 | -0.2 | 1.58 | 1.62 |
| AAPL Jan 19 '18 $125 Call | AAPL Jan 19 '18 $125 Call | 10 | 30.76 | -0.1 | 30.65 | 31 |
| AAPL Jan 19 '18 $130 Call | AAPL Jan 19 '18 $130 Call | -10 | 26.1 | -0.2 | 26 | 26.35 |
| AAPL Jan 18 '19 $140 Call | AAPL Jan 18 '19 $140 Call | -10 | 26.45 | 0 | 25.65 | 26.5 |
| AAPL Jan 18 '19 $145 Put | AAPL Jan 18 '19 $145 Put | 10 | 12.57 | 0 | 12.25 | 12.45 |
| AAPL Jan 18 '19 $150 Call | AAPL Jan 18 '19 $150 Call | -10 | 20.47 | -0.2 | 20.3 | 20.85 |
| AAPL Jan 18 '19 $160 Call | AAPL Jan 18 '19 $160 Call | 10 | 15.95 | -0.2 | 15.95 | 16 |
| AAPL Jan 18 '19 $165 Put | AAPL Jan 18 '19 $165 Put | -4 | 23 | -1.1 | 22.55 | 23.05 |
| AAPL Jan 18 '19 $170 Put | AAPL Jan 18 '19 $170 Put | -10 | 25.89 | -0.5 | 25.65 | 26.25 |
| ABBV | ABBVIE INC COM | 200 | 90.49 | 0.31 | 90.2 | 90.45 |
| ABBV Oct 13 '17 $90 Call | ABBV Oct 13 '17 $90 Call | -12 | 0.94 | -0 | 0.91 | 1.06 |
| ABBV Oct 27 '17 $90 Put | ABBV Oct 27 '17 $90 Put | 10 | 2.94 | 0 | 1.97 | 2.26 |
| ABBV Nov 17 '17 $90 Call | ABBV Nov 17 '17 $90 Call | 10 | 2.8 | 0.15 | 2.76 | 2.86 |
| ABBV Jan 18 '19 $90 Put | ABBV Jan 18 '19 $90 Put | -2 | 10.43 | -0.1 | 10.2 | 10.55 |
| AGR | AVANGRID INC COM | 1 | 47.64 | -0.7 | 43.45 | 53.2 |
| ALE | ALLETE INC COM NEW | 3 | 78.31 | -0.2 | 42 | 0 |
| ALL | ALLSTATE CORP COM | 1 | 93.29 | 0.1 | 87.05 | 93.95 |
| AMGN | AMGEN INC COM | 100 | 185.8 | -1 | 183.8 | 190.1 |
| AMGN Oct 13 '17 $185 Call | AMGN Oct 13 '17 $185 Call | -1 | 2.15 | -0.8 | 1.86 | 2.42 |
| AMZN Jan 19 '18 $900 Call | AMZN Jan 19 '18 $900 Call | -1 | 109.9 | 5.19 | 110.6 | 112.4 |
| AMZN Mar 16 '18 $1100 Put | AMZN Mar 16 '18 $1100 Put | -1 | 141.5 | 0 | 130.6 | 133.05 |
| AMZN Jan 18 '19 $800 Call | AMZN Jan 18 '19 $800 Call | -2 | 246 | 16 | 244 | 248.5 |
| AMZN Jan 18 '19 $900 Call | AMZN Jan 18 '19 $900 Call | 2 | 181 | 13.4 | 176 | 180.5 |
| AMZN Jan 18 '19 $1000 Call | AMZN Jan 18 '19 $1000 Call | -1 | 124 | 4.55 | 123 | 125.2 |
| AMZN Jan 18 '19 $1100 Put | AMZN Jan 18 '19 $1100 Put | -2 | 173 | -27 | 167.8 | 170.8 |
| AMZN Jun 21 '19 $1200 Call | AMZN Jun 21 '19 $1200 Call | -2 | 76.6 | 11.8 | 73 | 76.3 |
| AMZN Jan 17 '20 $1100 Put | AMZN Jan 17 '20 $1100 Put | -1 | 199.9 | -12 | 197.1 | 201.35 |
| ANDV | ANDEAVOR COM | 1 | 106 | 0.63 | 105.7 | 106.29 |
| ANDX | ANDEAVOR LOGISTICS LP C | 300 | 49.84 | -0.2 | 49.31 | 51.88 |
| ANDX Oct 20 '17 $50 Call | ANDX Oct 20 '17 $50 Call | -3 | 0.59 | 0.04 | 0.55 | 0.7 |
| ANDX Dec 15 '17 $50 Call | ANDX Dec 15 '17 $50 Call | 3 | 1.4 | 0 | 1.2 | 1.45 |
| ANDX Dec 15 '17 $52.50 Ca | ANDX Dec 15 '17 $52.50 Call | 3 | 0.3 | 0 | 0.35 | 0.5 |
| ANDX Dec 15 '17 $55 Call | ANDX Dec 15 '17 $55 Call | -3 | 0.2 | 0 | 0.1 | 0.2 |
| ANDX Mar 16 '18 $52.50 Ca | ANDX Mar 16 '18 $52.50 Call | -3 | 1.44 | 0 | 0.95 | 1.15 |
| ANZBY | AUSTRALIA&NEW ZEALAND | 5 | 22.95 | 0.1 | 0 | 0 |
| APA Jan 18 '19 $55 Call | APA Jan 18 '19 $55 Call | 2 | 2.93 | 0 | 2.93 | 3.2 |
| APA Jan 18 '19 $65 Call | APA Jan 18 '19 $65 Call | -3 | 1.35 | 0 | 1.25 | 1.46 |
| APU | AMERIGAS PARTNERS L P U | 1 | 45.16 | -0 | 44.55 | 46.13 |
| AVP | AVON PRODS INC COM | 3 | 2.29 | 0.01 | 2.26 | 2.31 |
| AXAHY | AXA SA SPONSORED ADR | 2 | 30.48 | 0.21 | 0 | 0 |
| AZN | ASTRAZENECA PLC SPONS | 1 | 34.26 | 0.03 | 32.25 | 34.49 |
| AZN Oct 27 '17 $32 Put | AZN Oct 27 '17 $32 Put | 10 | 0.25 | 0 | 0 | 0.1 |
| AZN Oct 20 '17 $32.50 Put | AZN Oct 20 '17 $32.50 Put | -10 | 0.05 | 0 | 0 | 0.1 |
| AZSEY | ALLIANZ SE SP ADR 1/10 SH | 1 | 22.73 | 0.09 | 0 | 0 |
| BA | BOEING CO COM | 1 | 258.6 | -0.3 | 258.4 | 258.58 |



| | | | | | | |
|---|---|---|---|---|---|---|
| BA Jan 19 '18 $150 Call | BA Jan 19 '18 $150 Call | 1 | 86.2 | 0 | 106.6 | 110.4 |
| BA Jan 19 '18 $200 Call | BA Jan 19 '18 $200 Call | 1 | 59.32 | 0.93 | 58.1 | 59.6 |
| BA Jan 19 '18 $210 Call | BA Jan 19 '18 $210 Call | -3 | 47.05 | 0 | 49.15 | 50.35 |
| BA Jan 18 '19 $200 Call | BA Jan 18 '19 $200 Call | 1 | 64.5 | 1.05 | 62.95 | 64.55 |
| BBRY | BLACKBERRY LTD COM | 1 | 11.07 | 0.05 | 11 | 11.25 |
| BBY | BEST BUY INC COM | 1 | 58.76 | 1.27 | 58.76 | 58.8 |
| BHP | BHP BILLITON LTD SPONSO | 100 | 41.34 | 0.09 | 40 | 42 |
| BHP Oct 20 '17 $45 Call | BHP Oct 20 '17 $45 Call | -2 | 0.03 | 0 | 0.02 | 0.03 |
| BHP Nov 17 '17 $45 Call | BHP Nov 17 '17 $45 Call | -1 | 0.19 | -0 | 0.17 | 0.22 |
| BHP Feb 16 '18 $45 Call | BHP Feb 16 '18 $45 Call | 2 | 1 | 0.05 | 1 | 1.08 |
| BLK | BLACKROCK INC COM | 101 | 463.2 | -1.2 | 440.4 | 0 |
| BLK Oct 20 '17 $450 Call | BLK Oct 20 '17 $450 Call | -1 | 16 | -1.3 | 15.5 | 16.7 |
| BLK Oct 20 '17 $450 Put | BLK Oct 20 '17 $450 Put | -1 | 2.87 | 0.48 | 2.65 | 3.1 |
| BLK Jan 19 '18 $380 Call | BLK Jan 19 '18 $380 Call | -1 | 62 | 0 | 83.3 | 86.6 |
| BLK Jan 19 '18 $410 Call | BLK Jan 19 '18 $410 Call | 1 | 56.72 | 5.72 | 55.8 | 58.5 |
| BLK Jan 19 '18 $440 Put | BLK Jan 19 '18 $440 Put | 1 | 9.8 | 0.71 | 8.5 | 9.8 |
| BPL | BUCKEYE PARTNERS L P U | 100 | 59.24 | 0.14 | 57.99 | 60 |
| BPL Nov 17 '17 $65 Call | BPL Nov 17 '17 $65 Call | -3 | 0.1 | 0 | 0 | 0.1 |
| BPL Nov 17 '17 $70 Call | BPL Nov 17 '17 $70 Call | 3 | 0.05 | 0 | 0 | 0.1 |
| BPL Jan 19 '18 $65 Call | BPL Jan 19 '18 $65 Call | 1 | 0.26 | 0 | 0.2 | 0.3 |
| BPL Feb 16 '18 $55 Call | BPL Feb 16 '18 $55 Call | 1 | 4.8 | 0.59 | 4.6 | 5 |
| BPL Feb 16 '18 $60 Call | BPL Feb 16 '18 $60 Call | -2 | 1.65 | 0 | 1.55 | 1.75 |
| BPL Feb 16 '18 $65 Call | BPL Feb 16 '18 $65 Call | 2 | 0.45 | 0.2 | 0.3 | 0.45 |
| BPT | BP PRUDHOE BAY RTY TR U | 300 | 22.5 | -0.1 | 22.15 | 22.8 |
| BTI | BRITISH AMERN TOB PLC S | 210 | 62.33 | 0.95 | 61.5 | 63.36 |
| BTI1 Jan 18 '19 $60 Call | BTI Jan 18 '19 $60 Call | -4 | 3.3 | 0 | 2.3 | 6.2 |
| BUD | ANHEUSER BUSCH INBEV S | 1 | 121.6 | -1 | 121.4 | 121.98 |
| BX | BLACKSTONE GROUP L P C | 301 | 33.44 | -0.2 | 33.3 | 33.44 |
| BX Jan 18 '19 $32 Call | BX Jan 18 '19 $32 Call | -3 | 3.45 | -0.1 | 3.3 | 3.7 |
| CB | CHUBB LIMITED COM | 1 | 146.2 | 0.44 | 139.3 | 150 |
| CBRL | CRACKER BARREL OLD CTF | 100 | 154 | 0.61 | 144.9 | 167.85 |
| CBRL Oct 20 '17 $155 Call | CBRL Oct 20 '17 $155 Call | -1 | 1 | -0.2 | 0.95 | 1.1 |
| CBRL Dec 15 '17 $155 Put | CBRL Dec 15 '17 $155 Put | -1 | 6.83 | -0.3 | 6.5 | 7.6 |
| CC | CHEMOURS CO COM | 1 | 54.67 | 0.24 | 54.24 | 55.02 |
| CCI | CROWN CASTLE INTL CORP | 1 | 101.5 | -0.1 | 101 | 101.7 |
| CEL | CELLCOM ISRAEL LTD SHS | 1 | 9.34 | -0 | 7 | 9.87 |
| CL | COLGATE PALMOLIVE CO C | 1 | 72.72 | -0.5 | 71 | 73 |
| CLX | CLOROX CO DEL COM | 1 | 129.1 | 0.18 | 127.9 | 129.74 |
| CMI | CUMMINS INC COM | 1 | 172.1 | 0.4 | 166 | 175.6 |
| CMI Nov 17 '17 $145 Call | CMI Nov 17 '17 $145 Call | -3 | 19.69 | 0 | 27.1 | 28.1 |
| CMI Jan 18 '19 $150 Call | CMI Jan 18 '19 $150 Call | 3 | 29.7 | 0 | 29.5 | 30.5 |
| CSCO | CISCO SYS INC COM | 301 | 33.75 | 0.16 | 33.65 | 33.82 |
| CSCO Oct 27 '17 $33.50 Cal | CSCO Oct 27 '17 $33.50 Call | -3 | 0.54 | 0.07 | 0.57 | 0.61 |
| CVS | CVS HEALTH CORP COM | 1 | 76.92 | -4 | 77 | 77.1 |
| CVX | CHEVRON CORP NEW COM | 1 | 117 | -1.6 | 116.9 | 117.04 |
| CVX Jan 19 '18 $110 Call | CVX Jan 19 '18 $110 Call | -4 | 8.26 | -1.3 | 8.1 | 8.45 |
| CVX Jan 19 '18 $120 Put | CVX Jan 19 '18 $120 Put | -1 | 5.9 | 1.1 | 5.75 | 5.9 |
| CVX Mar 16 '18 $115 Put | CVX Mar 16 '18 $115 Put | 1 | 4.8 | 0.15 | 4.65 | 4.85 |
| CVX Jun 15 '18 $110 Call | CVX Jun 15 '18 $110 Call | 4 | 10.7 | 0 | 9.95 | 10.15 |



| CXW | CORECIVIC INC COM | 100 | 25.67 | -0.5 | 25 | 26 |
|---|---|---|---|---|---|---|
| CXW Jan 19 '18 $35 Call | CXW Jan 19 '18 $35 Call | 1 | 0.04 | 0 | 0 | 0.05 |
| D | DOMINION ENERGY INC CO| | 2 | 76.81 | 0 | 75.48 | 81 |
| D Jan 18 '19 $72.50 Call | D Jan 18 '19 $72.50 Call | -7 | 7.7 | 0 | 6.8 | 7.3 |
| D Jan 18 '19 $75 Call | D Jan 18 '19 $75 Call | 7 | 5.48 | -0 | 5.3 | 5.8 |
| DAL | DELTA AIR LINES INC DEL C | 1 | 52.01 | 0.33 | 51.95 | 52.01 |
| DIDAF | DISTRIBUIDORA INTL D ALIN | 30 | 5.809 | 0 | 0 | 0 |
| DIS | DISNEY WALT CO COM DISN | 1 | 100.1 | -0 | 99.98 | 100.04 |
| DIS Oct 20 '17 $100 Call | DIS Oct 20 '17 $100 Call | -10 | 1.11 | -0.1 | 1.06 | 1.13 |
| DIS Jan 19 '18 $110 Call | DIS Jan 19 '18 $110 Call | -15 | 0.81 | 0.08 | 0.79 | 0.82 |
| DIS Apr 20 '18 $100 Call | DIS Apr 20 '18 $100 Call | 10 | 5.26 | -0.1 | 5.2 | 5.4 |
| DIS Jun 15 '18 $110 Call | DIS Jun 15 '18 $110 Call | 15 | 2.6 | -0.2 | 2.48 | 2.65 |
| DPSTF | DEUTSCHE POST AG BONN | 4 | 44.52 | 0 | 0 | 0 |
| DUK | DUKE ENERGY CORP NEW | 1 | 84.64 | 0.35 | 84.25 | 84.92 |
| DUK Jan 19 '18 $80 Call | DUK Jan 19 '18 $80 Call | 10 | 5.1 | 0 | 5.2 | 5.5 |
| DUK Jan 19 '18 $82.50 Call | DUK Jan 19 '18 $82.50 Call | -10 | 3.4 | 0.17 | 3.2 | 3.5 |
| DWDP | DOWDUPONT INC COM | 2 | 71.22 | 0.25 | 70.99 | 71.5 |
| DWDP Dec 15 '17 $55 Call | DWDP Dec 15 '17 $55 Call | -2 | 11.15 | 0 | 16.1 | 16.6 |
| DWDP Dec 15 '17 $60 Call | DWDP Dec 15 '17 $60 Call | -2 | 11.27 | 0.77 | 11.2 | 12.2 |
| DWDP Jan 19 '18 $45 Call | DWDP Jan 19 '18 $45 Call | 2 | 25.7 | 0 | 25.9 | 26.4 |
| DWDP Jan 19 '18 $60 Call | DWDP Jan 19 '18 $60 Call | 2 | 11.19 | 0 | 11.35 | 11.65 |
| EQC | EQUITY COMWLTH COM SH | 1 | 30.5 | -0.3 | 0 | 33 |
| ES | EVERSOURCE ENERGY CO| | 1 | 60.38 | -0.3 | 60.02 | 60.98 |
| ETP | ENERGY TRANSFER PARTN | 100 | 18.54 | 0.02 | 18.55 | 18.98 |
| ETR | ENTERGY CORP NEW COM | 1 | 78.65 | -0.4 | 76 | 79.45 |
| ETR Oct 20 '17 $77.50 Call | ETR Oct 20 '17 $77.50 Call | -4 | 1.68 | 0.58 | 1.5 | 1.7 |
| ETR Dec 15 '17 $75 Call | ETR Dec 15 '17 $75 Call | 2 | 2.69 | 0 | 4.1 | 4.4 |
| ETR Dec 15 '17 $77.50 Call | ETR Dec 15 '17 $77.50 Call | 2 | 0.95 | 0 | 2.35 | 2.55 |
| ETR Mar 16 '18 $75 Call | ETR Mar 16 '18 $75 Call | -2 | 5.2 | -0.1 | 4.8 | 5.2 |
| ETR Mar 16 '18 $77.50 Call | ETR Mar 16 '18 $77.50 Call | 2 | 3.2 | 0.85 | 3.3 | 3.6 |
| EXC | EXELON CORP COM | 1 | 38.15 | -0.2 | 38 | 38.4 |
| EXC Oct 20 '17 $35 Call | EXC Oct 20 '17 $35 Call | -1 | 3.37 | 0 | 3.1 | 3.3 |
| EXC Oct 20 '17 $36 Call | EXC Oct 20 '17 $36 Call | -1 | 2.35 | 0 | 2.15 | 2.3 |
| EXC Jan 19 '18 $30 Call | EXC Jan 19 '18 $30 Call | 2 | 8.4 | 0 | 8.1 | 8.4 |
| EXC Jan 19 '18 $32 Call | EXC Jan 19 '18 $32 Call | -1 | 5.45 | 0 | 6.2 | 6.4 |
| EXC Jan 19 '18 $35 Call | EXC Jan 19 '18 $35 Call | 1 | 2.67 | 0 | 3.4 | 3.6 |
| F | FORD MTR CO DEL COM PA | 1 | 12.31 | 0.06 | 12.28 | 12.31 |
| F Jan 19 '18 $11.75 Call | F Jan 19 '18 $11.75 Call | -3 | 0.78 | 0.04 | 0.77 | 0.8 |
| F Jan 19 '18 $12 Call | F Jan 19 '18 $12 Call | 3 | 0.64 | 0.06 | 0.62 | 0.64 |
| FDX | FEDEX CORP COM | 100 | 220.8 | -0.8 | 220.5 | 221.14 |
| FDX Oct 20 '17 $210 Call | FDX Oct 20 '17 $210 Call | -1 | 11.32 | -0.3 | 11.2 | 11.55 |
| FDX Oct 13 '17 $222.50 Call | FDX Oct 13 '17 $222.50 Call | 2 | 1.31 | -0.6 | 1.6 | 1.34 |
| FDX Jan 19 '18 $130 Call | FDX Jan 19 '18 $130 Call | 2 | 91.6 | 0 | 90.8 | 91.65 |
| FDX Jan 19 '18 $150 Call | FDX Jan 19 '18 $150 Call | -6 | 78.25 | 0 | 69.95 | 72.2 |
| FDX Jan 19 '18 $170 Call | FDX Jan 19 '18 $170 Call | -2 | 39.53 | 0 | 50.85 | 52.55 |
| FDX Jan 19 '18 $190 Call | FDX Jan 19 '18 $190 Call | 6 | 32.68 | -0 | 32.25 | 32.95 |
| FDX Jan 19 '18 $200 Call | FDX Jan 19 '18 $200 Call | -4 | 24 | -0.3 | 23.6 | 24.05 |
| FDX Jan 19 '18 $210 Call | FDX Jan 19 '18 $210 Call | -2 | 16 | -0.7 | 15.75 | 16.15 |
| FDX Jan 19 '18 $220 Call | FDX Jan 19 '18 $220 Call | 2 | 9.6 | -0.5 | 9.5 | 9.7 |

| | | | | | |
|---|---|---|---|---|---|
| FDX Apr 20 '18 $220 Call | FDX Apr 20 '18 $220 Call | 3 | 13.45 | 0 | 13.45 | 13.85 |
| FDX Jan 18 '19 $220 Call | FDX Jan 18 '19 $220 Call | 2 | 23.31 | 0 | 22.3 | 22.9 |
| FE | FIRSTENERGY CORP COM | 1 | 31.38 | 0.05 | 30.15 | 31.7 |
| FGP | FERRELLGAS PARTNERS L. | 1 | 5.06 | -0.1 | 4.95 | 5.19 |
| FIT Jan 19 '18 $13 Call | FIT Jan 19 '18 $13 Call | 1 | 0.07 | 0 | 0.04 | 0.06 |
| FXB | CURRENCYSHARES BRITISH | 100 | 127.1 | -0.5 | 119 | 135 |
| FXB Oct 20 '17 $126 Call | FXB Oct 20 '17 $126 Call | 5 | 3.39 | 0 | 1.45 | 1.65 |
| FXB Oct 20 '17 $127 Call | FXB Oct 20 '17 $127 Call | -2 | 0.9 | -0.5 | 0.85 | 1 |
| FXB Oct 20 '17 $129 Call | FXB Oct 20 '17 $129 Call | -1 | 0.25 | -0.1 | 0.15 | 0.3 |
| FXB Oct 20 '17 $130 Call | FXB Oct 20 '17 $130 Call | -8 | 0.08 | -0.1 | 0 | 0.15 |
| FXB Nov 17 '17 $130 Call | FXB Nov 17 '17 $130 Call | 5 | 0.42 | -0.8 | 0.4 | 0.55 |
| FXE | CURRENCYSHARES EURO T | 1 | 113.3 | 0.3 | 112.3 | 118 |
| GD | GENERAL DYNAMICS CORP | 1 | 212.6 | -0.9 | 212 | 212.99 |
| GD Nov 17 '17 $200 Call | GD Nov 17 '17 $200 Call | -1 | 14.9 | -0.1 | 14.2 | 14.7 |
| GD Jan 19 '18 $200 Call | GD Jan 19 '18 $200 Call | 1 | 16.55 | -0.4 | 16.3 | 16.8 |
| GE | GENERAL ELECTRIC CO CO | 1,001 | 24.39 | -0.2 | 24.28 | 24.3 |
| GE Jan 18 '19 $30 Call | GE Jan 18 '19 $30 Call | -10 | 0.45 | 0.09 | 0.4 | 0.5 |
| GILD | GILEAD SCIENCES INC COM | 1 | 82.14 | -1.4 | 82.02 | 82.29 |
| GILD Oct 20 '17 $85 Call | GILD Oct 20 '17 $85 Call | -2 | 0.57 | -0.4 | 0.53 | 0.58 |
| GILD Jan 19 '18 $75 Call | GILD Jan 19 '18 $75 Call | 3 | 8.95 | -0.9 | 8.8 | 8.95 |
| GILD Jan 19 '18 $80 Call | GILD Jan 19 '18 $80 Call | -1 | 5.55 | -0.8 | 5.45 | 5.6 |
| GIS | GENERAL MILLS INC COM | 1 | 51.4 | -0.7 | 51.4 | 51.59 |
| GIS Oct 20 '17 $52.50 Call | GIS Oct 20 '17 $52.50 Call | -1 | 0.32 | -0.1 | 0.28 | 0.36 |
| GIS Nov 17 '17 $52.50 Call | GIS Nov 17 '17 $52.50 Call | 1 | 0.88 | -0.1 | 0.82 | 0.97 |
| GM | GENERAL MTRS CO COM | 201 | 44.93 | 1.08 | 44.85 | 44.9 |
| GM Jan 19 '18 $35 Call | GM Jan 19 '18 $35 Call | -2 | 10.2 | 1.17 | 9.95 | 10.2 |
| GS | GOLDMAN SACHS GROUP II | 1 | 246 | -0 | 246 | 247.5 |
| GS Jan 18 '19 $240 Call | GS Jan 18 '19 $240 Call | -2 | 30.6 | 0.6 | 29.95 | 30.55 |
| GS Jan 18 '19 $250 Call | GS Jan 18 '19 $250 Call | 2 | 25.05 | -0 | 24.8 | 25.35 |
| HD | HOME DEPOT INC COM | 1 | 165.9 | -0.3 | 165.8 | 165.95 |
| HD Jan 19 '18 $125 Call | HD Jan 19 '18 $125 Call | -1 | 41.19 | 0 | 40.45 | 41.9 |
| HD Jan 19 '18 $150 Call | HD Jan 19 '18 $150 Call | 1 | 17.28 | -0.2 | 16.25 | 17.9 |
| HHC | HOWARD HUGHES CORP C | 1 | 118.4 | -0.6 | 0 | 0 |
| HII | HUNTINGTON INGALLS INDS | 1 | 235.8 | 1.67 | 201.2 | 0 |
| HLT | HILTON WORLDWIDE HLDG | 1 | 69.48 | 0.11 | 68.49 | 70 |
| HOVNP | HOVNANIAN ENTERPRISES | 1 | 6.6 | -0.2 | 0 | 0 |
| HPQ | HP INC COM | 1 | 20.58 | 0.23 | 20.42 | 20.7 |
| HSBC | HSBC HLDGS PLC SPON AD | 1 | 49.5 | -0.2 | 49.18 | 49.86 |
| HSBC Oct 13 '17 $49 Call | HSBC Oct 13 '17 $49 Call | -20 | 0.57 | 0 | 0.55 | 0.68 |
| HSBC Nov 17 '17 $49 Call | HSBC Nov 17 '17 $49 Call | 20 | 1.1 | 0 | 1.11 | 1.25 |
| HSBC Dec 15 '17 $45 Call | HSBC Dec 15 '17 $45 Call | -10 | 4.65 | 0 | 4.4 | 4.65 |
| HSBC Jan 18 '19 $42 Call | HSBC Jan 18 '19 $42 Call | 10 | 7.5 | 0 | 7.25 | 8.45 |
| HST | HOST HOTELS & RESORTS | 1 | 18.34 | 0.02 | 17.5 | 18.7 |
| HST Jan 19 '18 $17 Call | HST Jan 19 '18 $17 Call | -7 | 1.76 | 0.1 | 1.75 | 1.85 |
| HST Jan 18 '19 $17 Call | HST Jan 18 '19 $17 Call | 7 | 2.5 | 0.53 | 2.3 | 2.65 |
| ICAGY | INTERNATIONAL CONS AIRL | 5 | 16.04 | -0.1 | 0 | 0 |
| INTC | INTEL CORP COM | 1 | 39.63 | 0.1 | 39.59 | 39.66 |
| IP | INTL PAPER CO COM | 1 | 57.45 | -0.3 | 56.05 | 58 |
| IP Jan 18 '19 $50 Call | IP Jan 18 '19 $50 Call | -1 | 8.7 | 0 | 9.55 | 10.05 |



S ZANTI
16-33185

| | | | | | | |
|---|---|---|---|---|---|---|
| IP Jan 18 '19 $52.50 Call | IP Jan 18 '19 $52.50 Call | 1 | 8.28 | 0.15 | 8 | 8.25 |
| KCAP | KCAP FINL INC COM | 1 | 3.77 | -0.2 | 3.43 | 3.88 |
| KMI | KINDER MORGAN INC DEL C | 100 | 19.02 | -0.1 | 19 | 19.02 |
| KMI Jan 19 '18 $20 Call | KMI Jan 19 '18 $20 Call | -1 | 0.4 | -0.1 | 0.39 | 0.46 |
| KO | COCA COLA CO COM | 1 | 45.49 | -0 | 45.4 | 45.59 |
| KST | DEUTSCHE STRATEGIC INC | 1 | 12.49 | -0.1 | 11.25 | 13.85 |
| LB | L BRANDS INC COM | 300 | 42.92 | 0.13 | 41.5 | 44 |
| LB Feb 16 '18 $40 Call | LB Feb 16 '18 $40 Call | -3 | 5 | 0 | 5.1 | 5.4 |
| LMT | LOCKHEED MARTIN CORP C | 1,001 | 316.5 | 1.88 | 316.3 | 316.98 |
| LMT Oct 20 '17 $300 Call | LMT Oct 20 '17 $300 Call | -7 | 16.47 | 1.67 | 16.2 | 16.7 |
| LMT Dec 15 '17 $280 Call | LMT Dec 15 '17 $280 Call | -7 | 36.5 | 1.1 | 35.3 | 39.8 |
| LMT Jan 19 '18 $250 Call | LMT Jan 19 '18 $250 Call | -5 | 65 | 0 | 64.8 | 68.9 |
| LMT Jan 19 '18 $260 Call | LMT Jan 19 '18 $260 Call | 11 | 56 | 1 | 55 | 57.5 |
| LMT Jan 19 '18 $280 Call | LMT Jan 19 '18 $280 Call | 1 | 37.88 | 1.77 | 37.6 | 38.3 |
| LMT Jan 19 '18 $300 Call | LMT Jan 19 '18 $300 Call | -5 | 19.87 | 1.12 | 18.2 | 20.6 |
| LMT Jan 18 '19 $260 Call | LMT Jan 18 '19 $260 Call | -2 | 60.62 | 1.08 | 59.6 | 63.4 |
| LMT Jan 18 '19 $270 Call | LMT Jan 18 '19 $270 Call | 2 | 52.3 | 0.78 | 51.3 | 53.6 |
| LMT Jan 18 '19 $300 Call | LMT Jan 18 '19 $300 Call | 2 | 31.6 | 1.9 | 31.3 | 33.5 |
| LVS | LAS VEGAS SANDS CORP C | 1,001 | 64.26 | -0.8 | 64.05 | 64.22 |
| LVS Dec 15 '17 $60 Call | LVS Dec 15 '17 $60 Call | -12 | 6.31 | 0 | 5.35 | 5.55 |
| LVS Mar 16 '18 $62.50 Call | LVS Mar 16 '18 $62.50 Call | 2 | 4.68 | -0.5 | 4.7 | 4.95 |
| LYB | LYONDELLBASELL INDUSTR | 1 | 98.9 | -0.6 | 96.5 | 0 |
| LYB Oct 13 '17 $100 Put | LYB Oct 13 '17 $100 Put | -1 | 1.5 | 0.25 | 1.4 | 1.55 |
| LYB Dec 15 '17 $100 Put | LYB Dec 15 '17 $100 Put | 1 | 4.4 | 0.2 | 4.2 | 4.5 |
| LYB Jan 19 '18 $100 Call | LYB Jan 19 '18 $100 Call | 1 | 3.43 | -0.4 | 3.4 | 3.7 |
| MAC | MACERICH CO COM | 0.1 | 56.44 | -0.7 | 6.35 | 64.54 |
| MET | METLIFE INC COM | 1 | 53.02 | 0.44 | 50.15 | 53.29 |
| MGM Nov 17 '17 $33 Call | MGM Nov 17 '17 $33 Call | 10 | 0.45 | -0 | 0.44 | 0.49 |
| MGP | MGM GROWTH PPTYS LLC C | 1 | 30.02 | 0.1 | 29.35 | 30.9 |
| MGP Oct 20 '17 $30 Put | MGP Oct 20 '17 $30 Put | -3 | 0.54 | 0 | 0.2 | 0.85 |
| MGP Nov 17 '17 $30 Put | MGP Nov 17 '17 $30 Put | 5 | 0.55 | 0 | 0.45 | 1.25 |
| MGP Dec 15 '17 $25 Call | MGP Dec 15 '17 $25 Call | 3 | 5.2 | 0 | 4.5 | 5.8 |
| MGP Dec 15 '17 $30 Call | MGP Dec 15 '17 $30 Call | -4 | 0.9 | 0 | 0.8 | 1.15 |
| MGP Dec 15 '17 $35 Call | MGP Dec 15 '17 $35 Call | 3 | 0.2 | 0 | 0 | 0.65 |
| MO | ALTRIA GROUP INC COM | 1 | 62.55 | -1.3 | 62.54 | 62.6 |
| MO Oct 20 '17 $62.50 Call | MO Oct 20 '17 $62.50 Call | -3 | 0.96 | -0.8 | 0.92 | 1.08 |
| MO Jan 19 '18 $60 Call | MO Jan 19 '18 $60 Call | 3 | 4.3 | -0.8 | 3.95 | 4.35 |
| MTN | VAIL RESORTS INC COM | 201 | 217.7 | 1.16 | 215 | 220.68 |
| MTN Oct 20 '17 $210 Call | MTN Oct 20 '17 $210 Call | -4 | 8 | -2.5 | 8.2 | 9.1 |
| MTN Oct 20 '17 $220 Call | MTN Oct 20 '17 $220 Call | -1 | 1.75 | -0.1 | 1.85 | 2.1 |
| MTN Oct 20 '17 $220 Put | MTN Oct 20 '17 $220 Put | -1 | 5 | -0.9 | 4.1 | 4.4 |
| MTN Nov 17 '17 $220 Call | MTN Nov 17 '17 $220 Call | 2 | 4 | 0.3 | 4.2 | 4.6 |
| MTN Nov 17 '17 $220 Put | MTN Nov 17 '17 $220 Put | 1 | 6.9 | 0.87 | 6.2 | 6.7 |
| MTN Jan 19 '18 $210 Call | MTN Jan 19 '18 $210 Call | 1 | 13.8 | 0.84 | 13.7 | 14.4 |
| NAT | NORDIC AMERICAN TANKER | 1 | 5.26 | -0.2 | 5.23 | 5.35 |
| NCMI | NATIONAL CINEMEDIA INC C | 1 | 7.38 | -0.1 | 5.52 | 8.28 |
| NEE | NEXTERA ENERGY INC COM | 1 | 147.5 | -0.3 | 147.3 | 148.84 |
| NEE Oct 20 '17 $145 Call | NEE Oct 20 '17 $145 Call | -3 | 3.84 | 0 | 3 | 3.4 |
| NEE Dec 15 '17 $145 Call | NEE Dec 15 '17 $145 Call | 3 | 5.49 | 0 | 5.1 | 5.6 |



| | | | | | | |
|---|---|---|---|---|---|---|
| NGG | NATIONAL GRID PLC SPONS | 1 | 62.26 | -0.1 | 61.72 | 68.7 |
| NKE | NIKE INC CL B | 1 | 52.42 | 0.24 | 52.25 | 52.46 |
| NKE Jan 19 '18 $52.50 Call | NKE Jan 19 '18 $52.50 Call | -2 | 2.3 | 0.05 | 2.34 | 2.37 |
| NKE Jan 19 '18 $55 Call | NKE Jan 19 '18 $55 Call | 6 | 1.33 | 0.1 | 1.31 | 1.34 |
| NKE Jan 19 '18 $57.50 Call | NKE Jan 19 '18 $57.50 Call | -2 | 0.68 | 0.06 | 0.67 | 0.69 |
| NKE Jan 19 '18 $60 Call | NKE Jan 19 '18 $60 Call | -2 | 0.3 | -0 | 0.32 | 0.35 |
| NS Dec 15 '17 $45 Call | NS Dec 15 '17 $45 Call | -2 | 0.15 | 0 | 0.1 | 0.2 |
| NS Dec 15 '17 $50 Call | NS Dec 15 '17 $50 Call | 2 | 0.01 | 0 | 0 | 0.05 |
| NS Mar 16 '18 $45 Call | NS Mar 16 '18 $45 Call | 1 | 0.45 | 0 | 0.35 | 0.5 |
| NSH | NUSTAR GP HOLDINGS LLC | 200 | 21.7 | 0.1 | 20.1 | 21.7 |
| NSH Dec 15 '17 $22.50 Call | NSH Dec 15 '17 $22.50 Call | -2 | 0.9 | 0 | 0.35 | 0.6 |
| OMC | OMNICOM GROUP INC COM | 1 | 75.42 | -1 | 72 | 84.05 |
| ORAN | ORANGE SPONSORED ADR | 1 | 16.38 | 0.18 | 14.55 | 17.25 |
| ORCL | ORACLE CORP COM | 1 | 48.4 | -0.5 | 48.34 | 48.4 |
| PBR.A | PETROLEO BRASILEIRO SA | 2 | 9.91 | -0.2 | 0 | 12.25 |
| PBT | PERMIAN BASIN RTY TR UN | 1 | 9.01 | 0.01 | 8 | 9 |
| PCG | PG&E CORP COM | 101 | 68.84 | -0.2 | 67.5 | 69.5 |
| PCG Oct 20 '17 $70 Call | PCG Oct 20 '17 $70 Call | -5 | 0.2 | -0.1 | 0.1 | 0.2 |
| PCG Oct 20 '17 $70 Put | PCG Oct 20 '17 $70 Put | -2 | 1.2 | 0 | 1.25 | 1.45 |
| PCG Nov 17 '17 $65 Call | PCG Nov 17 '17 $65 Call | -1 | 3.2 | 0 | 4 | 4.3 |
| PCG Dec 15 '17 $70 Call | PCG Dec 15 '17 $70 Call | 5 | 0.95 | 0 | 1 | 1.15 |
| PCG Dec 15 '17 $70 Put | PCG Dec 15 '17 $70 Put | 2 | 2.65 | 0 | 2.05 | 2.2 |
| PCH | POTLATCH CORP NEW COM | 1 | 50.7 | -0.2 | 50 | 79.95 |
| PEG | PUBLIC SVC ENTERPRISE G | 1 | 47.6 | 0.15 | 47.01 | 47.95 |
| PEG Oct 20 '17 $45 Call | PEG Oct 20 '17 $45 Call | -2 | 2.4 | 0 | 2.45 | 2.7 |
| PEG Mar 16 '18 $45 Call | PEG Mar 16 '18 $45 Call | 2 | 3.37 | 0.07 | 3.4 | 3.7 |
| PFE | PFIZER INC COM | 1 | 36.05 | 0.05 | 35.9 | 36.14 |
| PFE Jan 19 '18 $30 Call | PFE Jan 19 '18 $30 Call | -15 | 5.93 | 0 | 5.95 | 6.3 |
| PFE Jan 18 '19 $30 Call | PFE Jan 18 '19 $30 Call | 15 | 6.41 | 0.11 | 6.3 | 6.6 |
| PG | PROCTER AND GAMBLE CO | 1 | 92.33 | 0.3 | 92.22 | 92.33 |
| PHM | PULTE GROUP INC COM | 1 | 27.23 | 0.03 | 27 | 28.22 |
| PM | PHILIP MORRIS INTL INC CO | 1 | 111.3 | -0.3 | 110.8 | 111.27 |
| PPL | PPL CORP COM | 1 | 37.32 | 0.02 | 37.15 | 37.69 |
| PPL Oct 20 '17 $40 Call | PPL Oct 20 '17 $40 Call | -1 | 0.03 | 0 | 0 | 0.05 |
| PPL Jan 19 '18 $38 Call | PPL Jan 19 '18 $38 Call | -3 | 0.75 | 0 | 0.7 | 0.8 |
| PPL Apr 20 '18 $38 Call | PPL Apr 20 '18 $38 Call | 2 | 1.11 | -0.2 | 1.05 | 1.25 |
| PPL Apr 20 '18 $40 Call | PPL Apr 20 '18 $40 Call | 2 | 0.45 | 0 | 0.4 | 0.55 |
| PRU | PRUDENTIAL FINL INC COM | 1 | 109.7 | 0.39 | 105.5 | 110.5 |
| PRU Oct 20 '17 $100 Call | PRU Oct 20 '17 $100 Call | -1 | 9.95 | 0.55 | 9.6 | 9.95 |
| PRU Jan 19 '18 $100 Call | PRU Jan 19 '18 $100 Call | -1 | 8.6 | 0 | 11 | 11.4 |
| PRU Mar 16 '18 $100 Call | PRU Mar 16 '18 $100 Call | 2 | 11.85 | 0 | 11.95 | 12.35 |
| PSXP Oct 20 '17 $55 Call | PSXP Oct 20 '17 $55 Call | -5 | 0.23 | 0 | 0 | 0.15 |
| PSXP Oct 20 '17 $55 Put | PSXP Oct 20 '17 $55 Put | -5 | 2.05 | 0 | 1.9 | 2.3 |
| PSXP Dec 15 '17 $55 Call | PSXP Dec 15 '17 $55 Call | 5 | 0.95 | 0 | 0.7 | 0.9 |
| PSXP Dec 15 '17 $55 Put | PSXP Dec 15 '17 $55 Put | 5 | 3.3 | 0 | 3.2 | 3.5 |
| PX | PRAXAIR INC COM | 1 | 142 | -0.4 | 96.13 | 143.5 |
| QCOM Jan 19 '18 $50 Call | QCOM Jan 19 '18 $50 Call | -2 | 3.86 | 0.1 | 3.8 | 3.95 |
| QCOM Jan 19 '18 $55 Call | QCOM Jan 19 '18 $55 Call | -1 | 1.42 | 0.05 | 1.41 | 1.49 |
| QCOM Apr 20 '18 $50 Call | QCOM Apr 20 '18 $50 Call | 3 | 4.85 | 0.08 | 4.8 | 4.9 |



| | | | | | | |
|---|---|---|---|---|---|---|
| RDS.A | | ROYAL DUTCH SHELL PLC S | 1 | 60.15 | -0.9 | 60 | 60.15 |
| RDSA Oct 20 '17 $57.50 Cal | | RDS.A Oct 20 '17 $57.50 Call | -2 | 2.7 | -0.8 | 2.65 | 2.95 |
| RDSA Nov 17 '17 $57.50 Ca | | RDS.A Nov 17 '17 $57.50 Call | 3 | 2.94 | 0 | 2.95 | 3.3 |
| RDSA Dec 15 '17 $55 Call | | RDS.A Dec 15 '17 $55 Call | -1 | 5.4 | -0.9 | 5.1 | 5.6 |
| RGR | | STURM RUGER & CO INC CO | 1 | 52.75 | -1.4 | 52.55 | 53 |
| RGR Oct 20 '17 $55 Call | | RGR Oct 20 '17 $55 Call | -1 | 0.9 | 0 | 0.35 | 0.6 |
| RGR Jan 19 '18 $55 Call | | RGR Jan 19 '18 $55 Call | 1 | 3 | -0.2 | 2.4 | 2.8 |
| RIG | | TRANSOCEAN LTD REG SHS | 200 | 10.31 | -0.2 | 10.27 | 10.32 |
| RTN | | RAYTHEON CO COM NEW | 100 | 187.7 | 0.55 | 187.5 | 189.43 |
| RTN Jan 18 '19 $160 Call | | RTN Jan 18 '19 $160 Call | -1 | 32.41 | 0 | 31.55 | 34.7 |
| SBUX | | STARBUCKS CORP COM | 1 | 55.17 | 0.57 | 55.13 | 55.18 |
| SBUX Jan 18 '19 $50 Call | | SBUX Jan 18 '19 $50 Call | -10 | 8.15 | 0.35 | 7.9 | 8.35 |
| SBUX Jan 18 '19 $60 Call | | SBUX Jan 18 '19 $60 Call | 20 | 3 | 0.15 | 2.93 | 3.05 |
| SCMWY | | SWISSCOM AG SPONSOREI | 1 | 50.78 | -0.3 | 0 | 0 |
| SDRL | | SEADRILL LIMITED SHS | 400 | 0.38 | 0 | 0.37 | 0.399 |
| SFL | | SHIP FINANCE INTERNATIOI | 1 | 14.45 | -0.3 | 14.25 | 14.85 |
| SIX | | SIX FLAGS ENTMT CORP NE | 1 | 60.17 | -1.1 | 52.5 | 0 |
| SIX Oct 20 '17 $60 Call | | SIX Oct 20 '17 $60 Call | -4 | 1.2 | -1.1 | 1.15 | 1.3 |
| SIX Oct 20 '17 $60 Put | | SIX Oct 20 '17 $60 Put | -1 | 0.84 | 0.21 | 1 | 1.15 |
| SIX Dec 15 '17 $60 Call | | SIX Dec 15 '17 $60 Call | 4 | 3.7 | 0 | 2.7 | 2.9 |
| SIX Dec 15 '17 $60 Put | | SIX Dec 15 '17 $60 Put | 1 | 2.75 | -0.2 | 2.95 | 3.2 |
| SJT | | SAN JUAN BASIN RTY TR UN | 1 | 7.65 | -0 | 7.45 | 7.75 |
| SNA | | SNAP ON INC COM | 1 | 149.3 | 0.68 | 0 | 157.6 |
| SNN | | SMITH & NEPHEW PLC SPDI | 2 | 36.61 | 0.09 | 35.51 | 0 |
| SO | | SOUTHERN CO COM | 1 | 49.59 | 0.23 | 49.07 | 49.7 |
| SOUHY | | SOUTH32 LTD SPONSORED | 40 | 12.83 | 0.02 | 0 | 0 |
| SPG | | SIMON PPTY GROUP INC NE | 1 | 160.2 | -1 | 150 | 162 |
| SPH | | SUBURBAN PROPANE PART | 100 | 26.29 | 0.04 | 25.9 | 26.6 |
| STWD | | STARWOOD PPTY TR INC C | 1 | 21.65 | -0.1 | 21.2 | 21.98 |
| STWD Dec 15 '17 $22.50 Ca | | STWD Dec 15 '17 $22.50 Call | 3 | 0.11 | 0 | 0.05 | 0.1 |
| SUN | | SUNOCO LP COM U REP LP | 2 | 31.73 | 0.09 | 31 | 32.25 |
| SUN Oct 20 '17 $32.50 Call | | SUN Oct 20 '17 $32.50 Call | -3 | 0.25 | 0 | 0.1 | 0.2 |
| SUN Oct 20 '17 $32.50 Put | | SUN Oct 20 '17 $32.50 Put | -3 | 0.9 | 0 | 0.8 | 1.05 |
| SUN Dec 15 '17 $30 Put | | SUN Dec 15 '17 $30 Put | 3 | 0.74 | 0.08 | 0.65 | 0.75 |
| SUN Dec 15 '17 $32.50 Call | | SUN Dec 15 '17 $32.50 Call | -2 | 0.55 | -0.1 | 0.45 | 0.6 |
| SUN Mar 16 '18 $32.50 Call | | SUN Mar 16 '18 $32.50 Call | 5 | 0.95 | -0.1 | 0.8 | 1 |
| SVU | | SUPERVALU INC COM NEW | 1 | 21.74 | -0.1 | 10 | 22.36 |
| SYY | | SYSCO CORP COM | 1 | 54.23 | -0.1 | 53.9 | 55 |
| T | | AT&T INC COM | 1 | 38.59 | -0.9 | 38.57 | 38.59 |
| T Oct 20 '17 $41 Call | | T Oct 20 '17 $41 Call | -30 | 0.02 | -0 | 0.02 | 0.03 |
| T Jan 19 '18 $37 Call | | T Jan 19 '18 $37 Call | -17 | 2.45 | -0.3 | 2.4 | 2.52 |
| T Jan 19 '18 $40 Call | | T Jan 19 '18 $40 Call | -22 | 0.81 | -0.2 | 0.8 | 0.84 |
| T Jun 15 '18 $38 Call | | T Jun 15 '18 $38 Call | 17 | 2.4 | -0.2 | 2.31 | 2.37 |
| T Jan 18 '19 $40 Call | | T Jan 18 '19 $40 Call | 52 | 1.91 | -0.2 | 1.91 | 1.95 |
| TD | | TORONTO DOMINION BK ON | 1 | 56.16 | -0.1 | 55.32 | 56.16 |
| TEF | | TELEFONICA S A SPONSOR | 101 | 10.51 | 0.05 | 10.01 | 11.02 |
| TEF Nov 17 '17 $10 Call | | TEF Nov 17 '17 $10 Call | -5 | 0.6 | -0 | 0.5 | 0.75 |
| TEF Jun 15 '18 $10 Call | | TEF Jun 15 '18 $10 Call | 4 | 0.95 | 0.05 | 0.8 | 1.1 |
| TK | | TEEKAY CORPORATION CO | 1 | 8.8 | -0.3 | 8.81 | 9.2 |



| | | | | | | |
|---|---|---|---|---|---|---|
| TMUS | T MOBILE US INC COM | 1 | 62.41 | 0.89 | 62.2 | 67 |
| TOO | TEEKAY OFFSHORE PARTN | 1 | 2.5 | 0.01 | 2.35 | 2.55 |
| UA | UNDER ARMOUR INC CL C | 200 | 15.46 | 0.43 | 15.38 | 15.46 |
| UAA | UNDER ARMOUR INC CL A | 200 | 17.02 | 0.49 | 16.91 | 17.12 |
| UAL | UNITED CONTL HLDGS INC | 1 | 65.25 | 0.93 | 65.25 | 65.48 |
| UL | UNILEVER PLC SPON ADR N | 1 | 56.99 | -0.7 | 57 | 57.26 |
| UPS | UNITED PARCEL SERVICE II | 1 | 117.7 | -0.5 | 117.4 | 117.99 |
| VLO | VALERO ENERGY CORP NE | 101 | 77.23 | -0 | 77.15 | 77.49 |
| VLO Dec 15 '17 $67.50 Call | VLO Dec 15 '17 $67.50 Call | -1 | 9.54 | -0.5 | 9.65 | 10.3 |
| VNO | VORNADO RLTY TR SH BEN | 0.49 | 78.09 | -0.1 | 72 | 81.13 |
| VTR | VENTAS INC COM | 1 | 63.34 | 0.03 | 63 | 69 |
| VTR Nov 17 '17 $67.50 Call | VTR Nov 17 '17 $67.50 Call | -2 | 0.2 | -0 | 0.15 | 0.25 |
| VTR Feb 16 '18 $67.50 Call | VTR Feb 16 '18 $67.50 Call | 2 | 0.8 | 0 | 0.7 | 0.85 |
| WM | WASTE MGMT INC DEL COM | 1 | 76.28 | -0.4 | 75.85 | 79.21 |
| WPZ | WILLIAMS PARTNERS L P N | 100 | 39.54 | 0.11 | 37.5 | 39.68 |
| WPZ Oct 20 '17 $40 Call | WPZ Oct 20 '17 $40 Call | -1 | 0.15 | -0.1 | 0.15 | 0.3 |
| WY | WEYERHAEUSER CO COM | 101 | 34.2 | -0 | 34.2 | 34.49 |
| WY Jan 19 '18 $30 Call | WY Jan 19 '18 $30 Call | -1 | 4.6 | 0 | 4.3 | 4.5 |
| YUM | YUM BRANDS INC COM | 2 | 75.93 | 1.35 | 75.84 | 76.2 |
| YUMC | YUM CHINA HLDGS INC CON | 1 | 40.82 | 0.85 | 40.52 | 40.79 |
| | | | | | | |
| | | | | | | |
| Cash | 175,294.68 | | | | | |
| | | | | | | |



# All Accounts

Positions

Fidelity Investments

AS OF 10/10/2017 3:05 PM ET

Group by | Account ▼    Show | Open Positions ▼

16-33185

## Susan Szanto - TRADING

| Symbol | Last Price | Today's Gain/Loss | Total Gain/Loss | Current Value | Quantity | Cost Basis | 52-Week High/Low |
|---|---|---|---|---|---|---|---|
| FCASH** CASH | $1.00 $0.00 | n/a n/a | n/a n/a | $0.39 | 0.390 | n/a n/a | n/a |
| AEP AMERICAN ELEC P... | $72.120 +$0.38 | +$0.38 +0.53% | — — | $72.12 | 1.000 | — — | $57.89    $74.59 |
| ALE ALLETE INC.COM NEW | $78.960 +$0.88 | +$0.88 +1.13% | +$38.18 +93.62% | $78.96 | 1.000 | $40.78/Share $40.78 | $56.48    $79.61 |
| ATO ATMOS ENERGY CO... | $85.660 +$0.30 | +$0.90 +0.35% | — — | $2256.98 | 3.000 | — — | $68.51    $89.00 |
| CL COLGATE-PALMOLIV... | $72.910 +$0.55 | +$1.10 +0.76% | — — | $145.82 | 2.000 | — — | $63.43    $77.27 |
| JPM JPMORGAN CHASE ... | $97.065 +$0.655 | +$0.65 +0.68% | — — | $97.06 | 1.000 | — — | $66.74    $97.64 |
| NSC NORFOLK SOUTHER... | $130.120 -$0.67 | -$0.67 -0.51% | — — | $130.12 | 1.000 | — — | $89.95    $133.81 |
| PHM PULTEGROUP INC F... | $26.850 -$0.30 | -$0.30 -1.10% | — — | $26.85 | 1.000 | — — | $17.69    $27.76 |
| QCOM QUALCOMM INC | $53.640 +$0.76 | +$0.76 +1.44% | — — | $53.64 | 1.000 | — — | $48.92    $71.62 |
| RWT REDWOOD TRUST INC | 16.520 +$0.02 | +$0.12 +0.12% | — — | $99.12 | 6.000 | — — | $13.57    $17.45 |
| **Total** | | +$3.82 +0.40% | +$38.18 +93.62% | $961.06 | | | |

**Fidelity**

10-10-2017 from Peter Szanto

*16-33185*

Dear Ms McClurg –

Please find attached materials you requested.

Additional materials are bring prepared and will be provided to you shortly.

I believe you have misconceptions about what materials are available to me. The bank statements provided to you previously are those that are available to me. I have provided what I have – and accompanying the Monthly Operating Reports, I will continue to provide what is available to me.

As to other bank accounts over which I may have control or interest. Mrs. Szanto and I have 40 years of business partnership, joint tenant and community property bank accounts. Since we separated, I have attempted to remove my name from all accounts. As you know, I was not completely successfully in that regard, but since being alerted to the problem I have closed several joint accounts and removed my name from some others.

However, I have always complied with the rule that requires me to use only the Debtor in Possession accounts. (except as to those times described in the Response to the Motion to Convert)

Your requests for statements are not the way I manage my finances. I do not request statements (save paper – protect the environment) and they are not automatic to any of my accounts.

16-33185

This is most clear in my E-Trade account. I do approximately 40,000 (forty thousand) trades a year. Not only would it be impractical for me to receive the 100 monthly pages, or more, that such a document would cover; the statement would be useless information for the type of trading strategies I pursue and regularly undertake.

I have printed out and attached my current positions to show the complexity that is involved. That is, these 400, plus, positions are what I daily trade. Some positions are not held even for an hour and so do not become a part of any tabulation statement I could deliver to you.

The E-Trade account is also made complicated, because I have several sub-accounts for special strategies that I commence. For this reason, because the sub-accounts all have separate balances, there is no consolidated balances page that would be meaningful to you.

Obtaining the balances and values in a format that is usable to you is something that I am working on diligently. I will provide it as soon as it is available.

In the motion to convert, I was shocked that a 1 cent account and a $14 rebate for Colgate whitening strips seek to support allegations of mismanagement. Or that, because I signed a penny check to Mrs. Szanto's fidelity account, I must have control of some unspecified nature.

**Szanto to McClurg p.3.**

16-33185

Likewise, the untrue allegation that because I, pre-petition, used a Visa card, I must be lying about credit cards was very surprising. I assumed that because Visa, supports and has been clearing agent for all ATM cards for the last 40 years, everyone knew that not all Visa cards are credit cards. The assumption presented to the Court purposefully disregarded the reality that **debit cards** are also Visa cards. And this was all done to make it appear that I am mis-representing my finances.

I mention this as just one point – of many -- whereby it is clear to me that what is occurring here is not any attempt by the U.S. Trustee to supervise my bankruptcy, but rather an effort, by any means, to disparage my re-organization efforts and to paint me in the worst and ugliest light to the Court – **irrespective of the fact that false conclusions are intentionally drawn from incorrect facts.**

The effort to convert my case to Chapter 7, is also compounded by the fact that much of the materials which you received were obtained by an improper use of the subpoena power. That is, improperly advising responding parties (without notice to me) that a denial of my motion to quash **without prejudice** meant that papers had to be turned over immediately. The responding parties to whom I talked about this strategy were terrified by the threats made against them. And it also demonstrates a disregard of ethics requirements for attorneys not to mislead lay-persons by mis-representing legal principles to the unknowledgeable and un-trained.

16-33185

This problem creates the issue as to what extent you are permitted to use, rely and testify about materials which were obtained outside the parameters of the rules of the subpoena power.

This is one of many important questions I want to discuss with the Court at the 10-18-17 motion to convert.

For these reasons, I would respectfully request that you reschedule the 10-17-17 creditor's hearing which you have scheduled.

Good causes for rescheduling are (in addition to those outlined above):

1. – you intend to ask me questions about materials you obtained outside the proper bounds of the subpoena power. I believe the Court should weigh-in about these materials and their proper use.

2. – you will likely ask me a very loaded question - such as are there any other accounts in my name. As my inquiry after the Motion to Convert was filed the Fidelity and Wells Fargo still have my name attached based on community property disclosures with which Mrs. Szanto always complies (see other issue re Wells at # 3).

Because my inquiry is not complete based on 40 years of co-mingled finances, I am reluctant to answer such questions under oath for fear of making another penny mistakes and being accused of perjury. This too is a matter I wish to discuss with the Court.

16-33185

3. the issue with the Wells Fargo account was truly a surprise to me. Having
   gifted those shares to my children, I did not know they were any longer
   in my name.  Likewise, when you look at the Wells Fargo list  you will
   see that all the Joint tenant accounts (except for $76) have been closed.
   I am sure that the reason that account is still open is because of the
   inability of that company to sell a fractional share.

   Here again, I am not prepared to testify to matters about which I cannot
   be completely certain.

Lastly, I am preparing a revised assets and liabilities schedule, but the
finalization is slow for the reasons explained here. It will be filed as
possible.

To summarize, I am working to complete your requests.

However, I would respectfully request you postpone the creditors meeting
until we go over these matters with Judge McKittrick – so that the meeting
is productive rather than purely accusatory regarding matters which
surprised me, far more than they surprised you.

   Kindest regards,  /s/

**WELLS FARGO**

Shareowner Online

Sign Off | Contact Us | Help

Today is **Monday - Oct 09, 2017**

Sign On Failures : 0 | Last Sign On info: Sep 03, 2017

**Account Overview**   Transactions   Statements and Tax Forms   Alerts & Messages   **My Account Settings**

OMC 75.42 -0.95 |-1.24%  GE 24.39 -0.15 |-0.61%  ALE 78.31 -0.18 |-0.23%  IDA 88.44 -0.25 |-0.28%  MDU 26.60 -0.11 |-0.4

Account Overview

16-33185

| View Alerts (6 Alerts) | Inbox Messages (0 Unread Messages) | Company Messages (0 Unread Messages) |

**Even the smallest steps can help protect the environment.** Select eDelivery of statements to reduce paper waste.
**Select eDelivery preferences**

Click the Magnifying Glass Below to View Security Summary                                                    Print

| Security Details | Account Number | Ownership Type | Security Type | Stock Quote | Shares | Previous Day Price/Share ($) | *Current Price/Share ($) | Current Price Asset Value($) |
|---|---|---|---|---|---|---|---|---|
| **ALLETE, INC.** | | | | | | | | |
| View Details | 6075 | JT, TenCom | COMMON | ALE | 0.000 | 78.4900 | ↓78.3100 | 0.00 0.00 |
| **DTE ENERGY COMPANY** | | | | | | | | |
| View Details | 0591 | JT, TenCom | COMMON | DTE | 0.000 | 107.7500 | ↓107.6800 | 0.00 0.00 |
| **GENERAL ELECTRIC COMPANY** | | | | | | | | |
| View Details | 4455 | JT, TenCom | COMMON STOCK | GE | 0.000 | 24.5400 | ↓24.3900 | 0.00 0.00 |
| **HORMEL FOODS CORPORATION** | | | | | | | | |
| View Details | 5561 | Single | COMMON | HRL | 7.720 | 31.6700 | ↓31.6200 | 244.11 244.11 |
| **IDACORP, INC.** | | | | | | | | |
| View Details | 263 | JT, TenCom | COMMON | IDA | 0.869 | 88.6900 | ↓88.4400 | 76.85 76.85 |
| **KRAFT FOODS GROUP, INC.** | | | | | | | | |
| View Details | 5561 | Single | COMMON STOCK | KRFT | 0.000 | N/A | N/A | N/A |
| **MDU RESOURCES GROUP, INC.** | | | | | | | | |
| View Details | 263 | JT, TenCom | COMMON | MDU | 0.000 | 26.7100 | ↓26.6000 | 0.00 0.00 |
| **MONDELEZ INTERNATIONAL, INC** | | | | | | | | |
| View Details | 5561 | Single | COMMON | MDLZ | 1.227 | 41.1000 | ↑41.1300 | 50.47 50.47 |
| **OMNICOM GROUP INC.** | | | | | | | | |
| View Details | 2388 | Single | COMMON | OMC | 12.503 | 76.3700 | ↓75.4200 | 942.98 942.98 |
| **THE CHARLES SCHWAB CORPORATION** | | | | | | | | |
| View Details | 4520 | Single | COMMON | SCHW | 14.253 | 45.1800 | ↑45.3400 | 646.23 646.23 |

THE PROCTER & GAMBLE COMPANY

| Security Details | Account Number | Ownership Type | Security Type | Stock Quote | Shares | Previous Day Price/Share ($) | *Current Price/Share ($) | Current Price Asset Value($) |
|---|---|---|---|---|---|---|---|---|
| View Details 🔍 | ▮175 | Single | ⬆ COMMON STOCK | PG | 1.594 | 92.0300 | ⬆92.3300 | 147.17 |
| View Details 🔍 | ▮858 | Single | Common Closed Accounts | XXXXX | 0.000 | N/A | N/A | N/A |
| | | | | | | | | 147.17 |
| **WELLS FARGO & COMPANY** | | | | | | | | |
| View Details 🔍 | ▮918 | Single | COMMON | WFC | 2.317 | 55.3900 | ⬆55.5800 | 128.78 |
| | | | | | | | | 128.78 |

**Total Asset Value:** 2,236.59

Quotes delayed by at least 15 minutes. Market data provided by ICE Data Services. ICE Limitations. Powered and implemented by FactSet. Legal Statement. Hemscott equity data provided by Morningstar, Inc. News provided by Comtex News Network. SEC Filings provided by 2017 EDGAR Online, a division of Donnelley Financial Solutions.

Home | Privacy, Security & Legal | Fraud Prevention and Reporting | Supported Browsers | Contact Us | Corporate Issuers | Online Access Agreement | ESIGN Consent

Shareowner Services is a division of Wells Fargo Bank, N.A. © 1999 - 2017 Wells Fargo. All rights reserved.

16-33185