

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

M. CAROLINE CANTRELL
LAW CLERK

BETHANY COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

October 23, 2018

Susan Szanto
11 Shore Pine
Newport Beach, CA 92657

Stephen P. Arnot (via ECF)
Williams, Kastner, Greene & Markley
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-7967

Re:     <u>In re Peter Szanto</u>, Case No. 16-33185-pcm7
        October 24, 2018, Final Hearing on Claim No. 14

Dear Mrs. Szanto and Mr. Arnot:

In February of 2018, debtor Peter Szanto (Debtor) filed a claim in the amount of approximately $3.9 million on behalf of Susan Szanto (Mrs. Szanto). The chapter 7 trustee (the Trustee) objected to that claim, thus initiating a contested matter.

On August 7, 2018, the Court issued a Rescheduled Notice of Hearing on Mrs. Szanto's claim, setting the final, evidentiary hearing for October 24, 2018 (the Final Hearing). <u>See</u> Doc. 544. Thereafter, the Court entered an Amended Scheduling Order (the Scheduling Order). Doc. 548. The Scheduling Order requires that Mrs. Szanto appear in person at the Final Hearing and provides that her "failure to appear in person at the Final Hearing may result in disallowance in full of her claim." Scheduling Order, ¶ 5.

On October 23, 2018, at 1:18 a.m., Debtor emailed my courtroom deputy the attached correspondence and document. Debtor states in the attached correspondence that "it is doubtful" that Mrs. Szanto will appear at the final hearing because preparing for the Final Hearing had caused Mrs. Szanto to have a physical and emotional collapse on the morning of October 21. According to Debtor's correspondence, Mrs. Szanto received emergency medical treatment, purportedly on October 22. The purpose of this letter is to inform you that the Final Hearing will proceed as scheduled for a number of reasons. In addition to issuing this letter, I have instructed my courtroom deputy to call and email the parties to notify them of that fact.

As a threshold matter, Debtor's correspondence does not request that the Final Hearing be set over and, in any event, I have previously told Debtor that he does not represent, and may not speak for, Mrs. Szanto in this contested matter. Moreover, the Scheduling Order provides:

> Any request for any modification of this order must be by written motion supported by an affidavit stating sufficient facts demonstrating good cause, appropriate use of prior time and that the extension/continuance was requested at the earliest possible time, and no later than three business days before the date for which the extension is sought. The affidavit or declaration supporting any motion to modify this amended scheduling order shall authenticate and include exhibits or documents supporting the factual contentions to the extent such documents or exhibits exist. Any motion not timely filed or adequately supported by evidence may be denied without hearing.

Scheduling Order, ¶ 4. I will not set over the Final Hearing because Mrs. Szanto failed to file a motion requesting a setover in accordance with the terms of the Scheduling Order set out immediately above.

The Scheduling Order also set a deadline of October 10, 2018, for Mrs. Szanto and the Trustee to exchange and submit to the Court exhibits, and to file exhibit and witness lists. Scheduling Order, ¶ ¶ 1; 3. The Scheduling Order explicitly states that "[e]xcept for good cause shown, no exhibits will be received in evidence at the Final Hearing unless presented in accordance with this order" and that "[a]ny witness whose name is not included on a party's witness list will not be allowed to testify, except for good cause shown or solely for the purpose of impeachment." Id. Mrs. Szanto did not submit any exhibits nor file an exhibit or witness list. Her failure to do so suggests a disinclination on Mrs. Szanto's part to comply with the Scheduling Order.

Mrs. Szanto has chosen to appear *pro se* in this matter and her decision to do so does not excuse her failure to comply with the Court's order or excuse her responsibility to prosecute her claim. In general, a party who proceeds with litigation *pro se* "does so with no greater rights than a litigant represented by a lawyer." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007).

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge

cc:     Susan Szanto
        Gary Blacklidge (via ECF)
        Peter Szanto (via email)

**Peter Szanto**

*949 887 2369*

October - 21-2018

RE: Chapter 7 proceeding # 16-bk-33185

To the Court, Mr. Arnot and Mr. Blakledge:

 I submit here evidence, attached hereto, for informational purposes, and not for the purpose of representation of Creditor Susan Szanto.

 On the morning of 10-21-2018, Mrs. Szanto had a physical and emotional collapse. The gravity of these events necessitated my taking Mrs. Szanto to Saddleback Medical Center for emergency treatment.

 She has been admitted there and is being treated for severe exhaustion and mental breakdown caused by her preparations for the hearing of her creditor claims on 10-24-18.

 The failure of Mrs. Szanto's faculties came as she and I were preparing to begin the drive to Portland to attend the 10-24-18 hearing.

 In my continuing efforts at co-operation in all aspects of this Bankruptcy, I will keep the Court and the Trustee and his counsel apprised of Mrs. Szanto's health. However, I can report now that it is doubtful that she will be either physically or mentally prepared to appear at the hearing of 10-24-18.

*Peter Szanto / signed electronically*

*** a signed and served copy of this communication will forthwith be sent for filing*



**CONDITIONS OF ADMISSION**

☐ Long Beach Medical Center
☐ Miller Children's Hospital Long Beach
☐ Community Medical Center
☐ Orange Coast Medical Center
☐ Saddleback Medical Center

1. **ARBITRATION:** I understand that any dispute arising out of my hospital or outpatient visit, hospital admission, or Conditions of Admission (COA) agreement will be determined exclusively by submission to arbitration as provided by California law (and as agreed below) on an individual-only basis and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings.

   I also understand that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration. Such arbitration shall be in accordance with California law including, but not limited to, the provisions of the medical injury compensation reform act. This arbitration agreement shall apply to any and all such disputes or claims arising out of medical or hospital care, treatment or services in connection with this hospitalization against hospital or its employees and any physician, surgeon, dentist, oral surgeon or podiatrist agreeing in writing to be bound by this provision, unless patient or undersigned initials below or unless rescinded by written notice within 30 days of signature.

   Demand for arbitration will be communicated in writing to all parties. Each party will select an arbitrator within 90 days of the written demand for arbitration and a third (neutral) arbitrator will be selected by the arbitrators appointed by the parties within 90 days thereafter. Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

   An agreement to arbitrate shall not be a precondition to the furnishing of services under this COA.

   I have read and understand the Arbitration provision and agree / disagree (circle one) with its terms and conditions.    Initials: X ___

2. **CONSENT TO MEDICAL AND SURGICAL PROCEDURES:** I consent to the procedures which may be performed during this hospitalization or outpatient visit, which may include but are not limited to, laboratory, x-rays, mammography, medical or surgical services, telehealth services or anesthesia rendered under the general or special instructions of my physician, and screening tests required by law.

3. **HOSPITAL AND NURSING CARE:** I understand that I am under the care and supervision of my attending physician, and the hospital and its nursing staff carry out the instructions of such physician. I further understand that the hospital provides only general duty nursing care and care ordered by my physician(s), and that the hospital is not responsible for failure to provide a private duty nurse. I hereby release the hospital from any and all liability arising from the fact that the hospital does not provide this additional care.

4. **LEGAL RELATIONSHIP BETWEEN HOSPITAL AND PHYSICIAN:** I understand that (i) all physicians and surgeons furnishing services to me, including radiologists, pathologists, anesthesiologists, neonatologists, intensive care specialists, emergency department physicians, and other hospital-based physicians, are independent contractors and are **not** employees or agents of the hospital, and accordingly that (ii) fees for physician services are billed separately and independently of hospital charges, which means I will receive more than one bill for services.

   I have read and understand the Legal Relationship Between Hospital and Physician provision and agree to its terms and conditions. Initials: X ___

5. **PERSONAL PROPERTY AND VALUABLES:** I have been encouraged to leave my personal valuables at home. I understand that the hospital is not responsible for my personal property, valuables or belongings and I assume the risk of loss of, or damage to, my personal property, valuables or belongings not placed in the hospital's safe. I understand the potential liability for loss of any of my personal property, valuables or belongings placed in the hospital's safe for safekeeping may be limited by statute to a maximum of five hundred dollars ($500.00).

   I have read and understand the Personal Property and Valuables provision and agree to its terms and conditions.    Initials: X ___

A copy of this document is to be delivered to the patient and any other person who signs this document.

**Szanto,Susan D**
MRN: ~~___~~ Adm Date: 10/22/2018
DOB: ~~___~~ ( yrs) female
CSN: ~~___~~580
Att MD: No att. providers found

CEN 3000053823580

3016855

1004809 (3/8/18) 3016855

**CHART COPY**

Page 1 of 3

6. **CONSENT TO PHOTOGRAPH:** I consent to be photographed or videotaped while receiving treatment for purposes of my diagnosis, treatment, or the hospital's operations, including peer review and education or training programs. I understand that photography for other purposes (e.g. marketing or public relations) requires separate consent.

7. **PARTICIPATION IN MEDICAL EDUCATION AND CLINICAL TRAINING PROGRAM:** I understand that this hospital participates in teaching programs and that, unless I notify the hospital to the contrary in writing, I consent to receive treatment from residents, fellows, or students, all of whom are under appropriate supervision as required by their medical education and clinical training programs.

8. **PARTICIPATION IN HEALTH INFORMATION EXCHANGE (HIE):** I understand that this hospital may participate in a local, regional or national Health Information Exchange (HIE) including, but not limited to, the National Health Information Network (NHIN). This hospital's participation in a HIE is intended to facilitate access to and retrieval of clinical data as part of the hospital's ongoing effort to provide safer and more timely, efficient, effective, and patient-centered care. HIE may also be useful to public health authorities to assist in analyses of the health of the population. Personal health information that currently by law requires an additional signed authorization for release WILL NOT be transmitted to a HIE without my consent, or as otherwise mandated by law or regulatory requirement. For more detailed information regarding HIE, please refer to our Joint Notice of Privacy Practice or the MemorialCare Chief Compliance/Privacy Officer at (714) 377-3218.

9. **PATIENT RIGHTS AND RESPONSIBILITIES:** I understand that I have rights and responsibilities under state and federal law and that the hospital will provide assistance, including an interpreter, if I need help in order to understand these rights and responsibilities.

10. **IRREVOCABLE ASSIGNMENT OF ALL RIGHTS AND BENEFITS:** In exchange for, and in connection with, any and all of the services provided to me ("Services") by the hospital, whether I sign as patient or agent, I irrevocably assign to the hospital all of my rights, benefits, privileges, protections, claims and any other interests of any kind whatsoever, without limitation including direct payment to the hospital for the Services, appeal rights, rights to fiduciary duties, rights to sue, rights to payment and rights to penalties or interest (collectively "Rights") that I had, have or may have in the future pursuant to, or in connection with, any insurance plan, health benefit plan, trust fund or any other source of payment, insurance, indemnity or health or medical coverage of any kind (collectively "Health Coverage"), such that I am hereby transferring all and retaining none of these Rights under any Health Coverage to which I am now, previously or may be entitled to in the future. To the same extent as authorized under this irrevocable assignment of Rights, I also authorize assignment of payment to physician(s) for medical treatment and services rendered during my hospitalization or outpatient care.

I hereby agree to personally cooperate with, and take all steps necessary, required or reasonably requested by any Health Coverage, to effectuate, perfect, confirm or validate my assignment and/or my authorization of the hospital as my authorized representative.

I understand that I am financially responsible for charges not covered by this assignment or for charges which have not been paid by the insurance company within forty-five (45) days after the billing date.

11. **FINANCIAL AGREEMENT:** I agree to promptly pay all hospital bills in accordance with the rates listed in the hospital's current charge description master, and with the regular terms and standards of the hospital, including its charity care and discount payment policies. I understand that a balance unpaid more than thirty (30) days after presentation of the discharge bill or as mutually agreed by third party contract shall be considered delinquent. If my account is referred to an attorney for collection, I shall pay reasonable attorney's fees and collection expenses. I acknowledge that all delinquent accounts shall bear interest at the legal rate, unless prohibited by law.

12. **HEALTH PLAN OBLIGATION:** I have been informed that the hospital maintains a list of health plans with which it contracts, that the list of such plans is available upon request from the Financial Office, and that the hospital has no contract, expressed or implied, with any plan that does not appear on the list. It is my responsibility to determine if physicians providing services to me contract with my health plan, if any. I agree to pay the full charges of all Services rendered to me by the hospital if I belong to a plan that does not appear on the above mentioned list, or if the Services provided are not covered by my plan. All physicians and surgeons, including the radiologist, pathologist, emergency physician, anesthesiologist, and others, will bill separately for their services.

13. **MATERNITY PATIENTS:** If I deliver an infant(s) while a patient of this hospital, I agree that this COA applies to the infant(s).

---

A copy of this document is to be delivered to the patient and any other person who signs this document.



3016855

Szanto Susan D
MRN ████ 8 Adm Date: 10/17/2018
DOB ████ (64 yrs) female
CSN ████████ 23580
Att MD: No alt. providers found

_CSN 30005302380_

1004008 (3/8/18) 3016053

**CHART COPY**

Case 16-33185-pcm7    Doc 605    Filed 10/23/18

14. **COMMUNICATIONS:** I authorize the hospital, its agents, and independent contractors affiliated with the hospital's medical staff to use any United States Postal Service mailing address, use any e-mail address, contact me by telephone via either landline and/or wireless line (by live agent or prerecorded predictive auto-dialer) and wireless free-to-end user text messaging for the purpose of sending me discharge instructions and billing updates/notices/bad debt collection information.

15. **ENFORCEABILITY:** If any provision of this COA is finally determined by a court to be unenforceable, the remainder of this COA shall remain in full force and effect. This hospital COA shall bind the parties hereto, including newborns, and the heirs, representatives, executors, administrators, successors, and assigns of such parties and newborns.

I certify that I have read and understand the foregoing and received a copy thereof. I am the patient, the patient's legal representative, or am otherwise authorized by the patient to sign the above, and I accept its terms and conditions.

NOTICE: BY SIGNING THIS COA YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL UNLESS YOU HAVE DECLINED IN ARTICLE 1 OF THIS CONTRACT.

X _____     Date _10-22-18_     Time _14:15_
Patient / Parent / Guardian / Conservator

_HUSBAND_
(Relationship if Signed by other than Patient)

_M. SANDERS_
Name of Hospital's Duly Authorized Representative (Please Print)

_____     Date _10-22-18_     Time _14:15_
Representative Signature

Interpreter's Verification: I declare that I have read to the patient, and/or if appropriate his/her representative, the entire contents of this document in the _____ language, which the patient had requested to be used.

_____
Name of Interpreter (Please Print)

_____     Date _____     Time _____
Interpreter Signature

### ACKNOWLEDGEMENT OF RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Patient Rights** | ☑ Copy Provided | ☐ Copy Declined | | Initial re: X | |
| **Mammography Information** | ☐ Copy Provided | ☐ Copy Declined | ☐ N/A | Initial re: X | |
| **Car Seat Information** | ☐ Copy Provided | ☐ Copy Declined | ☐ N/A | Initial re: X | |

_"Internal Use Only"_

☐ Series Account     Expiration/End Date: _____

A copy of this document is to be delivered to the patient and any other person who signs this document.

Szanto,Susan D
MRN: 00_____ Adm Date: 10/22/2018
DOB: 7_____ yrs) female
CSN: 30_____
Att MD: No att. providers found

3016855

1004909 (3/8/18) 3016855

Case 16-33185-pcm7    Doc 605    Filed 10/23/18