Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT

## DISTRICT OF OREGON

*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

| Peter Szanto, debtor | **16 –bk-33185 pcm7** |
|---|---|
| **HEARING is REQUESTED** | **Debtor's Notice of Objection AND Objection to Trustee's:**  1) Application to Employ Attorney (Docket Entry 625)  and  2) Intent to Incur Expenses (Docket Entry 626) |

May it please this Honorable Court - comes now Debtor, Peter Szanto, giving **NOTICE** that he herewith and hereby objects to the Trustee's:
1) Application to Employ Attorney (Docket Entry 625)
and   2) Intent to Incur Expenses (Docket Entry 626).

OBJECTION to EMPLOYMENT – page 1

Case 16-33185-pcm7    Doc 641    Filed 01/03/19

# 1. **As Usual Mr. Arnot Defies Rules !!**

FRBP, Rule 2014 explains the requirements for employment of professional persons. FRBP 2014(a) (third sentence) **mandates**:

> "The application **shall state** the specific facts showing the **necessity** for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

The mandatory, crucial word in the above citation is **necessity**.

Nowhere in Mr. Arnot's self-serving effort to expropriate more estate funds for himself is there explanation for the **necessity** of any need for foreign counsel.

More importantly, as debtor has explained to the Court and Mr. Arnot many dozens of times since January of 2018:

**the entries which have created the Singapore controversy are merely foreign exchange trades which occurred when Mr. Arnot blocked HSBC from returning currency from foreign exchange transactions to E-Trade.**

Likewise, debtor has explained to Mr. Arnot many dozens of times:

that his reliance on the nonsense statements of the clerks who process subpoenas is absurd and foolish (it is equivalent to asking the lavatory attendant at the White House the basis for President Trump's political policies.).

Any money from foreign exchange trades, if such was not previously turned over to Mr. Arnot, is likely at the HSBC Foreign Exchange Trading Department in New York City (and has been there since December 2017).

**Had Mr. Arnot not put the fear of the all-mighty into everyone at HSBC and absolved them all of any need to respond to debtor's subpoenas – debtor would have proven this fact long ago**.

### a. *Mr. Arnot Anticipates Another Windfall from Expropriating Susan Szanto's Medical Expense Reserve*

What has generated Mr. Arnot's excitement about expropriating Susan Szanto's money from Singapore occurred when debtor, in the depths of agonizing depression, told Mr. Arnot that debtor's most beloved wife is currently undergoing liver transplantation procedures in Singapore, and might not survive.

Mr. Arnot immediately inferred that for Susan Szanto to have the necessary funds to obtain medical treatment for liver transplantation in

OBJECTION to EMPLOYMENT – page 3

Case 16-33185-pcm7    Doc 641    Filed 01/03/19

Singapore, estate assets must be involved. And Arnot wants to get his hands on those assets regardless of causing Mrs. Szanto's death!!

Mrs. Szanto has lived in Singapore at various times. Mrs. Szanto, a veteran of two of Israel's wars, worked in the training and deployment of the Singapore self-defense force's armored vehicle brigades. Upon that basis she was able to obtain a Singapore military pension to help pay for her present medical care.

Considering the cost of liver transplant therapy (it is a multi-faceted series of procedures and blood-replacement processes), Mr. Arnot likely believes he will obtain a windfall for himself by using a Singapore law-firm to expropriate Mrs. Szanto's, post-petition, money which is financing her health care and survival.

As will be explained momentarily, there are additional reasons which bar this Court of the United States from engaging a Singapore law firm to seek relief in any Singapore Court (until the protocols of Singapore's law abandon the affront to justice embodied in capital punishment for civil wrongs).

### b. Mrs. Szanto's Right to Privacy Regarding Her Medical Treatment

Debtor herein has related matters regarding Susan Szanto's health which are absolutely private and confidential.

Here, debtor has elaborated as much about Susan Szanto's effort to recover her health as he believes is required for the purposes herein.

### c. Conclusion

The FRBP 2014 is absolutely clear: **necessity** for any hiring expenditure must be fully demonstrated. Mr. Arnot has demonstrated no such **necessity**.

Therefore, Arnot's sinister demand for further self-enrichment must be denied.

### d. Further Bar to Process in Singapore: Death Penalty for Civil Wrongs

There are a multitude of other legal and procedural problems with Mr. Arnot's application which mandate its denial. These have not been briefed, because the **necessity** issue discussed herein is dispositive for denial of any expenditure.

However, as a preview of other matters which are of significance herein: when an American court decides whether to permit a decision by a foreign court, a threshold determination must be made whether that foreign court is one of competent jurisdiction. One essential basis for such

determination of competency is whether the foreign court upholds essential and fundamental human rights. *Clarkson Co. v. Shaheen* (1976) 544 F.2d 624, 629 *accord Cornfeld v. Investors Overseas Services, Ltd.*, (1979) 471 F.Supp. 1255, 1259.

Debtor reiterates: that because Singapore maintains the death penalty for civil wrongs, its standard of justice falls below the United States' standard of fundamental human rights that a civil wrong can never be a capital offense.

Thereupon, this Court simply cannot allow any portion of this Bankruptcy to be determined in a court of less than the competent standard of justice which does not restrict the use capital punishment only to those who have committed murder.

Respectfully,

Dated January 3/ 2019   */s/ signed electronically*   Peter Szanto

# PROOF OF SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

    On the date indicated below, I personally served the within: Response on the following by placing in postage pre-paid envelopes of the within document

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101

b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618

c. JPMorgan Chase Bank, represented by:

        Cara Richter c/o Shapiro & Sutherland

        1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus

        920 SW 3rd Av., Portland OR 97204

e. Oregon Department of Revenue, 955 Center St., Salem OR 97301

f. Chapter 7 Trustee, Stephen P Arnot, PO Box 1963, Lake Oswego OR 97035

g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657

h. U.S. Department of Justice, Office of the United States Trustee
        620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Lido CA.

    Dated Jan 3/ 2019   */s/ signed electronically* M. Reynolds