Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

**In Re Peter Szanto**, Debtor

# 16 –bk-33185 pcm7

**DEBTOR'S OPPOSITION
To Chapter 7 Trustee's Request for
Further Compensation and
Debtor's Opposition to Trustee's
*De Facto* Desire for Absolution from
Liability and Responsibility for
1) Mismanagement of Debtor's Estate's Assets,
2) Misappropriation of Debtor's Estate's Assets,
3) Malfeasance in the Office of Trustee
4) Dereliction of the Duties of Chapter 7 Trustee**

**EVIDAENTIARY HEARING is REQUESTED**

---

16-bk-33185      Opposition to Trustee's Demand for More Compensation  – pg. 1

May it please this Honorable Court. Comes now debtor responding to the Trustee's most recent and impassioned desire for yet more money for himself and his law firm and for more money for Mr. Blackledge and Mr. Blackledge's Law firm (whereat Mr. Blackledge has most recently bought himself a partnership). (DE 689, 690, 691, 692).

## 1. FACTS

### Mr. Arnot and Mr. Blackledge want another pay day!!!!

They already know that Judge McKittrick will not refuse them!

As a matter of **FACT,** the moment that this Bankruptcy became a feast of unrestrained Trustee's demands for costs, fees and expenses was when Judge McKittrick began making decisions based on Peter Szanto's demeanor. Judge McKittrick has enunciated his disdain for Szanto's demeanor many many many times from the bench.

Nowhere in the United States is there a body of law encompassing a litigant's demeanor. Nor is there written *stare decisis* based on judicial decisions which have codified any proper adjudicative assessment of any litigant's demeanor. Nor is there any law school in the United States which teaches a curriculum of study by which to asses a litigant's demeanor or appearance *vis-à-vis* the laws of the United States so as to reach valid

legal conclusions, reasonable understanding or logical deductions.

In short, when Judge McKittrick made clear his intent to adjudicate debtor Szanto based on Szanto's physical appearance, Trustee Arnot "**knew that the banquet was on the table – come and get it!!**" – and that he would be able to enjoy an unending and sumptuous repast of fees, costs and expenses based only on Judge McKittrick's assessment of Szanto's physical and facial characteristics!!

Now, for the 5th time in this Bankruptcy, Mr. Arnot seeks to parlay the fact that Judge McKittrick will grant him anything and everything into another lavish payday!

Mr. Arnot already knows the Court will not disappoint him.

## 2. GROUNDS for OPPOSITION

Mr. Arnot's demands for fees, costs and expenses are overwhelming, as such this opposition is intended as preliminary to the setting of an evidentiary hearing such that debtor can properly investigate the demands for compensation and conduct discovery regarding whether or not the matters stated in the Trustee's request actually occurred and whether the Trustee actually expended the hours he claims.

16-bk-33185    Opposition to Trustee's Demand for More Compensation – pg. 3

There are a multitude of fees which Mr. Arnot seeks for activities which have nothing to do with debtor: 1) Susan Szanto's claims. 2) Action against HSBC Bank, 3) Action against the Yankee Trust Testamentary entity. In all three of these actions debtor contends that liability for fees or costs lies with the contra party and not with debtor. These matters will be further exemplified for the evidentiary hearing.

There are many questionable, **likely non-existent**, matters which Mr. Arnot has submitted in his demand for money: one example is at (DE 691, p. 32) whereat Mr. Arnot seeks money for color photo copies and faxes. Debtor cannot recall any color photo copies in this case, and can think of no grounds upon which those would be more helpful than black and white photo copies. Debtor believes the color photo copies are an absolute lie, a fabrication and a falsehood.

Likewise, a charge for faxing is absurd. No one sends faxes anymore. Everything is digitized and sent by e-mail. Likely another fib.

Most likely, as a most law firms, there is a standard costs and expenses accounting sheet prepared for Courts who are friendly with the law firm. The law firm merely "updates" the costs and expenses for the next victim to be "held-up" for non-existent fees, by ticking costs that seem real. Here, probably Mr. Arnot's law firm did not remove faxes and color-copies from their standard costs sheet, because they know these will just

16-bk-33185     Opposition to Trustee's Demand for More Compensation – pg. 4

"blow by" a judicial officer's legal assistant without thought, because of the law firm's stature and reputation.

Here, the touchstone of jurisprudence is relied upon: if a person is lying about some minor things, he is likely lying about **many other bigger things**. Upon that ground, because the color-photocopies and faxes are such transparent falsehoods, debtor contends that likely most of the claimed fees and expenses are also phony and simply fabricated. Mr. Arnot knows he can get away with such "novelization" of his actual efforts. Debtor asks for setting of an evidentiary hearing such that these matters can be fully investigated and truthful evidence presented.

### 3. MEMORANDUM in RESPONSE

#### a. Mr. Arnot and Mr. Blackledge are Not Disinterested

11 USC 328(c) allows denial of compensation when:

> such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed

In this Bankruptcy neither Mr. Arnot nor Mr. Blackledge are disinterested, because they both have as their ultimate, defined goal the eradication of Susan and Peter Szanto and acquisition of all of debtor's

money.

Neither of these attorneys has as their goal anything else except to "milk" the Estate of Peter Szanto for their own personal self-enrichment.

This has been demonstrated repeatedly by the Trustee and his counsel taking steps to block debtor's ability to obtain evidence by subpoenas debtor issued (IE, subpoena recipients have told debtor that they were admonished by Mr. Arnot not to respond, in any event, to debtor's subpoenas). Rather than allowing debtor freely to obtain evidence to rebut the Trustee's contentions about failure to turn over assets, the Trustee blocked all of debtor's efforts to rebut those scurrilous and false allegations. Mr. Arnot did this solely for the purposes of self-enrichment which accrues to him through massive charges for legal services which were, and are, unnecessary, had Mr. Arnot sought to obtain accurate information in the first instance.

This evidence of self-enrichment is likely similar in the present request for compensation wherein Mr. Arnot has alleged massive legal services which are unrelated to debtor's actions. The estate should not be forced to pay for these self-enrichment efforts by Mr. Arnot which are wholly unnecessary to the effective carrying-out of Mr. Arnot's Chapter 7 duties.

Mr. Blackledge is likewise not a disinterested actor in this Bankruptcy. Mr. Blackledge has told debtor that he has known Judge McKittrick for more than 30 years. Mr. Blackledge has also told debtor that he and Judge McKittrick have worked together on a multitude of Bankruptcy case.

Debtor contends that this likewise makes Mr. Blackledge not a disinterested party, because Mr. Blackledge can rely on 30 years of friendship and camaraderie with the Court to gloss over any falsification or fabrication he might make against debtor. (IE, there is never a chance that Judge McKittrick will believe debtor rather than Mr. Blackledge, thus Mr. Blackledge can say and do what he pleases without consequence.)

A good example of Mr. Blackledge's efforts at self-enrichment through unnecessary litigation and fees occurred when Susan Szanto became ill prior to her creditor claim hearing. Mr. Blackledge knew about Mrs. Szanto's illness long before the Court. Rather than agree to an extension of the hearing based on the fact that Mrs. Szanto was near death, Mr. Blackledge aggressively sought to vanquish a disabled person who had no physical ability to attend the hearing (of course, the Court co-operated in Mr. Blackledge's behalf, by disabling its phone call-in system so that Mrs. Szanto could not even make her apologies to the Court for her incapacitation impairing her ability to attend the hearing.)

Thus, Mr. Blackledge was able to "score" unconscionable fees for a

16-bk-33185         Opposition to Trustee's Demand for More Compensation  – pg. 7

Case 16-33185-pcm7    Doc 695    Filed 03/13/19

hearing whereat the contra party was hospitalized and unable to attend, and where the Court facilitated the creditor's inability to participate in the proceedings. Mr. Blackledge's lack of disinterest is demonstrated by this very un-American attitude of not even considering the ethical meaning of failing to provide a person hospitalized and near-death an opportunity to reschedule a hearing whereat money in excess of $3 million was at stake.

### b. *Mr. Arnot and Mr. Blackledge's Interests are Materially Adverse to Those of Peter Szanto's Bankruptcy Estate*

11 USC 101(14)(c) defines disinterested person as a person who:

> **does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.**

Here debtor prays an evidentiary hearing whereat he is allowed to present evidence that Mr. Arnot and Mr. Blackledge have **only adverse interests** to those of debtor and are no longer fulfilling the duties of Chapter 7 Trustee.

Debtor bases this allegation on the incredible amount of fees which have been generated in this case which could have been avoided by the Trustee having just a modicum of respect for debtor's efforts to be

wholly transparent. And objectively examining debtor's evidentiary contentions, rather than disregarding those proffers of proof in favor of persons who could not possibly know the truth.

Instead, the Trustee has relied on evidence from persons who could only have been speculating as to their knowledge. Also, the Trustee has also relied extensively on conclusions from the conversion hearing to which debtor was not provided an opportunity to rehabilitate himself.

In sum all of these actions by Mr. Arnot and Mr. Blackledge go to creating an adverse relationship with debtor focused solely on the Trustee's personal-gain and self-enrichment and self-aggrandizement. The dissipation of the Bankruptcy estate is the sole motivation of the Trustee.

### c. *Duty of Self-Examination Regarding Disinterest*

11 USC 327(a)'s requirement of disinterest is mandatory and cannot be waived. *In re Gamble* (1998) 219 BR 22. To that extent, the Trustee must constantly re-evaluate his standing regarding his personal acquisition of debtor's estate for his own personal gain.

The Trustee's duty to remain obligated to the benefit of the Bankruptcy estate rather than his own self interests is on-going and requires constant self-scrutiny. *Rome v. Braunstein* (1994) 19 F.3d 54.

16-bk-33185    Opposition to Trustee's Demand for More Compensation – pg. 9

Here debtor contends that Mr. Arnot is no longer focused on his duties as Trustee and is rather focused on personal self-enrichment.

Debtor seeks an evidentiary hearing to demonstrate these facts.

## 4. Declaration

1. My name is Peter Szanto.
2. I am the debtor herein.
3. This is my truthful declaration supporting my opposition to the Trustee's efforts at further self-enrichment.
4. Even though Judge McKittrick does not like my demeanor, there is nothing I can do about my appearance.
5. My belief that Mr. Arnot and Mr. Blackledge are purely interested in self-enrichment is based on dozens of conversations with these men.
6. Mr. Arnot and Mr. Blackledge's efforts are always on demeaning me and emphasizing my perceived misdeeds: never, not even once, has there been any effort on finding a way to conclude their intrusion into my personal life.
7. Rather, Mr. Arnot and Mr. Blackledge are continuously coming up with new ways to perpetuate this Bankruptcy.
8. This is emphasized in (DE 692, p.3, #4) wherein Mr. Arnot is already looking forward to hounding me until December 2020.

16-bk-33185  Opposition to Trustee's Demand for More Compensation  – pg. 10

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 3/13/ 2019     /s/ *signed electronically* Peter Szanto

## 5. Conclusion

For the reasons enumerated, and other reasons to be explained by testimony at the hearing, debtor prays denial of all compensation, because all costs and expenses derive solely from the Trustee's efforts for personal self-enrichment and not any valid Bankruptcy purpose.

Respectfully,

Dated 3/13/ 2019     /s/ *signed electronically* Peter Szanto

# PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: **Objection** on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
    Gadi Shahak c/o Shapiro & Sutherland
    1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, Stephen P Arnot, PO Box 1963, Lake Oswego OR 97035
g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 3/13/ 2019    /s/ *signed electronically* M. Reynolds

16-bk-33185        Opposition to Trustee's Demand for More Compensation  – pg. 12