Peter Szanto    *949-887-2369*
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

| In Re Peter Szanto, Debtor | # 16 –bk-33185 pcm7 |
|---|---|
| **Hearing is Requested** | **DEBTOR'S Notice of Motion and Motion for Reconsideration of JPMorganChase's Claim # 6** <br><br> **11 USC § 502(j)** |

The hearing to vacate the 11 USC § 362 stay (held 3/28/19) was JPMorganChase's opportunity to present evidence and testimony about ownership and possession of the Note and Deed of Trust Chase purports supports its claim # 6.

The evidence presented did not support the claim as required by law.

Thereupon, debtor asks this Honorable Court to reconsider the legal basis so as to disallow Chase's claim.

16-bk-33185        Deny Claim #6 – pg. 1

# 1. <u>Debtor's Certification Relating to Pre-filing Conferral</u><br><u>(Certification Pursuant to LBR 7007-1 (a))</u>

On 3-29-19, Debtor telephoned Chase's counsel Mr. Cunningham, the call went to voice mail, debtor requested a return call to discuss the matters related herein.

On 3-30-19 (by e-mail, knowingly directed to interfere with debtor's Sabbath) Mr. Cunningham responded that he had no interest in talking with debtor.

Thereupon, pursuant to LBR 7007-1(a)(1)(A): a good faith effort at resolution was made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion, because the response of counsel for Chase was lack of interest in the subject matter.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA

Dated 4/1/ 2019    /s/ *signed electronically* Peter Szanto

16-bk-33185            Deny Claim #6  – pg. 2

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## 3. NOTICE

To the Court and to Chase and its counsel: please take notice – debtor herewith and hereby makes application for reconsideration of the approval of Chase's claim, claim #6. The instant motion is based on the settled law that without a note the accompanying deed of trust is a nullity.

16-bk-33185            Deny Claim #6  – pg. 3

## 4. GROUNDS

The grounds for this application is 11 USC § 502(j) which states:

```
 A claim that has been allowed or disallowed may be
reconsidered for cause. A reconsidered claim may be allowed
or disallowed according to the equities of the case.
Reconsideration of a claim under this subsection does not
affect the validity of any payment or transfer from the
estate made to a holder of an allowed claim on account of
such allowed claim that is not reconsidered, but if a
reconsidered claim is allowed and is of the same class as
such holder's claim, such holder may not receive any
additional payment or transfer from the estate on account
of such holder's allowed claim until the holder of such
reconsidered and allowed claim receives payment on account
of such claim proportionate in value to that already
received by such other holder. This subsection does not
alter or modify the trustee's right to recover from a
creditor any excess payment or transfer made to such
creditor.
```

## 5. FACTS

Chase's counsel Mr. Uhl, at the hearing of 3/28/2019, stated that Chase seeks a **"FINAL SOLUTION TO THE SZANTO QUESTION." Mr. Uhl's motivation in choosing these specific words is very clear.**

Chase and Mr. Uhl seek to benefit from debtor's hard work of having rehabilitated and secured multiple offers for sale of the property, and rather than waiting until a sale is consummated and Chase is paid in full, Chase now seeks foreclosure.

16-bk-33185  Deny Claim #6 – pg. 4

Chase's effort is clear on its face: it seeks not only to create great monetary, emotional, psychological and physical hardship for Szanto and his family in finding alternate living accommodations, but also wants **<u>intentionally to rob</u>** Szanto of profits from the sale of his home.

One of the requirements of vacating the 11 USC § 362 stay is evidenced on Form 720.80, p.4, #7:

> **"Documents: If creditor claims to be secured in paragraph 3.b. above creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim."**

In response, Chase attached the note and deed of trust which debtor executed in favor of Washington Mutual. Chase also attached a portion of the assignment of Deed of Trust [EXHIBIT A].

### 6. MEMORANDUM

#### a. *<u>Contrived and Facially Defective Assignment</u>*

[EXHIBIT A, an uncertified copy of 50% of the proffered document] fails on its face. The failure occurs because the only representation is that an undocumented, unverified assignment occurred at some other time.

Additionally, by debtor's own investigation the [EXHIBIT A] signer does not exist. (See debtor's DECLARATION)

16-bk-33185                    Deny Claim #6  – pg. 5

### b. *Assignment Proffered is Incomplete*

[EXHIBIT A, 1 of 2 pages] is incomplete. Federal Rule of Evidence 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

Here, debtor contends that the claim was approved prematurely, because it was not known that Chase did not have the entire document upon which it was basing its claim.

Debtor prays the claim be denied, until such time that Chase is able to place into evidence the entire of its evidence in support of its claim.

### c. *Lack of Assignment of Note is Fatal to Claim*

Even though Chase has proffered the note signed by debtor in favor of Washington Mutual, there is no assignment of said note to Chase.

The United States Supreme Court has settled this issue. **The law**

16-bk-33185         Deny Claim #6  – pg. 6

**of the United States of America, supreme in its effect, is presently:**

```
The mortgaged premises are pledged as security for the
debt. In proportion as a remedy is denied the contract is
violated, and the rights of the assignee are set at naught.
In other words, the mortgage ceases to be security for a
part or the whole of the debt, its express provisions to
the contrary notwithstanding.

The note and mortgage are inseparable; the former as
essential, the latter as an incident. An assignment of
the note carries the mortgage with it, while an
assignment of the latter alone is a nullity.
```

*Carpenter v. Longan* (1872) 83 U.S. 271, 274

Here, the law cannot be more clear: without assignment of the note, the mortgage securing debtor's property is a nullity.

Thereupon, because Chase has not presented any entitlement to the note signed by debtor, the claim must fail and be denied.

### d. *This Court has Power to Reconsider Claims*

A claim which has been allowed by the Bankruptcy Court may be reconsidered for cause. Reconsideration may be allowed to vacate an allowed claim "according to the equities of the case." *In re Levoy* (9th Cir. 1995) 182 BR 827, 831-2 accord *In re Cleanmaster* (9th Cir. 1989) 106 BR

16-bk-33185      Deny Claim #6 – pg. 7

628, 630).

Significantly, the Bankruptcy Court has an "ancient and elementary power" to reconsider any of its orders, including previously approved claims. *Brielle Associates* (1982) 685 F.2d 109, 111-2.

Here, only on March 28, 2019 did it become obvious that Chase was attempting to fool this Court by failing to provide the documents necessary for justification of 11 USC § 362 relief.

### e. *Failure to Present Evidence is Basis for this Motion*

Chase's failure to be candid and transparent about its lack of possession of the note related to debtor's property demonstrates hostile and aggressive disdain and disrespect for the law. Likewise, failure to apprise this Court of the reality of Chase's lack of the essential note is shocking.

These facts only became known to debtor at the hearing of 3/28/19 when Chase was unable to prove the foundation of its efforts for 11 USC § 362 relief as mandated by law.

16-bk-33185    Deny Claim #6 – pg. 8

### f. *Timeliness*

Fed. Rule Bankruptcy Procedure 3008 states: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

Debtor does so move this Honorable court.

"There is no time limit for bringing a Rule 3008 motion." *In re Levoy* (9th Cir.1995) 182 BR 827, 831 accord *In re Int. Yacht* (1991) 922 F.2d 659.

### 7. Declaration

1. My name is Peter Szanto.
2. I am the debtor herein.
3. This is my truthful declaration supporting my request for denial of the improper allowance of claim #6.
4. I was shocked at the hearing of 3/28/19 when Chase was unable to prove-up and present evidence that it held the note necessary to support its claims.
5. This was the first time that I learned that Chase lacked this essential document.

6. The document presented as [EXHIBIT A] by Chase is a document which I first saw in 2012.

7. That document is allegedly signed by a Chase employee named Summer Burrell.

8. I expended about 15 hours searching employee lists and calling Chase branches and other facilities in Louisiana attempting to speak with Summer Burrell.

9. I was unsuccessful in my search.

10. I thereafter I was more successful in locating the notary Helen Tubbs identified on [EXHIBIT A].

11. I obtained Ms Tubbs phone number from the Louisiana Secretary of State.

12. I called Ms Tubbs on February 4, 2013.

13. This date is available to me from the work product notes I maintain for my dispute with Chase.

13. She could not remember any specifics of [EXHIBIT A] as I related them to her.

14. She stated to me that she signed a lot of papers for Chase on the basis of being a custodian of Chase's records.

15. She told me that Chase attorneys had told her that she could sign papers without actually meeting the signer so long as she was acting as a custodian of records.

16. These are the matters to which I testified at the hearing of 3/28/19 whereat I testified about knowledge that [EXHIBIT A] was a sham and a fraud.

16-bk-33185  Deny Claim #6 – pg. 10

17. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 4/1/ 2019     /s/ *signed electronically* Peter Szanto

## 8. Conclusion

For the reasons enumerated, debtor prays reconsideration and denial of Chase's claim. Chase does not hold the note signed by debtor and so its claim "is a nullity." *Carpenter v. Longan* (1872) 83 U.S. 271, 274.

Respectfully,

Dated 4/1/ 2019     /s/ *signed electronically* Peter Szanto

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within:

### Motion

on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
    Gadi Shahak c/o Shapiro & Sutherland
    1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, Stephen P Arnot, PO Box 1963, Lake Oswego OR 97035
g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 4/1/ 2019     /s/ *signed electronically* M. Reynolds

16-bk-33185                Deny Claim #6  – pg. 12