Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

## District of Oregon
### 1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500

| | |
|---|---|
| **In Re Peter Szanto, Debtor** | **# 16 –bk-33185 pcm7**<br><br>**DEBTOR'S Notice of Motion and Motion to Continue Relief from Stay Hearing and Supplemental Objections Regarding Relief From Stay Motion**<br><br>**Continued Hearing Requested** |

May it please this Honorable Court.

The hearing to vacate the 11 USC § 362 stay (held 3/28/19) was JPMorganChase's opportunity to present evidence and testimony about ownership and possession of the Note and Deed of Trust Chase purports supports its claim # 6. Instead, a witness was produced without the requisite notice. Debtor objects to that rules violation and applies here to continue the hearing such that he is able to prepare to exam the witness after ample notice as provided by rule.

16-bk-33185         Continue Hearing+Supplemental Briefing as to  Relief from Stay Motion – pg. 1

## 1. Debtor's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On 3-29-19, Debtor telephoned attorneys Cunningham and Shahak who both represent JPMorgan Chase. Mr. Cunningham, on Saturday 3-30-19 (by e-mail, knowingly directed to interfere with debtor's Sabbath) responded that he had no interest in talking with debtor.

Mr. Shahak has not responded.

Thereupon, pursuant to LBR 7007-1(a)(1)(A): a good faith effort at resolution was made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion, because neither of the attorneys was prepared to act on behalf of their client.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA

Dated 4/2/ 2019 /s/ *signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days

16-bk-33185    Continue Hearing+Supplemental Briefing as to Relief from Stay Motion – pg. 2

after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## 3. NOTICE

To the Court and to Chase and its counsel: please take notice – debtor herewith and hereby makes application to continue the relief from stay hearing. The instant motion is based on Chase's intentional violation of the requirement of giving 14 days notice of witnesses to be presented so that debtor is able to prepare to cross-examine any such witness. Debtor was denied the opportunity to prepare to exam Chase's witness at the 3/28/19 hearing because he had no notice at all that any witness would appear.

16-bk-33185       Continue Hearing+Supplemental Briefing as to  Relief from Stay Motion – pg. 3

## 4. FACTS

Chase's counsel Mr. Uhl, at the hearing of 3/28/2019, stated that Chase seeks a **"<u>FINAL SOLUTION TO THE SZANTO QUESTION</u>." Mr. Uhl's motivation in choosing these specific words is precisely clear: Chase desires to ruin Szanto and Mr. Uhl is the "hired gun" brought into this action to carry-out the FINAL SOLUTION of making Szanto and his invalid wife homeless, destitute and dead.**

Apparently that FINAL SOLUTION of seeing terminally ill Szanto and his dying spouse living on the street is rich fodder for joy, delight and pleasure for Chase and Mr. Uhl.

The **true and sole and only** present motivation for the relief from stay motion at the current time is Szanto's diligent efforts to sell the subject property. Chase and Mr. Uhl know that the property has been beautified and made splendid. Chase and Mr. Uhl know that swooping down to take the subject property will garner them the bonus of a perfect property which is easily re-sellable.

Chase and Mr. Uhl seek to benefit from debtor's hard work of having rehabilitated and secured multiple offers for sale of the property, and rather than waiting until a sale is consummated and Chase is paid in full, Chase now seeks foreclosure to grab additional profit.

16-bk-33185        Continue Hearing+Supplemental Briefing as to  Relief from Stay Motion – pg. 4

Chase's greed (a venal sin) has motivated its effort to rob Szanto of his home and well-deserved profits and speaks for itself in the pantheon of sadism!

## 5. MEMORANDUM

### a. *No Notice Regarding Witness*

The **mandatory** Local Rule 9013-1(d) of this Court provides as follows:

> A party must disclose, no later than 14 days before trial, the identity of any individual who may offer expert testimony at trial. An expert's written report must be served on each opposing party as soon as the report is available, but no later than one business day before trial.

At the hearing, debtor could not recall whether he had received notice of any witness appearance. After checking his records and Court docket entries, debtor found there was no such notice.

Therefore, the witness appearance was improper and should be vacated. And further proceedings should be held regarding the witness and his false testimony after debtor is allowed adequate time to prepare.

As debtor pointed out at the hearing, the witness is merely an actor who knows nothing about Chase's or debtor's business dealings with each other.

For example, the $1.6 million indebtedness proffered was a sham and a phony document, (which was also not tendered to Szanto prior to the hearing as required by the above cited Local Rule). This is evidenced by debtor's most recent statement [EXHIBIT A] which shows no $1.6 million indebtedness.

Chase's intentional violation of **mandatory** Local Rule 9013-1(d) can be remedied under this Court's power from 11 USC § 105 whereby any order can be made "necessary or appropriate to carry out the provisions of" Bankruptcy law.

Here, the remedy for improper and false witness testimony is a rehearing for which debtor is allowed the requisite time provided by local rule to prepare properly to exam Chase's witness.

### b. Badgering of Szanto in the Witness Box

Debtor was intentionally badgered on the witness stand by Mr. Uhl. Mr. Uhl harassed Szanto regarding offers received for sale of the subject property.

Szanto's response that based on California real estate law privacy guidelines, he could not respond to questions of price related to non-party offers ---- should have caused Mr. Uhl to stop his questioning, or the Court to intercede to stop the harassment of Szanto!

**Szanto's answers were ineffective due to the mental confusion caused by the harassment**. Mr. Uhl demonstrated that he was well aware of Szanto's limited mental capabilities when he asked a multitude of embarrassing questions regarding Szanto having been diagnosed with dementia. Mr. Uhl demanded to know the exact and each medication taken by Szanto to combat his dementia.

The Court's utter failure to restrain Mr. Uhl from this vile harassing examination call's into question this Court's abused discretion of failing to restrain clear and very obvious harassment. *US v Larson* (2017, 9th Cir) 495 F.3d 1094.

### c. *Abused Discretion as to Limiting Examination*

This Court further abused its discretion by limiting debtor's examination of Chase's actor-witness.

Compared objectively, the Court demonstrated clearly abused discretion regardless of which aspect of testimony debtor was on: when

debtor was on the stand, there was no restraint to the abuse debtor had to tolerate. When debtor elicited testimony that Chase's actor-witness had testified 300 times in the last year and debtor sought to develop the fact that the witness was an actor who had no real knowledge of any relevant matter, the Court immediately -- and harshly – restrained debtor.

### d. Mr. Uhl's Effort to Create Confusion Based on Debt to Bank of America

On 11-8-2017, at the last relief from stay hearing, Judge McKittrick was emphatic in his **reprimand** of Chase's counsel Mr. Cunningham that he could not "piggy-back" Bank of America's debt onto Chase's debt to imply, infer or indicate anything in regard of Chase's debt.

On 3-28-19, when Mr. Uhl spoke, the same reprimand was not forthcoming. Thereby this Court did violate its own "THE LAW OF THE CASE DOCTRINE": subsequent proceedings need always follow he law of the case established in a previous decision. *Bollinger v. Oregon* (2006, 9th Circuit) 172 Fed.Appx 770.[1]

---

1. The appeal aspects of the doctrine are the fact that Chase is actually appealing its previous denial of relief from the stay.

16-bk-33185    Continue Hearing+Supplemental Briefing as to Relief from Stay Motion – pg. 8

This Court's previous determination that Chase could not make arguments and calculations based on another's debt were wholly disregarded by Mr. Uhl's making of remarks related to Bank of America's debt.

**The truth is that Chase's allowed claim of approximately $1.4 million is more than <u>228%</u> supported by property which will sell for at least $3.2 million. (IE, more than 2 times fully covered!!!!)**

Arguments related to Bank of America's debt are irrelevant to the present application – <u>**debtor was greatly shocked that this Court did not reaffirm its previous ruling, as is required by law!!!!**</u>

Chase's $1.4 million claim is also covered by Chase's own representation of the property's value as $2.4 million as well as the Trustee's $2.8 million valuation.

In sum then, the fact that Chase's claim is fully protected clearly demonstrates that the motivations of Chase and Mr. Uhl are entirely and wholly reprehensible efforts to cause debtor and his disabled spouse harm fear, injury and psychological terror just for profit, sport and fun. No law, rule or justice is being vindicated – and the entire effort for relief is solely and only undertaken to cause debtor distress.

16-bk-33185        Continue Hearing+Supplemental Briefing as to  Relief from Stay Motion – pg. 9

### e. *Debtor's Use of Colloquialisms*

Debtor is not a native English speaker. Debtor's use of the phrase "pushing on a string" means futile effort. Futile effort would result if debtor were forced to attempt to sell the subject property while a foreclosure action were underway (IE, many potential buyers would wait for the sale of foreclosure thinking it might yield a bargain).

### f. *Misunderstanding Related to Commission*

Mr. Uhl examined debtor regarding why a real estate professional would be attracted to the subject property offered for sale for $3.5 million. Debtor's response was the $180,000 commission.

Thereafter the dialogue entered the realm of miscommunication founded upon the fact that in the real estate industry commission is a term of art which has many aspects depending on where (time wise) in the transaction one has the conversation about commission.

The Court also appeared to have a misunderstanding of the concept of commission.

Presently, without any completed sale the commission is merely an expectancy - - - the $180,000 commission is merely a possibility.

In California, real estate commissions are not fixed, and are part of the sales negotiation process.

Additionally, because debtor is the listing broker he is entitled to ½ of the commission. Thus for purposes of calculating what deduction there might be from the sale price of the property which is net to debtor: the most the commission deduction would be is ½ of $180,000 OR $90,000. Thus, if the property sold for $3.2 million, debtor's net proceeds would be $3.11 million. Debtor will have no other deducts from any sale.

However, most realtors will accommodate their clients by reducing their commission to complete a sale. Thus, what debtor will net, after a sale is presently unknowable. Please see debtor's declaration about the number of times debtor has taken no commission on a real estate transaction for various reasons.

Most importantly for Chase is still the fact that its claim is fully covered. No other fact is relevant to these proceedings about commission. Chase's claim will still be more than **228% covered.**

### *g. Timing of Sale of the Property*

The most crucial aspect of the sale of debtor's home is where will debtor live after a sale ?

Selling debtor's property cannot happen without debtor having another home where to relocate.

Thus, the impediment to the sale's process herein is the absolute necessity of debtor having a place certain to live after the sale of the subject property is complete.

To this end, debtor has viewed many other properties. The fact is that one of the "tricky" aspects of the issue herein is co-ordination of the sale and new purchase.

Debtor presents this additional consideration as an additional aspect of the very complicated sales process in this instance.

## 6. Declaration

1. My name is Peter Szanto.

2. I am the debtor herein.

16-bk-33185     Continue Hearing+Supplemental Briefing as to Relief from Stay Motion – pg. 12

3. This is my truthful declaration relating to supplemental briefing as to the Motion for Relief from Stay.

4. I did not make objection to the witness at the hearing, because I could not remember if I had received notice.

5. Mr. Uhl purposefully badgered me on the witness stand.

6. Mr. Uhl knows that the sales price of the property above Chase's $1.4 million claim will always satisfy that claim.

7. Nonetheless, Mr. Uhl took pleasure in badgering me – solely to demonstrate his power and control over the situation.

**8. Mr. Uhl's badgering caused me to make statements other than those I would have given, had I not been harassed.**

9. When I was badgered on the witness stand by Mr. Uhl, I was very surprised that the Court would not restrain him.

10. I attempted to exam Chase's undisclosed witness fully, so as to demonstrate that the witness was merely an actor saying rehearsed lines – the truth or falseness of which were unknown to the witness.

16-bk-33185 Continue Hearing+Supplemental Briefing as to Relief from Stay Motion – pg. 13

11. I was shocked that the Court did not allow me to conduct a thorough examination.

12. The Court's dual standard of applying law is obvious, because Chase was allowed to conduct a vicious examination of me, but I was prevented from completely examining Chase's witness.

13. I am not a native English speaker, some colloquial phrases I use are from the books which helped me learn English.

14. Commission is always a very tricky part of a real estate transaction.

15. California commission rates are not standardized.

16. In my 50 years as a real estate sales professional I have often foregone my commission to cement a relationship.

17. There is no way to know at present what the final sales price or commission will be from the sale of the subject property.

18. The most difficult aspect of selling the subject property is the fact that Mrs. Szanto and I do not yet have any place to move.

19. I attempting to co-ordinate a simultaneous sale and purchase.

20. To do this I need the proceeds of the sale to make a purchase.

21. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 4/2/ 2019    /s/ *signed electronically* Peter Szanto

## 7. Conclusion

For the reasons enumerated, and other reasons to be explained at the hearing, debtor prays continuation of the hearing so that the matters which were not fully developed for the Court's analysis can be completely brought into evidence.

Respectfully,

Dated 4/2/ 2019    /s/ *signed electronically* Peter Szanto

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: **Motion** on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by: Gadi Shahak c/o Shapiro & Sutherland
    1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, Stephen P Arnot, PO Box 1963, Lake Oswego OR 97035
g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 4/2/ 2019    /s/ *signed electronically* M. Reynolds

16-bk-33185        Continue Hearing+Supplemental Briefing as to Relief from Stay Motion – pg. 16