Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT

### DISTRICT OF OREGON
1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500

| In Re Peter Szanto, Debtor | # 16 –bk-33185 pcm7 |
|---|---|
| **Hearing is Requested** | **DEBTOR'S Notice of Motion and Motion to Disqualify and / or Strike-Out Sham Employment Application of Singapore Counsel And ORDER Thereon** <br><br> **(Docket Entries 625 and 722)** |

There is only one unwavering and rock-solid essential reality in Judge McKittrick's Court: attorneys can do whatever they please irrespective of reasonableness, truth, justice or law. Now the Court has, without legal justification, extended its unending beneficence to counsel not even licensed to practice law in the United States of America.

**This, the Court simply cannot do !!!!!!!!** The Court has no jurisdiction to allow employment of counsel who are not qualified to practice law in the United States to undertake actions which are not allowed by United States Bankruptcy law.

16-bk-33185     Disqualify Singapore Counsel – pg. 1

The latest <u>clearly erroneous</u> action which is being imposed on debtor is that this Court has empowered the Trustee to go outside the bounds of Oregon jurisdiction and allow employment of counsel not licensed to practice in the United States --- **counsel over whom this Court has no control – counsel whose qualifications are unknown – and counsel who seeks to declare debtor an involuntary BANKRUPT in Singapore**. [EXHIBIT A, Singapore proceeding hearing information].

In point of fact, what this Court has done is to usurp for itself *ultra vires* jurisdiction under Singapore's Bankruptcy law so as to make debtor an involuntary Bankrupt in Singapore. [EXHIBIT A]

This Court simply does not have the power further to destroy debtor's financial life over matters 12,000 miles away from its actual Oregon / United States jurisdiction which have occurred post-petition.

### 1. **Debtor's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))**

On 4-18-19, at 8AM Debtor telephoned Trustee Candace Amborn at 541-858-9591. The recorded salutation stated that Amborn's office hours were from 8AM to 3PM. Thus verifying that debtor was telephoning during Amborn's business hours.

Debtor anticipated that someone would pick-up the phone, but instead the call went to voice mail. Debtor requested a return call to discuss the matters related herein.

As of 4-22-19 (5 days later), debtor has received no return call.

Thereupon, pursuant to LBR 7007-1(a)(1)(A): a good faith effort at resolution was made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion, because the response of the Trustee was lack of interest in the subject matter herein.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed in the Republic of Singapore.

Dated 4/23/ 2019    /s/ *signed electronically* Peter Szanto

note: this document is sent for filing on 4-23-19 from Singapore, while it is still 4-22-19 in Portland

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The

16-bk-33185      Disqualify Singapore Counsel – pg. 3

objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

### 3. NOTICE

To the Court and to the Trustee and its counsel: please take notice – debtor herewith and hereby makes application to the Court for the disqualification of Singapore counsel from the proceedings herein.

### 4. GROUNDS

11 U.S.C. § 327(a) provides:

> **Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys. . . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.**

Here, the plain meaning of this rule, as expressed in Oregon District Court Rule LR 83-3, is that the attorneys participating in this action in this District will be **United States** attorneys over whom the Court will have control. This is so because, as has already be proven by the proceedings in Singapore, Mr. Ong **is not inclined to participate in the essentials of**

16-bk-33185        Disqualify Singapore Counsel – pg. 4

Case 16-33185-pcm7    Doc 729    Filed 04/22/19

American justice (neither procedurally, nor ethically, nor morally).

That is, Mr. Ong served no papers on debtor, provided debtor with no notice of hearings and did not respond to debtor's efforts regarding information as to the nature of the claims against debtor and debtor's spouse's post-petition assets in Singapore.

In point of fact, Mr. Ong appears to be just a **friend, buddy or pal** of either Mr. Arnot or Mr. Blackledge who has been blessed to make some extra money from debtor's blood, bone and skin outside all bounds of United States Bankruptcy law.

As will be discussed more fully momentarily, Mr. Ong's strategy is to make debtor an involuntary Bankrupt under Singapore's Bankruptcy law so that debtor and his spouse's post-petition Singapore property can be expropriated in the same manner as debtor's pre-petition property in the United States has already been expropriated for the personal benefit and intense pleasure of Mr. Arnot and Mr. Blackledge.

### a. Per Local Rule Only Counsel of United States Licensure May Appear in this District

(Docket Entries 625 and 722) **have already anointed** Singapore counsel with *pro hac vice* status[1] in this District without benefit of

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
1. see *16-bk-33185* docket sheet whereupon Mr. Ong is shown as bona fide counsel of record in this proceeding!! As though he were a U.S. attorney!

16-bk-33185        Disqualify Singapore Counsel – pg. 5

licensure in the United States. Singapore counsel has already been admitted to practice and participate in this Oregon Federal District case in contravention of the Local Rule 83 as though he were licensed to practice in the United States.

Local Bankruptcy Rule 9010-1(a) mandates that "To appear before the court, an attorney must be admitted to practice before the district court."

Admission to practice before the District Court is governed by that Court's Rule 83-3, which prohibits participation by Singapore counsel thus:

LR 83-3(a) limits participation by non-Oregon as follows

Any attorney who is an active member in good standing **of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States**, may apply to be specially admitted *pro hac vice* in a particular case, provided he or she:

1. Associates with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case. (*See* LR 83-2 *and* LR 83-4).

2. Pays the admissions fee and files a *pro hac vice* admission application in every case in which the attorney seeks to be specially admitted.

3. Certifies having professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

Here, as will be discussed more fully below, there is no provision

16-bk-33185  Disqualify Singapore Counsel – pg. 6

for Singapore counsel to be participating in this case contrary to the rules stated here.

## 5. FACTS

Trustee Arnot and his counsel Mr. Blackledge have revealed to debtor that they are close personal friends with Judge McKittrick – and, combined, have approximately 60 years of camaraderie and friendship with the Court.

Mr. Arnot and Mr. Blackledge have been graced with permission to "put in their own pockets" about $200,000 of debtor's estate. Another $400,000 of estate assets have not been accounted for by Mr. Arnot. And there is currently about $150,000 of debtor's household furniture in the Trustee's possession.

The extermination of debtor, the **final solution** to this Bankruptcy, has been an unconscionable feast of wealth, riches and property for Mr. Arnot and Mr. Blackledge. Apparently, they now seek to pass that blessing on to Singapore counsel Ong, so that debtor and his spouse's post-petition property in Singapore can, likewise, be looted and expropriated!

Upon this basis, Mr. Arnot and Mr. Blackledge view the eradication and liquidation of debtor as a lavish repast of fees, unconscionable hourly charges and thievery for which there will never be any accountability, responsibility or retribution – and from which they will be entirely shielded as to liability both personally and professionally. The further benediction of

16-bk-33185    Disqualify Singapore Counsel – pg. 7

wealth unto Singapore counsel is just a bonus of their on-going efforts to exterminate debtor and his spouse from existence.

In short, Mr. Arnot and Mr. Blackledge **"will get away with"** all of their misdeeds and **"live happily ever-after"** enjoying their ill-gotten loot derived impermissibly from debtor and debtor's spouse's lifetime of hard work.

Mr. Arnot has testified, under oath, from the witness stand, that he has no knowledge of stock, options, CFD's, futures and foreign exchange transactions by which debtor made the majority of his income prior to conversion.

In December 2017, **post petition**, solely because of Mr. Arnot's failure to take the appropriate action necessary to stop the loss of debtor's assets and the diminishment of debtor's estate, some money from debtor's estate was converted to Singapore dollars.

It is neither illegal nor improper to own Singapore dollars. One very valid business strategy is to own Singapore dollars in anticipation that they will appreciate in value.

Purchase by debtor's brokerage account of Singapore dollars happened automatically, based on HSBC's proprietary trading platform's receipt of debtor's funds from E-Trade which were automatically tendered to HSBC based on various pre-set trading metrics (which Mr. Arnot, very negligently, did not monitor so as to preserve estate assets). Based on

16-bk-33185 Disqualify Singapore Counsel – pg. 8

additional proprietary metrics at HSBC some of these funds were converted to Singapore dollars.

Mr. Arnot immediately presumed, very very erroneously, that debtor was impermissibly transferring estate assets to Singapore.

Debtor's spouse's service with the Singapore self-defense forces began in 1973. Since then, she has had bank and brokerage accounts at HSBC, **on which debtor began as a pay-on-death beneficiary**.

In 2018, post-petition, debtor's spouse's health deteriorated. Debtor, was and still is, strained to mental devastation by the prospect of his wife's death. During an emotional discussion with Mr. Arnot, debtor revealed that his spouse had received a military pension for health care purposes from the government of Singapore (*and that she might not die*).

Debtor also revealed that while visiting his invalid spouse he had been offered employment in the field of equine health at various facilities in Singapore focused on equestrian endeavors.

This fact motivated Mr. Arnot to action to seize debtor's post-petition earnings and debtor's spouse's money for medical care **under the outrageously false and fraudulent pretext that somehow those funds were estate assets that were acquired pre-petition**.

**In the environment of Judge McKittrick's courtroom, wherein all attorneys are believed all of the time, irrespective of their truthfulness, Mr. Arnot knew it would be an easy "slam dunk"** to get Judge McKittrick to

16-bk-33185         Disqualify Singapore Counsel – pg. 9

<u>sign-off on expropriating debtor and his spouse's post-petition Singapore assets</u>. That is what Mr. Arnot's bogus, reputation destroying, contempt motion was all about!!!

One conversation between Mr. Arnot and debtor went like this. Arnot said, let me have your Singapore assets. If I find they are post-petition, I will give that money back to you.

Debtor: "Yeah – right." (Debtor stated this most sardonically!)

Mr. Arnot has controlled $1.3 million of debtor's assets. At least $750,000 have already gone into Mr. Arnot and Mr. Blackledge's pockets. The balance is already allocated and promised to Mr. Henderson's pocket.

**The notion that debtor will recover any of his money is insane**. So debtor simply does not believe that Mr. Arnot would give back any post-petition money upon which he got his hands.

More importantly, debtor and his spouse's HSBC bank account in Singapore is a joint, post-petition, account which contains money received by debtor's spouse for liver transplantation treatment. The loss of these moneys to Mr. Arnot's insipid promise of return would be fatal to her life.

For the purpose of "getting his hands on" debtor's spouse's money, Mr. Arnot has concocted the present charade of employing Singapore counsel to do his "dirty work" of further enriching himself with post-petition money which has nothing to do with the instant Bankruptcy.

16-bk-33185              Disqualify Singapore Counsel – pg. 10

As [EXHIBIT A] demonstrates, Mr. Ong's present effort in Singapore is to put debtor into involuntary Bankruptcy, so all of debtor's assets can be seized and expropriated. **Mr. Ong has been authorized to do this!**

The instant application seeks to stop Singapore counsel's improper entry into this Bankruptcy such that debtor and his spouse's post-petition assets are not also liquidated for Mr. Ong's personal self-enrichment.

### 6. MEMORANDUM

#### a. Based on Facially Defective Employment Application Mr. Ong Cannot Continue in this Case

Mr. Ong is currently listed on the docket sheet as attorney of record for Trustees Arnot and Amborn. This fact is further affirmed in [EXHIBIT B, p.2] whereat Mr. Ong certifies he is attorney of record in this action. As such, Mr. Ong claims he is a participating attorney in this case.

Local Bankruptcy Rule 9010-1(a) mandates that "To appear before the court, an attorney must be admitted to practice before the district court."

Admission to practice before the District Court is governed by that Court's Rule 83-3, which prohibits participation by Singapore counsel thus:

LR 83-3(a) limits participation by non-Oregon as follows

Any attorney who is an active member in good standing **of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States**, may apply to be specially admitted *pro hac vice* in a particular case, provided he or she:

16-bk-33185     Disqualify Singapore Counsel – pg. 11

4. Associates with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case. (*See* LR 83-2 *and* LR 83-4).
5. Pays the admissions fee and files a *pro hac vice* admission application in every case in which the attorney seeks to be specially admitted.
6. Certifies having professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**Mr. Ong has not fulfilled any of these requirements and so must be disqualified immediately.**

Condition precedent for appearance is licensure in the United States. Mr. Ong's own self-serving biography [EXHIBIT C] shows that Mr. Ong is not licensed to practice in the United States. Thereupon, Mr. Ong by the District Court's own rules cannot practice in this Court, because he is not a United States attorney.[2]

The application for employment must be vacated and stricken, because Mr. Ong cannot be counsel of record in this Bankruptcy, because he is not qualified as a United States attorney (USDC OR Rule 83-3).

1. **Good Cause for Control over Counsel**

This Court knows, or should know, that the goal of Trustee Arnot and Mr. Blackledge is personal self-enrichment and the murder of debtor. It is safe to say that these "goals" have been transmitted to Mr. Ong as proper motives to be employed in Singapore. Mr. Ong has demonstrated by his effort to declare debtor BANKRUPT in Singapore [EXHIBIT A], he is eager to "hop on the gravy train" of "cashing-in" on debtor's extermination.

---

2. Both Trustees Arnot and Amborn have disregarded the requirement that only United States Counsel may appear in this District. This demonstrates very clearly what debtor has contended throughout this action: attorneys appearing before Judge McKittrick know that the rules are unimportant in the blatant and ultra biased extermination of Peter Szanto! The sooner Szanto dies the sooner everyone gets paid!

16-bk-33185       Disqualify Singapore Counsel – pg. 12

Ultimately, what the rules require is that this Court control, rein-in and restrain the gluttonous, self-serving aspirations of counsel seeking to enrich themselves at debtor's estate's expense and detriment:

> ***Pro hac vice*** admission "satisfies the reasonable interest of the District Court in having a member of its Bar, who is subject to the court's general control, be professionally responsible for the litigation and who can be served with papers, can be notified of hearings and can be held accountable if anything reflecting on the Court or an abuse of its process occurs during the course of the litigation."

*Sanders v. Russell,* (1968) 401 F.2d 241, 248

Here, this Court must maintain control over this litigation. The Trustees and Mr. Blackledge have initiated an "end run" by going to Singapore to seek to place debtor in involuntary Bankruptcy so as to seize debtor and his spouse's post-petition assets (most of which are for Susan Szanto's essential health care).

### 2. Mr. Ong's Colleagues Also Cannot Practice in the USA

Further to confound this Court and to abuse its rules, the Trustee has also identified Mr. Chow and Ms Hon as additional persons who will be, in an unspecified capacity, enriching themselves from debtor's estate.

As a matter of fact, Mr. Chow is also not licensed to practice in the United States [EXHIBIT D]. Chow's self-serving bio, shows no United States Licensure.

As for Ms Hon, debtor is familiar with her appearance from the hearing held in Singapore. First, Ms Hon does not appear on Rajah and

16-bk-33185　　　Disqualify Singapore Counsel – pg. 13

Tann's roster of attorneys [EXHIBIT E]. Thus, she cannot appear in this case, because she is not even an attorney. As a matter of fact debtor researched that Ms Hon is actually a news reporter [EXHIBIT F].[3]

Here too, this Court must face the absolute fact that the Trustees are merely focused on this case as mere amusement and self-enrichment, when they are able to hornswoggle this Honorable Court into signing off on the employment of a news reporter at the rate of $700 / hour.

### 3. Mandate of Employment Statute is Offended

11 USC 327(a) requires that persons employed by the Trustee and approved by the Court "do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

Here, as demonstrated by [EXHIBIT A]'s effort to declare debtor BANKRUPT in Singapore, it is clear that Mr. Ong's focus is on "grabbing" far more of debtor's estate than is provide for by the employment ORDER [EXHIBIT B, 3(a)] which allows only:

> **Prepare any and all documents necessary to domesticate and/or register the court's order in Sinagapore for turnover of records and any and all funds constituting property of the bankruptcy estate held by HSBC Singapore Bank.**

---

*3. Here again, this Court's unswerving belief that all attorneys appearing before it are sainted proves to be silly when the Trustees intentionally and cavalierly employ a news reporter to participate in the effort to involuntarily place debtor into Bankruptcy in a foreign country.*

16-bk-33185          Disqualify Singapore Counsel – pg. 14

Thus, **first**, the position of Mr. Ong is **adverse** to the interests of debtor, because he seeks to go far beyond merely the funds at HSBC and attack all of debtor and his spouse's Singapore assets.

The **second** aspect of Mr. Ong's **adversity** to debtor is the fact that he has "suckered" both Trustees into believing that a news reporter should be paid as an attorney for attending debtor's attempts to defend his post-petition assets in Singapore.

**Third**, apparently because Mr. Arnot and Mr. Blackledge have told Mr. Ong that he could "really milk" this case, Mr. Ong has gone completely for debtor's "jugular vein" --- by seeking to cause debtor to be declared a BANKRUPT in Singapore. This fact by itself demonstrates a lack of **disinterestedness**, because Mr. Ong's sole goal is his own personal self-enrichment, by seeking all of debtor and his spouse's Singapore assets and property.

The mandate of 11 USC 327 is being intentionally abrogated for the personal gain of a person in Singapore who has no United States attorney privilege to participate, **as a matter of law**, in this case in any event!!!!!

**4. Requirements of No Adverse Interest and Disinterest Cannot Be Waived**

The requirements of 11 USC 327(a) that persons employed by the Trustee and approved by the Court "do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title," cannot be waived.

The mandatory provisions of 11 USC 327(a) do not allow for waiver. *In re Perry,* (1996) 194 B.R. 875 accord *In re Envirodyne Indus., Inc.,* (1993) 150 B.R. 1008 accord *In re Tinley Plaza Assocs.* (1992) 142 B.R. 272 accord *In re Diamond Mortgage Corp.,* (1990) 135 B.R. 78 accord *In re Amdura Corp.,* (1990) 121 B.R. 862 also *Collier - Bankruptcy* ¶ 328.05[3], at 328–32 (15th ed. rev.1997).

The rule of 11 USC § 327 must be followed such that Mr. Ong's focus on personal self-enrichment does not become the mandate of this Court's employment ORDER. Mr. Ong's interest is increasing his own wealth, that is improper and forbidden by 11 USC § 327.

For these reasons, Mr. Ong must be disqualified from further participation in this case.

### 7. Declaration

1. My name is Peter Szanto.
2. I am the debtor herein.
3. This is my truthful declaration supporting my request for the present and immediate disqualification of the employment of Singapore counsel.
4. **I have not been served with any process from Mr. Ong or his law firm relating to the Singapore involuntary Bankruptcy action.**
5. I was shocked to learn – when I arrived at the Singapore Supreme Court house -- that Mr. Ong was seeking to make me an involuntary Bankrupt so that he could seize healthcare assets Mrs. Szanto

16-bk-33185  Disqualify Singapore Counsel – pg. 16

has been awarded post-petition in Singapore.

6. Mr. Arnot and Mr. Blackledge have emphasized to me that they are close personal friends of Judge McKittrick going back 30+ years.
7. I have seen counsel Hon in the courtroom and she is the news reporter shown in [EXHIBIT F].
8. Neither Mrs. Szanto nor I have any debts in Singapore.
9. There is no basis at law for me to be declared Bankrupt in Singapore, because I owe no money in Singapore.
10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed in Singapore.

Dated 4/23/ 2019    /s/ *signed electronically* Peter Szanto

## 8. Conclusion

**For the reasons enumerated *supra*, debtor prays immediate disqualification of Singapore counsel.**

The ability to participate in this action is governed by various rules, most particularly 11 USC § 327. Those rules must not be sacrificed and made meaningless solely for the greed and avarice of the Trustees, Mr. Blackledge and Mr. Ong.

This Court has no discretion to allow the merciless efforts of personal self-enrichment by Mr. Ong to make meaningless the Bankruptcy

16-bk-33185     Disqualify Singapore Counsel – pg. 17

rules and laws of the United States of America: this Court can not authorize and approve that a non-United States person be allowed to make me a BANKRUPT in a foreign jurisdiction.

  Mr. Ong must be disqualified from further participation in this matter, because he has no standing to practice law in this case – and because he has taken it upon himself to pursue making debtor a BANKRUPT in Singapore where debtor has no debts!!!

  Respectfully,

  Dated 4/23/2019  /s/ *signed electronically* Peter Szanto

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within:

### Notice of Motion and Motion to Disqualify

on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101

b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618

c. JPMorgan Chase Bank, represented by:

    Gadi Shahak c/o Shapiro & Sutherland

    1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204

e. Oregon Department of Revenue, 955 Center St., Salem OR 97301

f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502

g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657

h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

i.    DANNY ONG, 9 Battery Road #25-01 Singapore 049910

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 4/22/ 2019     /s/ *signed electronically* M. Reynolds

16-bk-33185      Disqualify Singapore Counsel – pg. 19