Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: )
) Bankruptcy Case No.
PETER SZANTO, ) 16-33185-pcm7
)
) ORDER DENYING DOC.
) 729
)
              Debtor. )

    In December of 2018, the Court entered an order approving an application by the then chapter 7 trustee, Stephen P. Arnot (Arnot) to employ legal counsel in Singapore (Singapore Counsel) pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Doc. 625 (the First Employment Order). Arnot employed Singapore Counsel to assist him in domesticating and/or registering in Singapore this Court's October 2, 2018, Order Granting Trustee's Motion for Contempt (the Contempt Order). Doc. 590. The Contempt Order requires, among other things, that Debtor sign documents authorizing HSBC Bank Singapore Ltd. (HSBC) to release information to the Trustee and assist the Trustee in obtaining turnover of all property of the bankruptcy estate that Debtor transferred to

Page 1 - ORDER DENYING DOC. 729

and/or was on deposit with HSBC.  The Court ultimately overruled Debtor's objections to the First Employment Order.  See Doc. 651.

Arnot resigned as chapter 7 trustee on March 26, 2019.  Doc. 701.  On the same day, Candace Amborn (Amborn) was appointed successor trustee.  Doc. 702.  Shortly thereafter, Amborn filed an amended application to employ Singapore Counsel that is identical in substance to the application filed by Arnot.  See Doc. 722.  The court approved Amborn's application to employ Singapore Counsel in an order entered on April 10, 2019 (the Second Employment Order).  Doc. 722.

Debtor has now filed a motion captioned Debtor's Notice of Motion and Motion to Disqualify and/or Strike-Out Sham Employment Application of Singapore counsel and Order Thereon (Docket Entries 625 and 722) (the Motion to Vacate).  Doc. 729.  Debtor argues that the First Employment Order and Second Employment Order (referred to collectively as the Employment Orders) should be vacated because Singapore Counsel are not licensed to practice law in the United States and thus may not appear before a court in this Federal District under LBR 9010-1(a) and LR 83-3.  Debtor also argues that Singapore Counsel are not disinterested as required under § 327(a) because they have interests adverse to Debtor's interests.  The Court rejects both arguments.

Debtor's argument that the Employment Orders should be vacated because they violate LBR 9010-1(a) and LR 83-3 is without merit.  LBR 9010-1(a)(1) provides that "[t]o appear before the court, an attorney must be admitted to practice before the district court."  LR 83-3, made applicable by LBR 9010-1(a)(2)(C), addresses *pro hac vice* applications and provides that an "attorney who is an active member in good standing

Page 2 -  ORDER DENYING DOC. 729

of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United State, may apply to be specially admitted *pro hac vice* in a particular case" if certain requirements are satisfied. Debtor misapprehends the nature of the employment approved in the Employment Orders. Singapore Counsel have not applied to appear, and are not appearing, *pro hac vice* before this Court. As a result, there is no requirement that Singapore Counsel be attorneys licensed to appear before a United States federal or state court. Singapore Counsel were and have been retained by the former and current chapter 7 trustees to represent them in Singapore.

Debtor's second argument, that the Employment Orders should be vacated because Singapore Counsel are not disinterested because they have interests adverse to Debtor's interests is also without merit. A disinterested person is a person who

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

§ 101(14). "Disinterested" has a specific and narrow definition under the Bankruptcy Code. Debtor does not argue, and has not shown, that Singapore Counsel are not disinterested within the meaning of the Bankruptcy Code. It is common that an attorney will advance interests that are in conflict with a debtor's interests in the course of representing a chapter 7 trustee.

Page 3 - ORDER DENYING DOC. 729

The Court has considered any additional arguments raised by Debtor in the Motion. The Court has already addressed and rejected many of those arguments in earlier orders. For the same reasons stated in previous orders, those additional arguments are rejected now as well. Any remaining arguments are irrelevant and/or without merit.

For the reasons stated above,

IT IS HEREBY ORDERED that the Motion To Vacate is DENIED.

###

cc: Peter Szanto (via ECF)
    Chapter 7 Trustee (via ECF)