**DISTRICT OF OREGON**
**F I L E D**
**May 20, 2019**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. |
| PETER SZANTO, ) | 16-33185-pcm7 |
| ) | |
| ) | ORDER RE APPLICATION FOR |
| ) | INTERIM PROFESSIONAL |
| ) | COMPENSATION (DOC. 691) |
| Debtor. ) | |

This matter came before the court for hearing on May 1, 2019. Gary Blacklidge (Blacklidge) appeared on behalf of Williams, Kastner, Greene and Markley (the Firm), and debtor Peter Szanto (Debtor) appeared pro se.

Stephen P. Arnot, the former Trustee (the Trustee or Arnot), filed an interim fee application (the Application) on behalf of the Firm seeking interim compensation in the amount of $66,680.11 (fees of $65,722.50 and expenses of $957.61) for legal services rendered on behalf of the Trustee. Doc. 691. In addition to formerly serving as the chapter 7 trustee in this case, Arnot was a member of the Firm and billed for a portion of the legal services included in the Application. Debtor

Page 1 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION (DOC. 691)

timely objected to the Application (the Objection).  Doc. 695.

Section 330(a) allows the court, after notice and a hearing, to award "reasonable compensation for actual, necessary services rendered by the trustee . . . or attorney and by any paraprofessional person employed by any such person," as well as "reimbursement for actual, necessary expenses."  § 330(a)(1)(A), (B).  In determining whether compensation is reasonable, courts take into consideration the nature, extent, and value of such services, taking into account all relevant factors, including the six specifically enumerated factors set forth in § 330(a)(3)(A)-(F).

The court may not allow compensation for "unnecessary duplication of services" or services that were not "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the estate."  § 330(a)(4)(A).  The court has an independent duty to examine fees for reasonableness.  3 COLLIER ON BANKRUPTCY ¶ 330.03[5][e](16th ed. 2015).  A party objecting to an award of fees has the burden to show that the fees are unreasonable.  In re Koncicky, 2007 WL 7540997 (9th Cir. BAP 2007).  Section 331 permits the court to allow and disburse to a professional interim compensation no more than every 120 days.  The standards set forth in Section 330 apply to interim compensation requests.  3 COLLIER ON BANKRUPTCY ¶ 331.02[4].

For the reasons set forth below, I will allow the Application in a reduced amount.

1. <u>Need for Evidentiary Hearing</u>

The Application includes certain expense charges for color copies

Page 2 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION
            (DOC. 691)

and faxes.[1]  Debtor contends in the Objection that the Firm manufactured those expense charges.  Debtor's request for an evidentiary hearing is based on that contention and that

> if a person is lying about some minor things, he is likely lying about **many other bigger things**.  Upon that ground, because the color-photocopies and faxes are such transparent falsehoods, debtor contends that likely most of the claimed fees and expenses are also phony and simply fabricated. . . . Debtor asks for setting of an evidentiary hearing such that these matters can be fully investigated and truthful evidence presented.

Doc. 695 (Emphasis in original).  At the May 1 hearing, Debtor reiterated and elaborated on his request for an evidentiary hearing, arguing that he believes the Firm uses false, prepackaged time sheets that include fabricated hours and that, prior to any evidentiary hearing, he would need to conduct discovery to examine the Firm's billing practices in other bankruptcy cases so that he could prove his theory that the Firm has a pattern and practice of using false, prepackaged time sheets in bankruptcy cases in which it has been retained.  I have considered Debtor's request and find that an evidentiary hearing is not necessary.

Section 330(a)(1)(a)'s requirement of notice and hearing does not include a requirement that a hearing be evidentiary.  In re Wolverine, Proctor & Schwartz, LLC, 527 B.R. 809, 822 (D. Mass 2015).  Objections to applications may be heard on the papers "'as long as the parties had a fair opportunity to offer relevant facts and arguments to the court and to confront their adversaries' submissions.'"  Id. (quoting In re Cabral, 285 B.R. 563, 576 (1st Cir. BAP 2002)).  The hearing the Court held provided Debtor with a fair and ample opportunity to present his

---

[1] The allowance of those expense charges will be discussed below.

Page 3 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION
(DOC. 691)

arguments and confront the Firm's submission. The Court was able to fully consider the merits of the Application and Objection and address its own questions without holding an evidentiary hearing.

> A bankruptcy court is obligated to compare a fee application with the files and records in the case and with the court's own knowledge of the case in determining the legality and reasonableness of any proposed award. "A judge is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to him [or her] by particular attorneys; these presumptions obviate the need for expert testimony such as might establish the value of services rendered by doctors or engineers." Lindy Bros. Builders of Phila. v. American R&S San. Corp., 487 F.2d 161, 169 (3d Cir. 1973).

In re Davison, 79 B.R. 859, 860 (Bankr. W.D. Mo. 1987). See also In re Erewhon, Inc., 21 B.R. 79, 82 (Bankr. D. Mass. 1982)(trial court makes fee determination based on, among other things, its own general experience, difficulty of case and court's observations in the actual case before it).

As is required, the Firm attached schedules A and C to the Application. I carefully reviewed the Application, the narrative summary attached as Schedule A, and each entry contained in the detailed billing statements attached as Schedule C. I reject the foundational basis upon which Debtor bases his request for an evidentiary hearing, i.e., that the Firm formulated the Application using false and prepackaged time sheets. I have presided over this bankruptcy case and the related adversary proceedings for almost three years. The tasks and services detailed in the Application are without question related to and consistent with the realities of this case and related adversary proceedings. No evidentiary hearing is required for the Court to make that determination. Moreover,

as I stated at the May 1 hearing, most of the legal fees in this case are directly related to, and the result of, Debtor's own actions. Debtor has opposed almost everything the Trustee has done in this case, including the Trustee's attempts to recover estate funds Debtor transferred just prior to and shortly after conversion of his case to Chapter 7. Debtor has filed numerous meritless motions to which the Trustee has been required to respond.

    2. <u>Debtor's Substantive Objections</u>

    A. The Trustee's application seeks reimbursement for 485 color copies totaling $431.65 (Doc. 691, Schedule C, pages 26, 39, 49) and $9 in faxes (Doc. 691, Schedule C, pages 26, 39). Debtor objects to charges for color copies and faxes. In addition to the argument discussed above, Debtor argues in the Objection that there was no reason for color copies and that faxes are obsolete. Mr. Blacklidge explained at the May 1 hearing that the Firm's office copier automatically made color copies because the source documents were themselves in color. Mr. Blacklidge could not recall the details of the faxes, disagreed that faxes are obsolete, but nevertheless consented to disallowance of that expense charge.

    I will sustain this objection. The Firm charged .89 cents per page for color copies and .15 cents per page for black-and-white copies. I will disallow $358.90 of the $431.65 expense charge for color copies, which amount corresponds to the cost difference between color and black-and-white copies. Although I disagree that faxes are entirely obsolete, I will nevertheless also disallow the fax charges based on Mr.

Page 5 -  ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION
        (DOC. 691)

Blacklidge's concession at the May 1 hearing. Therefore, the total expenses requested by the Firm will be reduced by $367.90.

B.  Debtor argues that there are "a multitude of fees" for services that have nothing to do with him. Debtor argues in the Objection that the "contra party" is responsible for the fees, not him. Doc. 695, p. 4. This argument is frivolous and I will overrule Debtor's objection for at least three reasons.

First, an objecting party must do more than express general dissatisfaction with the fee application; he must specify what tasks are objectionable. 3 COLLIER ON BANKRUPTCY ¶ 330.03[5][d]. Debtor does not specifically identify the tasks to which he objects. Second, Debtor continues to not understand, or ignore, that it is the bankruptcy estate, not him, who is responsible for the fees. Finally, and most importantly, the test under § 330 is whether the services were actual and necessary. A chapter 7 trustee's job, among other things, is to collect and reduce to money property of the estate and investigate a debtor's financial affairs. § 704(a). Services rendered, such as those detailed in the Application, that support a trustee in fulfilling his or her responsibility to "conserve and advance the interests of the estate" are compensable. 3 Collier on Bankruptcy ¶ 330.03.

C.  Debtor argues that Arnot and Blacklidge are not disinterested within the meaning of § 328(c), because (1) they have interests adverse to him, and (2) Blacklidge told Debtor that he has known me for more than 30 years and worked together with me on other cases. I will overrule this objection.

Page 6 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION (DOC. 691)

Section 328(c) provides that, with certain exceptions not implicated here,

> the court may deny allowance of compensation for services and reimbursement of expenses of a professional person . . . if, at any time during such professional person's employment . . . such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

As pertinent here, a disinterested person is one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." § 101(14)(C).

"Disinterested" has a specific and narrow definition under the Code. Debtor does not argue, and has not shown, that Arnot or Blacklidge hold interests materially adverse to the estate or any of its creditors. It is common for a chapter 7 trustee and his or her attorney to advance interests that are in conflict with a debtor's interests.

3. <u>The Court's Independent Review of the Application</u>

Based on my independent review, and for the reasons stated on the record at the hearing held on May 1, 2019, I conclude that a fee reduction in the amount of $315.00 is warranted. In considering the applicable standard and the factors set forth in § 330(a)(3), I find that the fee request is otherwise reasonable and should be allowed. In coming to that conclusion, I have considered the time spent on this matter by the Firm's attorneys and staff, the benefit to the estate and the necessity of the services provided. I also reviewed Mr. Arnot's time entries and confirmed that he only billed for legal services provided,

Page 7 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION (DOC. 691)

not for services that were in the nature of trustee work.

Therefore, interim fees will be allowed to the Firm in the amount of $65,407.50 and the requested expenses will be allowed in the amount of $589.71, for a total of $65,997.21.

The Court has considered any additional arguments raised by Debtor in the Objection. The Court has already addressed and rejected many of those arguments in earlier orders. For the reasons stated in previous orders, those arguments are rejected now as well. Any remaining arguments are irrelevant and/or without merit.

For the reasons stated above,

IT IS HEREBY ORDERED that the Objection is sustained in part and overruled in part.

IT IS FURTHER ORDERED that the Firm is awarded interim compensation in the total amount of $65,997.21.

###

cc: Peter Szanto (via ECF)
    Chapter 7 Trustee (via ECF)
    Stephen Arnot (via ECF)
    Gary Blacklidge (via ECF)

Page 8 - ORDER RE APPLICATION FOR INTERIM PROFESSIONAL COMPENSATION (DOC. 691)