Peter Szanto    949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT

### DISTRICT OF OREGON
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

In Re: Peter Szanto, Debtor

-------------------------------------

## 16-bk-33185-pcm7

**And all Related Adversarial Actions**

**Peter Szanto's Notice of Motion and Emergency Motion for Stay**

**HEARING REQUESTED**

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

   Between June 17 and June 21, 2019, during regular business hours, Debtor telephoned the various counsel opposing him: Mr. Laurick, Mr. Smith, Mr. Henderson, Mr. Cunningham, Ms Amborn, Mr. Uhl and the various other counsel shown on the proof of service. Debtor sought to discuss the instant application for stay based on Debtor's vsrious upcoming health issues.

   Debtor's calls went to voice mail or message taking secretaries. Debtor stated that he was asking for a return phone call to discuss very important health matters

related directly to trial in the instant case. Debtor sought actually to speak with these counsel, because of the grave and urgent importance of the matters herein. Since those calls, no counsel has called, nor even tried to call Debtor.

Therefore, pursuant to rule **LBR 7007-1 (a)**, Debtor has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in resolution of the matter at issue.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATED June 24/2019   /s/ *Signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!! If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave - Room #700 Portland OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.**

16-33185 /            STAY PROCEEDINGS - JUNE 23RD - 2019 – p. 2

Case 16-33185-pcm7    Doc 744    Filed 06/24/19

### 3. Notice

To the Court, creditors and plaintiffs, please take **notice**, comes now Debtor seeking stay of the proceedings herein based on the facts of his current health crisis and mental anguish more fully described herein.

### 4. Facts

On June 17, 2019, Debtor reported to this Court that he had received very negative news from his surgeon and physician regarding the metastasis of his melanoma to his intestines. The news related to exploratory surgery which occurred on June 13th. [EXHIBIT A]

When the news was delivered to Debtor orally, Debtor was, for lack of better description, "blown-away" by the seriousness, tenor and gravity of his surgeon's voice and phraseology. Again, lacking a better analogy, Debtor was immediately filled with extreme fear and terror when told of the high likelihood that he will likely die within the next month.

Debtor's physician and surgeon counseled and recommended that more thorough and extensive surgery be conducted as soon as possible and so scheduled a further 8 hour procedure for July 10th.

Debtor's immediate reaction was to seek a stay in adversarial case # 16-3114. In that case, hard deadlines are approaching within the next 30 days and Debtor sought to make sure that his precious trial preparation time was not wasted – and that his medical crisis did not impair his evidence gathering activities and meeting with witnesses.

However, as a matter of fact, Debtor has been made entirely besides himself in terms of fear and terror as to the events to unfold in the near future. The need to relate the bad news to Debtor's wife and children was imperative: delaying unhappy facts creates additional unnecessary fright and stress.

When Debtor approached the Court for a stay of Adversarial 16-3314 proceedings, the Court denied that request on the notions that: 1) Debtor has asked for other delays[1], 2) Debtor's health issues were not corroborated.[2]

-------------------------------------------------

1. *While it is true that Debtor has asked for extensions of time, Debtor contends that his extension requests (delays) are no more extensive than others to this case: for example, a) Mr. Henderson received a lengthy **undocumented** extension based on the alleged death of his father in law; b) Victor Szanto and Evye Szanto also received several <u>undocumented</u> extensions in October 2017 and January 2019 on their need for vacations; c) Mr. Laurick received a 90 day extension to figure-out how to unlock the password of discovery he had sent to Debtor; d) Mr. Smith is now at 17 months of delay in providing the perjured and spoliated materials whereby Ms McClurg defrauded Judge McKittrick into the GRANT of conversion. In the context of disparity of treatment granted to others, Debtor's requests for extensions are very de minimis.*

2. ***Apparently Judge McKittrick's new corroboration metric is intended to carve out** further disparity of treatment to Debtor alone, because in NONE OF THE CONTRA PARTY REQUESTS STATED IN Footnote 1 DID ANY OF THE CONTRA PARTIES NEED TO PROVIDE ANY PROOF WHATSOEVER.*

16-33185 /   STAY PROCEEDINGS - JUNE 23RD - 2019 – p. 4

Case 16-33185-pcm7    Doc 744    Filed 06/24/19

In furtherance of affirmative documentary corroboration, Debtor provides the instant official medical record [EXHIBIT A].

These are Debtor's official medical records. Regarding the surgery which occurred on June 13th. Other documents will be supplied in further corroboration as additional evidence becomes available, or if the present materials are insufficient.

Additional photos of the cancer inside of Debtor as shown on [EXHIBIT A, pages 3 and 4] are available, but are of a highly frightening and bloody nature. However, if further corroboration is desired, they will be produced.

To summarize: Page 1 shows the presence of an anesthesiologist which is proof that this was very serious surgery and not an infected zit popped and treated in a doctor's office.

Page 1 shows a diagram of Debtor's lower intestine with 15 areas of present cancer infection shown.

Page 2 contains physician commentary. Materials crossed off are done so for privacy concerns mandated by Health Information privacy rules. See www.hhs.gov.

Page 3 and 4 are photos of cancer presently growing in Debtor's intestines. Other photos are available, but the two presented are the least shockingly gory.

Page 5 is the tracking of Debtor's heart rate during the

procedure.

(Examined carefully, the two times Debtor's blood pressure dropped to dangerously low levels can be seen.)

Page 6 contains the pre-procedure medication record which evidences Debtor's need for pain-relief medication every 2 hours. This can be adduced from standard surgery protocols which bar all medications other than those needed to abate intense pain.

As to the surgery scheduled for July 10th, Debtor is endeavoring to obtain documentation which will evidence that procedure. However, as may be expected, hospitals are not in the business of documenting events which have not yet happened. Debtor is working to resolve this problem.

### a. *Significance of Evidence Presented*

Debtor consulted his physician as to what material the doctor believed would most easily and readily demonstrate his health prognoses based on the June 13th procedure, but still comply with the Health Privacy Act when placed into the public record. Materials presented here are based on Debtor's physician's recommendation.

The material presented allows examination and ready realization that Debtor is a very sick and dying man.

### b. *Debtor's Need for a Stay*

Debtor's July 10th surgery will be here in 2 weeks. Debtor is required to take various radioactive substances so as fully to mark the various cancers so that their removal will be complete. These surgery specific materials impair Debtor's physical strength, stamina and mental acuity. Debtor's ability to focus and concentrate for trial preparation is very impaired – and Debtor simply cannot work on trial preparation or other tasks with focus and presence of mind he usually has.

Additionally, with 2 weeks to Debtor's possible death, it is Debtor's intent to visit friends, make final amends[3], engage in intense prayer and attempt not to be more "freaked-out" than he already is.

This is Debtor's extreme crisis – and he will provide more and further corroboration as soon as practicable and as may be demanded of him.

- - - - - - ---- -- ---

3. *Since Debtor has no other manner than the instant footnote to communicate with his siblings, he does so here. Debtor invites his brothers or sister or their spouses to call him to make an effort at final resolution of their disputes.*

Case 16-33185-pcm7    Doc 744    Filed 06/24/19

## 5. **MEMORANDUM**

In *Landis v. North American Co.* (1936) 299 U.S. 248, 254, Mr. Justice Cardozo wrote:

> the power to stay proceedings is incidental to the
> power inherent in every court to control the
> disposition of the causes on its docket

In the present circumstances, Debtor has a medical crisis of grave, life-terminating and extremely immediate magnitude.

A stay is necessary to maintain an equitable balance between the parties, because at the present time, Debtor simply cannot work on the various cases proceeding before this Court, because he lacks the strength to do so.

Debtor's request for stay is straightforward. After July 10th, Debtor's recuperation will be 4-6 weeks (if he survives). Debtor would suggest a stay until September 1st, at which time matters can be scheduled to move forward.

### a. *Legal Standard for Stay*

The legal standard for a stay requires that the "the movant must make out a clear case of hardship . . . . to go forward."

*LaSala v. Needham & Co., Inc.* (2005) 399 F.Supp.2d 421, 427

16-33185 / STAY PROCEEDINGS - JUNE 23RD - 2019 – p. 8

Here, Debtor has explained his medical crisis.

Debtor has provided such documentary evidence and photos as will readily communicate the depth of his crisis without violation of health privacy laws.

**The present crisis is by its essential definition "a clear case of hardship," (*ibid*). Potential death is the ultimate hardship. By its nature there is no greater hardship than death.**

### b. *Extreme Good Cause: Debtor May Die*

There is one foundational forewarning regarding treatment of all cancers: early detection, early treatment are essential to survival.

Debtor has been battling melanoma since 2014 through medical treatments of chemotherapy and surgery. Regardless of the battle until now, Debtor faces further life-erasing challenges. Debtor can not conceive of any other strategy than trying to survive.

Upon that basis, Debtor seeks a stay so that he may pursue surgery to seek to maintain his health and survival, without fear that he will lose the essential time necessary to continue preparation for trial in the several instant cases.

### c. Good Cause – Complexity of the Issues

Because of the complexity of the issues in this Bankruptcy and because Debtor's current medical crises cause him to be unable to continue researching and writing his various papers, debtor must request a stay so as to complete his work at some later time.

One measure of good cause is to project matters to be presented in light of the complexity of the issues, because that is the only way in which the facts and law of a case can be fully developed and be competently applied to one-another. *Kifafi v. Hilton Hotels Retirement Plan* (2011) 826 F.Supp. 2nd 55, 58.

Here, debtor contends that it is good cause for a stay because he seeks fully to develop his defenses, which he cannot do while impaired by his present immense fear of death.

Thereupon, debtor asks a stay, so to properly develop the facts, evidence and law for trial preparation when he is more fully able to do so.

### d. Decision on Merits Rather than Technicalities is Also Good Cause for Extension

The U.S. Supreme Court has directed Federal Courts to decide cases on their merits, not constraining technicalities. *Foman v Davis* (1962) 371 U.S. 178, 182 accord *Conley v. Gibson,* (1957) 355 U.S. 41,47.

The standard of the Court of Appeal's procedure for weighing merits versus technicalities has been expressed as:

> This court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."

*Balistreri v. Pacifica Police Department* (1990) 901 F.2nd 696, 699

Here, debtor is proceeding *pro se*. Debtor's needing a stay to complete trial preparation is merely a technicality of the life process: people get sick – it would be an abomination if illness were routinely used as justification to deprive a person of time to prepare for trial. Debtor's illness and upcoming surgery should not become the time constraints which defeat Debtor's efforts.

## 6. Declaration of Peter Szanto

1. My name is Peter Szanto and this is my truthful declaration.
2. I verify that all of the statements made in this application are true of my own personal knowledge or are based on sources and evidence which I believe to be true.
3. I am facing surgery which may result in my death on July 10th.
4. I am preparing for that surgery pursuant to my surgeon and physicians' instructions, but am nevertheless strained and frightened by the possibility of my death.

5. That surgery preparation will constrain my ability to prepare for trial, because the regimen of chemotherapy impairs my ability to think clearly and weakens my strength so as to make travel to locales where I can obtain the evidence necessary for trial difficult and prohibitive (physically impossible).

6. There are numerous other strains and fears of a much deeper personal fear and psychological terror dimension which also limit my ability to prepare for trial.

7. [EXHIBIT A, photos on pages 3 and 4] are photos of cancer intrusion in my intestines as photographed during my surgery on June 13, 2019.

8. The pain from my intestinal cancers necessitates my taking pain killer medication every two hours.

9. I am also taking various radioactive isotope markers in preparation for surgery; these chemicals impair my strength and ability to concentrate.

10. I am unable to concentrate on trial preparation at the present time, because of the various medications I am taking AND the immense stress I am undergoing in anticipation of death.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Signed at Irvine CA.

DATED 24 June 2019 /s/ *signed electronically* Peter Szanto

## 7. Conclusion

Debtor asks for a stay of the proceedings herein and in the related adversarial proceedings pending further knowledge and certainty regarding his health until 6 weeks after his upcoming surgery set for July 10th.

Respectfully,

DATED  24 June 2019   /s/*signed electronically* Peter Szanto

16-33185 /    STAY PROCEEDINGS - JUNE 23RD - 2019 – p. 13

Case 16-33185-pcm7    Doc 744    Filed 06/24/19

# PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within:

**Notice of Motion and Motion for Stay** on the following by placing the described documents in postage pre-paid envelopes and mailing the same as follows:

    a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101

    b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618

    c. JPMorgan Chase Bank, represented by:

        Gadi Shahak c/o Shapiro & Sutherland

1499 Tech Center Place, Suite 255, Vancouver, WA 98683

    d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204

    e. Oregon Department of Revenue, 955 Center St., Salem OR 97301

    f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502

    g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657

h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 6/24/ 2019     /s/ *signed electronically* M. Reynolds

16-33185 /         STAY PROCEEDINGS - JUNE 23RD - 2019 – p. 14

Case 16-33185-pcm7     Doc 744     Filed 06/24/19