Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
Martin L. Smith, WSBA #24861
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Tel: (503) 326-7659
Email: martin.l.smith@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18, Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| In re<br><br>Peter Szanto,<br><br>Debtor. | Case No. 16-33185-pcm11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR STAY; DECLARATION OF MARTIN L. SMITH** |

Acting United States Trustee for Region 18, Gregory M. Garvin (the "United States Trustee") hereby objects to the Emergency Motion for Stay (the "Stay Motion") filed by Peter Szanto (the "Debtor") as ECF document no. 744. The Stay Motion seeks a stay of this bankruptcy case, and all related adversary proceedings, until September 1, 2019. The pending adversary proceedings include discharge litigation in *UST v. Szanto*, no. 18-03022-pcm (the "Discharge Litigation"). This objection is supported by the attached Declaration of Martin L. Smith (the "Smith Decl.") and Exhibit A thereto.

The Stay Motion is based on the Debtor's assertions of medical emergencies and procedures, which he alleges require his immediate time and attention to such a degree that everything bankruptcy-related must stop. To support the Stay Motion, the Debtor attached an

OBJECTION - 1

Exhibit A that he says represent certain medical documents and photographs relating to his purported surgery on June 13, 2019. The Court will note that the Debtor's Exhibit A contains substantial redactions, including physician and nurse identifying information. Noticeably absent in support of the Stay Motion is a declaration or letter from any medical professional about the purported recent surgery, or what the Debtor says is a life-threatening additional surgery scheduled for July 10, 2019.

In light of the Court having found at least two instances of the Debtor filing altered documents with the Court – in the main case it was bank statements, and in the Discharge Litigation it was an altered photograph – the Debtor should be required to provide additional evidence of the facts he asserts justify a stay. That evidence should be in a form that allows parties in interest to confirm its authenticity and accuracy. For example, a detailed letter or declaration signed by a physician who is authorized by the Debtor to speak with parties in interest about the letter's content.

It is unclear what the exact scope of the requested stay would be. For instance, is he asking to prohibit the chapter 7 trustee from further administration of the case during the stay? Also, there are trials scheduled in adversary proceedings, including the Discharge Litigation, and a multitude of deadlines leading up to trial. Is he, as it appears, asking for all deadlines in all litigation to be stayed and new Scheduling Orders entered sometime after September 1st? What about, for example, discovery to a third party that doesn't require any action by the Debtor?

The United States Trustee recently received a letter from the Debtor saying he was going to be in Seattle in July, and that he would be available on July 16th to come to the United States Trustee's office and educate us about why the Discharge Litigation is frivolous and not justified. A copy of the letter is attached to the Smith Decl. as **Exhibit A**. The Debtor's availability in Seattle on July 16th seems at odds with the life-threatening surgery he says is scheduled to undergo on July 10th. That contradiction, the insufficiency of the current evidence provided to support the Stay Motion, and the Debtor's history of attempting fraud on the Court with altered documents, all suggest that the Stay Motion may be a bad-faith litigation tactic by the Debtor.

OBJECTION - 2

The United States Trustee requests that the Stay Motion be denied without a hearing and without prejudice to the Debtor filing a new motion that provides sufficient detail of the form, scope and duration of the stay requested, and that is supported by admissible and confirmable documentary evidence of his need for the global-type stay he seems to want.

DATED this 24th day of June, 2019

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Trial Attorney

OBJECTION - 3

# DECLARATION OF MARTIN L. SMITH

I, Martin L. Smith, declare as follows:

1. I am a trial attorney employed by the United States Department of Justice in the Office of the United States Trustee, Region 18, Seattle, Washington. I represent the plaintiff, Gregory M. Garvin, Acting United States Trustee for Region 18, in the above-captioned adversary proceeding.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify competently thereto.

3. Attached hereto as **Exhibit A** is a true and correct copy of a letter I received from Peter Szanto as an email attachment on June 23, 2019.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of June, 2019

                                                     /s/ Martin L. Smith
                                                   Martin L. Smith

OBJECTION - 4

# EXHIBIT A