UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re  ) Case No. **16-bk-33185-pcm**
   **Peter Szanto** )
   ) NOTICE OF HEARING ON
   ) (Check **ONE**)
   ) ☐ Motion to Extend/Impose Stay Per §362(c)
   ) ☐ Debtor's Motion to Impose Stay Per §362(n)
   )
Debtor(s) ) **PER 11 USC 362(D)**

YOU ARE NOTIFIED that the attached Motion was filed by: **Peter Szanto**.

The name and service address of the moving party's attorney (or moving party, if no attorney) are: **Peter Szanto**
**11 Shore Pine Dr., Newport Beach CALIF 92657**.

(If debtor is the moving party) The debtor's address and Taxpayer ID#(s) (last 4 digits) are:
**11 Shore Pine Dr., Newport Beach CALIF 92657  (2357)**.

**Notice is given that**:

A **Telephone Hearing** on the Motion, at which testimony will be taken if offered and admissible, will be held as follows:

| | |
|---|---|
| **Date**: | **10/15/19** |
| **Time:** | **2:00 PM** |
| **Call In Number:** | (888) 684-8852 |
| **Access Code:** | 3702597 |

The moving party must be present at the hearing.

**TELEPHONE HEARING REQUIREMENTS**

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you. If you have problems connecting, call the court at (503) 326-1500 or (541) 431-4000.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking.  If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak.  Do not put the court on hold if it will result in music or other noise.  If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality.  Position the telephone to minimize paper rustling.  Do not use a keyboard or talk with others in the room.  Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself.

7. Be on time.  The judge may handle late calls the same as a late appearance in the courtroom.

    **/s/ signed electronically / Peter Szanto**
    Signature

I certify that on __**09/30/19**__ I served copies of this Notice and the Motion on the debtor(s), all creditors, all parties requesting special notice, any Creditors' Committee Chairperson, and their respective attorneys.

    **/s/ signed electronically / M. Reynolds**
    Signature & Relation to Moving Party

721.5 (7/18/13)

Peter Szanto  949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. BANKRUPTCY COURT

### DISTRICT OF OREGON
1050 SW 6th Ave #700 Portland, OR 97204 (503) 326-1500

| In Re Peter Szanto, | # 16 –bk-33185 pcm7 |
|---|---|
| | **DEBTOR'S Notice of Motion and Motion to Reinstate the 11 USC § 362 Stay** |
| Debtor | |
| | **11 USC § 362(d)** |
| | **EXPEDITED HEARING REQUESTED** |

May it please this Honorable Court.

Comes now Debtor to reinstate the 11 USC § 362 stay.

Due to lost time and inability to work because of his illness, surgeries and hospitalization, Debtor has been unable to complete sale of his home. The most crucial issue created thereby, because of a lack of funds to use to purchase a new residence, is the liklhood of Debtor becoming homeless. To avoid this very adverse result, Debtor will forthwith commence making the monthly payments required by creditor. Debtor asks for this Court's approval to pursue such action by reinstatement of the 11 USC § 362 stay.

16-bk-33185        Motion to Reinstate 11 USC § 362 Stay Motion – pg. 1

## 1. Debtor's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

During the week commencing 9-23-2019 (on Monday at 10AM, on Tuesday at 10AM, on Thursday at 4PM), Debtor telephoned the attorney who moved the Court for relief from stay, Mr. Shahak, who is the counsel for JPMorganChase. All of the calls went to voice mail. Debtor left messages seeking to have a discussion about reinstating the automatic stay without Court involvement. <u>Debtor received no return calls from Mr. Shahak</u>. For this reason, no resolution was reached as to the matters in this application.

Thereupon, pursuant to LBR 7007-1(a)(1)(A): many good faith efforts at resolution were made, but the parties were unable to resolve the conflict as to the issues which are the subjects of this motion.

I certify under penalty of perjury under the laws of the United States, that foregoing is true and correct. Signed at Irvine CA

Dated 9/30/ 2019     /s/ *signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**<u>Notice!!!</u> If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must**

16-bk-33185         Motion to Reinstate 11 USC § 362 Stay Motion – pg. 2

set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

### 3. FACTS

Relief from stay was predicated on the very good likelihood that Debtor would be able to complete sale of his home by October 15, 2019.

As the Court is well aware, Debtor has been battling melanoma, has had multiple surgeries, a lengthy 40 day hospitalization, a 4 day trial in this Court and immense, intense psychological trauma such that the sale of his home has not been completed.[1]

The most difficult issue for Debtor is that he has been unable to secure any new residence.[2]

- -- - -- - -- - -- -- --- ---- ----- ------ ------- -------------------------

1. *Debtor's attending physician Dr. Globus, as per (18-3022, DE 232), is prepared to discuss Debtor's medical condition for this case in open court.*
2. *One grave difficulty in completion of a sale is that JPMorgan Chase has not been prompt nor co-operative in providing the necessary pay-off amounts so that potential buyers could be aware of all actual facts.*

16-bk-33185   Motion to Reinstate 11 USC § 362 Stay Motion – pg. 3

Additionally, since the previous hearing as to the matter herein, Debtor has secured new, consistent and steady sources of income such that he is now ready, willing, able and anxious to pay the monthly mortgage payments on his residence as demanded in the application for relief from stay (DE 671, p.3, # e) in the amount of $4,744.58.

## **The $4,744.58 / month payments can commence immediately**.

The prime reason Debtor seeks expedited reinstatement of the 11 USC § 362 stay is so that his payment, due on the 1st and late on the 10th, can be made expeditiously for the month of October 2019, **right now**.

### **4. MEMORANDUM**

Creditor JPMorgan Chase (JPM) has been granted relief from stay as effective 10-15-2019.

In conformance with that relief, 11 USC § 362(d)(3) provides:

> with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments that—
> (i) may, in the **debtor's sole discretion**, notwithstanding section 363(c)(2),

> be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;

Thereupon, as stated *supra*, **Debtor will commence the $4,744.58 / month payments immediately.**

### *a. 1st Good Cause: Debtor's Poor Health*

The 9th Circuit Court of Appeals explained in *Jackson v. Roe,* (9th Cir. 2005) 425 F.3rd 654, that 'good cause' does not require a showing of any "extraordinary circumstances." (*ibid* 661–62).

Here, the good cause for relief is Debtor would become homeless were a foreclosure permitted now. Debtor is without sufficient assets to secure a replacement home without sale of his current residence.

Importantly, Debtor is confident that the forthcoming effort to deny him a discharge will be unsuccessful. Thereafter, Debtor will again make application for conversion to Chapter 11 so that reorganization of his finances can re-commence.

Therefore, the good cause is that all the matters which Debtor did anticipate completing by now were derailed due to Debtor's battle against

melanoma and Debtor's hospitalization. Therefore, the delays which have plagued Debtor are good cause for the reinstatement of the stay and commencement of payments.

### b. 2nd Good Cause: Breathing Room for Debtor

Debtor has contended, since the 2011 settlement of the parties' state court action that JPMorganChase has purposefully violated the valid agreement between the parties. (By many improper acts that would never be attempted were Debtor an attorney.)

Presently, that breach of the parties' settlement agreement is before the District Court on appeal.

Debtor believes that he will prevail on appeal, because there is very significant evidence of JPM's improper actions since the matter was settled - - -  for example, JPM has simply not been forthright and honest in allow- the participants to the settlement to testify or respond to Debtor's discovery requests.

Thus, the various demands of time, not just as to Debtor's illness, but also to pursue the appeal of the Bankruptcy Court's denial of enforcing the settlement agreement require Debtor to have that "breathing room" to continue appeal, continue demonstration of qualification for discharge and

to be able to finalize the sale of his residence.

Debtor should be allowed to continue making mortgage payments so that he is allowed effectively to resolve those matters by which the Court was duped into granting conversion.

Regardless of the Court's animosity towards Debtor, Debtor still contends that ample proof exists to demonstrate that he has properly used the Bankruptcy laws. All of this will be demonstrated as the case moves forward.

For now, however, Debtor must request that this Court allow him to continue the required JPM payments so that he the opportunity to pursue completion of Bankruptcy reorganization as he originally intended and as envisioned by Congress and the President when they implemented the Bankruptcy laws:

> **An examination of the legislative history and overall statutory scheme supports our conclusion. According to the legislative history, the purpose of the automatic stay is <u>to give the debtor a breathing spell from creditors</u>, to stop all collection efforts, and to permit the debtor to <u>attempt repayment</u> or reorganization. S. Rep. No. 989, 95th Cong., 2d Sess. 54-55, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5840-41. Congress intended the scope of the stay to be broad. "All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil actions as well, and all proceedings even if they**

16-bk-33185     Motion to Reinstate 11 USC § 362 Stay Motion – pg. 7

are not before governmental tribunals." H.R. Rep. No. 595, 95th Cong., 2d Sess. 340 *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6297.

*In re Computer Communs*., (9th C., 1987) 824 F.2d 725, 729

Thus, Debtor asks reinstatement of the stay such that he may immediately continue servicing his loan as required by the parties' contract.

### 5. Declaration

1. My name is Peter Szanto.
2. I am the Debtor herein.
3. This is my truthful declaration relating to my need to reinstate the 11 USC § 362 stay.
3. I verify that all the statements in this motion are true of my own personal knowledge or are based on facts and information I believe to be true.
4. The fact that I have not been able to a complete a sale of my home is because of **factors and events beyond my control**: I have been ill, had multiple surgeries, been hospitalized, prepared and advocated a defense at a 4 day trial and many other things AND so have been unable to complete sale of my residence.
5. The primary problem has been having a place to which to move: searching and locating such a place has been impossible because I do not have enough money to put-up earnest money nor many other

monetary requirements of a real estate purchase transaction, since I am physically and mentally constrained by a multitude of demands (healthwise, this litigation's demands and financial constraints) over which I am have limited, insufficient and ineffective control.

6. My source of funds for any new house must come from the proceeds of the sale of my current residence – I am unable to afford a new residence otherwise!!

7. Since the previous hearing, I have new sources of income and can unequivocally commit to making **$4,744.58** monthly payments commencing **immediately**!!

8. The alternative to being able to continue making payments is becoming homeless through foreclosure.

9. Even though I am able to commit to $4,744.58 as a monthly housing budget, that amount does not translate into being able to rent an apartment for that amount.

10. This is because of the generally standard $10,000 for 1st and last months and cleaning deposit apartment rental protocol in Southern California – which amount I simply do not have.

11. Another aspect of apartment rental is the credit check, which is also a protocol in Southern California.

12. When I sought to rent an apartment, in preparation for this motion, the credit inquiry resulted in the landlord informing me that she does not rent to persons who have Bankruptcies within the last 3 years on their credit reports.

13. Thus, I am further cut-off from having any alternative to retaining my current residence while this Bankruptcy proceeds.

14. Further problems are added by the notion of living elsewhere than

Southern California – <u>this alternative is impossible</u>, because I would be cut-off from the business area where I have developed a client base after 22 years. (Even when I was living in Nevada and Oregon my client base in California provided a great deal of income which I could manage well remotely or with short trips to California; thus any notion of relocating will adversely impact my income.)

15. Likewise, all of the healthcare professionals who I see and who treat me are located at the UCLA, UC Irvine and University of Southern California medical centers.

16. Relocating would create travel hardships, especially for emergencies and also extra expenses for overnight stays.

17. Additionally, some of the treatments I receive are experimental, because I would rather die having contributed to the improvement of health care than die anyway without having helped at all.

18. My eagerness for "cutting edge" treatment from a world renowned research facility such as UC Irvine (with 6 Noble Prize winning physicians having practiced there) provides solace in a situation which has very little joy about it. This ability to contribute would also be compromised if I were forced to relocate.

19. Relocation for Mrs. Szanto would also be difficult, because she has many friends in Southern California who provide her support in her medical and emotional crisis.

20. Thus, the reality of returning to income production is that my income is not yet adequate to purchase another home or to secure an apartment.

21. Likewise, the opportunity to purchase a new home without selling the home protected by the automatic stay has not happened.

16-bk-33185    Motion to Reinstate 11 USC § 362 Stay Motion – pg. 10

Case 16-33185-pcm7    Doc 831    Filed 09/30/19

22. Therefore, retention of the 11 Shore Pine property is essential to my completion of Bankruptcy.

23. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 9/30/ 2019    /s/ *signed electronically* Peter Szanto

## 6. Conclusion

For the reasons and good causes enumerated, and other reasons to be explained at any hearing, debtor prays reinstatement of the 11 USC § 362 stay such that he can **immediately** commence payments to JPM.

Respectfully,

Dated 9/30/ 2019    /S/ *signed electronically* Peter Szanto

16-bk-33185            Motion to Reinstate 11 USC § 362 Stay Motion – pg. 11

Case 16-33185-pcm7    Doc 831    Filed 09/30/19

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within: **Motion** on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by: Gadi Shahak c/o Shapiro & Sutherland 1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, Candace Amborn - POB 580 - Medford, OR 97501
g. Susan Szanto – POB 14894, Irvine CA 92623
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 9/30/ 2019    /s/ *signed electronically* M. Reynolds