

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

1050 S.W. SIXTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

M. CAROLINE CANTRELL
LAW CLERK

BEN COLEMAN-FIRE
LAW CLERK

TONIA McCOMBS
LAW CLERK

November 26, 2019

Peter Szanto (via ECF)
11 Shore Pine
Newport Beach, CA 92657

Nicholas J. Henderson (via ECF)
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204

      Re:    In re Peter Szanto, Case 16-33185-pcm7
               Claim Numbers 8-13

Dear Mr. Szanto and Mr. Henderson:

      The purpose of this letter is to address a number of issues arising from a hearing held on November 5, 2019, in the above referenced bankruptcy case (the Hearing). The Court will enter an order consistent with this letter.

      In February of 2018, Nicholas Henderson, on behalf of his clients (Claimants), filed six proofs of claim in this case. See Claims 8-13 (collectively, the Claims). The Claims appear to assert causes of action against Debtor for wrongful use of civil proceedings (WUCP) and intentional infliction of emotional distress (IIED) based on alleged conduct by Debtor as described in the Claims.[1] In August of 2019, Debtor objected to the Claims on various grounds, some of which I will address below. Debtor's objections to the Claims gave rise to a contested matter.

---

      [1]    Claim 11 filed on behalf of Kimberly and Austin, and Claim 12 filed on behalf of Nicole, assert claims only for IIED. The rest of the proofs of claim assert claims for WUCP and IIED.

A. <u>Clarification of Remaining Claims</u>

Debtor filed a chapter 11 petition in August of 2016.[2] A little over one month after he filed his chapter 11 petition, Debtor filed a complaint against Claimants in this Court, initiating Adversary Proceeding 16-3114-pcm (the AP).[3] Claimants asserted counterclaims for WUCP and a determination that Debtor is a vexatious litigant (the Counterclaims). The Court held a three-day trial on the Counterclaims in late August of this year and issued its memorandum opinion ruling on the trial on November 25, 2019.[4]

Because of the unusual procedural posture of this contested matter arising on the eve of the AP trial and the overlapping nature of at least some of the Claims, the Court set the Hearing to, among other things, obtain clarification from Mr. Henderson about what claims remain to be determined in the contested matter. At the Hearing, Mr. Henderson clarified that most of claims asserted in the proofs of claim were presented and fully adjudicated in the AP and that only the following claims remain to be determined:

    1. A claim by Victor against Debtor, as stated in Claim 8, for IIED based on allegations that Debtor caused a domestic violence restraining order to be served on Victor in 2017 (the 2017 DVRO).

    2. A claim by Evye against Debtor, as stated in Claim 9, for IIED based on allegations that Debtor caused the 2017 DVRO to be served on Victor.

    3. Claims by Kimberly and Austin against Debtor, as stated in Claim 11, for IIED based on Debtor's filing of the AP.

    4. A claim by Nicole against Debtor, as stated in Claim 12, for IIED based on Debtor's filing of the AP.

Mr. Henderson stated at the Hearing that the claims filed on behalf of Anthony and Mariette (Claim 10), and Barbara (Claim 13) were fully litigated in the AP. The Court will hereafter in this letter refer to the claims listed above filed on behalf of Victor, Evye, Kimberly and Austin, and Nicole as the Remaining Claims.

If Mr. Henderson disagrees with my description of the claims that remain to be determined in this contested matter, i.e., the Remaining Claims, he must, no later than December 4, 2019, upload correspondence to the Court that explains the substance of his disagreement.

---

    [2] The Court entered an order converting Debtor's case to chapter 7 in December of 2017.

    [3] There was an additional defendant in the AP who is not pertinent to the issues currently before the Court.

    [4] The Court earlier granted Claimants' motion for summary judgment on Debtor's claims against Claimants. That judgment is currently on appeal.

Otherwise, the Court will enter an order limiting the claims to be determined in this contested matter to the Remaining Claims.

    B. Court's Initial Briefing Request

One of the grounds upon which Debtor objects to the Claims is that they are personal injury tort claims within the meaning of 28 U.S.C. § 157(b) and that only a United States District Court has jurisdiction over such claims. No later than December 18, 2019, Mr. Henderson shall file a brief addressing whether the Remaining Claims are personal injury tort claims within the meaning of § 157(b) and whether personal injury tort claims must be immediately transferred to the United States District Court for the District of Oregon or whether this Court has the authority to retain the matter up to and including the lodging of a final pretrial order or to issue proposed findings of fact and conclusions of law.

Mr. Szanto shall file any responsive brief no later than January 2, 2020.

I do not require, and will not consider, briefing on the question of whether this Court has jurisdiction over the WUCP claims that were litigated in the AP. Debtor argues in his claim objections that Claimants' WUCP claims are personal injury tort claims over which this Court lacks jurisdiction. Assuming, without deciding, that the WUCP claims are personal injury tort claims within the meaning of 28 U.S.C. § 157(b), section 157(b)(5)[5] is not jurisdictional and may be waived. Stern v. Marshall, 131 S.Ct. 2594, 2606-08 (2001). See also In re Lee, 2015 Bankr. LEXIS 869, *12 (Bankr. C.D. Cal. 2015) (because 28 U.S.C. § 157(b)(5) is not jurisdictional, party may waive objection to bankruptcy court adjudication).

Debtor waived his objection to this Court's adjudication of the WUCP claims by failing to raise that objection in a timely manner. Debtor waited until essentially the eve of trial to file his claim objections and failed in any way to raise this particular objection in the AP until he did so by reference to his claim objection at the final pretrial conference, which was held less than one week before the AP trial commenced. Therefore, Debtor's objection that the Court lacks jurisdiction over the WUCP claims tried in the AP will be overruled.

Victor and Evye asserted a WUCP claim in the AP based on the 2017 DVRO. "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 918 (9th Cir. 2012). It appears that the IIED claims asserted by Victor and Evye are based on the same factual circumstances as the WUCP claims litigated in the AP, and therefore are barred. Mr. Henderson shall include in the brief due no later than December 18, a statement of whether he agrees that they are barred. If

---

    [5]    28 U.S.C. 157(b)(5) provides:

    The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

he disagrees, he shall explain in that brief why the IIED claims asserted by Victor and Evye are not barred.

    C.  <u>Overruled Claim Objections</u>

Debtor presented his claim objections on the Court's Form 763 and included an attachment. I will address those objections in the order presented by Debtor.

**Objection Based on Fed. R. Bankr. P. 3001**: Debtor objects to the Claims on the basis that the proofs of claim do not include the documentation required by FRBP 3001(c) and (d). Subsection (c) of FRBP 3001 provides, with a certain exception not relevant here, that "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." Subsection (d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

This objection is overruled. FRBP 3001 is inapplicable to the Claims because they are based in tort, not on a writing. Moreover, the proofs of claim are supported by adequate documentation in the form of addenda. Subsection (d) is inapplicable because Claimants are not asserting secured claims.

**Objection Based on Lack of Service of the Claims**: Debtor objects to the Claims on the grounds that his due process rights were violated because he was not "duly noticed," and that Claimants' failure to serve the Claims on the chapter 7 trustee "violated Debtor's Title 11 rights" and demonstrates that Claimants and the Trustee are colluding.

This objection is overruled. There is no requirement that a chapter 7 debtor receive separate service of proofs of claim filed in his or her case. Claimants timely filed their proofs of claim and those claims were docketed on the claims register in this case. There is an independent duty to monitor the claims register in a chapter 7 case. Debtor has had full electronic access to the docket in this case at all pertinent times. In addition, Debtor lacks standing to raise any argument on behalf of the chapter 7 trustee.

**Objection A**: Debtor objects to the Claims on the basis that the Court lacks jurisdiction because he has been forced into involuntary bankruptcy against his will in violation of the 13th Amendment to the United States Constitution.

Debtor misapprehends the concept of jurisdiction. An error, even a constitutional error, does not in itself render a court without jurisdiction. In any event, the factual premise of this objection is incorrect. Involuntary bankruptcy cases are commenced pursuant to § 303. Debtor filed a voluntary chapter 11 petition and his case was later converted to chapter 7 in accordance with 11 U.S.C. § 1112(b). This is not an involuntary bankruptcy case. Moreover, even if it was, Debtor does not cite, and I am not aware of, any authority to support the proposition that an involuntary chapter 7 bankruptcy case violates the 13th Amendment.

**Objections B and C**: These objections concern 28 U.S.C. § 157(b), which I discuss above.

Peter Szanto
Nicholas J. Henderson
November 26, 2019
Page 5

This objection is overruled as to the WUCP claims that were tried in the AP for the reasons discussed above. I will defer ruling on this objection as it applies to the Remaining Claims.

**Objections D, E and F**: Debtor objects on the basis that the Claims have been adjudicated in other courts (Objection D),[6] and are barred by the statute of limitations and laches (Objections E and F).

These objections are overruled as to the WUCP claims. Fed. R. Civ. P. 8(c)(1), made applicable by Fed. R. Bankr. P. 7008, requires that certain affirmative defenses, expressly including laches, res judicata and statute of limitations, be affirmatively stated in a responding party's initial responsive pleading. Debtor did not assert any of the affirmative defenses upon which he now relies in his answer to the counterclaims in the AP. See Adv. P. 16-3114-pcm, Doc. 96. I have already found that Debtor waived his statute of limitations objection. See Adv. P. 16-3114-pcm, Doc. 571, pages 7-8. His res judicata and laches defenses are overruled on the same grounds. The AP has been fully litigated and decided and Claimants would be unfairly prejudiced if Debtor was permitted to pursue those defenses now after failing to raise them in his responsive pleading.

I will defer ruling on these objections as they relate to the Remaining Claims.

The court will prepare the order.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge

cc: Chapter 7 Trustee

---

[6] Debtor clarified at the Hearing that this objection is based on res judicata.