Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. |
| PETER SZANTO, ) | 16-33185-pcm7 |
| ) | |
| ) | ORDER DENYING DOC. |
| ) | 869 |
| ) | |
| Debtor. ) | |

In December of 2018, the Court entered an order approving an application by the then chapter 7 trustee, Stephen P. Arnot (Arnot) to employ Rajah & Tann Singapore LLP as legal counsel (Singapore Counsel) pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Doc. 625 (the First Employment Order). Arnot employed Singapore Counsel to assist him in domesticating and/or registering in Singapore this Court's October 2, 2018, Order Granting Trustee's Motion for Contempt (the Contempt Order). Doc. 590. The Contempt Order requires, among other things, that Debtor sign documents authorizing HSBC Bank Singapore Ltd. (HSBC) to release information to the Trustee and assist the Trustee in obtaining turnover of all property of the bankruptcy estate that Debtor transferred to

Page 1 - ORDER DENYING DOC. 869

and/or was on deposit with HSBC.  The Court ultimately overruled Debtor's objections to the First Employment Order.  <u>See</u> Doc. 651.  In so doing, the Court found, among other things, that Arnot needed to employ Singapore Counsel as a direct consequence of "(1) Debtor's acts or omissions which resulted in the estate funds being transferred to Singapore, and (2) Debtor's continued failure to comply with the Contempt Order."  <u>Id</u>. at p. 4.

Arnot resigned as chapter 7 trustee on March 26, 2019.  Doc. 701.  On the same day, Candace Amborn (Amborn) was appointed successor trustee.  Doc. 702.  Shortly thereafter, Amborn filed an amended application to employ Singapore Counsel that was identical in substance to the application filed by Arnot.  <u>See</u> Doc. 722.  The court approved Amborn's application to employ Singapore Counsel in an order entered on April 10, 2019 (the Second Employment Order).  Doc. 722.

Debtor thereafter filed a motion captioned Debtor's Notice of Motion and Motion to Disqualify and/or Strike-Out Sham Employment Application of Singapore counsel and Order Thereon (Docket Entries 625 and 722) (the First Motion to Vacate).  Doc. 729.  Debtor argued that the First and Second Employment Orders should be vacated because the attorneys employed by Singapore Counsel are not licensed to practice law in the United States and thus may not appear before a court in this Federal District under LBR 9010-1(a) and LR 83-3.  Debtor also argued that Singapore Counsel is not disinterested as required under § 327(a) because its attorneys have interests adverse to Debtor's interests.  The Court rejected both arguments for the reasons set out in an order dated May 16, 2019 (Order Denying First Motion to Vacate).  Doc. 734.

On December 5, 2019, the Court entered an order approving Amborn's second amended application to employ Singapore Counsel (the Second Amended Application). Doc. 860. In the Second Amended Application, Amborn increases her estimate of the total legal fees from $15,000 to $35,000. Amborn represents that because of objections raised by Debtor, Singapore Counsel has had to expend more time than originally estimated.

On January 6, 2020, Debtor filed a motion captioned Debtor's Notice of Motion and Motion to Disqualify and/or Vacate Sham 2nd Employment Application of Singapore Counsel and ORDER thereon (Docket Entry 860) (the Second Motion to Vacate). Doc. 869. The Court will assume, without deciding, that Debtor timely filed the Second Motion to Vacate.

The Second Motion to Vacate is substantively the same in material aspects as the First Motion to Vacate. Debtor raises two primary arguments in the Second Motion to Vacate, both of which the Court rejects.

First, Debtor argues that the Second Amended Application should be vacated because it violates LBR 9010-1(a) and LR 83-3. As the Court explained in the Order Denying First Motion to Vacate, that argument is without merit. LBR 9010-1(a)(1) provides that "[t]o appear before the court, an attorney must be admitted to practice before the district court." LR 83-3, made applicable by LBR 9010-1(a)(2)(C), addresses *pro hac vice* applications and provides that an "attorney who is an active member in good standing of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States, may apply to be specially admitted *pro hac vice* in a particular case" if certain requirements are satisfied. Debtor

misapprehends the nature of the employment approved in the Second Amended Application. Singapore Counsel has not applied to appear, and is not appearing, *pro hac vice* before this Court. As a result, there is no requirement that Singapore Counsel's attorneys be licensed to appear before a United States federal or state court. Arnot and Amborn retained Singapore Counsel to represent them in Singapore.

Debtor's second argument is that Singapore Counsel is not disinterested because the firm's attorneys have interests adverse to Debtor's interests. As the Court explained in the Order Denying First Motion to Vacate, this argument is also without merit. A disinterested person is a person who

> (A)  is not a creditor, an equity security holder, or an insider;
>
> (B)  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

§ 101(14). "Disinterested" has a specific and narrow definition under the Bankruptcy Code. Debtor does not argue, and has not shown, that Singapore Counsel is not disinterested within the meaning of the Bankruptcy Code. It is common that an attorney will advance interests that are in conflict with a debtor's interests in the course of representing a chapter 7 trustee.

The Court has considered any additional arguments raised by Debtor in the Motion. The Court has already addressed and rejected many of those arguments in earlier orders. For the same reasons stated in

Page 4 - ORDER DENYING DOC. 869

previous orders, those additional arguments are rejected now as well. Any remaining arguments are irrelevant and/or without merit.  The Court cautions Debtor that if he persists in filing motions based on arguments already rejected by the Court, the Court may sanction Debtor.

For the reasons stated above,

IT IS HEREBY ORDERED that the Second Motion To Vacate is DENIED.

###

cc: Peter Szanto (via ECF)
    Chapter 7 Trustee (via ECF)