Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: )
) Bankruptcy Case No.
PETER SZANTO, ) 16-33185-pcm7
)
) ORDER
)
Debtor. )
)

Nicholas Henderson filed six proofs of claim (the Claims) on behalf of his clients (Claimants) in February of 2018. See Claims 8-13. Debtor filed objections to the Claims in August of 2019, giving rise to a contested matter in this bankruptcy case.

In August of 2016, Debtor filed a chapter 11 petition.[1] A little over one month after he filed his chapter 11 petition, Debtor filed a complaint against Claimants in this Court, initiating Adversary

---

[1] The Court entered an order converting Debtor's case to chapter 7 in December of 2017.

Page 1 - ORDER

Proceeding 16-3114-pcm (the AP).[2]  Claimants asserted counterclaims for wrongful use of civil proceedings and a determination that Debtor is a vexatious litigant (the Counterclaims).  The Court held a trial on the Counterclaims in late August of 2019 and entered judgment in November.

Because of the unusual procedural posture of this contested matter arising on the eve of the AP trial and the overlapping nature of at least some of the Claims, the Court has endeavored to obtain clarification from Mr. Henderson about what claims remain to be determined in the contested matter following resolution of the AP.

In response to correspondence from the Court dated November 26, 2019, Doc. 854, Mr. Henderson uploaded correspondence dated December 4, 2019 (the Letter).  Doc. 859.  Mr. Henderson states in the Letter that "it appears that the only issues left to be tried in this contested matter are claims for Wrongful Use of Civil Proceedings ("WUCP") and Intentional Infliction of Emotional Distress ("IIED") based on the Debtor's wrongful filing of the Adversary Proceeding."

For the reasons stated on the record at a hearing held on January 7, 2020,

IT IS HEREBY ORDERED:

(1)  No later than January 24, 2020, Mr. Henderson shall file amended proofs of claim for each Claimant.  To the extent a Claimant asserts a claim based on the damages awarded in the AP, the amended proof of claim shall specify the amount that is attributable to the judgment entered in the AP.  To the extent a Claimant asserts a claim in addition

---

[2] There was an additional defendant in the AP who is not pertinent to the issues currently before the Court.

Page 2 -  ORDER

to the damages awarded in the AP, the amended claim shall set forth, separately, with specificity and in numbered paragraphs, each legal basis asserted and the facts alleged in support of each such remaining claim.

(2) No later than January 24, 2020, Mr. Henderson shall file a brief addressing the following:

    (A)   Whether any remaining claims for WUCP and IIED are personal injury tort claims within the meaning of 28 U.S.C. § 157(b) and whether personal injury tort claims must be immediately transferred to the United States District Court for the District of Oregon or whether this Court has the authority to retain the matter up to and including the lodging of a final pretrial order or to issue proposed findings of fact and conclusions of law.

    (B)   Whether Oregon law allows a claim for IIED based on the use of court process.

(3) No later than March 26, 2020, Debtor shall file any objections to the amended proofs of claim. Debtor shall file his objections using Local Bankruptcy Forms 763.1 and 763.3 and may include an attachment of no more than five pages. Also no later March 26, 2020, Debtor shall file a brief in response to the brief to be filed by Mr. Henderson that is described in paragraph (2) immediately above. Because Debtor is being provided with an extended period of time to file his objections and responsive brief, and because adjudication of the Claims is necessary for administration of this chapter 7 case to conclude, no extensions of time will be granted.

(4) The claims and objections to be adjudicated in this contested matter will be limited to those specified in the amended proofs of claim

Page 3 - ORDER

and objections thereto that are timely filed in accordance with this order.

###

cc: Peter Szanto (via ECF)
 Nicholas Henderson (via ECF)
 Gary Blacklidge (via ECF)

Page 4 - ORDER