Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: | ) | |
|---|---|---|
| | ) | Bankruptcy Case No. |
| PETER SZANTO, | ) | 16-33185-pcm7 |
| | ) | |
| | ) | ORDER GRANTING DOC. 883 |
| | ) | |
| Debtor. | ) | |
| | ) | |

In an order entered on January 8, 2020 (the January 8 Order), the Court, at Mr. Henderson's request, set a January 24, 2020, deadline for Mr. Henderson to file amended proofs of claim and a brief on behalf of his clients. Doc. 877. On January 24, 2020, Mr. Henderson filed a Motion to Extend Time to File Amended Proofs of Claim and Related Briefing (the Motion to Extend). Doc. 883. Mr. Henderson requests an additional seven days because he underestimated the time it would take to prepare the amended proofs of claim and brief. On January 26, 2020, Debtor filed an objection to the Motion (the Objection). Doc. 884.

Debtor argues that the Motion should be denied because Mr. Henderson failed to serve Debtor's wife, Susan Szanto, with the Motion to Extend.

Page 1 - ORDER GRANTING DOC. 883

Susan Szanto is not a party to this contested matter.  As a result, Mr. Henderson was not required to serve her with the Motion to Extend.

Debtor also argues that the Motion to Extend should be denied because Mr. Henderson failed to comply with LBR 9013-1(b) which, with certain exceptions, requires that a motion be accompanied by a notice of motion.  Motions to extend time are expressly excepted from LBR 9013-1(b).  See LBR 9013-1(b)(2)(F).  Therefore, it was not necessary that the Motion to Extend be accompanied by the notice detailed in LBR 9013-1(b). In making this argument, Debtor states that, in 2018, the Court immediately struck a document he had filed, Doc. 620, that lacked the required notice.  Debtor filed Doc. 620 on December 3, 2018, a few days after the effective date of LBR 9013-1(b).  The Clerk's office did enter an order striking Doc. 620 one day after Debtor filed it.  See Doc. 622. However, as Debtor is well aware, the Court vacated the order striking Doc. 620 less than a week later.  See Doc. 624.  The Court intends to sanction Debtor if he persists in misrepresenting the factual record of this matter.

The Court has considered all other arguments raised by Debtor in the Objection.  The Court has already addressed and rejected some of those arguments in earlier orders.  Any remaining arguments are irrelevant, and/or without merit.  Therefore,

IT IS HEREBY ORDERED that the Motion Extend is GRANTED.  Mr. Henderson shall filed the amended proofs of claim and brief no later than January 31, 2020.  No further extensions will be granted.

IT IS FURTHER ORDERED that the deadline for Debtor to file his objections to the amended proofs of claim and responsive brief shall be

extended by seven days.  Debtor's objections and brief shall be filed no later than April 2, 2020.  No extensions will be granted.

IT IS FURTHER ORDERED that the January 8 Order remains in full force and effect except as modified in this order.

###

cc: Peter Szanto (via ECF)
    Nicholas Henderson (via ECF)
    Gary Blacklidge (via ECF)

Page 3 - ORDER GRANTING DOC. 883