Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

### District of Oregon
*1001 SW 5th Ave #700 Portland, OR 97204 (503) 326-1500*

| | |
|---|---|
| **In Re Peter Szanto**, <br><br> **Involuntary Debtor** <br><br><br> **Hearing is Requested** | **# 16 –bk-33185 pcm7** <br><br> **Peter Szanto's Notice of Motion and Motion to Disqualify DAVID W. CRISWELL from Employment in this Action for the Purposes of Rendering Legal Opinions in Singapore (thereby Practicing Law in Singapore) without Licensure Pursuant to Singapore Law** |

16-bk-33185          Disqualify Counsel   – pg. 1

## 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On February 13th and 14th 2020 Peter Szanto twice, at separate times, sought conferral with Ms Amborn's counsel Mr. Blackledge regarding the trustee's efforts at the prejudicing the court in Singapore.

Peter Szanto's calls all went to voice mail or message taking secretaries. Peter Szanto stated that he was asking for a return phone call to discuss the matters discussed herein. Peter Szanto sought actually to speak with counsel, because of the grave and urgent importance of the matters herein. Since those calls by Peter Szanto, no counsel has called, nor even tried to call Peter Szanto.

Therefore, pursuant to rule **LBR 7007-1 (a)**, Peter Szanto has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in resolution of the matter at issue without court involvement.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATE February 16, 2020  /s/ *Signed electronically* Peter Szanto

16-bk-33185       Disqualify Counsel  – pg. 2

## 2. NOTICE PER LBR 9013-1(b)

Notice!!! If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland  OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## 3. FACTS

The court has authorized employment of David W. Criswell. Thereafter Mr. Criswell has filed an affidavit stating legal opinions in the High Court of Singapore. [EXHIBIT A].

Whether Mr. Criswell can render, give, espouse, or provide legal opinions in Singapore is not a matter over which this court can make a decision, because what does, or does not, constitute the practice of law in Singapore is beyond this Court's jurisdiction.

16-bk-33185                Disqualify Counsel  – pg. 3

However, what this court does have jurisdiction over is whether an attorney granted leave to be employed in participation in this case, can thereafter be compensated for the same exact work before a court in another nation. The foreign court's leave to appear in that foreign court and the breadth and extent of that foreign appearance are crucial to ascertainment of who is providing Mr. Criswell's compensation.

Succinctly, it would be improper for Mr. Criswell to be paid upon authority of this Court --- and then "double dip" and be paid for the same work in Singapore upon authority of the Singapore court!!

Additionally, upon the facts, it is clear that Mr. Criswell has used the benefit of employment in this court to commence participation in Singapore, where the averments in [EXHIBIT A] attest that he is not licensed to practice law!!

Peter Szanto contends this is improper upon many grounds. And that this court must use its regulatory authority over attorney employment fully to ascertain whether Mr. Criswell has undertaken legal practice in Singapore and thereby become subject to that Singapore court's rules for compensation and licensure in Bankruptcy proceedings.

16-bk-33185    Disqualify Counsel – pg. 4

## 4. MEMORANDUM

### a. *Mr. Criswell May Not Be Disinterested and May Be Proceeding Adversely to the Bankruptcy Estate*

11 U.S.C. § 327(a) provides:

**Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys. . . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.**

similarly

11 U.S.C. § 328(c) provides:

**Except as provided in section 327(c), 327(e), or 1107(b) of this title [11 USCS § 327(c), 327(e), or 1107(b)], the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title [11 USCS § 327 or 1103] if, at any time during such professional person's employment under section 327 or 1103 of this title [11 USCS § 327 or 1103], such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.**

Thus, the crucial metric in both statutes is whether Mr. Criswell's interests are adverse to the estate and whether he is disinterested.

16-bk-33185  Disqualify Counsel – pg. 5

All of the facts which may be relevant to a determination of whether an attorney is disinterested or holds or represents an interest adverse to the debtor's estate must be disclosed. *Diamond Lumber v. Unsecured Creditors' Committee* (1988) 88 BR 773 accord *In re Roberts* (1987) 75 BR 402.

Here, the fundamental issue regarding payments to Mr. Criswell is fourfold: 1) whether he will be paid upon Bankruptcy authority of this court or 2) whether he will be paid on the Singapore court's authority in Bankruptcy or 3) whether he will be making a double recovery from both courts by being paid by each court separately for the same work or 4) if he will be seeking separate and additional compensation from the Singapore court for actions which have not been disclosed to this court.

The purpose and necessity of complete disclosure is to permit this court and the court in Singapore and all parties in interest to determine whether the various possible and potential outcomes of double (or even greater) attorney compensation **disqualifies** Mr. Criswell from the instant employment sought, **IN EITHER COURT OR BOTH COURTS!!** The mere possibility of seeking duplicate compensation necessitates further inquiry before deciding whether to approve Mr. Criswell's employment.

16-bk-33185    Disqualify Counsel – pg. 6

There is clear and convincing evidence [EXHIBIT A] which shows, evidences and demonstrate the possibility that Mr. Criswell may not be disinterested (because he may be seeking a double recovery) and that he may also be undertaking participation in the Singapore action, for his own benefit and so is in an adverse, **not disinterested**, posture to Peter Szanto's Bankruptcy estate.

This court must investigate these matters before allowing further participation in Singapore by Mr. Criswell.

### b. Likelihood of Mr. Criswell's Practicing Law Without Registration / Licensure in Singapore

The Singapore rules for the practice of law by foreign persons in Singapore are complex [EXHIBIT B].

A careful reading of the rules demonstrates that Mr. Criswell's filing of an EXPERT OPINION is the type of action for which Singapore registration or licensure is necessary.

16-bk-33185      Disqualify Counsel – pg. 7

Without such registration or licensure Mr. Criswell is proceeding outside the bounds of Singapore law. This court must investigate whether such improper behavior disqualifies Mr. Criswell from any and all employment in this case. *Diamond Lumber v. Unsecured Creditors' Committee* (1988) 88 BR 773 accord *In re Roberts* (1987) 75 BR 402.

## 5. Declaration

1. My name is Peter Szanto.

2. This is my truthful declaration supporting my request for the present and immediate disqualification of the employment of Mr. Criswell.

3. All statements herein are true of my own personal knowledge or are are based on facts and materials I believe to be true.

**4. I have not been served with any process from Mr. Ong or his law firm relating to the Singapore Involuntary Bankruptcy action.**

5. My efforts in Singapore are entirely to protect post-petition property which is not part of this Bankruptcy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 2/16/ 2020    /s/ *signed electronically* Peter Szanto

16-bk-33185            Disqualify Counsel  – pg. 8

## 6. Conclusion

**For the reasons enumerated *supra*, Peter Szanto prays immediate disqualification of counsel Mr. Criswell or speedy further investigation of possible improper actions.**

The ability to participate in this action is governed by various rules, most particularly 11 USC § 327 and 328. Those rules must not be sacrificed and made meaningless because Mr. Criswell may be seeking to make a double recovery in this Bankruptcy.

Respectfully,

Dated 2/16/2020    /s/ *signed electronically* Peter Szanto

16-bk-33185          Disqualify Counsel  – pg. 9

**PROOF of SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within:

**Notice of Motion and Motion to Disqualify**

on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:

    Gadi Shahak c/o Shapiro & Sutherland

    1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502
g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.

i.     Danny Ong, 9 Battery Road #25-01 Singapore 049910

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 2/16/ 2020    /s/ *signed electronically* M. Reynolds

16-bk-33185     Disqualify Counsel – pg. 10