Below is an order of the court.

_____

PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                                    )
                                          ) Bankruptcy Case No.
PETER SZANTO,                             ) 16-33185-pcm7
                                          )
                                          ) ORDER DENYING DOC.
                                          ) 888
                                          )
                          Debtor.         )
_____)

On January 30, 2020, the court entered an order (Doc. 886) authorizing the chapter 7 trustee (the Trustee) to employ David W. Criswell (Criswell) as an expert witness in litigation currently pending in Singapore relating to the enforcement of this court's October 2, 2018, order finding Debtor in contempt. Debtor has filed a motion captioned Peter Szanto's Notice of Motion and Motion to Disqualify David W. Criswell from Employment in this Action for the Purposes of Rendering Legal Opinions in Singapore (thereby Practicing Law in Singapore) without Licensure Pursuant to Singapore Law (the Motion). Doc. 888. The court determines that a hearing is not necessary. LBR 7007-1(d)(1)(made applicable to contested matters by LBR 9013-1(a)(7)).

Page 1 - ORDER DENYING DOC. 888

1  Debtor states in the Motion that Criswell has rendered his opinion

2  to the Singapore court and attaches to the Motion an exhibit, which

3  appears to be an affidavit by Criswell addressing various issues of

4  United States bankruptcy law for the benefit of the Singapore court.

5  Debtor argues that Criswell should be disqualified from employment

6  because (1) to render an expert opinion under Singapore law, an attorney

7  must be registered or licensed to practice law and Criswell is not

8  licensed to practice law in Singapore and (2) Criswell may seek double

9  compensation from this court and the court in Singapore and, as a result,

10 Criswell is not disinterested within the meaning of 11 U.S.C. § 327(a).

11 Both arguments are without merit.

12  With regard to Debtor's first argument, the court is skeptical that

13 an attorney must be licensed to practice law in Singapore to render an

14 expert opinion there.  However, that is an issue to be decided by the

15 Singapore court, not this court.

16  Debtor's second argument, that Criswell should be disqualified

17 because he might receive double compensation is speculative and, in any

18 event, can be addressed to the extent necessary if and when the Trustee

19 submits an application for compensation.  To the extent Debtor argues

20 that Criswell is not disinterested based on the mere possibility of

21 excessive compensation, that argument is also without merit.  A

22 disinterested person is a person who

23      (A)  is not a creditor, an equity security holder, or an insider;

24      (B)  is not and was not, within 2 years before the date of the
         filing of the petition, a director, officer, or employee of the
25       debtor; and

26      (C)  does not have an interest materially adverse to the interest of

Page 2 -  ORDER DENYING DOC. 888

1    the estate or of any class of creditors or equity security holders,
     by reason of any direct or indirect relationship to, connection
2    with, or interest in, the debtor, or for any other reason.

3  § 101(14). "Disinterested" has a specific and narrow definition under

4  the Bankruptcy Code. Debtor has failed to show that Criswell is not

5  disinterested within the meaning of the Bankruptcy Code.

6       The Court has considered any additional arguments raised by Debtor

7  in the Motion and finds them to be irrelevant and/or without merit.

8       For the reasons stated above,

9       IT IS HEREBY ORDERED that the Motion is DENIED.

10                                    ###

11 cc:  Peter Szanto (via ECF)
        Chapter 7 Trustee (via ECF)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -  ORDER DENYING DOC. 888