Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. |
| PETER SZANTO, ) | 16-33185-pcm7 |
| ) | |
| ) | ORDER OVERRULING OBJECTION |
| ) | TO CLAIM NUMBER 6 |
| ) | |
| Debtor. ) | |

In May of 2017, JPMorgan Chase Bank, N.A., (JPMorgan) filed a secured claim in the amount of $1,477,444.62. See Claim Number 6 (the Claim). The Claim is secured by Debtor's residence in California (the Property). In June of 2017, Debtor filed an objection to the Claim. Doc. 123. Debtor requested that the Claim be allowed, but in the reduced amount of $890,454.24. The Court held an evidentiary hearing on November 7, 2017, and entered an order overruling Debtor's objection to the Claim on November 17, 2017. Doc. 247. Debtor did not appeal that order.

After conversion of this case from chapter 11 to chapter 7, the chapter 7 trustee abandoned the Property. Doc. 562. Thereafter, in April of 2019, JPMorgan obtained relief from the automatic stay to

Page 1 - ORDER OVERRULING OBJECTION TO CLAIM NUMBER 6

foreclose on, and obtain possession of, the Property. Doc. 728.

Over 16 months after entry of the order allowing the Claim, Debtor filed a motion to reconsider the allowance of the Claim (the Motion to Reconsider). Doc. 709. On April 30, 2019, the Court entered an order denying the Motion to Reconsider on two grounds. Doc. 730. First, the Court determined the Motion to Reconsider was not timely. Id. Second, the Court determined that even if the Motion to Reconsider was timely, Debtor had not demonstrated that reconsideration was warranted. Id.

On February 21, 2020, Debtor filed a document, Doc. 904, purporting to assert an amended objection to the Claim on the Court's form number 763.3 (the Amended Objection). Form 763.3 includes a number of boxes that may be checked to assert certain common claim objections. Debtor checked six boxes, three of which he had also checked in his first claim objection. In addition, Debtor checked a box on Form 763.3 labeled "Other" and included, without elaboration, the statement: "Peter Szanto's counterclaims exceed and offset claim." Doc. 904. Debtor now requests that the Claim be disallowed in full.

JPMorgan filed a response (the Response). Doc. 929. After considering the Amended Objection and the Response, the Court determines that a hearing is not necessary. LBR 7007-1(d)(1). There are at least three grounds upon which to overrule the Amended Objection.

First, Debtor's filing of an amended objection on Form 763.3 is improper given the procedural and substantive history of this matter. The Claim, which JPMorgan has not amended, was fully litigated in 2017. Pursuant to § 502(j) and Fed. R. Bankr. P., 3008, a bankruptcy court is empowered to reconsider the allowance of a proof of claim for cause.

Page 2 - ORDER OVERRULING OBJECTION TO CLAIM NUMBER 6

However, where, as here, a claim has been fully litigated, a party in interest must timely appeal or seek reconsideration of the allowance of the claim pursuant to Fed. R. Civ. P. 60. In re Colley, 814 F.2d 1008, 1010 (5th Cir. 1987); In re Immenhausen Corp., 166 B.R. 449, 451 (Bankr. M.D. Fl. 1994). The normal rules of finality apply to a bankruptcy court's claim determination. Id. Debtor did not timely appeal the order allowing the Claim. The Amended Objection is not a motion for reconsideration and the Court declines to treat it as such. The dockets in the main bankruptcy case and several related adversary proceedings clearly show that Debtor knows how to file a motion for reconsideration pursuant to Rule 60. Debtor's effort to to circumvent and ignore the Court's 2017 order allowing the Claim by filing the Amended Objection is abusive and improper.

Second, if the Court were to deem the Amended Objection to be a motion for reconsideration pursuant to Rule 60, it would deny it. Rule 60 provides, in relevant part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

Page 3 - ORDER OVERRULING OBJECTION TO CLAIM NUMBER 6

(6) any other reason that justifies relief.

Rule 60 (made applicable by Fed. R. Bankr. P. 9024).

"A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of" the pertinent order. Fed. R. Civ. P. 60(c)(1). Debtor would be time barred from invoking subsections (1), (2) or (3) of Rule 60(b) and the Court can discern from the Amended Objection no basis upon which any request for relief under the other grounds set forth in Rule 60 would be timely, especially in light of the fact that the Court denied Debtor's first motion for reconsideration almost one year ago, based in part on the fact that it was untimely. Even if a motion for reconsideration would not be time barred, Debtor has not met his burden of showing that relief under Rule 60(b) is warranted. Indeed, Debtor does not even articulate a basis for relief under Rule 60. Motions for reconsideration that merely revisit the same issues already ruled upon by the trial court, or which advance arguments that otherwise were originally available, generally will not be granted. In re Negrete, 183 B.R. 195, 197 (9th Cir. BAP 1995). Such motions may not be used as a substitute for a timely appeal. Id. In the course of denying Debtor's first motion for reconsideration, the court rejected three of the grounds asserted in the Amended Objection and Debtor could have, but failed to, assert the others in his original claim objection. Moreover, in 2016, Debtor filed an adversary proceeding against JPMorgan. Adv. P. 16-3118-pcm. The Court ultimately dismissed all of Debtor's claims against JPMorgan and that matter remains on appeal. If Debtor has any prepetition counterclaims against JPMorgan, he either did, or should have, asserted

Page 4 -   ORDER OVERRULING OBJECTION TO CLAIM NUMBER 6

those claims in the adversary proceeding. In any event, Debtor does not articulate any factual or legal basis for a counterclaim against JPMorgan and a claim objection is not an appropriate proceeding to liquidate any claims that Debtor believes he holds against JPMorgan.

Third, even if Debtor has established grounds under Rule 60 to reconsider allowance of JPMorgan's Claim, which he has not, mootness considerations likely would foreclose any redetermination of the Claim in this Court. The chapter 7 trustee long ago abandoned the Property and, as a result, it is no longer property of the estate. In addition, the Court granted JPMorgan relief from stay to foreclose on the Property. Under § 726, the chapter 7 trustee will not make any distribution on account of the Claim because it is a claim secured by real property that has been abandoned and for which relief from stay has been granted. Because of those facts, no bankruptcy purpose would be served by further litigation concerning, or liquidation of, the Claim in this Court.

For the reasons set forth above,

IT IS HEREBY ORDERED that the Amended Objection is OVERRULED. To the extent the Amended Objection constitutes a motion for reconsideration pursuant to Rule 60 of the Court's 2017 order allowing the Claim, it is DENIED.

###

cc: Peter Szanto (via ECF)
Chapter 7 Trustee (via ECF)
Gadi Shahak (via ECF)