Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PETER SZANTO,<br><br>    Debtor. | Bankruptcy Case<br>No. 16-33185-pcm7<br><br>ORDER DENYING MOTION FOR NEW TRIAL (DOC. 960) |

On March 31, 2020, the Court entered an Order Overruling Debtor's Objection to IRS Claim, Doc. 933. Within 14 days thereafter, debtor filed a Motion for New Trial, Doc. 960, seeking a new trial on his objection to the IRS claim.

"A claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Debtor seeks a new trial on his objection to the claim of the IRS pursuant to Bankruptcy Rule 9023, which incorporates Fed. R. Civ. P. 59 in bankruptcy cases. That rule, however, does not apply to reconsideration of the allowance or disallowance of claims. See Fed. R. Bankr. P. 9023 ("Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code."). Rule 3008 provides:

Page 1 - ORDER DENYING MOTION FOR NEW TRIAL (DOC. 960)

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Fed. R. Bankr. P. 3008. Because debtor's motion seeks a new trial on the issue of whether the IRS claim should be disallowed based on his objection, the court will consider his motion for new trial as one for reconsideration under Rule 3008.

When a motion for reconsideration of an order allowing or disallowing a claim is filed within the 14-day period for appeal, that motion "is analogous to a motion for a new trial or to alter or amend the judgment pursuant to FRCP 59 as incorporated by Rule 9023." In re Wylie, 349 B.R. 204, 209 (9th Cir. BAP 2006). Therefore, the court will apply the standards for granting a new trial under Rule 59(a)(1)(B).

The grounds for granting a new trial under Rule 59(a)(1)(B) are: (1) manifest error of law; (2) manifest error of fact; or (3) newly discovered evidence. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978); In re Ankeny, 184 B.R. 64, 73 (9th Cir. BAP 1995).

The court determines that a hearing is not necessary on this motion. LBR 7007-1(d)(1).

Debtor first argues that alteration of his tax records requires additional testimony. However, the "alteration" of the tax records to incorrectly spell the name of debtor's wife was known to him before the hearing on the claim objection. Debtor could have conducted discovery

Page 2 - ORDER DENYING MOTION FOR NEW TRIAL (DOC. 960)

before the hearing and he had an opportunity to present any relevant evidence on that topic at the hearing.

Debtor second argues that he was not given notice that the IRS would call Mr. Kushner as a witness, as required by Local Bankruptcy Rule 9013-1(d)(1). That rule requires disclosure before trial of "the identity of any individual who may offer expert testimony at trial." LBR 9013-1(d)(1). Mr. Kushner was not offered as an expert witness; he testified as a fact witness. Mr. Kushner's testimony about the "mirror rule" was not expert testimony. The court did not require that the parties provide a list of fact witnesses before the hearing.

Finally, debtor argues that the tax court decision from 2016 did not include interest, and the IRS's addition of interest to the tax due is an alteration of that court's order. Allowing the inclusion of interest on a judgment of the tax court, which was silent on post-judgment interest, is not an alteration of the tax court's order.

Debtor has not demonstrated any of the grounds for a new trial on his objection to the claim of the IRS. This motion is frivolous; it does not set forth any arguable basis for a new trial on the objection to the IRS claim.

Therefore,

////

////

Page 3 - ORDER DENYING MOTION FOR NEW TRIAL (DOC. 960)

Case 16-33185-pcm7    Doc 964    Filed 04/20/20

IT IS HEREBY ORDERED that debtor's Motion for New Trial, Doc. 960, is DENIED.

###

cc: Peter Szanto (via ECF)
    Boris Kukso (via ECF)