Below is an order of the court.

1

2

3

4

5

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

6

7

8

9            UNITED STATES BANKRUPTCY COURT

10              FOR THE DISTRICT OF OREGON

11  In Re:                          )
                                    ) Bankruptcy Case No.
12  PETER SZANTO,                   ) 16-33185-pcm7
                                    )
13                                  ) ORDER DENYING
                                    ) DOC. 970
14                  Debtor.         )
                                    )
15  _____)

16      On December 5, 2017, the court entered an Order Converting Chapter

17  11 Case to Case Under Chapter 7 (the Conversion Order).  Doc. 278.  The

18  conversion of this case had several consequences, including the creation

19  of a chapter 7 bankruptcy estate under the authority of a chapter 7

20  trustee.  Almost a year after entry of the Conversion Order, Debtor filed

21  a motion for reconsideration of the Conversion Order (the Motion for

22  Reconsideration), Doc. 620, which this court denied.  Doc. 652.  In

23  January of 2020, the United Sates District Court for the District of

24  Oregon (the District Court) determined that Debtor failed to timely

25  appeal the Conversion Order and affirmed denial of the Motion for

26  Reconsideration.  Doc. 879.

Page 1 -  ORDER DENYING DOC. 970

1    Now, Debtor has filed a document captioned Peter Szanto's Notice of

2  Demand for Immediate Return of all of Peter Szanto's Bankruptcy Estate

3  Assets and All of Susan Szanto's Separate Property Assets (the Demand).

4  Doc. 970.  In the Demand, Debtor argues that he is entitled to return of

5  "all his Bankruptcy estate's assets" and the alleged separate property of

6  his wife, which Debtor contends has been "impermissibly seized and

7  improperly co-mingled with" bankruptcy estate assets.  Demand, pp. 2-3

8  (emphasis removed).  Debtor does not request a hearing and the court

9  determines that a hearing is not necessary.  LBR 7007-1(d)(1).

10    The Demand is the latest example of Debtor's long-standing efforts

11  to avoid the consequences of the conversion of this case to chapter 7,

12  all of which efforts this court has denied.  Those efforts include, but

13  are not limited to, the following:  (1) Doc. 295 (Debtor's Motion for

14  Leave to Spend Estate Assets for Ordinary and Necessary Living Expenses);

15  (2) Doc. 341 (Debtor's Motion to Remove the Chapter 7 Trustee); (3) Doc.

16  384 (Debtor's Motion to Dismiss or Convert Chapter 7 Proceeding); (4)

17  Doc. 620 (the Motion for Reconsideration); and (5) Doc. 870 (Debtor's

18  Notice of Amendment of Bankruptcy Petition).[1]

19    As a threshold matter, the Demand is completely devoid of any

20  evidentiary support for the factual assertions made therein.  The Demand

21  is also completely lacking in any reasoned argument. The Bankruptcy Code

22  and Federal Rules of Bankruptcy Procedure include specific and detailed

23

24    [1]    In the Notice of Amendment of Bankruptcy Petition, Debtor
   purports to unilaterally terminate this chapter 7 case.  Both this court
25  and the District Court have explained to Debtor that his attempt to
   unilaterally terminate this chapter 7 case was ineffective.  See District
26  Court Case No. 3:18-cv-939-SI, Doc. 61.

Page 2 -  ORDER DENYING DOC. 970

1  instructions regarding the distribution of estate assets.  <u>See</u> Bankruptcy

2  Code, Chapter 7, Subchapter II; Fed. R. Bankr. P., Part III.

3  Administration of this chapter 7 case is not complete.  There is no

4  authority under which this Court may bypass applicable statutes and rules

5  and allow the release of estate funds to Debtor.  Finally, to the extent

6  Debtor is attempting to raise claims on behalf of his wife, this court

7  has repeatedly told Debtor that he does not represent, and may not assert

8  claims on behalf of, his wife.  If Debtor's wife wishes to assert claims

9  in this bankruptcy case, she must do so personally or via a licensed

10 attorney.

11     The Demand is latest of many frivolous motions and documents Debtor

12 has filed in this bankruptcy case and related adversary proceedings.

13      Therefore, for the reasons set forth above,

14     IT IS HEREBY ORDERED that the Demand is DENIED.

15                                  ###

16 cc:  Peter Szanto (via ECF)
        Chapter 7 Trustee (via ECF)

17

18

19

20

21

22

23

24

25

26

Page 3 -  ORDER DENYING DOC. 970