Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

### DISTRICT OF OREGON
*1050 SW 6th Ave #700 Portland, OR 97204 (503) 326-1500*

In Re: Peter Szanto,

**Involuntary Debtor**

------------------------------------------

# 16-bk-33185-pcm7

**Peter Szanto's**

**Notice of Motion**

**and Motion for Relief**

**from ORDER (DE 973)**

## 1. Plaintiff's Certification Relating to Pre-filing Conferral

On May 20th through 27th, 2020 Szanto, on various days, sought conferral with all of the many contra parties listed on the proof of service herein as to matters related to the presentation of this Motion for Relief.

Szanto's calls went to voice mail or message taking secretaries. Szanto stated that he was asking for a return phone call to discuss the matters addressed herein. Szanto sought actually to speak with counsel. Since those calls made by Szanto, no counsel has called, nor even tried to call Szanto.

16-33185         MOTION FOR RELIEF FROM ORDER         – p. 1

Therefore, Szanto has sought conferral so as to discuss the issues to be presented herein, but has been unsuccessful in discussion of the matters at issue.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATED June 1, 2020 /s/ *Signed electronically* Peter Szanto

## 2. Notice

To the Bankruptcy court, the various trustees, the creditors, their counsel and any / all other persons or entities with an interest in this cause, please take NOTICE, Peter Szanto herewith and hereby requests relief from ORDER (DE 973) and **immediate return of $2,342,902.00**.

## 3. Facts

Peter Szanto commenced a voluntary Bankruptcy in this court on 8-16-2016. (DE 2)

Szanto's presumption was that all matters in this court would be conducted in conformance with the laws of the United States: which he could comprehend and in which he could participate on the basis of due

16-33185      MOTION FOR RELIEF FROM ORDER      – p. 2

process of law, fundamental fairness, adequate notice and an opportunity to be heard in a meaningful manner.

As matters of fact and law, those essential elements which underlie American justice have not been the reality in Judge McKittrick's court in the last 5 years.

The proceedings in this court have become an **INVOLUNTARY BANKRUPTCY PROCEEDING** to which Peter Szanto NEITHER consented NOR regarding which has there been any required petition, summons or service thereof as mandated by 11 USC § 303.

These facts have been ruled upon by Judge Simon [EXHIBIT A, p.2]:

```
the Bankruptcy Court converted Szanto's voluntary
Chapter 11 petition to an involuntary Chapter 7
bankruptcy
```

Judge McKittrick's *ultra vires* involuntary conversion remains and continues contrary to law – AND UPON THAT GROUND PETER SZANTO AGAIN DEMANDS RETURN OF - $2,342,902.00.

### 4. MEMORANDUM

The purpose of this application is to vacate the ORDER (DE 973) so that Peter and Susan Szanto's $2,342,902.00 of assets may be returned to them from the *ultra vires* **involuntary Bankruptcy** proceeding herein.

16-33185          MOTION FOR RELIEF FROM ORDER          – p. 3

### a. *FRCP 60(b) Allows Relief Based on a Court's Mistake*

The plain English language of Congressional judiciary committees' notes as to FRCP 60(repeatedly since 1946), give guidance to the effect that Bankruptcy courts have inherent authority, under FRCP 60(b)(1), to reopen judgment based **on its own mistakes of law**. *Gey Assocs. Genr'l. P'ship v. 310 Assocs.* (2003), 346 F.3d 31 which at page 35 states:

> **In two early cases, this Court established a principle that Rule 60(b)(1) was available for a district court to correct legal errors by the court. See *Schildhaus v. Moe*, 335 F.2d 529 (2d Cir. 1964); *Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir. 1955). In *Schildhaus*, Judge Friendly, writing for the panel, observed that the use of Rule 60(b) to correct a court's own mistakes of law was much more efficient than requiring an aggrieved party to appeal. *Id.* at 531. The panel also cited with approval the recommendation from *Moore's Federal Practice* that Rule 60(b)(1) motions not be permitted past the deadline for filing a notice of appeal, thereby preventing Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal. *Id.* (citing *Moore's Fed. Prac.* § 60.23 (3-4), at 239 (1955)).**

Here, the District has clearly and very emphatically ruled that the instant case is an **involuntary Bankruptcy** [EXHIBIT A, p.2]:

> **the Bankruptcy Court converted Szanto's voluntary Chapter 11 petition to an involuntary Chapter 7 bankruptcy**

11 USC § 303 is the law which regulates involuntary Bankruptcies. Neither Judge McKittrick nor any creditor has followed any of the required formalities to initiate an involuntary Bankruptcy against either Peter Szanto or Susan Szanto. Therefore, this involuntary Bankruptcy is improper!!

Thereupon, none of the formalities of 11 USC § 303 have been complied with in this case commenced by Peter Szanto as a **voluntary** Bankruptcy (DE 2).

Based on Judge McKittrick's **mistaken analysis** and false rationale regarding the Bankruptcy court's **involuntary expropriation** of Peter and Susan Szanto's money and property, this court, Judge McKittrick, Trustee Amborn, Department of Justice Counsels Kukso and Arnot, as well as attorneys Henderson and Blackledge have no basis at law for the retention of Peter and Susan Szanto's assets. Thereupon, said $2,342,902.00 of money, property and other assets **must** be returned immediately.

### b. *Judge McKittrick Is Also Mistaken Regarding Community Property Law*

Judge McKittrick's mistaken notions regarding the propriety and difference between voluntary and involuntary Bankruptcies also extend to his "off the cuff", not based on law, wholly incorrect admonitions as to the

community property lives, community property intentions and community property estate of Susan and Peter Szanto.

1st, Susan and Peter Szanto have the **absolute right**, in private, with no intrusion from Judge McKittrick, nor anyone else, freely to administer the character of their marriage and their community estate however they wish, whenever they so desire to alter any characteristic of their Marriage, in whatever manner they wish to change any characteristic of their marriage.

California law permits Susan and Peter Szanto to alter, revise, modify or to change their community relationship without the seizure of any of their assets under the guise of *ultra vires* Bankruptcy law.

The character of a community property estate is fixed and continues until it is changed in some manner recognized by law, as by agreement of parties. *Ciambetti v. Department of Alcoholic Beverage Control* (1958), 161 Cal. App. 2d 340 accord *Belmont v. Belmont* (1961), 188 Cal. App. 2d 33, accord *Calloway v. Downie* (1961), 195 Cal. App. 2d 348.

The reason this is significant to the return of Susan and Peter Szanto's money and property is because Judge McKittrick made no inquiry as to the community nature of the Szanto assets, **he just took everything**.

2nd, on numerous occasions, Judge McKittrick has erroneously held forth that Peter Szanto cannot advocate on behalf of the Susan and Peter Szanto Community Property estate. Judge McKittrick's admonitions are wholly contrary to California law.

Pursuant to California Family Code § 721:

> **either spouse may enter into any transaction with the other, or with any other person, respecting property, which either might if unmarried**

Upon this authority of law, Peter Szanto, in demanding return of $2,342,902.00 of money and property is properly acting under the authority of California Family Code § 721 as to assets which now belong to the Susan and Peter Szanto community property estate.

## 5. Conclusion

Upon these grounds of Judge McKittrick's mistakes, Peter Szanto asks withdrawal of the ORDER denying return of $2,342,902.00 of assets and reiterates his demand that $2,342,902.00 of money and property be returned to Susan and Peter Szanto **immediately**.

**Alternately**, this court is asked to certify this matter for appeal to the 9th Circuit BAP so that Susan and Peter Szanto's lifetime of work is not happily divided amongst Judge McKittrick's close personal friends solely upon the basis of mistake, unpronounceable name, forfeiture, waiver, demeanor, credibility or some other unknowable / erroneous legal theory.

Respectfully,

DATED 6/1/ 2020 /s/ *signed electronically* Peter Szanto

16-33185            MOTION FOR RELIEF FROM ORDER            – p. 7

Case 16-33185-pcm7    Doc 984    Filed 06/01/20

# **PROOF OF SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within:

**Motion**

on the following by placing in postage pre-paid envelopes of the within document and mailing same to:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101

b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618

c. JPMorgan Chase Bank, represented by:

    Gadi Shahak c/o Shapiro & Sutherland

    1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683

d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204

e. Oregon Department of Revenue, 955 Center St., Salem OR 97301

f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502

g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657

h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205

i. Danny Ong, 9 Straits View #06-07, Marina One West Tower Singapore 018937

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 6/1/ 2020     /s/ *signed electronically* M. Reynolds

16-33185      MOTION FOR RELIEF FROM ORDER      – p. 8