Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: )
) Bankruptcy Case No.
PETER SZANTO, ) 16-33185-pcm7
)
) ORDER DENYING
) DOC. 984
Debtor. )

Debtor filed a voluntary chapter 11 petition in August of 2016. In December of 2017, the Court entered an Order Converting Chapter 11 Case to Case Under Chapter 7 (the Conversion Order). Doc. 278. Almost a year after entry of the Conversion Order, Debtor filed a motion for reconsideration of the Conversion Order (the Motion for Reconsideration), Doc. 620, which this court denied. Doc. 652. In January of 2020, the United States District Court for the District of Oregon (the District Court) determined that Debtor failed to timely appeal the Conversion Order and affirmed denial of the Motion for Reconsideration. Doc. 879.

In May of 2020, Debtor filed a document captioned Peter Szanto's

Page 1 - ORDER DENYING DOC. 984

Notice of Demand for Immediate Return of all of Peter Szanto's Bankruptcy Estate Assets and All of Susan Szanto's Separate Property Assets (the Demand). Doc. 970. Debtor argued in the Demand that he is entitled to return of "all his Bankruptcy estate's assets" and the alleged separate property of his wife, which Debtor contends has been "impermissibly seized and improperly co-mingled with" bankruptcy estate assets. Doc. 970, pp. 2-3 (emphasis removed).

The Court entered an order denying the Demand (the Order). Doc. 973. In so doing, the Court stated that "[t]he Demand is the latest example of Debtor's long-standing efforts to avoid the consequences of the conversion of this case to chapter 7, all of which efforts this court has denied" and expressly found that the Demand was frivolous. Doc. 973, p. 2. The Order states, in pertinent part:

> The Bankruptcy Code and Federal Rules of Bankruptcy Procedure include specific and detailed instructions regarding the distribution of estate assets. See Bankruptcy Code, Chapter 7, Subchapter II; Fed. R. Bankr. P., Part III. Administration of this chapter 7 case is not complete. There is no authority under which this Court may bypass applicable statutes and rules and allow the release of estate funds to Debtor. Finally, to the extent Debtor is attempting to raise claims on behalf of his wife, this court has repeatedly told Debtor that he does not represent, and may not assert claims on behalf of, his wife. If Debtor's wife wishes to assert claims in this bankruptcy case, she must do so personally or via a licensed attorney.

Id. at pp. 2-3.

Now, Debtor has filed a Notice of Motion and Motion for Relief from [the] Order (the Motion for Relief), Doc. 984, and a declaration in support thereof. Doc. 985. Debtor does not request a hearing and the court determines that a hearing is not necessary. LBR 7007-1(d)(1).

Debtor relies on Fed. R. Bankr. P. 60(b)(1), made applicable to

Page 2 - ORDER DENYING DOC. 984

bankruptcy cases with certain exceptions not applicable here by Fed. R. Bankr. P. 9024. Rule 60(b)(1) provides that a court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Debtor argues he is entitled to relief from the Order based on two mistakes of law. The Motion for Relief is frivolous and will be denied.

First, Debtor argues that he is entitled to the immediate return of all estate assets because this is an improperly commenced involuntary bankruptcy case and thus this Court and the chapter 7 trustee are acting without any legal authority. As evidence of this Court's alleged mistake of law, Debtor provides an excerpt of a order of the District Court (the District Court Order) stating that "the Bankruptcy Court converted Szanto's voluntary Chapter 11 petition to an involuntary Chapter 7 bankruptcy[.]" The District Court Order, which Debtor attached to document number 985, was entered in one of the numerous appeals currently pending before the District Court. Debtor takes the District Court's statement out of context and his reliance on the District Court Order is misplaced. Read in its entirety, the District Court Order undercuts Debtor's position in the Motion for Relief and, in fact, supports the order from which Debtor seeks relief.

The District Court Order was entered in February of 2020, in response to an emergency motion filed by Debtor to stay a trial on a complaint to deny Debtor a discharge under 11 U.S.C. § 727. Debtor argued to the District Court that, by filing an amended bankruptcy petition, he had unilaterally ended this chapter 7 bankruptcy case. The District Court Order rejects that contention and even clarifies that

Page 3 - ORDER DENYING DOC. 984

"upon conversion to Chapter 7, Szanto's assets became the property of the bankruptcy estate, subject to his right to claim certain property as exempt." Doc. 985. The District Court Order does not support Debtor's contention that this is an improperly commenced involuntary bankruptcy case or that this Court has no authority over assets of the chapter 7 bankruptcy estate. It is true that this case was converted to chapter 7 over Debtor's objection. That does not, however, transform this case into an involuntary bankruptcy case within the meaning of the Bankruptcy Code.

Second, Debtor argues that the Court erred in reiterating that Debtor may not assert claims on behalf of his wife because California community property law allows him to "advocate on behalf of the Susan and Peter Szanto Community Property estate." Doc. 984, p. 6. There are several problems with this argument. First, in the Demand, Debtor requests the immediate return of his wife's alleged separate property, not community property. Second, Debtor stated at the inception of this bankruptcy case, under penalty of perjury, that he and his wife have no community property. See Doc. 20. In any event, the Court has told Debtor, numerous times, that community property assets are property of the estate pursuant to § 541(a) and that property of the estate must be administered in conformance with the Bankruptcy Code.

Debtor has not demonstrated grounds for relief under Rule 60(b)(1).

Alternatively, Debtor requests that the Court certify this matter for appeal to the Bankruptcy Appellate Panel for the Ninth Circuit. Debtor does not cite any authority under which this Court can make the requested certification and fails to show that the request for

Page 4 - ORDER DENYING DOC. 984

certification is procedurally proper or substantively warranted.

Therefore, for the reasons set forth above,

IT IS HEREBY ORDERED that the Motion for Relief is DENIED.

###

cc: Peter Szanto (via ECF)
Chapter 7 Trustee (via ECF)

Page 5 - ORDER DENYING DOC. 984