Peter Szanto   949-887-2369
11 Shore Pine
Newport Beach CA 92657

# U.S. Bankruptcy Court

### DISTRICT OF OREGON
*1050 SW 6th Ave #700 Portland, OR 97204 (503) 326-1500*

| In Re Peter Szanto, Involuntary Debtor  **Hearing is Requested** | # 16 –bk-33185 pcm7  **Peter Szanto's Notice of Motion and Motion for Stay of All Proceedings Pending Appointment of Counsel Based on Efforts at Incarceration of Peter Szanto as Stated in Docket # 1011** |
|---|---|

### 1. Plaintiff's Certification Relating to Pre-filing Conferral (Certification Pursuant to LBR 7007-1 (a))

On September 10, 2020 Peter Szanto sought conferral with Mr. Blackledge regarding Blackledge's Contempt Motion, Docket # 1011.

Debtor's calls went to voice mail or message taking secretaries. Debtor stated that he was asking for a return phone call to discuss the matters discussed herein. Debtor sought actually to speak with counsel,

16-bk-33185              Stay Pending Appointment of Counsel              pg. 1

because of the grave and urgent importance of the matters herein. Since those calls by Debtor, no counsel has called, nor even tried to call Debtor.

Therefore, pursuant to rule **LBR 7007-1 (a)**, Debtor has sought conferral so as to resolve the issues to be presented here, but has been unsuccessful in resolution of the matter at issue without Bankruptcy court involvement.

I certify under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Signed at Irvine CA.

DATED September 14, 2020  /s/ *Signed electronically* Peter Szanto

## 2. NOTICE PER LBR 9013-1(b)

**Notice!!!** If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at ** 1050 SW 6th Ave – Room #700 Portland OR 97204 ** by the deadline specified above or it may not be considered. You must also serve the objection on Peter Szanto at 11 Shore Pine, Newport Beach CA 92657 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

16-bk-33185  Stay Pending Appointment of Counsel  pg. 2

## 3. FACTS

### a. *Timing of Contempt Motion Not A Co-Incidence*

Mr. Blackledge wants Peter Szanto in jail, because Blackledge desires Peter Szanto's **DEATH**. (Peter Szanto receives chemotherapy 3 times a week. Incarceration would make that thrice weekly – **imperative** -- regimen impossible. Szanto has done the research on this subject. Chemotherapy in the Federal Prison system simply does not exist.)

Thus, Blackledge's contempt motion seeks a sentence of **DEATH** against Peter Szanto.

Blackledge knowingly, with depraved and absolute indifference, is **seeking Peter Szanto's DEATH** through his arrest scheme intending to deprive Szanto of the necessary medical care Peter Szanto needs simply to survive.

It is 1st day-of-law-school black-letter law: if it is the actor's causation which triggers medical care to terminated, no intervening event relieves the actor's liability from intentionally having caused that death.

Blackledge's contempt motion coincides with the due dates of Briefs for 2 Appeals which are due in Judge Simon's Court. Both those Appeals seek to recover money that Blackledge and the Trustees in this Bankruptcy have looted from Szanto for their own personal pleasure and

self-enrichment.

Another reason for the present timing of the contempt motion is that within the last 6 weeks, Mr. Blackledge had succeeded in suborning Mr. Hogue to expropriate $2 million from Susan Szanto's HSBC Bank Singapore account.

These factors make the current timing of the contempt motion optimal to facilitate the covering-up of the obscene amounts of looting and personal self-enrichment from Susan and Peter Szanto's assets (both separate and community property) which have occurred in this Involuntary Bankruptcy.

The absolute rule of law is that when a person's freedom is threatened by the possibility of incarceration, regardless of whether civil or criminal allegations, the absolute right to counsel is invoked.

In this case, because Peter Szanto is absolutely destitute, his right is to counsel to be appointed without charge for his benefit.

Thereupon, this application asks a stay of proceedings until the process of appointment of counsel is completed. So that appointed counsel can write the response motion to the contempt motion (DE 1011).

16-bk-33185     Stay Pending Appointment of Counsel     pg. 4

This is vital so that Peter Szanto can be represented by counsel in the proceeding wherein Mr. Blackledge seeks the harshest of outcomes of the **DEATH PENALTY** against Szanto.

Peter Szanto's appointed counsel will write the response to Mr. Blackledge's contempt motion, because all accused who are facing the possibility of the **DEATH PENALTY** are entitled to representation by appointed counsel.

Szanto is uncertain of the process of the appointment of counsel for the destitute who are sought to be sentenced to **DEATH**. Peter Szanto contends that it was the Bankruptcy court's duty to appoint counsel as soon as demand for Peter Szanto's incarceration came before the court. This is especially true in the present circumstances where the court is well aware that Szanto has no money to afford or pay counsel.

### 4. MEMORANDUM

#### a. *Nature of this Memorandum*

Peter Szanto contends that it was this court's absolute duty – and the court should have immediately appointed counsel -- as soon as Mr. Blackledge made known his desire to have Peter Szanto jailed so that Szanto would **DIE** from inability to obtain chemotherapy.

Peter Szanto's Memorandum covers only the barest points of appointment of counsel in a civil case where *pro se* litigant is sought to be jailed. And in this case, Blackledge's effort is equivalent to seeking Peter Szanto's **DEATH**, because once in Federal prison Szanto will be deprived the very vital and essential health care he needs just to survive.

The essential law on the subject of right to counsel for the destitute is that when any litigant's freedom is threatened, when that litigant becomes in jeopardy of arrest, based on a civil contempt allegation, the alleged contempnor's **absolute right** to counsel is immediately invoked:

> **Even were the matter *res nova*, we believe that the central premise of *Argersinger* -- that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment -- is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.**

*Scott v. Illinois*,(1979) 440 U.S. 367, 373

Thereupon, Szanto asks a stay of proceedings herein until his right to counsel to which he is lawfully entitled is effected in full; such that he be represented by counsel in the making of any response to the contempt motion.

16-bk-33185  Stay Pending Appointment of Counsel  pg. 6

## 5. Conclusion

A stay is prayed until counsel is appointed for Involuntary Debtor Peter Szanto so as to defend Szanto from a contempt motion, the actual purpose of which is to cause Szanto's **DEATH**.

Peter Szanto has been entitled to counsel since August 19, 2020 when Mr. Blackledge perfected his contempt motion.

The court is requested to stay proceedings until the mandate of law is carried out such that Szanto is properly assisted by counsel without cost against Blackledge's contempt motion.

Respectfully,

Dated 9/14/2020 /s/ *signed electronically* Peter Szanto

16-bk-33185     Stay Pending Appointment of Counsel     pg. 7

## **PROOF of SERVICE**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within:

**Notice of Motion, Motion,  etc**

on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
      Gadi Shahak c/o Shapiro & Sutherland
      1499 SE Tech Center Place, Suite 255 , Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502
g. Susan Szanto - 11 Shore Pine, Newport Beach CA 92657
h. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205
by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.
i.    Danny Ong, 9 Battery Road #25-01 Singapore 049910

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 9/14/ 2020   /s/ *signed electronically* M. Reynolds

16-bk-33185    Stay Pending Appointment of Counsel    pg. 8