Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: | Bankruptcy Case No. 16-33185-pcm7 |
|---|---|
| PETER SZANTO, | |
| Debtor. | ORDER |

On February 25, 2021, the court held an evidentiary hearing on a motion for contempt filed by the chapter 7 trustee (the Trustee). An audio file of the February 25 hearing may be found at docket number 1091. On the same day, the court entered an order that, among other things, again required Debtor Peter Szanto (Debtor) to sign and deliver to the Trustee forms for HSBC Singapore (the Forms) permitting the release of information to the Trustee and authorizing turnover to the Trustee of all funds in HSBC Singapore bank or financial accounts in debtor's name solely or jointly with another. Doc. 1088. After the hearing, Debtor signed and delivered the Forms to the Trustee. Doc. 1095.

At the February 25 hearing, the court, on its own motion and without objection from the Trustee, ordered that if the Trustee was successful in her efforts to recover any funds from HSBC Singapore,

Page 1 - ORDER

those funds were to be deposited in the court's registry pending further order of the court. That order is reflected in the court's record of proceeding, which was entered on the docket on February 25. See Doc. 1092. The court required the deposit of recovered funds, not due to any indication of misconduct by the Trustee,[1] but out of an abundance of caution and at the suggestion of the United States District Court for the District of Oregon (the District Court). See District Court Case No. 3:21-cv-163-SI, Doc. 13.

Therefore, for the reasons stated above and on the record at the February 25 hearing,

IT IS HEREBY ORDERED that if the Trustee recovers funds from the HSBC entities listed in the Forms as a result of Debtor signing the Forms, those funds must be transferred to the Clerk of the court pending a determination of the extent to which those funds are property of the bankruptcy estate and until further order of the court.

###

cc: Peter Szanto (via ECF)
Chapter 7 Trustee (via ECF)
Russell D. Garrett (via ECF)
United States Trustee (via ECF)

---

[1] Debtor asserts that the current and former chapter 7 trustees and their counsel have failed to provide accountings, exploited the estate for their own benefit, and been derelict in their duties. The court has found no evidence of such conduct and rejected Debtor's contentions numerous times. If the Trustee were to receive these funds, the normal course of conduct would be to deposit them in a segregated account in the name of the estate. All estate funds held by chapter 7 trustees are fully collateralized by the depository institution separate from FDIC insurance, and such funds cannot be disbursed without prior court order.

Page 2 - ORDER