DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) ) | Case No. 16-33185-pcm7 Chapter 7 |
| PETER SZANTO, | ) ) ) | **UNITED STATES' BRIEF ON REMAND REGARDING PROOF OF** |
| Debtor. | ) ) ) | **CLAIM 3-22** |

Pursuant to the Court's scheduling order (ECF No. 1272), the United States files this brief addressing the issues on remand regarding Proof of Claim 3-22 (the IRS Claim).

Debtor Peter Szanto appealed this Court's order overruling his objection to the IRS Claim and the order denying Debtor's motion for reconsideration. The District Court exercised its jurisdiction and held that this Court did not err in overruling the objection and denying the motion for reconsideration. ECF No. 1240. However, the District Court remanded the matter for one specific purpose: to make a determination whether the IRS Claim for 2009 is properly comprised of $2,409 in tax (plus corresponding interest and penalties) assessed in 2016 after the tax court decision **plus** $1,497 in tax (and corresponding interest and penalties) assessed in 2012, prior to the tax court decision. *Id*. As explained below, the Tax Court ruling that the taxpayer had

**UNITED STATES' BRIEF ON REMAND REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

a deficiency of $2,409 means that his liability is the amount of deficiency **plus** any prior assessments. The Tax Court did not disturb the earlier $1,497 assessment based on Debtor's amended return, instead, it ruled that there was a deficiency, i.e. an addition to tax already reported or assessed. Therefore, the IRS Claim for 2009 correctly includes both assessments and should be allowed in the claimed amounts.

## BACKGROUND

The matter at hand concerns Debtor's liability for 2009. The United States' claim is comprised of two separate assessments, plus statutory additions to tax: 1) an assessment on August 13, 2012 (the 2012 assessment) and 2) an assessment on November 28, 2016 following a Tax Court decision regarding a proposed deficiency of tax above and beyond the first assessment (the 2016 assessment).

On August 1, 2016, the Tax Court ruled that there is an additional *deficiency* in income tax due from Debtor for the taxable year 2009 in the amount of $2,409, plus an addition to tax under 26 U.S.C. § 6651(a)(1) in the amount of $555.96, plus a penalty under 26 U.S.C. § 6662(a) in the amount of $481.80. ECF No. 857-2. In the written opinion, the Tax Court noted that Mr. Szanto filed his return for 2009 in April 2011 and that he later filed an amended return on which he admitted receipt of income not reported on the return as originally filed. *Szanto v. Comm'r*, 112 T.C.M. 195, 2016 WL 4078515, 2016 Tax Ct. Memo LEXIS 142, at *5 (T.C. Aug. 1, 2016). The $1,497 in tax reported on the amended return made up the 2012 assessment. The 2012 assessment was not before the Tax Court and the opinion did not address it, except noting that Debtor filed an amended return on which he admitted receipt of income not previously reported. Instead, the Tax Court ruled that more tax was due.

**UNITED STATES' BRIEF ON REMAND**
**REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

On August 16, 2016, Mr. Szanto filed a voluntary petition under Chapter 11 in this Court, initiating this bankruptcy case. On October 26, 2016, Mr. Szanto appealed the Tax Court's August 1, 2016 decision to the Ninth Circuit Court of Appeals. (9th Cir. Case No. 16-73449). The appeal has been stayed and administratively closed due to the automatic stay in this bankruptcy case. However, as there is no stay pending appeal, the Tax Court's decision is final. On November 28, 2016, a second assessment in the amount of $2,409, plus statutory additions to tax, was made against Debtor based on the Tax Court's decision.

In this bankruptcy proceeding, the IRS timely filed a proof of claim for Debtor's income taxes and additions to tax for 2007, 2009, and 2010. After many amendments, the Government submitted proof of claim 3-22 for income taxes and additions to tax for 2007 and 2009 only. As discussed, the 2009 liability consisted of two components: (1) a priority claim for $2,409 in tax (and $551,17 in interest) based on the 2016 assessment and (2) a general unsecured claim for $1,497 in tax (and $342.53 in interest) based on the 2012 assessment. Claim 3-22.

On September 13, 2019, Debtor filed an objection to the IRS Claim. ECF No. 826. At the initial hearing on November 5, 2019, this Court stated that the objection is overruled on all grounds, except to the extent that the liabilities were already paid; the Court gave Debtor 28 days to provide additional evidence as to payment of the debt for 2007 and 2009. ECF No. 989 at 12. On December 3, 2019, Debtor filed "Debtor's Affidavit/Response to Order to Disprove the Internal Revenue Service's False and Fraudulent Claim #3-22" and exhibits, which included the Tax Court order. ECF No. 857. On January 15, 2020, the bankruptcy court issued a scheduling order, setting a hearing on the Objection. ECF No. 878. The scheduling order stated the Court had overruled all objections to the IRS Claim "other than debtor's argument that the 2007 and

UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22

(Case No. 16-33185)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 1274    Filed 07/05/22

2009 taxes have been paid in full" and provided that "the issue at the hearing on the objection to the IRS claim is limited to whether taxes for tax years 2007 and 2009 have been paid." *Id.,* at 1-2

On March 5, 2020, the Court held an evidentiary hearing on the objection; Mr. Szanto and IRS Bankruptcy Specialist Philip Kushner testified. The Court admitted all IRS Exhibits into evidence, including the 2009 account transcript, identified as Exhibit 5. ECF No. 991 at 85-86. For the Court's reference, the United States' trial exhibits are attached hereto in the Appendix.

Following the evidentiary hearing, on March 19, 2020, the Court made its findings orally on the record and overruled the objection to the IRS Claim. In respect to the 2009 liabilities, the Court ruled, in part:

> I'll no move on to the 2009 year.
> Debtor also argues taxes for 2009 have been paid in full. First, he argues that the total· amount of the tax the IRS can collect is reflected in the tax court decision dated August 2, 2016.· Second, he argues that he made payments of $468 each plus a final payment of $638.76 to completely satisfy the liability set out in that tax court decision.
> Exhibit B, as in "boy," is a copy of the tax court decision dated August 2, 2016, related to the 2009 tax year. The Court held that there was a deficiency of 2,409 plus additional tax of $555.96 plus a penalty of $481.80.·Debtor argues this decision does not provide for additional interest or penalties; therefore, the total amount owing was fixed at 3,446.76.
> There's nothing in the tax court's decision that exempts the debtor from further interest or penalties. It merely decides what amounts are due at the time of the decision. It does not reflect a determination or agreement that no further interest or penalties may be assessed, and there's no evidence that that -- that the decision did that.

ECF No. 992 at 14-15.

**UNITED STATES' BRIEF ON REMAND**
**REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Debtor appealed and, on January 31, 2022, the District Court affirmed this Court's rulings, "except the Court remands to the Bankruptcy Court the issue of whether the IRS may claim an additional deficiency [sic] of $1,497 for tax year 2009." ECF No. 1240 at 12. Debtor's appeal of the District Court's order to the Ninth Circuit was dismissed on May 25, 2022. ECF No. 1271.

Specifically in respect to the issue on remand, the District Court wrote:

```
The Bankruptcy Court concluded that the Tax Court did not
exempt Appellant from further interest or penalties decision.
See 26 U.S.C. § 6601 (establishing that interest is due on
all taxes imposed until paid). Appellant, however, argues
that the IRS is improperly claiming a tax deficiency of
$2,409 (assessed in 2016 after the tax court decision) plus a
tax deficiency of $1,497 (assessed in 2012). The IRS argues
that it can claim the $1,497 deficiency in addition to the
$2,409 deficiency found by the Tax Court. The Bankruptcy
Court, however, did not make such a determination. Indeed,
the Bankruptcy Court findings appear to support Appellant's
position. The Bankruptcy Court noted that the Tax Court
"decides what amounts are due at the time of the decision."
ECF 17-3 at 145. The Bankruptcy Court concluded that the Tax
Court decision did not bar future interest, but appeared to
conclude that the Tax Court resolved what was owed by
Appellant as of the date of the Tax Court decision.
Nonetheless, because the Bankruptcy Court did not expressly
resolve the dispute about the full amount of the deficiency,
the Court remands the issue for the Bankruptcy Court to
consider.
```

ECF No. 1240 at 9.

As explained below, the Tax Court ruling that Debtor had a deficiency of $2,409 for 2009 did not determine Debtor's total liability for that year. The 2012 assessment of $1,497, based on Debtor's amended return on which he admitted receipt of income not previously reported, was already on the books when Debtor petitioned the Tax Court with respect to the notice of deficiency for $2,409. The Tax Court agreed that there was a deficiency, so Debtor's total tax

UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22

(Case No. 16-33185)

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 1274    Filed 07/05/22

liability for 2009 consists of the 2016 assessment (based on the amount of deficiency determined by the Tax Court) **plus** the 2012 assessment.

## ARGUMENT

The question presented is whether the IRS Claim properly included two assessments for 2009: the $1,497 in tax (plus corresponding interest and penalties) assessed in 2012 based on an amended return on which Debtor admitted receipt of income not reported on the return originally filed, and $2,409 in tax (plus corresponding interest and penalties) assessed in 2016 after the Tax Court found that there was a deficiency. Debtor has argued that the Tax Court decision fixes the amount owed for the year and the proof of claim should not include the $1,497 in tax (and corresponding additions) assessed in 2012.

Debtor's position is incorrect as a matter of law. The Tax Court decision determined a "deficiency" in tax, which by definition is a determination that more tax is due. 26 U.S.C. § 6211(a), *Laing v. United States*, 423 U.S. 161, 173 (1976). Thus, the Tax Court's decision to uphold a deficiency for 2009 is a determination of the additional tax owed on top of what was previously reported on a return or assessed. The Tax Court did not opine or change the 2012 assessment, which was made prior to the Tax Court proceeding.

Moreover, this Court need not conduct any additional hearing concerning this point, because all the relevant evidence was admitted during the evidentiary hearing. The Court has already admitted into evidence the Tax Court order and the account transcript for 2009, which shows both assessments (Exhibit 5). The transcript provides the evidence that $1,497 was assessed in 2012 and the Tax Court decision clearly states that it determined a deficiency of $2,409, i.e. additional tax due. Thus, on the record before it, the Court can reject Debtor's argument that the 2009 claim is limited to the deficiency amount established in Tax Court. The

UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22

(Case No. 16-33185)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Court can and should conclude that the IRS Claim properly included both assessments, the earlier 2012 assessment and the later 2016 assessment of the deficiency determined by the Tax Court.

## 1. Definition of Income Tax Deficiency.

"Deficiency" is a term of art in the tax law and is defined by the Internal Revenue Code as: "the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--(2) the amount of rebates, as defined in subsection (b)(2), made." 26 U.S.C. 6211(a). This definition has been formulated as:

Deficiency = correct tax - (tax on return + prior assessments - rebates); or

Deficiency = correct tax - tax on return - prior assessments + rebates.

*See S-K Liquidating v. Comm'r*, 64 T.C. 713, 715 (1975) and *Kurtzon v. Comm'r*, 17 T.C. 1542, 1548 (1952).

Importantly, an income tax deficiency is not the total correct amount of tax owed by the taxpayer for the year. Rather, a deficiency is "the amount of tax imposed less any amount that may have been reported by the taxpayer on his return." *Laing*, 423 U.S. at 173. In other words, "[a] deficiency is based on a determination that more tax is due." *Larson v. United States*, 888 F.3d 578, 582, n.3 (2d Cir. 2018).

A deficiency is also distinct from an assessment. A deficiency is a determination that the correct amount of tax exceeds what was previously reported or assessed, while an assessment is a recordation of an unpaid liability on the IRS's books. See 26 U.S.C. §§ 6201-6203. Ordinarily,

**UNITED STATES' BRIEF ON REMAND**
**REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

when the IRS determines that a deficiency exists, i.e. that the correct amount of tax is greater than what was previously reported or assessed, the IRS is authorized to send notice of such deficiency to the taxpayer. 26 U.S.C. § 6212. The taxpayer may then petition the Tax Court to redetermine the correct amount of the deficiency. 26 U.S.C. § 6214. The statutory notice of deficiency is therefore sometimes known as a "ticket to the tax court." *Comm'r v. Shapiro*, 424 U.S. 614, 630, n. 12 (1976). The Tax Court's jurisdiction "to redetermine a deficiency in tax depends upon a valid notice of deficiency and a timely filed petition." *Meruelo v. Comm'r*, 691 F.3d 1108, 1115 (9th Cir. 2012) (citation omitted). The deficiency, as decided by the Tax Court, is then assessed by the IRS. 26 U.S.C. § 6215.

In this case, Debtor received a notice of deficiency for 2009, challenged it in Tax Court, which ruled for the United States and determined that a deficiency existed. In other words, the Tax Court determined that, in addition to any liabilities previously assessed, Debtor's tax liability should be increased by $2,409. ECF No. 867-2. Therefore, the IRS Claim properly included the $2,409 assessment made after the Tax Court's decision in addition to the $1,497 in tax previously assessed.

## 2. The Tax Court Determined a Deficiency, Not the Total Tax Due for 2009.

The Tax Court ruled that "there is a deficiency in income tax due from petitioners for the taxable year 2009 in the amount of $2,409." ECF No. 857-2. Debtor is incorrect that the Tax Court determined that $2,409 is Debtor's total tax liability for that year.

At the evidentiary hearing, Debtor did not make this argument. Instead, he attacked the amount of the 2009 liability by arguing that the Tax Court decision did not provide for any additional interest. This Court rejected this argument, stating: "There's nothing in the tax court's decision that exempts the debtor from further interest or penalties. It merely decides what

UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22

(Case No. 16-33185)

8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

amounts are due at the time of the decision. It does not reflect a determination or agreement that no further interest or penalties may be assessed, and there's no evidence that that -- that the decision did that." ECF No. 992 at 15. This ruling is entirely consistent with the Internal Revenue Code, which provides that interest continues to accrue until tax is paid in full. *See* 26 U.S.C. § 6601 (interest on unpaid tax accrues until the day the tax is paid).

However, the phrase "[the tax court] decides what amounts are due at the time of the decision," made in the context of rejecting Debtor's argument about interest, suggests that the Tax Court's deficiency determination fixed the amount owed for that tax year. This is not the case. Instead, the Tax Court ruled on a deficiency, i.e. that Debtor owed more tax than was previously reported or assessed.

As explained above, the Tax Court's jurisdiction is premised on a valid notice of deficiency, which sets out the IRS's determination that the correct tax is greater than what had been reported. The Tax Court's ruling that a there is a tax deficiency of $2,409 shows that the correct tax is higher by $2,409 than what was previously reported or assessed. Thus, as a matter of law, the Tax Court's ruling did not fix the total tax due for 2009, rather it determined that more tax was owed than was previously reported or assessed. Here, $1,497 in tax was previously assessed based on Debtor's amended return on which he admitted receipt of income not reported on the original return, and the $2,409 deficiency is for the additional tax owed. Consequently, the IRS Claim properly included the $2,409 assessment made after the Tax Court's deficiency ruling and the previously assessed $1,497 in tax.

### 3. The Court Should Find That the IRS Claim Is Allowed in Full.

The District Court affirmed this Court's findings concerning Debtor's objection to the IRS Claim and remanded this matter to determine only one issue: "whether the IRS may claim an

UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22

(Case No. 16-33185)

9

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

additional deficiency [sic] of $1,497 for tax year 2009." ECF No.1240 at 12. As explained above, "a deficiency does not include all taxes owed by a taxpayer, but only those that are both owed and not reported." *Laing*, 423 U.S. at 173, n. 18. Thus, the Tax Court's decision establishing a deficiency of $2,409 for 2009 is a decision that more tax is owed for that year than was previously reported or assessed. And this Court already has all the evidence necessary to conclude that the IRS properly include on its proof of claim both the $2,409 determined by Tax Court as a deficiency and the earlier $1,497 assessment.

First, a properly filed proof of claim is entitled to *prima facie* validity and the objecting party has the burden to present evidence to overcome the *prima facie* case. *In re Networks Elec. Corp.*, 195 B.R. 92 (9th Cir. BAP 1996), Fed. R. Bankr. P. 3001(f). Here the proof of claim 3-22 clearly states that it includes $2,409 in tax (and $551,17 in interest) assessed on November 28, 2016, and $1,497 in tax (and $342.53 in interest) assessed on August 13, 2012. Debtor has offered no evidence or valid argument to overcome the *prima facie* case.

Second, this Court admitted into evidence the 2009 account transcript (Government Trial Exhibit 5). ECF No. 991 at 85-86. The 2009 transcript shows the two assessments of tax: $1,497 in 2012 and $2,409 in 2016 (as well as assessments of various additions to tax and payments). Appendix at 25. The second assessment, based on the deficiency determination upheld by the Tax Court, did not erase the earlier assessment. Rather, the deficiency determined by the Tax Court, taken together with the earlier assessment, make up the correct tax due for that year. *See S-K Liquidating*, 64 T.C. at 715 and *Kurtzon*, 17 T.C. at 1548. With this evidence, this Court should conclude that the IRS Claim properly includes both assessments for 2009 and should be allowed in full.

**UNITED STATES' BRIEF ON REMAND**
**REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

The District Court affirmed this Court's decision overruling Debtor's objection to the IRS Claim, except for the question about the $1,497 assessment for tax year 2009. Now on remand, this Court can and should rule that the IRS Claim is allowed in full, because it properly includes the $2,409 assessment made after the Tax Court's decision and the $1,497 in tax that was assessed years prior to the Tax Court's ruling. Debtor owes both assessments and so the IRS Claim should be allowed in full.

Dated:  July 5, 2022.

DAVID A. HUBBERT
Deputy Assistant Attorney General


/s/ Boris Kukso
BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

**UNITED STATES' BRIEF ON REMAND**
**REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing **UNITED STATES' BRIEF ON REMAND REGARDING PROOF OF CLAIM 3-22** with the Clerk of Court using the CM/ECF which provides service to all parties entitled thereto and caused the same to be mailed by US Mail to:


Peter Szanto
11 Shore Pine
Newport Beach, CA 92657


*/s/ Boris Kukso*
BORIS KUKSO
Trial Attorney
United States Department of Justice, Tax Division

**UNITED STATES' BRIEF ON REMAND
REGARDING PROOF OF CLAIM 3-22**

(Case No. 16-33185)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 1274    Filed 07/05/22

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

BORIS KUKSO (CA State Bar #268613)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE  DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) ) ) | Case No. 16-33185-pcm7 <br> Chapter 7 |
| PETER SZANTO, | ) ) | **LIST OF THE UNITED STATES'** |
| Debtor. | ) ) ) | **EXHIBITS FOR THE HEARING ON** **DEBTOR'S OBJECTION TO IRS** **CLAIM** |

| Exhibit No. | Description | Number of Pages |
|:---:|---|:---:|
| 1 | IRS Proof of Claim 3-1 | 4 |
| 2 | IRS Proof of Claim 3-22 | 4 |
| 3 | 2007 Account Transcript for Mr. and Mrs. Szanto | 4 |
| 4 | 2007 Account Transcript for Mr. Szanto (Separate Assessment) | 4 |
| 5 | 2009 Account Transcript for Mr. and Mrs. Szanto | 3 |
| 6 | 2017 Account Transcript for Mr. and Mrs. Szanto | 2 |
| 7 | 2018 Account Transcript for Mr. and Mrs. Szanto | 2 |
| 8 | 2019 Account Transcript for Mr. and Mrs. Szanto | 1 |

**LIST OF THE UNITED STATES' EXHIBITS**

(Case No. 16-33185)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-1857

Case 16-33185-pcm7    Doc 1274    Filed 07/05/22

**Fill in this information to identify the case:**

Debtor 1   PETER SZANTO

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____   District of OREGON
(State)

Case number   16-33185-PCM11

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

■ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Internal Revenue Service
Name

P.O. Box 7346
Number        Street

Philadelphia        PA        19101-7346
City        State        ZIP Code

Contact phone   1-800-973-0424

Contact email _____

Creditor Number:  101342597

**Where should payments to the creditor be sent?** (if different)

Internal Revenue Service
Name

M/S O240 1220 SW Third Ave, Suite G-044
Number        Street

Portland        OR        97204-2871
City        State        ZIP Code

Contact phone   (503) 265-3773

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

■ No
☐ Yes.   Claim number on court claims registry (if known) _____   Filed on: _____
                                                                                              MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No
☐ Yes.  Who made the earlier filing? _____

Case 16-33185-pcm7    Claim 3-1    Filed 11/14/16

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    See Attachment

**7. How much is the claim?**    $ 74,746.54

Does this amount include interest or other charges?

☐ No
■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

■ No
☐ Yes. The claim is secured by a lien on property.

     **Nature of property:**

       ☐ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

       ☐ Motor Vehicle

       ☐ Other. Describe: _____

     **Basis for perfection:** _____
     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of Property:**      $_____

     **Amount of the claim that is secured:**    $_____

     **Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:**    $_____

     **Annual Interest Rate** (when case was filed) ____ %
       ☐ Fixed
       ☐ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☐ No
■ Yes. Identify the property    See Attachment _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

■ Yes. Check all that apply:

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $  32,877.59 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**  **Sign Below**

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/10/2016
                 MM / DD / YYYY


/s/ PHILIP KUSHNER
(Signature)


Print the name of the person who is completing and signing this claim:

| Name | PHILIP | | KUSHNER |
|---|---|---|---|
|  | First name | Middle name | Last name |

Title    Bankruptcy Specialist

Company  Internal Revenue Service
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  M/S O240 1220 SW Third Ave, Suite G-044
         Number     Street

         Portland                          OR          97204-2871
         City                              State       ZIP Code

Contact Phone (503) 265-3773                    Email: _____

---

Case 16-33185-pcm7    Claim 3-1    Filed 11/14/16

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**In the Matter of:** PETER SZANTO
DBA PETER SZANTO CO, SZANTO CO
POB 4614
PORTLAND, OR 97208

Form **410**
Attachment

| Case Number |
|---|
| 16-33185-PCM11 |

| Type of Bankruptcy Case |
|---|
| CHAPTER 11 |

| Date of Petition |
|---|
| 08/16/2016 |

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XXX-XX-2357 | INCOME | 12/31/2009 | 1 | Pending Examination | $2,409.00 | $551.17 |
| XXX-XX-2357 | INCOME | 12/31/2010 | 1 | Pending Examination | $25,278.00 | $4,639.42 |
| XXX-XX-2357 | INCOME | 12/31/2015 | 2 | PER Return | $0.00 | $0.00 |
| | | | | | $27,687.00 | $5,190.59 |

### Total Amount of Unsecured Priority Claims: $32,877.59

**Unsecured General Claims**

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-2357 | INCOME | 12/31/2007 | 09/21/2009 | $0.00 | $3,136.33 |
| XXX-XX-2357 | INCOME | 12/31/2007 | 01/07/2013 | $7,897.34 | $2,765.28 |
| XXX-XX-2357 | INCOME | 12/31/2009 | 08/13/2012 | $1,497.00 | $342.53 |
| | | | | $9,394.34 | $6,244.14 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $11,845.80
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $14,384.67

### Total Amount of Unsecured General Claims: $41,868.95

1 PROPOSED TAX DEFICIENCY DETERMINED BY EXAMINATION OF DEBTOR(S) TAX RETURN.

2 INFORMATION DETERMINED FROM UNASSESSED RETURN FILED BY DEBTOR

Fill in this information to identify the case:

Debtor 1   SZANTO *CAU* REFER TO DOJ-AIS #101

Debtor 2   PETER
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of OREGON
                                                    (State)

Case number   16-33185-PCM11

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

■ No

☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Internal Revenue Service | Internal Revenue Service |
| Name | Name |
| P.O. Box 7346 | P.O. Box 7317 |
| Number    Street | Number    Street |
| Philadelphia    PA    19101-7346 | Philadelphia    PA    19101-7317 |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone   1-800-973-0424 | Contact phone   1-800-973-0424 |
| Contact email _____ | Contact email _____ |
| Creditor Number: 101342597 | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No

■ Yes. Claim number on court claims registry (if known)    3      Filed on:   11/14/2016
                                                         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No

☐ Yes. Who made the earlier filing? _____

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:　　See Attachment_____

**7. How much is the claim?**　　$ 24,937.08

Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

☐ Motor Vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of Property:　　　　　　　　　$_____

Amount of the claim that is secured:　　$_____

Amount of the claim that is unsecured:　$_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:　　$_____

Annual Interest Rate (when case was filed)　___ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.　　$_____

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property　　See Attachment_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

■ Yes. Check all that apply:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 2,960.17 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

*Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/11/2019
　　　　　　　　　　MM / DD / YYYY

/s/ PHILIP KUSHNER
(Signature)

Print the name of the person who is completing and signing this claim:

| Name | PHILIP | | KUSHNER |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  Bankruptcy Specialist

Company  Internal Revenue Service
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  M/S O240 1220 SW Third Ave. Suite G-044
Number　　　Street

Portland　　　　　　　　　　OR　　　97204-2871
City　　　　　　　　　　　　　State　　ZIP Code

Contact Phone (503) 265-3773　　　　　Email: _____

---

Case 16-33185-pcm7　　Claim 3-22　　Filed 09/12/19

# Proof of Claim for
# Internal Revenue Taxes



Department of the Treasury/Internal Revenue Service

Form **410**
Attachment

| Case Number |
| --- |
| 16-33185-PCM11 |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 7A |

| Date of Petition |
| --- |
| 08/16/2016 |

**In the Matter of:** PETER
SZANTO *CAU* REFER TO DOJ-AIS #101
DBA PETER SZANTO CO, SZANTO CO
POB 4614
PORTLAND, OR 97208

Amendment No. 21 to Proof of Claim dated 11/10/2016.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XXX-XX-2357 | INCOME | 12/31/2009 | 11/28/2016 | $2,409.00 | $551.17 |

**Total Amount of Unsecured Priority Claims:** $2,960.17

**Unsecured General Claims**

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XXX-XX-2357 | INCOME | 12/31/2007 | 09/21/2009 | $0.00 | $3,136.33 |
| XXX-XX-2357 | INCOME | 12/31/2007 | 01/07/2013 | $0.00 | $2,765.28 |
| XXX-XX-2357 | INCOME | 12/31/2009 | 08/13/2012 | $1,497.00 | $342.53 |
| | | | | $1,497.00 | $6,244.14 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $1,037.76
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $13,198.01

**Total Amount of Unsecured General Claims:** $21,976.91

Page 1 of 1


# Internal Revenue Service
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
|---|

## Account Transcript

| | | |
|---|---|---|
| Request Date: | 02-24-2020 |
| Response Date: | 02-24-2020 |
| Tracking Number: | 100505537128 |

FORM NUMBER:    1040
TAX PERIOD:    Dec. 31, 2007

TAXPAYER IDENTIFICATION NUMBER:        XXX-XX-2357
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-6300

PETE SUSA SZAN

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Apr. 02, 2018 |
| ACCRUED PENALTY: | 0.00 | AS OF: Apr. 02, 2018 |

| | |
|---|---|
| ACCOUNT BALANCE PLUS ACCRUALS | |
| (this is not a payoff amount): | 0.00 |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| EXEMPTIONS: | 03 |
| FILING STATUS: | Married Filing Joint |
| ADJUSTED GROSS INCOME: | 329,032.00 |
| TAXABLE INCOME: | 172,397.00 |
| TAX PER RETURN: | 191.00 |
| SE TAXABLE INCOME TAXPAYER: | 424.00 |
| SE TAXABLE INCOME SPOUSE: | 824.00 |
| TOTAL SELF EMPLOYMENT TAX: | 191.00 |

| | |
|---|---|
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Jun. 09, 2009 |
| PROCESSING DATE | Sep. 21, 2009 |

| TRANSACTIONS |
|---|

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20093608 | 09-21-2009 | $14,460.40 |
| n/a | 89221-228-33939-9 | | | |
| 460 | Extension of time to file tax return ext. Date 10-15-2008 | | 04-12-2008 | $0.00 |
| 670 | Payment | | 04-12-2008 | -$33.00 |
| 140 | Inquiry for non-filing of tax return | | 03-09-2009 | $0.00 |

2/24/2020

| 971 | Notice issued<br>CP 0059 | | 03-30-2009 | $0.00 |
|-----|---------------------------|--|------------|-------|
| 971 | Amended tax return or claim forwarded for processing | | 06-09-2009 | $0.00 |
| 977 | Amended return filed | | 06-09-2009 | $0.00 |
| n/a | 89277-626-00925-9 | | | |
| 166 | Penalty for filing tax return after the due date<br>08-16-2023 | 20093608 | 09-21-2009 | $3,246.16 |
| 276 | Penalty for late payment of tax | 20093608 | 09-21-2009 | $14.22 |
| 196 | Interest charged for late payment | 20093608 | 09-21-2009 | $1,215.43 |
| 971 | Notice issued<br>CP 0011 | | 09-21-2009 | $0.00 |
| 971 | Amended tax return or claim forwarded for processing | | 09-28-2009 | $0.00 |
| 977 | Amended return filed | | 09-28-2009 | $0.00 |
| n/a | 89277-679-01301-9 | | | |
| 472 | Resolved claim | | 03-22-2010 | $0.00 |
| 977 | Amended return filed | | 09-28-2009 | $0.00 |
| n/a | 07277-516-54828-0 | | | |
| 420 | Examination of tax return | | 05-06-2010 | $0.00 |
| 470 | Claim pending | | 07-23-2010 | $0.00 |
| 472 | Resolved claim | | 02-14-2011 | $0.00 |
| 472 | Resolved claim | | 02-14-2011 | $0.00 |
| 706 | Credit transferred in from<br>1040 200912 | | 04-15-2010 | -$1,682.15 |
| 300 | Additional tax assessed by examination<br>00-00-0000 | 20113708 | 09-26-2011 | $0.00 |
| n/a | 29247-649-10065-1 | | | |
| 706 | Credit transferred in from<br>1040 200812 | | 04-15-2009 | -$1,094.74 |
| 706 | Credit transferred in from<br>1040 201012 | | 04-15-2011 | -$1,629.62 |
| 560 | IRS can assess tax until<br>04-15-2013 | | 10-09-2012 | $0.00 |
| 706 | Credit transferred in from<br>1040 201112 | | 04-15-2012 | -$2,380.15 |
| 971 | Notice issued<br>CP 0039 | | 12-17-2012 | $0.00 |
| 160 | Penalty for filing tax return after the due date<br>12-02-2026 | 20125205 | 01-07-2013 | $1,725.15 |
| 806 | W-2 or 1099 withholding | | 04-15-2008 | -$1,000.00 |
| 300 | Additional tax assessed by examination<br>12-02-2026 | 20125205 | 01-07-2013 | $7,900.60 |
| n/a | 29247-754-70000-2 | | | |
| 421 | Closed examination of tax return | | 01-07-2013 | $0.00 |
| 336 | Interest charged for late payment | 20125205 | 01-07-2013 | $3,588.13 |
| 276 | Penalty for late payment of tax | 20125205 | 01-07-2013 | $1,863.33 |
| 971 | Notice issued<br>CP 0022 | | 01-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 05-10-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |

2/24/2020

| 520 | Bankruptcy or other legal action filed | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 06-25-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | 06-14-2014 | $0.00 |
| 971 | Tax period blocked from automated levy program | 10-20-2014 | $0.00 |
| 670 | Payment | 04-10-2013 | -$50.00 |
|     | 1040 201212 | | |
| 706 | Credit transferred in from<br>1040 201312 | 04-15-2014 | -$1,933.00 |
| 706 | Credit transferred in from<br>1040 201412 | 04-15-2015 | -$1,505.00 |
| 290 | Additional tax assessed<br>00-00-0000 | 20161505 05-02-2016 | $0.00 |
| n/a | 89254-502-00305-6 | | |
| 971 | Installment agreement established | 04-06-2016 | $0.00 |
| 670 | Payment | 04-28-2016 | -$348.00 |
| 670 | Payment | 05-27-2016 | -$468.00 |
| 672 | Removed payment<br>CIVIL PENALTY 201601 | 04-28-2016 | $120.00 |
| 673 | Payment | 04-28-2016 | -$120.00 |
| 670 | Payment | 06-28-2016 | -$468.00 |
| 670 | Payment | 07-28-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 08-26-2016 | -$468.00 |
| 670 | Payment | 09-30-2016 | -$468.00 |
| 670 | Payment | 10-31-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 11-30-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 12-30-2016 | -$468.00 |
| 670 | Payment | 01-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 02-28-2017 | -$468.00 |

2/24/2020

| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 03-31-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 05-01-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 05-31-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 06-30-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 07-31-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 08-31-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 10-04-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 10-31-2017 | -$468.00 |
| | | | |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 12-01-2017 | -$468.00 |
| | | | |
| 971 | Bankruptcy notification received | 01-31-2018 | $0.00 |
| 971 | Bankruptcy notification received | 01-31-2018 | $0.00 |
| 400 | Transfer account out | 03-05-2018 | -$13,465.76 |
| 402 | Transfer account in | 03-05-2018 | $13,465.76 |
| 971 | Balance transferred to split liability account | 03-19-2018 | $0.00 |
| 604 | Write-off of balance due | 03-19-2018 | -$13,465.76 |
| 971 | No longer in installment agreement status | 03-19-2018 | $0.00 |
| 521 | Removed bankruptcy or other legal action | 03-05-2018 | $0.00 |

```
This Product Contains Sensitive Taxpayer Data
```

2/24/2020


**Internal Revenue Service**
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
| --- |

## Account Transcript

| | |
| --- | --- |
| Request Date: | 02-24-2020 |
| Response Date: | 02-24-2020 |
| Tracking Number: | 100505537128 |

FORM NUMBER:     1040 SEPARATE ASSESSMENT

TAX PERIOD:      Dec. 31, 2007

TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-2357

PETE SZAN

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
| --- | --- | --- |
| ACCOUNT BALANCE: | 10,465.76 | |
| ACCRUED INTEREST: | 5,848.06 | AS OF: Mar. 09, 2020 |
| ACCRUED PENALTY: | 2,279.89 | AS OF: Mar. 09, 2020 |

| | |
| --- | --- |
| ACCOUNT BALANCE PLUS ACCRUALS | |
| (this is not a payoff amount): | 18,593.71 |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
| --- | --- |
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Jun. 09, 2009 |
| PROCESSING DATE | Sep. 21, 2009 |

| TRANSACTIONS |
| --- |

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 150 | Tax return filed | 20093608 | 09-21-2009 | $14,460.40 |
| n/a | 89221-228-33939-9 | | | |
| 460 | Extension of time to file tax return ext. Date 10-15-2008 | | 04-12-2008 | $0.00 |
| 670 | Payment | | 04-12-2008 | −$33.00 |
| 140 | Inquiry for non-filing of tax return | | 03-09-2009 | $0.00 |
| 971 | Notice issued<br>CP 0059 | | 03-30-2009 | $0.00 |
| 971 | Amended tax return or claim forwarded for processing | | 06-09-2009 | $0.00 |
| 977 | Amended return filed | | 06-09-2009 | $0.00 |
| n/a | 89277-626-00925-9 | | | |
| 166 | Penalty for filing tax return after the due date<br>00-00-0000 | 20093608 | 09-21-2009 | $3,246.16 |
| 276 | Penalty for late payment of tax | 20093608 | 09-21-2009 | $14.22 |
| 196 | Interest charged for late payment | 20093608 | 09-21-2009 | $1,215.43 |
| 971 | Notice issued<br>CP 0011 | | 09-21-2009 | $0.00 |
| 971 | Amended tax return or claim forwarded for processing | | 09-28-2009 | $0.00 |

2/24/2020

| 977 | Amended return filed | | 09-28-2009 | $0.00 |
|---|---|---|---|---|
| n/a | 89277-679-01301-9 | | | |
| 472 | Resolved claim | | 03-22-2010 | $0.00 |
| 977 | Amended return filed | | 09-28-2009 | $0.00 |
| n/a | 07277-516-54828-0 | | | |
| 420 | Examination of tax return | | 05-06-2010 | $0.00 |
| 470 | Claim pending | | 07-23-2010 | $0.00 |
| 472 | Resolved claim | | 02-14-2011 | $0.00 |
| 472 | Resolved claim | | 02-14-2011 | $0.00 |
| 706 | Credit transferred in from 1040 200912 | | 04-15-2010 | -$1,682.15 |
| 300 | Additional tax assessed by examination 00-00-0000 | 20113708 | 09-26-2011 | $0.00 |
| n/a | 29247-649-10065-1 | | | |
| 706 | Credit transferred in from 1040 200812 | | 04-15-2009 | -$1,094.74 |
| 706 | Credit transferred in from 1040 201012 | | 04-15-2011 | -$1,629.62 |
| 560 | IRS can assess tax until 04-15-2013 | | 10-09-2012 | $0.00 |
| 706 | Credit transferred in from 1040 201112 | | 04-15-2012 | -$2,380.15 |
| 971 | Notice issued CP 0039 | | 12-17-2012 | $0.00 |
| 160 | Penalty for filing tax return after the due date 00-00-0000 | 20125205 | 01-07-2013 | $1,725.15 |
| 806 | W-2 or 1099 withholding | | 04-15-2008 | -$1,000.00 |
| 300 | Additional tax assessed by examination 00-00-0000 | 20125205 | 01-07-2013 | $7,900.60 |
| n/a | 29247-754-70000-2 | | | |
| 421 | Closed examination of tax return | | 01-07-2013 | $0.00 |
| 336 | Interest charged for late payment | 20125205 | 01-07-2013 | $3,588.13 |
| 276 | Penalty for late payment of tax | 20125205 | 01-07-2013 | $1,863.33 |
| 971 | Notice issued CP 0022 | | 01-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 05-10-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 06-14-2014 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 10-20-2014 | $0.00 |
| 670 | Payment | | 04-10-2013 | -$50.00 |
| | 1040 201212 | | | |
| 706 | Credit transferred in from 1040 201312 | | 04-15-2014 | -$1,933.00 |
| 706 | Credit transferred in from 1040 201412 | | 04-15-2015 | -$1,505.00 |

2/24/2020

| 290 | Additional tax assessed<br>00-00-0000 | 20161505 05-02-2016 | $0.00 |
| n/a | 89254-502-00305-6 | | |
| 971 | Installment agreement established | 04-06-2016 | $0.00 |
| 670 | Payment | 04-28-2016 | -$348.00 |
| 670 | Payment | 05-27-2016 | -$468.00 |
| 672 | Removed payment<br>CIVIL PENALTY 201601 | 04-28-2016 | $120.00 |
| 673 | Payment | 04-28-2016 | -$120.00 |
| 670 | Payment | 06-28-2016 | -$468.00 |
| 670 | Payment | 07-28-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 08-26-2016 | -$468.00 |
| 670 | Payment | 09-30-2016 | -$468.00 |
| 670 | Payment | 10-31-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 11-30-2016 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 12-30-2016 | -$468.00 |
| 670 | Payment | 01-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 02-28-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 03-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 05-01-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 05-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |

2/24/2020

| 670 | Payment | 06-30-2017 | -$468.00 |
|---|---|---|---|
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 07-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 08-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 10-04-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 10-31-2017 | -$468.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 670 | Payment | 12-01-2017 | -$468.00 |
| 971 | Bankruptcy notification received | 01-31-2018 | $0.00 |
| 971 | Bankruptcy notification received | 01-31-2018 | $0.00 |
| 400 | Transfer account out | 03-05-2018 | -$13,465.76 |
| 402 | Transfer account in | 03-05-2018 | $13,465.76 |
| 766 | Credit to your account | 07-02-2018 | -$500.00 |
| 766 | Credit to your account | 08-01-2018 | -$500.00 |
| 766 | Credit to your account | 10-02-2018 | -$500.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 766 | Credit to your account | 12-03-2018 | -$500.00 |
| 766 | Credit to your account | 02-01-2019 | -$500.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 766 | Credit to your account | 04-30-2019 | -$500.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |

This Product Contains Sensitive Taxpayer Data

2/24/2020

 **Internal Revenue Service**
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
| --- |

# Account Transcript

Request Date:       02-24-2020
Response Date:      02-24-2020
Tracking Number:    100505537128

FORM NUMBER:     1040
TAX PERIOD:      Dec. 31, 2009

TAXPAYER IDENTIFICATION NUMBER:         XXX-XX-2357
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-6300

PETE SUSA SZAN

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                        5,043.36
ACCRUED INTEREST:                       2,066.94    AS OF: Mar. 09, 2020
ACCRUED PENALTY:                          374.24    AS OF: Mar. 09, 2020

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):          7,484.54

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                                   03
FILING STATUS:                Married Filing Joint
ADJUSTED GROSS INCOME:                141,570.00
TAXABLE INCOME:                        72,277.00
TAX PER RETURN:                             0.00
SE TAXABLE INCOME TAXPAYER:            20,216.00
SE TAXABLE INCOME SPOUSE:                   0.00
TOTAL SELF EMPLOYMENT TAX:              3,093.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)        Apr. 08, 2011
PROCESSING DATE                                                     May  16, 2011

| TRANSACTIONS |
| --- |

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 150 | Tax return filed | 20111808 | 05-16-2011 | $0.00 |
| n/a | 89221-104-49400-1 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2010 | -$832.15 |
| 460 | Extension of time to file tax return ext. Date 10-15-2010 | | 04-09-2010 | $0.00 |
| 670 | Payment | | 04-09-2010 | -$50.00 |

2/24/2020

| 766 | Credit to your account | | 04-15-2010 | -$800.00 |
|---|---|---|---|---|
| 826 | Credit transferred out to<br>1040 200712 | | 04-15-2010 | $1,682.15 |
| 971 | Notice issued<br>CP 0016 | | 05-16-2011 | $0.00 |
| 420 | Examination of tax return | | 08-04-2011 | $0.00 |
| 300 | Additional tax assessed by examination<br>00-00-0000 | 20123105 | 08-13-2012 | $1,497.00 |
| n/a | 49247-602-10018-2 | | | |
| 336 | Interest charged for late payment | 20123105 | 08-13-2012 | $99.60 |
| 971 | Notice issued<br>CP 0022 | | 08-13-2012 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 12-10-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 12-03-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 12-03-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return<br>receipt signed | | 12-06-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return<br>receipt signed | | 12-06-2012 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 02-07-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 02-07-2013 | $0.00 |
| 300 | Additional tax assessed by examination<br>00-00-0000 | 20131505 | 04-29-2013 | $0.00 |
| n/a | 29247-500-10036-3 | | | |
| 521 | Removed bankruptcy or other legal action | | 05-10-2013 | $0.00 |
| 971 | Account match for federal levy payment program | | 06-24-2013 | $0.00 |
| 971 | Notice issued<br>CP 0091 | | 06-24-2013 | $0.00 |
| 971 | Final notice before levy on social security benefits | | 06-24-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 06-25-2013 | $0.00 |
| 560 | IRS can assess tax until<br>12-31-2014 | | 01-13-2014 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 06-14-2014 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-27-2014 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 10-20-2014 | $0.00 |
| 971 | Installment agreement established | | 04-06-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-16-2016 | $0.00 |
| 160 | Penalty for filing tax return after the due date<br>00-00-0000 | 20164505 | 11-28-2016 | $555.96 |
| 240 | Miscellaneous penalty<br>IRC 6662(c), (d), (e), (f), (g), or (h) Accuracy-Related<br>Penalty<br>00-00-0000 | 20164505 | 11-28-2016 | $481.80 |
| n/a | 29247-713-78000-6 | | | |
| 300 | Additional tax assessed by examination<br>00-00-0000 | 20164505 | 11-28-2016 | $2,409.00 |
| n/a | 29247-713-78000-6 | | | |

2/24/2020

| 971 | Notice issued<br>CP 0021 | 11-28-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-16-2016 | $0.00 |
| 521 | Removed bankruptcy or other legal action | 08-27-2014 | $0.00 |

This Product Contains Sensitive Taxpayer Data

2/24/2020



# Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

|  |  |
|---|---|
| Request Date: | 02-26-2020 |
| Response Date: | 02-26-2020 |
| Tracking Number: | 100506353755 |

FORM NUMBER:    1040
TAX PERIOD:    Dec. 31, 2017


TAXPAYER IDENTIFICATION NUMBER:        XXX-XX-2357
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-6300

PETE SISA SZAN
11 SHO


--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.03 | AS OF: Mar. 09, 2020 |
| ACCRUED PENALTY: | 0.00 | AS OF: Mar. 09, 2020 |


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                    0.03

** INFORMATION FROM THE RETURN OR AS ADJUSTED **


| | |
|---|---|
| EXEMPTIONS: | 03 |
| FILING STATUS: | Married Filing Joint |
| ADJUSTED GROSS INCOME: | -49,497.00 |
| TAXABLE INCOME: | 0.00 |
| TAX PER RETURN: | 0.00 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)        May  18, 2018
PROCESSING DATE                                                    Jul. 30, 2018

```
                                TRANSACTIONS
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20182805 | 07-30-2018 | $0.00 |
| n/a | 89221-160-48606-8 | | | |
| 716 | Credit you chose to apply from prior tax period | | 10-15-2017 | -$20.00 |
| 716 | Credit you chose to apply from prior tax period | | 04-15-2017 | -$2,761.00 |
| 460 | Extension of time to file tax return ext. Date 10-15-2018 | | 04-15-2018 | $0.00 |

2/26/2020

Case 16-33185-pcm7    Doc 1274    Filed 07/05/22

| 670 | Payment | 04-15-2018 | -$20.00 |
| --- | --- | --- | --- |
| 766 | Credit to your account | 04-15-2018 | -$26.00 |
| 971 | Notice issued<br>CP 0024 | 07-30-2018 | $0.00 |
| 976 | Duplicate return filed | 10-18-2018 | $0.00 |
| n/a | 89221-295-42220-8 | | |
| 670 | Payment | 11-13-2018 | -$1.00 |
| 767 | Reduced or removed credit to your account | 04-15-2018 | $26.00 |
| 806 | W-2 or 1099 withholding | 04-15-2018 | -$1,144.00 |
| 290 | Additional tax assessed<br>00-00-0000 | 20191605 05-06-2019 | $0.00 |
| n/a | 28254-495-05388-9 | | |
| 830 | Credit you chose to apply to following tax period's taxes | 04-15-2018 | $3,946.00 |
| 976 | Duplicate return filed | 05-20-2019 | $0.00 |
| n/a | 89221-139-15700-9 | | |
| 290 | Additional tax assessed<br>00-00-0000 | 20193805 10-07-2019 | $0.00 |
| n/a | 28254-655-06015-9 | | |

| This Product Contains Sensitive Taxpayer Data |
| --- |

2/26/2020



# Internal Revenue Service
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
| --- |

## Account Transcript

|  |  |
| --- | --- |
| Request Date: | 02-26-2020 |
| Response Date: | 02-26-2020 |
| Tracking Number: | 100506353755 |

FORM NUMBER:    1040
TAX PERIOD:     Dec. 31, 2018

TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-2357
SPOUSE TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-6300

PETE SISA SZAN
11 SHO

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
| --- | --- | --- |
| ACCOUNT BALANCE: | -2,236.40 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Feb. 10, 2020 |
| ACCRUED PENALTY: | 0.00 | AS OF: Feb. 10, 2020 |

| | |
| --- | --- |
| ACCOUNT BALANCE PLUS ACCRUALS | |
| (this is not a payoff amount): | -2,236.40 |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
| --- | --- |
| EXEMPTIONS: | 03 |
| FILING STATUS: | Married Filing Joint |
| ADJUSTED GROSS INCOME: | -13,327.00 |
| TAXABLE INCOME: | 0.00 |
| TAX PER RETURN: | 0.00 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

| | |
| --- | --- |
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Oct. 17, 2019 |
| PROCESSING DATE | Nov. 25, 2019 |

| TRANSACTIONS |
| --- |

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 150 | Tax return filed | 20194505 | 11-25-2019 | $0.00 |
| n/a | 89221-293-80410-9 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2019 | -$289.40 |
| 710 | Credit you chose to apply from prior tax period | | 04-15-2018 | -$3,946.00 |
| 460 | Extension of time to file tax return ext. Date 10-15-2019 | | 04-15-2019 | $0.00 |

2/26/2020

| 670 | Payment | 04-15-2019 | -$1.00 |
| 836 | Credit you chose to apply to following tax period's taxes | 04-15-2019 | $2,000.00 |
| 971 | Notice issued<br>CP 0027 | 11-25-2019 | $0.00 |
| 971 | Notice issued<br>CP 0024 | 11-25-2019 | $0.00 |

This Product Contains Sensitive Taxpayer Data

2/26/2020

 Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | |
|---|---|
| Request Date: | 02-26-2020 |
| Response Date: | 02-26-2020 |
| Tracking Number: | 100506353755 |

FORM NUMBER:     1040
TAX PERIOD:     Dec. 31, 2019


TAXPAYER IDENTIFICATION NUMBER:        XXX-XX-2357
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-6300

PETE SISA SZAN
11 SHO


--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | -2,000.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: . 00, 0000 |
| ACCRUED PENALTY: | 0.00 | AS OF: . 00, 0000 |


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                          -2,000.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **


EXEMPTIONS:                                              00
FILING STATUS:                        Married Filing Joint
ADJUSTED GROSS INCOME:
TAXABLE INCOME:
TAX PER RETURN:
SE TAXABLE INCOME TAXPAYER:
SE TAXABLE INCOME SPOUSE:
TOTAL SELF EMPLOYMENT TAX:

RETURN NOT PRESENT FOR THIS ACCOUNT

| TRANSACTIONS | | |
|---|---|---|
| **CODE EXPLANATION OF TRANSACTION** | **CYCLE DATE** | **AMOUNT** |
| n/a   No tax return filed | | |
| 716   Credit you chose to apply from prior tax period | 04-15-2019 | -$2,000.00 |

This Product Contains Sensitive Taxpayer Data

2/26/2020

Close Window

**Kukso, Boris (TAX)**

| | |
|---|---|
| From: | Peter Szanto <szanto.pete@gmail.com> |
| Sent: | Thursday, May 11, 2017 11:44 PM |
| To: | Kukso, Boris (TAX) |
| Subject: | szanto part 2 |
| Attachments: | Szanto ub 1-17.pdf; szanto ub 2-17.pdf; Szanto U8 3-17.pdf; Szanto ub 8-16.pdf; Szanto ub 9-2016.pdf; Szanto ub 10-16.pdf; Szanto ub 11-16.pdf; Szanto ub 12-16.pdf |

Mr. Kukso -

Here are responses to your 2004 request.

I have no credit cards.

Retirement accounts have no statements

nor tax reporting. Therefore, I printed

the transaction histories since start of bk.

regards

*Szanto*

---

**U** UnionBank
Online Banking

Print 🖶    ☐ Important
Statement
Information

Statement for PETER SZANTO CHAPTER 11 DEBTOR IN POSSESSION

Date range: 07/30/16 - 08/31/16

Account Number: ...057

Ready to Go Summary
Deposits
Electronic credits
Checks Paid
Electronic Debits
Other debits, fees and adjustments
Daily Ledger Balance

PETER SZANTO
POB 4614
Portland OR 97208

**Ready to Go Summary**
Days in statement period: 33

Balance on 7/30      $    4,360.56
Total Credits          8,411.47

| | |
|---|---|
| Deposits (1) | 6,753.55 |
| Electronic credits (3) | 1,657.92 |
| Total Debits | -1,929.52 |
| Checks paid (1) | -1,100.00 |
| Electronic debits (9) | -780.27 |
| Other debits (1) | -49.25 |

Balance on 8/31     $    10,862.51

back to top

**Deposits**

Including check and cash credits

| Date | Description | Reference | Amount |
|---|---|---|---|
| 8/4 | OFFICE DEPOSIT # 0000028510 | 77107699 | $   6,753.55 |

**Exhibit**

9

## back to top

### Electronic credits

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| 8/5 | YUMI BRANDS INC DIVIDEND PPD *************0404 | 57216187 | $ 920.92 |
| 8/10 | SSA TREAS 310 XXSOC SEC PPD *************ASSA | 59400317 | 597.00 |
| 8/29 | SABINE ROYALTY T DIVIDEND PPD *************2479 | 56217402 | 140.00 |
| | 3 Electronic credits | Total | $ 1,657.92 |

## back to top

### Checks Paid

| Number | Date | | Amount |
|--------|------|--|--------|
| 1216 | 8/5 | $ | 1,100.00 |

## back to top

### Electronic debits

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| 8/1 | SOUTHERN CAL GAS ONLINE PMT WEB UN1916102032POS | 53116599 | $ 22.50 |
| 8/1 | Chevron Visa CHVTX EPAY WEB 1115460979 | 52820692 | 5.00 |
| 8/3 | PROTECTIVE LIFE INS. PREM. PPD ***********6946 | 55809017 | 174.00 |
| 8/10 | S CA EDISON ONLINE PMT WEB UN1916102032POS | 53241842 | 13.00 |
| 8/12 | PROTECTIVE LIFE INS. PREM. PPD ***********6946 | 54691561 | 81.78 |
| 8/19 | Synchrony Bank CC PYMT WEB 6019180251111868 | 51020385 | 153.99 |
| 8/22 | NCCA 113442B318286 | 52311526 | 100.00 |
| 8/25 | IRVINE RANCH WTR ONLINE PMT WEB UN1916102032POS | 55773102 | 38.00 |
| 8/26 | Chevron Visa CHVTX EPAY WEB 1130592388 | 56541734 | 192.00 |
| | 9 Electronic debits | Total | $ 780.27 |

## back to top

### Other debits, fees and adjustments

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| 8/30 | DELUXE CHECK CHECK/ACC. PPD | 59633400 | $ 49.25 |

## back to top

### Checking Daily Ledger Balance

| Date | Ledger Balance | | Date | Ledger Balance | | Date | Ledger Balance |
|------|----------------|--|------|----------------|--|------|----------------|
| 7/30-7/31 | 4,380.56 | $ | 8/5-8/9 | 10,932.61 | | 8/19-8/21 | 11,101.76 |
| 8/1-8/2 | 4,353.06 | | 8/10-8/11 | 10,753.53 | | 8/22-8/24 | 11,001.76 |
| 8/3 | 4,179.06 | | 8/12-8/18 | 11,255.75 | | 8/25 | 10,963.76 |
| 8/4 | | | | | | 8/26-8/28 | 10,771.76 |
| | | | | | | 8/29-8/30 | 10,911.76 |
| | | | | | | 8/31 | 10,862.51 |

Account Number: [____]0258

## back to top

### Money Market Summary

Days in statement period: 33

| | | |
|--|--|--|
| Balance on 7/30 | | 92,459.21 |
| Total Credits | | 15,089.55 |
| Interest Deposits (1) | 89.55 | |
| Credits (1) | 15,000.00 | |

Balance on 8/31   $   107,548.76

## back to top

### Money Market Deposits

| Date | Description | Reference | Amount |
|------|-------------|-----------|--------|
| including check and cash credits | 8/31 OFFICE DEPOSIT # 00000276513 | 77107699 | $ 15,000.00 |

## back to top

### Money Market Daily Ledger Balance

| Date | Ledger Balance | | Date | Ledger Balance |
|------|----------------|--|------|----------------|
| 7/30-7/31 | 92,459.21 | $ | 8/31 | 107,548.76 |
| 8/1-8/30 | 92,459.21 | | | |

## back to top

# UnionBank
## Online Banking

Print 🖨 ☐ Important Statement Information

Statement for PETER SZANTO CHAPTER 11 DEBTOR IN POSSESSION

Date range: 09/01/16 - 09/30/16

**Ready to Go Summary**
Deposits
Electronic credits
Checks Paid
Electronic debits
Other debits, fees and adjustments
Daily Ledger Balance

PETER SZANTO
POB 4614
Portland OR 97208

Account Number: ☐0257

**Ready to Go Summary**

| | | Amount |
|---|---|---|
| Days in statement period: 30 | | |
| Balance on 8/31 | $ | 10,862.51 |
| Total Credits | | 8,913.27 |
| Deposits (1) | 7,207.16 | |
| Electronic credits (3) | 1,706.11 | |
| Total Debits | | -3,276.73 |
| Checks paid (1) | -1,100.00 | |
| Electronic debits (9) | -2,176.73 | |
| Balance on 9/30 | $ | 16,499.05 |

back to top

**Deposits**
Including check and cash credits

| Date | Description | Reference | Amount |
|---|---|---|---|
| 9/22 | OFFICE DEPOSIT # 000217610 | 21710097 | $ 7,207.16 |

back to top

**Electronic credits**

| Date | Description | Reference | Amount |
|---|---|---|---|
| 9/12 | 3M COMPANY DIVIDEND PPD ***********068 | 57223587 | $ 889.11 |
| 9/14 | SSA TREAS 310 XXSOC SEC PPD ***********ASSA | 93321117 | 597.00 |
| 9/30 | SABINE ROYALTY T DIVIDEND PPD **********2179 | 5664TT02 | 220.00 |
| 3 Electronic credits | | Total | $ 1,706.11 |

back to top

**Checks Paid**

| Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|
| 0217 | 9/28 | $ 1,100.00 | | | |

back to top

**Electronic debits**

| Date | Description | Reference | Amount |
|---|---|---|---|
| 9/1 | US COURTS PORTLA PAYMENT BOC 0311 | 53039707 | $ 644.00 |
| 9/1 | TARGET DEBIT CRD 010905TARG ET -JR | 58633752 | 21.42 |
| 9/10 | PROTECTIVE LIFE INS. PREB, PPD **********9046 | 55809017 | 174.00 |
| 9/12 | S CA EDISON ONLINE PMT WEB UN191610203 2POS | 53422242 | 14.00 |
| 9/12 | PROTECTIVE LIFE INS. PREB, PPD **********2146 | 54891561 | 81.78 |
| 9/19 | IRVINE RANCH WTR ONLINE PMT WEB UN191631 03 2POS | 51020385 | 53.53 |
| 9/23 | US COURTS PORTLAN PAYMENT BOC 0312 | 59211282 | 700.00 |
| 9/26 | IRS USA TAX PAYMENT WEB 222667463452251 | 59551155 | 468.00 |
| 9/26 | SOUTHERN CAL GAS ONLINE PMT WEB UN191610203 2POS | 57950990 | 20.00 |
| 9 Electronic debits | | Total | $ 2,176.73 |

back to top

**Other debits, fees and adjustments**

| Date | Description | Reference | Amount |
|---|---|---|---|
| ... | ... | | $ 0.00 |

back to top