UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Peter Szanto dba Peter Szanto Co
dba Szanto Co**

Debtor(s)

Case No. **16-33185-pcm7**
☐ Amended

[*Check all applicable boxes*]
**CHAPTER 7/13 MOTION FOR RELIEF FROM**
☒ Debtor ☐ Chapter 13 Codebtor Stay
**Filed by Movant:**
**Bank of New York Mellon Trust Company***
**Objection to Stay Motion filed by Respondent:**
**Peter Szanto**

*Instructions to movant: You must file this motion with a notice of motion on Local Bankruptcy Form (LBF) 720. See LBF 720.50, Procedures re: Motions for Relief from Stay, for more information.*

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** [*To be completed by movant*]

   a. Description of collateral [*e.g., car model, year, and VIN, or property address*]:
      **The real property located at 4484 Dulin Place, Oceanside, CA 92057.**

   b. Amount of debt: $ **374,612.67**, consisting of principal of $ **254,620.16**, interest of $ **83,958.18**, and other:
      **MIP $21,741.83; Servicing Fees $6,090.00; Corporate advances $8,152.00; Intra per diem total $50.50. Amounts due as of August 1, 2022. Totals do not include fees and costs associated with this motion.**

   c. Description, amount, and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

      Total debt secured by collateral [*1.b. + 1.c.*]: $ **374,612.67**.

   d. Value of collateral: $ **550,996.00**.
      Equity in collateral: $ **132,303.65**, after deducting $ **44,079.68** of liquidation costs.

   e. Current monthly payment: $ _____.

   f. If Chapter 13:

      (1) $ _____ postpetition default consisting of [*e.g., $ _____ payments, $ _____ late charges, $ _____ fees*]:

   *N.A. as Trustee for Mortgage Assets Management Series I Trust

720.80 (12/1/2021)          Page 1 of 5

(2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:

   g. If Chapter 7, total amount of default: $ **374,612.67** .

`supplement starts at page 6`

**OBJECTION** [*Identify specific items disputed and specify what you contend are the pertinent facts, including why there is a postpetition default, if applicable; to be completed by respondent*]:

> **Respondent contends there is no arrearage, because apparently Bank of New York has acquired a Deed of Trust which was paid-off in 2007. The only current legal question is "where is the reconveyance which was filed or should have been filed by the original Deed of Trust holder in 2007".**
> **Bank of New York has provided no accounting of any sort regarding its alleged Deed of Trust. Such additional matters which may learned after subpoenas are issued and discovery is had.**

2. **Relief from Stay Should be Granted Because:** [*Check all that apply; to be completed by movant*]:

   ☐ Lack of insurance on collateral.

   ☐ No equity in the collateral and the property is not necessary for an effective reorganization.

   ☐ Failure of debtor to make Chapter 13 plan payments to the trustee.

   ☐ Failure of debtor to make direct payments required by Chapter 13 plan.

   ☒ Other [*describe*]:

> **By virtue of the Note and Deed of Trust, the Property is subject to a reverse mortgage in favor of Movant. According to the records of Movant a maturity event occurred pursuant to the Note as the sole surviving Borrower, Judith Ann Hall, passed away on December 3, 2019, thus making the obligation under the Note and Deed of Trust all due and payable in full.**

**OBJECTION** [*Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using LBF 720.90 available at https://www.orb.uscourts.gov under Forms/Local Forms; to be completed by respondent*]:

> **LBF 720.90 is attached with proposed payments should Bank of New York's Deed of Trust be deemed valid. Adequate protection to commence immediately if Deed of Trust is deemed valid.**
>
> **supplement starts at page 6**

3. **Background** [*To be completed by movant*)

   a. Date petition filed: **8/16/2016**  Current Chapter: **7** (7 or 13)

   If 13, current plan date _____ Confirmed: ☐ Yes ☐ No

   If 13, treatment of movant's prepetition claim(s) in plan:

   If 7, debtor ☐ has ☒ has not stated on LBF 521.05 or OF B108 that debtor intends to surrender the collateral.

   b. Movant has a lien on the collateral by virtue of [*check all applicable sections, see also paragraph 6 below*]:

720.80 (12/1/2021)  Page 2 of 5

☒ Security agreement, trust deed, or land sale contract dated **09/07/2005** and any assignment of that interest to movant. The security interest was perfected as required by applicable law on **09/13/2005**.

☐ Retail installment contract dated _____ and any assignment of that interest to movant. The security interest was perfected on the certificate of title on _____.

☒ Other [*describe*]:
**An unauthorized transfer Deed recorded July 20, 2020 from Susan Szanto, Trustee of the Judith A. Hall Living Trust to Susan Szanto and Peter Szanto. A copy is attached hereby under Exhibit "A".**

**OBJECTION** [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:
**Evidence indicates that Judith A. Hall transferred the subject property to her Testamentary Trust on 12-1-2007. Pursuant to the terms of the Deed of Trust proffered by Movant, any such transfer event, to an unqualified entity, would have triggered termination of the encumbrance by its own terms. Therefore, by evidence presented by Bank of New York, Deed of Trust has lapsed or become void.**

4. **Request for Relief from Codebtor Stay** [*Chapter 13 only*]
   a. _____, whose address is _____ _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Movant should be granted relief from the codebtor stay because [*check all that apply*]: ☐ codebtor received the consideration for the claim held by movant ☐ debtor's plan does not propose to pay movant's claim in full ☐ movant's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above ☐ because:

**OBJECTION** [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:
**Evidence indicates Bank of New York acquired Deed of Trust in 2020. History of loan from 2005 to 2020 need be produced to support any Deed of Trust. Discovery and Evidentiary hearing are prayed so as to ascertain truth , veracity and validity of Bank of New York's Deed of Trust.**

**supplement starts at page 6**

5. **Other Pertinent Information** [*To be completed by movant, if applicable*]:

**OBJECTION** [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:

720.80 (12/1/2021)　　　　　　　　　　　Page 3 of 5

**Supplemental objections are attached starting at page 6.**

6. **Relief Requested** [*Check all applicable sections*; *to be completed by movant*]:

   [X] Movant requests relief from the automatic stay to allow it to foreclose its lien on the collateral and to take any necessary action to obtain possession of the collateral.

   [ ] Movant has a security interest in real property and requests relief from stay of an act against the collateral and that the relief be binding in any other bankruptcy case purporting to affect the collateral filed not later than 2 years after the date of the entry of an order granting this motion. [*If you check this box, you must complete paragraph 5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*]

   [ ] Movant requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   [ ] Other [*describe and explain cause*]:

**OBJECTION** [*Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using* LBF 720.90 *available at* https://www.orb.uscourts.gov *under Forms/Local Forms; to be completed by respondent*]:

**LBF 720.90 is attached so adequate protection payments may be commenced immediately upon showing of Bank of New York's valid Deed of Trust.**

7. **Documents**:

   **If movant claims to be secured in paragraph 3.b. above,** movant has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a chapter 13 case and the collateral is real property**, movant has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how movant applied the payment.

   **RESPONDENT requests movant provide** respondent with the following document(s), if any are marked below, which are pertinent to this objection:

720.80 (12/1/2021)     Page 4 of 5

Case 16-33185-pcm7    Doc 1289    Filed 09/08/22

☒ Postpetition payment history, if not required above.

☒ Documents establishing that movant owns the debt described in paragraph 1 or is otherwise a proper party to bring this motion.

☒ Other document(s) [describe]: ** by Deed of Trusts own terms.
**Reconveyance documents which were filed, or should have been filed, by original mortgagee in 2007 when triggering event of transfer to unqualified mortgagor occurred to terminate deed****

| Movant/Attorney | Respondent /~~Attorney~~ |
|---|---|
| | *(By signing, the respondent also certifies that the respondent has not altered the information completed by movant.)* |
| Signature: /s/Nathan F. Smith | Signature: /s/ signed electronically/ P.Szanto |
| Name: Nathan F. Smith | Name: Peter Szanto |
| Address: 2112 Business Center Drive, Irvine, CA 92612 | Address: 11 Shore Pine, Newport Beach CA 92657 |
| Email: nathan@mclaw.org | Email: |
| Phone #: 949-252-9400 | Phone #: 949 887 2369 |
| OSB#: 120112 | OSB#: |

*You are hereby notified that the creditor is attempting to collect a debt and any information obtained will be used for that purpose.*

720.80 (12/1/2021)　　　　　　　　　　Page 5 of 5

**SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY**

**The following constitute lawful reasons why Bank of New York,**

    **should it demonstrate ownership as to a Deed of Trust as to**

    **4484 Dulin Place, Oceanside CA has abrogated** all rights to Foreclosure.

This is a partial listing, the balance of which will follow at the trial of this matter.

**WITHOUT CONCEDING THAT BANK OF NEW YORK'S DEED of TRUST IS VALID, PETER SZANTO OBJECTS AND PLEADS AS FOLLOWS:**

1. **Bank of New York's Defiance of California Civil Code Mandates**

    California's laws relating to Deeds of Trusts created are intricate and complicated for a reason: to prevent homeowners from facing the whim and wrath of lenders on issues which are controlled by law.

    In the circumstances related to Debtor's Oceanside property, starting in September 2021, Bank of New York, for lack of any better or more refined characterization, simply went out of their way to defy the law in an effort to abscond with approximately $0.4 million of Debtor's equity in the Oceanside residence.

    Specifically Ca Civil Code § 2923.55 requires that:

```
    (a) A mortgage servicer, mortgagee, trustee, beneficiary, or
authorized agent shall not record a notice of default pursuant to
Section 2924 until all of the following:
(1) The mortgage servicer has satisfied the requirements of
paragraph (1) of subdivision (b).
(2) Either 30 days after initial contact is made as required by
paragraph (2) of subdivision (b) or 30 days after satisfying the due
diligence requirements as described in subdivision (f).
(3) The mortgage servicer complies with subdivision (c) of Section
2923.6, if the borrower has provided a complete application as
defined in subdivision (h) of Section 2923.6.
```

p6

## SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY

(b) (1) As specified in subdivision (a), a mortgage servicer shall send the following information in writing to the borrower:
(A) A statement that if the borrower is a servicemember or a dependent of a servicemember, he or she may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. Sec. 3901 et seq.) regarding the servicemember's interest rate and the risk of foreclosure, and counseling for covered servicemembers that is available at agencies such as Military OneSource and Armed Forces Legal Assistance.
(B) A statement that the borrower may request the following:
(i) A copy of the borrower's promissory note or other evidence of indebtedness.
(ii) A copy of the borrower's deed of trust or mortgage.
(iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose.
(iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due.
(2) A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.
(c) A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.
(d) A mortgage servicer's loss mitigation personnel may participate by telephone during any contact required by this section.
(e) A borrower may designate, with consent given in writing, a HUD-certified housing counseling agency, attorney, or other adviser to discuss with the mortgage servicer, on the borrower's behalf, the borrower's financial situation and options for the borrower to avoid foreclosure. That contact made at the direction of the borrower shall satisfy the contact requirements of paragraph (2) of subdivision (b). Any foreclosure prevention alternative offered at the meeting by the mortgage servicer is subject to approval by the borrower.
(f) A notice of default may be recorded pursuant to Section 2924 when a mortgage servicer has not contacted a borrower as required by paragraph (2) of subdivision (b), provided that the failure to contact the borrower occurred despite the due diligence of the mortgage servicer. For purposes of this section, "due diligence"

22–015

p7

shall require and mean all of the following:
(1) A mortgage servicer shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(2) (A) After the letter has been sent, the mortgage servicer shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.
(B) A mortgage servicer may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgage servicer.
(C) A mortgage servicer satisfies the telephone contact requirements of this paragraph:
(i) If it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.
(ii) If the borrower or his or her authorized agent notifies the mortgage servicer in writing to cease further communication with the borrower. The cease communication notification shall explicitly pertain to the mortgage loan account to be effective. The cease communication notification shall be effective until the borrower or his or her authorized agent rescinds it in writing.
(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgage servicer shall then send a certified letter, with return receipt requested, that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(4) The mortgage servicer shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.
(5) The mortgage servicer has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:
(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.
(B) A list of financial documents borrowers should collect and be prepared to present to the mortgage servicer when discussing options for avoiding foreclosure.
(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgage servicer.
(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(g) This section shall not apply to entities described in subdivision (b) of Section 2924.18.
(h) This section shall apply only to mortgages or deeds of trust described in Section 2924.15.

p8

22–0155

## SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY

**Bank of New York did none of these required mandatory acts and took none of the mandatory steps prior to filing a Notice of Default!!**

Further collection and foreclosure rules are at CA Civil Code § 2923.6 requiring:

**(a) The Legislature finds and declares that any duty mortgage servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a pooling and servicing agreement, and that a mortgage servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:**
**(1) The loan is in payment default, or payment default is reasonably foreseeable.**
**(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.**
**(b) It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.**
**(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:**
**(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.**
**(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.**
**(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.**
**(d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.**
**(e) If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a**  9

22–015

**SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY**

**notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:**
**(1) Thirty-one days after the borrower is notified in writing of the denial.**
**(2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer.**
**(f) Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following:**
**(1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial.**
**(2) If the denial was based on investor disallowance, the specific reasons for the investor disallowance.**
**(3) If the denial is the result of a net present value calculation, the monthly gross income and property value used to calculate the net present value and a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer.**
**(4) If applicable, a finding that the borrower was previously offered a first lien loan modification and failed to successfully make payments under the terms of the modified loan.**
**(5) If applicable, a description of other foreclosure prevention alternatives for which the borrower may be eligible, and a list of the steps the borrower must take in order to be considered for those options. If the mortgage servicer has already approved the borrower for another foreclosure prevention alternative, information necessary to complete the foreclosure prevention alternative.**
**(g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.**
**(h) For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.**
**(i) Subdivisions (c) to (h), inclusive, shall not apply to entities described in subdivision (b) of Section 2924.18.**
**(j) This section shall apply only to mortgages or deeds of trust described in Section 2924.15.**

22–0155

p.10

Case 16-33185-pcm7    Doc 1284    Filed 09/06/22

## SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY

**Here, Debtor has been trying to resolve, work out and modify any valid loan with Bank of New York, there has been no communication from Bank of New York in any manner so that those discussions and efforts at resolution and modification could be finalized.**

Specifically Civil Code § 2923.7 requires that:

```
(a) When a borrower requests a foreclosure prevention alternative,
the mortgage servicer shall promptly establish a single point of
contact and provide to the borrower one or more direct means of
communication with the single point of contact.
(b) The single point of contact shall be responsible for doing all
of the following:
(1) Communicating the process by which a borrower may apply for an
available foreclosure prevention alternative and the deadline for
any required submissions to be considered for these options.
(2) Coordinating receipt of all documents associated with available
foreclosure prevention alternatives and notifying the borrower of
any missing documents necessary to complete the application.
(3) Having access to current information and personnel sufficient to
timely, accurately, and adequately inform the borrower of the
current status of the foreclosure prevention alternative.
(4) Ensuring that a borrower is considered for all foreclosure
prevention alternatives offered by, or through, the mortgage
servicer, if any.
(5) Having access to individuals with the ability and authority to
stop foreclosure proceedings when necessary.
(c) The single point of contact shall remain assigned to the
borrower's account until the mortgage servicer determines that all
loss mitigation options offered by, or through, the mortgage
servicer have been exhausted or the borrower's account becomes
current.
(d) The mortgage servicer shall ensure that a single point of
contact refers and transfers a borrower to an appropriate supervisor
upon request of the borrower, if the single point of contact has a
supervisor.
(e) For purposes of this section, "single point of contact" means an
individual or team of personnel each of whom has the ability and
authority to perform the responsibilities described in subdivisions
(b) to (d), inclusive. The mortgage servicer shall ensure that each
member of the team is knowledgeable about the borrower's situation
and current status in the alternatives to foreclosure process.
(f) This section shall apply only to mortgages or deeds of trust
described in Section 2924.15.
```

22–015

**SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY**

> **(g) (1) This section shall not apply to a depository institution chartered under state or federal law, a person licensed pursuant to Division 9 (commencing with Section 22000) or Division 20**
>
> **(commencing with Section 50000) of the Financial Code, or a person licensed pursuant to Part 1 (commencing with Section 10000) of Division 4 of the Business and Professions Code, that, during its immediately preceding annual reporting period, as established with its primary regulator, foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California.**
> **(2) Within three months after the close of any calendar year or annual reporting period as established with its primary regulator during which an entity or person described in paragraph (1) exceeds the threshold of 175 specified in paragraph (1), that entity shall notify its primary regulator, in a manner acceptable to its primary regulator, and any mortgagor or trustor who is delinquent on a residential mortgage loan serviced by that entity of the date on which that entity will be subject to this section, which date shall be the first day of the first month that is six months after the close of the calendar year or annual reporting period during which that entity exceeded the threshold.**

**As good evidence that Bank of New York does not actually hold any valid Deed of Trust as regards Debtor, Bank of New York has not established any single point of contact for Debtor as to Debtor's possible loan with Bank of New York!**

The remainder of the CA Civil Code requirements (2924.9, 2924.10, 2924.11 and 2924.17) have not even been reached, because Debtor has received absolutely no communication from Bank of New York about any possible loan whatsoever.

Thereupon, it is Debtor's contention that Bank of New York not its Trustee, has not fulfilled any of the requirements of the Civil Code rules related to foreclosure **so as legally to justify the filing of a Notice of Default**.

### 2. *Bank of New York's Failures to Provide an Accounting*

Contrary to provisions of the CA Civil Code, Bank of New York has provided no accounting of its alleged Deed of Trust.

22−01558−11  Debtor's Opposition to Relief from Stay  XXpgXX  Page 12

**SUPPLEMENT TO OPPOSITION TO RELIEF FROM STAY**

### 3. *Debtor's Ability to Make Monthly OR Adequate Protection Payments*

Thereby, as a prelude to complete resolution of all arrearages, Debtor can begin making monthly payments to Bank of New York **immediately.**

### 4. *CONCLUSION*

Debtor prays an evidentiary hearing whereat Bank of New York is required to demonstrate validity of its Deed of Trust.

### 5. *VERIFICATION*

I, Peter Szanto declare and affirm under penalty of perjury under the laws of the United States that all of the statements herein are true based on my own personal knowledge OR are based on facts and events I reasonably believe to be true.

DATED Sep. 6, 2022 *s/signed electonically* Peter Szanto Signed at San Diego CA

## PROOF of SERVICE

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623

On the date indicated below, I personally served the within:

### Objection to Relief from Stay + Supplement

on the following by placing in postage pre-paid envelopes of the within document and mailing same:

a. Internal Revenue Service, PO Box 7346, Philadelphia PA 19101
b. First Service Residential, 15241 Laguna Canyon Rd, Irvine CA 92618
c. JPMorgan Chase Bank, represented by:
      Gadi Shahak c/o Shapiro & Sutherland
      1499 SE Tech Center Place, Suite 255, Vancouver, WA 98683
d. Bank of America, c/o McCarthy & Holthus 920 SW 3rd Av., Portland OR 97204
e. Oregon Department of Revenue, 955 Center St., Salem OR 97301
f. Chapter 7 Trustee, C. Amborn, PO Box 580, Medford OR 97502
g. Office of the US Trustee, 620 SW Main Street, Suite 213, Portland, OR 97205
by mailing copies to the above parties *via* 1st class mail, postage prepaid, or by e-mail.
  h. Attorneys Yam, Chan, Ong and Chow, 9 Battery Road #25-01 Singapore 049910
  i. Nathan F. Smith, 2112 Business Center Drive, 2nd Floor, Irvine CA 92612

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated 8/31/2022    /s/ *signed electronically* M. Reynolds

16-bk-33185     Request to Extend Time Relief from Stay of Bank of NY     xxxxxx pag 14