Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 16-33185-pcm7 |
|---|---|
| Peter Szanto, | |
| Debtor. | MEMORANDUM DECISION[1] |

The purpose of this memorandum is to address a limited issue on remand from the United States District Court for the District of Oregon (the District Court). Debtor appealed to the District Court this court's 2020 order overruling his objections to a proof of claim filed by the Internal Revenue Service (the IRS). ECF No. 933. The proof of claim and resulting appeal concerned two tax years: 2007 and 2009. As explained below, only a portion of the claim attributable to the 2009 tax year remains at issue.

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION

The claim asserted by the IRS for tax year 2009 relates to two separate income tax assessments: (1) an August 13, 2012, assessment in the amount of $1,497 (the 2012 Assessment), and (2) a November 28, 2016, assessment in the amount of $2,409 (the 2016 Assessment). Exhibit 5. In overruling Debtor's claim objection, the court allowed the portions of the claim attributable to both assessments, along with associated penalties and interest. The District Court affirmed this court's allowance of the proof of claim in all respects, except that it remanded for the court to consider whether the claim for 2009 properly includes the $2,409 plus the $1,497 that the IRS assessed before the United States Tax Court's decision.

The court entered a scheduling order requesting that the parties file briefs addressing the limited issue on remand from the District Court. ECF No. 1272. The IRS filed its brief, ECF No. 1274, and Debtor filed his brief in response. ECF No. 1287. The court determines that a hearing is not necessary. LBR 7007-1(d)(1), made applicable to contested matters by LBR 9013-1.

## Background

Debtor filed his 2009 tax return in April of 2011. Szanto v. Comm'r, T.C. Memo 2016-145, *5 (Aug. 1, 2016). Thereafter, Debtor filed an amended return on which he reported additional income not previously reported in the amount of $1,497. Id. (stating that Debtor filed an amended 2009 return on which he admitted receipt of income not reported on his original return for the 2009 tax year). Debtor's amended return resulted in the 2012 Assessment.

The 2016 Assessment followed the issuance of a decision by the United States Tax Court (the Tax Court). See Szanto v. Comm'r, T.C. Memo 2016-145 (Aug. 1, 2016). Debtor filed the Tax Court case in August of 2014 in response to a notice of deficiency for 2009 issued by the

IRS that "determined a $2,409 deficiency, a $555.96 addition to tax under section 6651(a)(1), and a $481.80 penalty under section 6662(a)." Id. at *3. The issues before the Tax Court were whether Debtor was entitled to certain deductions that he had claimed and whether he was liable for an addition to tax for the late filing of a return and a penalty for negligence or disregard of rules and regulations. Id. In August of 2016, the Tax Court entered decision in favor of the IRS, concluding that Debtor was not entitled to the claimed deductions and was liable for an addition to tax in the amount of $555.96 and a $481.80 penalty. Thereafter, the IRS made an entry on Debtor's 2009 tax transcript for an "[a]dditional tax assessed by examination" in the amount of $2,409. Exhibit 5.

The District Court affirmed this court's allowance of the claim, but remanded for the court to consider one issue: whether the claim for 2009 properly includes the $2,409 in tax plus the $1,497 in tax that the IRS assessed before the Tax Court's decision. For the reasons that follow, the court concludes that the IRS's claim for 2009 properly includes the $1,497 assessed by the IRS before the Tax Court's decision. Therefore, the court will enter an order allowing the IRS's claim in full.

## Analysis

The argument Debtor raised on appeal to the District Court, namely that the IRS is not entitled to the $1,497 assessed in 2012 because the Tax Court decision fixed his total liability for 2009, was not clearly articulated in the original proceedings before this court. Debtor did argue to this court that the Tax Court determined the full amount of his tax liability for 2009, but the focus of that contention was that the IRS was not entitled to interest because the Tax Court's

decision did not expressly award interest. In addressing that argument during its oral ruling, the court stated:

> Debtor also argues taxes for 2009 have been paid in full. First, he argues that the total amount of the tax the IRS can collect is reflected in the tax court decision dated August 2, 2016.[2] Second, he argues that he made payments of $468 each plus a final payment of $638.76 to completely satisfy the liability set out in that tax court decision.
>
> Exhibit B, as in "boy," is a copy of the tax court decision dated August 2, 2016, related to the 2009 tax year. The Court held that there was a deficiency of $2,409 plus additional tax of $555.96 plus a penalty of $481.80. Debtor argues this decision does not provide for additional interest or penalties; therefore, the total amount owing was fixed at $3,446.76.
>
> There's nothing in the tax court's decision that exempts the debtor from further interest or penalties. **It merely decides what amounts are due at the time of the decision.** It does not reflect a determination or agreement that no further interest or penalties may be assessed, and there's no evidence that that – the decision did that.

Szanto v. Internal Revenue Service, Case No. 3:20-cv-882-SI , Doc. 17, Exhibit 9.

The District Court focused on the bolded language set out immediately above in its remand order. The District Court's order remanding provides:

> Appellant disputes the Bankruptcy Court's conclusions regarding the 2009 tax year, claiming that he and his joint filing spouse paid it in full. First, Appellant argues that the total amount of the tax the IRS can collect is reflected in a Tax Court decision dated August 2, 2016. Appellant asserts that the IRS's claim in the bankruptcy exceeds the amount the IRS is entitled to collect. Second, Appellant asserts that he made six payments of $468 each, as well as a final payment of $638.76, to completely satisfy the liability established in the Tax Court decision.
>
> The Tax Court in August 2016 concluded that Appellant and his wife owed a tax deficiency of $2,409, a penalty under 26 U.S.C. § 6651(a)(1) for failure to timely file a tax return in the amount of $555.96, and a penalty under 26 U.S.C. § 6662(a) for underpayment in the amount of $481.80. Appellant argues that the total

---

[2] The court erred in identifying the date of the Tax Court's decision in its oral ruling. The Tax Court's decision is dated August 1, not August 2, 2016.

$3,446.76 imposed by the Tax Court is a fixed, sum certain amount that he and his wife owed for tax year 2009.

The Bankruptcy Court concluded that the Tax Court did not exempt Appellant from further interest or penalties decision. *See* 26 U.S.C. § 6601 (establishing that interest is due on all taxes imposed until paid). Appellant, however, argues that the IRS is improperly claiming a tax deficiency of $2,409 (assessed in 2016 after the tax court decision) *plus* a tax deficiency of $1,497 (assessed in 2012). The IRS argues that it can claim the $1,497 deficiency in addition to the $2,409 deficiency found by the Tax Court. The Bankruptcy Court, however, did not make such a determination. Indeed, the Bankruptcy Court findings appear to support Appellant's position. The Bankruptcy Court noted that the Tax Court "decides what amounts are due at the time of the decision." ECF 17-3 at 145. The Bankruptcy Court concluded that the Tax Court decision did not bar *future* interest, but appeared to conclude that the Tax Court resolved what was owed by Appellant as of the date of the Tax Court decision. Nonetheless, because the Bankruptcy Court did not expressly resolve the dispute about the full amount of the deficiency, the Court remands the issue for the Bankruptcy Court to consider.

Szanto v. Internal Revenue Service, Case No. 3:20-cv-882-SI (D. Or. Jan. 31, 2022), Doc. 22.

The IRS explains in its brief that the claim for 2009 properly includes the $2,409 deficiency plus the $1,497 in tax that the IRS assessed before the Tax Court's decision because the 2012 Assessment was not before the Tax Court and the Tax Court's decision did not address it.[3] The IRS argues that Debtor's position that the Tax Court decision fixed the total amount owed for the 2009 tax year is incorrect as a matter of law because:

> The Tax Court decision determined a "deficiency" in tax, which by definition is a determination that more tax is due. 26 U.S.C. § 6211(a), *Laing v. United States*, 423 U.S. 161, 173 (1976). Thus, the Tax Court's decision to uphold a deficiency for 2009 is a determination of the additional tax owed on top of what was previously reported on a return or assessed. The Tax Court did not opine or change the 2012 assessment, which was made prior to the Tax Court proceeding.

\* \* \* \* \*

---

[3] Indeed, The Tax Court decision does not include a calculation or statement of total liability amount such as the court would expect to see if the Tax Court was, in fact, fixing Debtor's total liability for 2009 as Debtor contends.

"Deficiency" is a term of art in the tax law and is defined by the Internal Revenue Code as: "the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over- - (2) the amount of rebates, as defined in subsection (b)(2), made." 26 U.S.C. 6211(a). This definition has been formulated as:

> Deficiency = correct tax - (tax on return + prior assessments - rebates); or
>
> Deficiency = correct tax - tax on return - prior assessments + rebates.

*See S-K Liquidating v. Comm'r*, 64 T.C. 713, 715 (1975) and *Kurtzon v. Comm'r*, 17 T.C. 15421548 (1952).

Importantly, an income tax deficiency is not the total correct amount of tax owed by the taxpayer for the year. Rather, a deficiency is "the amount of tax imposed less any amount that may have been reported by the taxpayer on his return." *Laing*, 423 U.S. at 173. In other words, "[a] deficiency is based on a determination that more tax is due." *Larson v. United States*, 888 F.3d 578, 582, n.3 (2d Cir. 2018).

ECF No. 1274 at 6-7.

The authorities cited by the IRS and the court's independent research support a conclusion that the Tax Court did not fix Debtor's total tax liability for 2009 at $2,409. Instead, the Tax Court determined that Debtor owed $2,409 in addition to the $1,497 that was previously reported by Debtor on his amended return and assessed by the IRS in 2012.

> A tax deficiency is the amount by which the "correct" tax imposed by the Internal Revenue Code—and as ultimately redetermined by the Tax Court—exceeds *the sum of* both: *(1)* the amount shown by a taxpayer on a tax return (assuming that a tax return was filed) and *(2)* amounts previously assessed by the Internal Revenue Service as deficiencies (or collected without assessment), *less* rebates.
>
> Any amount shown by a taxpayer as additional tax on an amended return is treated as an amount shown by the taxpayer on his/ her return for the purpose of computing the amount of a deficiency.

14 <u>Mertens Law of Federal Income Taxation</u> § 50:50 (Sept. 2022 Update) (footnote omitted).

When the IRS issues a notice of deficiency, as it did here for the $2,409, it adjusts for prior

assessments.  1 Federal Tax Practice and Procedure § 9.01 (Matthew Bender, Rev. Ed.).  A tax shown on a return "is not a 'deficiency,' by definition, because a deficiency is an amount *in excess* of the amount shown on the return."  Fayeghi v. Comm'r, 211 F.3d 504, 507 (9th Cir. 2000).  The IRS

> is authorized to summarily assess all taxes reported by a taxpayer on a filed return.  See sec. 6201(a)(1); sec. 301.6201-1(a)(1), Proced. & Admin. Regs.; see also Meyer v. Commissioner, 97 T.C. 555, 559 (1991).  Courts have held that the Commissioner may--as he does here--attempt to collect taxes for a taxable year in increments, consisting of:  (1) the increment that the taxpayer has reported on a return but not paid and (2) the additional increment that the Commissioner believes the taxpayer owes but did not report, i.e., the deficiency.  See Fayeghi v. Commissioner, 211 F.3d 504 (9th Cir. 2000), aff'g T.C. Memo. 1998-297.

Shuman v. Comm'r, T.C. Memo 2018-135, *29 n.19 (Aug. 23, 2018).

Debtor does not address any of the arguments made or authorities cited by the IRS.[4]  Instead, Debtor raises an entirely new argument.  Debtor argues that the IRS is prohibited from collecting the $1,497 by 26 U.S.C. § 6501(a) which provides, in pertinent part:

> Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

26 U.S.C. § 6501(a).  Debtor's argument is without merit.

---

[4] Debtor had ample time to formulate a response.  The court's scheduling order allowed Debtor 28 days to respond to the brief filed by the IRS.  On the 28th day, Debtor filed a motion for an extension, requesting an additional 6 weeks.  The court granted the extension.  See ECF No. 1278.

The fact that Debtor filed an amended return for the 2009 tax year on which he reported additional tax in the amount of $1,497 is not in dispute. Debtor concedes that fact in his brief.[5] Debtor goes on to argue that, if the IRS wanted to collect the $1,497 of additional tax he reported on his amended return, it needed to have made an assessment for that amount. Debtor states: "The IRS made no additional assessment regarding Szanto in 2012 concerning the amended 2009 Tax Return." ECF No. 1287. That is incorrect. The IRS assessed additional tax in the amount of $1,497 on August 13, 2012. See Exhibit 5.[6] The IRS made that assessment, the 2012 Assessment, well within the three-year period permitted by 26 U.S.C. § 6501(a), because Debtor did not file his 2009 tax return until April of 2011.

### Conclusion

For the reasons stated above, the court will enter an order allowing the full amount of the claim filed by the IRS. The IRS shall submit an order consistent with this memorandum within ten days.

###

---

[5] In addition, the Tax Court found that Debtor filed amended returns for 2007 and 2009 on which he "admitted receipt of income not reported on the returns originally filed." Szanto v. Comm'r, T.C. Memo 2016-145, *5 (Aug. 1, 2016).

[6] In addition to being shown on the 2009 tax transcript, the IRS's witness, Philip Kushner, testified on cross examination by Debtor, without contradiction, that there were multiple assessments for each of the two tax years originally at issue in this contested matter.

Page 8 – MEMORANDUM DECISION

Case 16-33185-pcm7    Doc 1300    Filed 01/13/23